UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                  :

In re                                 :        Chapter 11

CHASSIX HOLDINGS, INC., *et al*.,    :        Case No. 15-10578 (MEW)

                                  :        Jointly Administered
              Debtors.[1]           :

-----------------------------------------------------------x

**EMERGENCY BRIDGE ORDER OF DEBTORS PURSUANT
TO 11 U.S.C. §§ 363(b), 363(c), AND 105(a) AUTHORIZING
DEBTORS TO (I) PAY CERTAIN PREPETITION WAGES
AND (II) USE CASH COLLATERAL TO FUND PAYROLL**

Upon the emergency motion, dated March 12, 2015 (the "**Emergency Motion**"),[2] of Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**"), pursuant to sections 363(b), 363(c), and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (i) authorizing, but not directing, the Debtors to pay certain prepetition employee wages that are scheduled to be paid on March 12, 2015 and March 13, 2015 (the "**Emergency Payroll**"), and (ii) authorizing the Debtors to use cash collateral for the limited

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Emergency Motion.

purpose of funding the aforementioned prepetition employee wages, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Emergency Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; **and the Debtors having represented that parties with interests in Cash Collateral (as defined in the Motion) have consented to the terms of this Order;** and the Court having found and determined that the relief sought in the Emergency Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted, as provided herein; and it is further

ORDERED that the Debtors are authorized to fund the Emergency Payroll; provided that such funding shall not exceed $2.8 million in the aggregate and no individual shall receive more than $12,475 ~~on account of wages~~ **pursuant to the authority granted by this Order**; and it is further

ORDERED that the Debtors are authorized to use Cash Collateral for the limited purpose of funding the Emergency Payroll; and it is further

ORDERED that the banks and other financial institutions at which the Debtors maintain accounts shall be, and hereby are, authorized, when requested by the Debtors in the

Debtors' sole discretion, to receive, process, honor, and pay any and all checks drawn on the Debtors' payroll or disbursement accounts and any other transfers that are related to Emergency Payroll, whether those checks were presented before or after the Commencement Date, provided that sufficient funds are available in the accounts to make the payments; and it is further

ORDERED that the banks and other financial institutions at which the Debtors maintain accounts are authorized and directed to rely upon the representations of the Debtors as to which checks and transfers to honor with respect to the payment of Emergency Payroll; and it is further

~~ORDERED that, to the extent BMO Harris Bank, N.A. extends any credit to the Debtors in order to fund the Emergency Payroll, such amounts shall be reflected in the aggregate amount to be discharged with respect to the Prepetition ABL Facility pursuant to any interim order authorizing the Debtors to utilize debtor-in-possession financing;~~

**ORDERED that this Order (and the use of Cash Collateral approved herein) is without prejudice to contentions by BMO Harris Bank, N.A. that cash used was Cash Collateral and that the use of such Cash Collateral should be subject to such terms and protections as may be approved in further orders: and it is further**

ORDERED that the requirements of Bankruptcy Rule 6003(b) have been satisfied; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Bridge Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notwithstanding any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to the contrary, this Bridge Order shall take effect immediately upon signature; and it is further

ORDERED that this Bridge Order is effective only through the conclusion of the first-day motion hearing, unless otherwise extended by the case-assigned Judge. This Court's ultimate disposition of the Employee Wage and Benefit Motion and the DIP and Cash Collateral Motion shall not impair any action taken pursuant to this Bridge Order; and it is further

ORDERED that the Debtors are authorized to take all steps necessary to carry out this Bridge Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: March 12, 2015
       New York, New York

                                          s/Michael E. Wiles
                                          UNITED STATES BANKRUPTCY JUDGE