Marcia L. Goldstein
Ray C. Schrock, P.C.
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CHASSIX HOLDINGS, INC.,** *et al.*, | : | **Case No. 15-_____ (___)** |
| | : | |
| | : | **(Joint Administration Pending)** |
| **Debtors.**[1] | : | |
| | : | |

--------------------------------------------------------x

**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 521 AND 105(a),
FED. R. BANKR. P. 1007(c), 2015.3 AND 9006(b), AND LOCAL RULE 1007-1
FOR ENTRY OF ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF
ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS
AND (II) GRANTING ADDITIONAL TIME TO FILE 2015.3 REPORTS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**," and together with their non-Debtor subsidiaries, the "**Company**"), respectfully represent:

## Background

1.     On the date hereof (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors ("**Creditors Committee**") has been appointed in these chapter 11 cases.

2.     Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.     The Debtors commenced their chapter 11 cases on a prearranged basis with the support of their (a) secured and unsecured noteholders, which have committed to make significant and immediate capital infusions into the Debtors' businesses, and (b) major automotive manufacturing customers, which have committed to long-term pricing commitments and other valuable accommodations.  Consistent with their obligations under the restructuring support agreement, the Debtors have filed a plan of reorganization and proposed disclosure statement with the Court and are seeking to emerge from chapter 11 on an expedited timeframe.

4.      Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, sworn to on the date hereof (the "**Allan Declaration**"), which has been filed with the Court contemporaneously herewith.

## Jurisdiction

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6.      By this Motion, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors request the Court extend the fourteen (14) day period to file their (i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases, and (iii) statements of financial affairs (collectively, the "**Schedules**"), as set forth in section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, by an additional fifteen (15) days, through April 10, 2015, without prejudice to the Debtors' right to request additional time should it become necessary.  Additionally, the Debtors request that the Court grant an extension of the time to file their initial reports of financial information with respect to entities in which their chapter 11 estates hold a controlling or substantial interest, as set forth in Bankruptcy Rule 2015.3 (the "**2015.3 Reports**"), until thirty (30) days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**341 Meeting**") or to file a motion with the Court seeking a modification of such reporting requirements for cause.  A proposed form of order granting the relief requested in the Motion is annexed hereto as **Exhibit "A."**

WEIL:\95270999\1\35076.0003

3

**The Debtors' Book and Records**

7.    On the Commencement Date, the Debtors filed with the Court a
consolidated list of creditors holding the five largest secured claims against the Debtors' estates
and a consolidated list of creditors holding the forty largest unsecured claims against the
Debtors' estates.  However, given the size, geographical spread, and complexity of the Debtors'
operations, the Debtors anticipate that they will be unable to complete their Schedules in the
mere fourteen days provided under Bankruptcy Rule 1007(c).  The Company, including the
eighteen Debtor entities involved in these cases, holds an aggregate of approximately $830
million in assets and approximately $780 million in liabilities as indicated in their most recent
balance sheet.  The Debtors estimate that they have approximately 1,500 creditors on a combined
basis.

8.    To prepare the Schedules, the Debtors must compile information from
books, records, and other documents relating to, among other things, purchase agreements,
letters of intent, release requests, purchase orders, capital and leveraged leases, employee wages
and benefits, and vendor and supplier agreements located at various locations.  Collecting the
necessary information to prepare the Schedules requires an enormous expenditure of time and
effort on the part of the Debtors and their employees.  Furthermore, as set forth in the Allan
Declaration, the Debtors' machining and casting businesses historically were operated as
separate businesses and have only recently been combined beginning in December 2012.  Many
of the books and records from these operations have yet to be fully integrated, which further
complicates the task of compiling the Debtors' Schedules.

9.    While the Debtors, with the assistance of their professional advisors, are
mobilizing their employees to work diligently and expeditiously on preparing the Schedules,
resources are strained.  Unavoidably, the Debtors' primary focus thus far has been on attempting

to negotiate a consensual restructuring with their significant creditor constituencies that maximizes value for all parties in interest.  Given the amount of work entailed in completing the Schedules, and the competing demands on the Debtors' employees and professionals to support the restructuring efforts, as well as assist in efforts to stabilize business operations during the initial postpetition period, the Debtors likely will not be able to properly and accurately complete the Schedules within the required fourteen day time period.

10.    Although the Debtors have commenced the task of gathering the necessary information that will enable them to prepare and finalize what will be voluminous Schedules, the Debtors anticipate that they will require at least fifteen (15) additional days to complete the Schedules.  The Debtors, therefore, request that the Court extend the fourteen day period for an additional fifteen (15) days, without prejudice to the Debtors' right to request further extensions, for cause shown.

### Cause Exists to Extend the Time to File the Schedules

11.    The Court has authority to grant the requested extension under Bankruptcy Rule 1007(c), which provides that "[a]ny extension of time to file schedules [and] statements . . . may be granted only on motion for cause shown and on notice to the United States Trustee, any committee . . . , trustee, examiner, or other party as the court may direct."  Fed. R. Bankr. P. 1007(c).

12.    The Debtors submit that the vast amount of information that must be assembled and compiled, the multiple places where the information is located, and the number of employee and professional hours required to complete the Schedules constitute good and sufficient cause for granting the requested extension of time.

13.    Section 105(a) of the Bankruptcy Code also empowers the Court to "issue
any order, process, or judgment that is necessary or appropriate to carry out the provisions of"
the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors respectfully submit that the relief
requested is appropriate in these chapter 11 cases and is within the Court's equitable powers
under section 105 of the Bankruptcy Code and, therefore, the deadline to file the Schedules
should be extended as requested herein.

**Cause Exists to Extend the Time to File the 2015.3 Reports**

14.    Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no
later than seven (7) days before the date set for the 341 Meeting and no less than every six (6)
months thereafter, periodic financial reports of the value, operations, and profitability of each
entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which
the estate holds a substantial or controlling interest. Bankruptcy Rule 9006(b)(1) provides the
Court with the ability to enlarge the period of time to file the 2015.3 Reports "for cause."
Bankruptcy Rule 2015.3(d) also provides the Court with the ability, after notice and a hearing, to
modify the reporting requirements for cause, including that the debtor is "not able, after a good
faith effort, to comply with those reporting requirements, or that the information . . . is publicly
available." Fed. R. Bankr. P. 2015.3(d).

15.    The Debtors consist of eighteen separate entities, many of which hold a
substantial or controlling interest of another entity within the meaning of Bankruptcy Rule
2015.3. These entities include complex and sizeable businesses, many of which are operated
overseas. Cause exists to extend the deadline for filing the 2015.3 Reports as requested herein
based on (i) the size, complexity, and geographic reach of the Debtors' businesses and (ii) the
substantial burdens imposed by compliance with Bankruptcy Rule 2015.3 in the early days of

these chapter 11 cases.  As such, the Debtors are not in a position to complete the initial 2015.3

Reports by the time required under Bankruptcy Rule 2015.3.

16.    Extending the deadline for the initial Rule 2015.3 Reports also will enable

the Debtors to work with their financial advisors and the Office of the United States Trustee for

the Southern District of New York (the "**U.S. Trustee**") to determine the appropriate nature and

scope of the 2015.3 Reports and any proposed modifications to the reporting requirements

established by Bankruptcy Rule 2015.3.  Accordingly, the Debtors respectfully request that the

Court grant an extension of the time by which the Debtors must either file their initial Rule

2015.3 Reports or file a motion with the Court seeking appropriate modifications of such

reporting requirements, for cause, until thirty (30) days after the 341 Meeting, pursuant to

Bankruptcy Rule 2015.3(d).

17.    The relief requested herein will not prejudice any party in interest.  The

Debtors intend to work cooperatively with the U.S. Trustee and other parties to provide access to

relevant information regarding the Debtors' businesses and financial affairs.

### Notice

18.    Notice of this Motion has been provided to (i) the U.S. Trustee; (ii) the

holders of the five largest secured claims against the Debtors (on a consolidated basis); (iii) the

holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis);

(iv) the attorneys for BMO Harris Bank, N.A., as administrative agent under that certain

Amended and Restated Loan, Security and Guaranty Agreement, dated as of July 23, 2013; (v)

the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for 9

1/4% Senior Secured Notes due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware

Trust Company, as successor trustee under that certain Indenture for 10% / 10 3/4% Senior PIK

Toggle Notes due 2018, dated as of December 13, 2013; (vii) the attorneys for the Informal

Committee of Noteholders; (viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys

for the DIP Term Lenders; (x) the OEM Customers; (xi) the attorneys for Platinum Equity

Advisors, LLC; (xii) the Securities and Exchange Commission; (xiii) the Internal Revenue

Service; and (xiv) the United States Attorney's Office for the Southern District of New York.

The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no

other or further notice need be provided.

        19.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

        WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: March 12, 2015
      New York, New York

                      /s/ Ray C. Schrock, P.C.
                      Marcia L. Goldstein
                      Ray C. Schrock, P.C.

                      **WEIL, GOTSHAL & MANGES LLP**
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone:  (212) 310-8000
                      Facsimile:  (212) 310-8007

                      *Proposed Attorneys for Debtors*
                      *and Debtors in Possession*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11
                                                    :
CHASSIX HOLDINGS, INC., *et al.*,                   :    Case No. 15-_____ (___)
                                                    :
                                                    :    Jointly Administered
                            Debtors.[1]             :
                                                    :
-----------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 521 AND 105(a), FED. R. BANKR. P. 1007(c), 2015.3 AND 9006(b), AND LOCAL RULE 1007-1 (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS AND (II) GRANTING ADDITIONAL TIME TO FILE 2015.3 REPORTS

Upon the motion, dated March __, 2015 (the "**Motion**"),[2] of Chassix Holdings,

Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and

subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, including Chassix Holdings and Chassix, the "**Debtors**"), pursuant to sections 521

and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007(c),

2015.3 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the

"**Local Rules**"), for entry of an order (i) extending the fourteen (14) day period to file their (a)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012).  The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

schedules of assets and liabilities, (b) schedules of executory contracts and unexpired leases, and

(c) statements of financial affairs (collectively, the "**Schedules**"), and (ii) granting additional

time to file reports of financial information in respect of entities in which the Debtors' estates

hold a controlling or substantial interest or a modification of such reporting requirements (the

"**2015.3 Reports**"), all as more fully described in the Motion; and the Court having jurisdiction

to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the

United States Trustee for the Southern District of New York; (ii) the holders of the five largest

secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40)

largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for

BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan,

Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank

National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes

due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor

trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated

as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii)

the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the

OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and

Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United States

Attorney's Office for the Southern District of New York; and it appearing that no other or further

2

notice need be provided; and a hearing having been held to consider the relief requested in the

Motion (the "**Hearing**"); and upon the Declaration of J. Mark Allan Pursuant to Rule 1007-2 of

the Local Bankruptcy Rules for the Southern District of New York, filed contemporaneously

with the Motion, and the record of the Hearing and all of the proceedings had before the Court;

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to sections 521 and 105(a) of the Bankruptcy Code,

Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-1, the time by which the Debtors

shall file their Schedules is extended by an additional fifteen (15) days, through April 10, 2015,

without prejudice to the Debtors' right to seek further extensions upon a showing of cause

therefor; and it is further

ORDERED that, pursuant to Bankruptcy Rule 2015.3(d), the Debtors are granted

an extension until thirty (30) days after the 341 Meeting to file their initial 2015.3 Reports or to

file a motion seeking a modification of such reporting requirements, for cause, without prejudice

to the Debtors' right to seek further extensions of such date; and it is further

WEIL:\95270999\1\35076.0003

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Order.

Dated: _____, 2015
          New York, New York


                                                            _____
                                                            United States Bankruptcy Judge