Marcia L. Goldstein
Ray C. Schrock, P.C.
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
:
**In re**                                  :    **Chapter 11**
                                           :
**CHASSIX HOLDINGS, INC.,** *et al.*,      :    Case No. 15-_____ (___)
                                           :
                                           :    **(Joint Administration Pending)**
            **Debtors.**[1]                :
                                           :
------------------------------------------------------x

**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 342(a)
AND 521(a)(1), FED. R. BANKR. P. 1007(a) AND 2002(a), (d), (f) AND (*l*),
AND LOCAL RULE 1007-1 FOR ENTRY OF ORDER (I) WAIVING
REQUIREMENT TO FILE LIST OF CREDITORS AND (II) GRANTING
DEBTORS AUTHORITY TO ESTABLISH PROCEDURES FOR NOTIFYING
CREDITORS OF COMMENCEMENT OF DEBTORS' CHAPTER 11 CASES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

        Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and

certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**," and together with their non-Debtor subsidiaries, the "**Company**"), respectfully represent:

## Background

1. On the date hereof (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors ("**Creditors Committee**") has been appointed in these chapter 11 cases.

2. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. The Debtors commenced their chapter 11 cases on a prearranged basis with the support of their (a) secured and unsecured noteholders, which have committed to make significant and immediate capital infusions into the Debtors' businesses, and (b) major automotive manufacturing customers, which have committed to long-term pricing commitments and other valuable accommodations. Consistent with their obligations under the restructuring support agreement, the Debtors have filed a plan of reorganization and proposed disclosure statement with the Court and are seeking to emerge from chapter 11 on an expedited timeframe.

4. Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the

Southern District of New York (the "**Local Rules**"), sworn to on the date hereof, which has been filed with the Court contemporaneously herewith

### Jurisdiction

5.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

6.  By this Motion, pursuant to section 105(a) of the Bankruptcy Code, the Debtors request entry of an order (i) waiving the requirements to file a list of creditors on the Commencement Date, as set forth in section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1 and General Orders M-133, M-137, and M-138 (the "**Standing Orders**") of the United States Bankruptcy Court for the Southern District of New York (collectively, the "**Notice Rules**"), and (ii) authorizing the Debtors to implement certain procedures (the "**Procedures**") for notifying creditors of the commencement of these chapter 11 cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**Notice of Commencement**"). As set forth below, the Procedures establish guidelines for the mailing and publication of the Notice of Commencement and for notifying creditors and other parties in interest of the commencement of these chapter 11 cases. A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit "A"** (the "**Proposed Order**"). The proposed form of Notice of Commencement is annexed as an exhibit to the Proposed Order.

### The List of Creditors

7.  Pursuant to the Notice Rules, a list of creditors must accompany a chapter 11 petition unless the Debtors file their schedules of assets and liabilities simultaneously with the

WEIL:\95271057\1\35076.0003

3

petitions. Contemporaneously herewith, the Debtors have filed a motion for an extension of the time to file schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (the "**Schedules**"). As such, the Debtors have not filed the Schedules on the Commencement Date. Accordingly, without further relief, the Notice Rules would require the Debtors to file a list of creditors and their addresses.

8. The Debtors have filed, or will soon be filing, a motion to retain and employ a claims and noticing agent (the "**Claims and Noticing Agent**") in these chapter 11 cases pursuant to (i) 28 U.S.C. § 156(c), which empowers the Court to use outside facilities or services pertaining to the provision of notices and other administrative information to parties in interest provided that the costs are paid from the assets of the estates, and (ii) Local Rule 5075-1, which requires the retention of an approved claims and noticing agent in a case having 250 or more creditors and/or equity security holders. Under the proposed Procedures set forth below, and pursuant to section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), as soon as practicable after the Commencement Date, the Debtors will furnish their consolidated list of creditors to the Claims and Noticing Agent so that the Claims and Noticing Agent may mail the Notice of Commencement to creditors on the Debtors' list of creditors.

9. Given that the Claims and Noticing Agent will receive a list of creditors and will use the list to furnish the Notice of Commencement to creditors, filing a list of creditors will serve no useful purpose. The Debtors have conferred with the Clerk of the Court and have been instructed by the Clerk not to file a list of creditors and to provide the list of creditors to the Claims and Noticing Agent as proposed herein. As a result of the foregoing, the Notice Rules should be waived.

**The Proposed Procedures for Serving the Notice of Commencement**

*Mailing of the Notice of Commencement*

10.     Bankruptcy Rule 2002(a) provides, in pertinent part, that the "clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a).  Bankruptcy Rule 2002(f) provides that notice of the order for relief shall be provided to all creditors by mail.  The Debtors are also required to provide notice of the order for relief to their private equity sponsor.  Fed. R. Bankr. P. 2002(d). In light of the requirement to notify parties in interest of the commencement of these chapter 11 cases and the meeting of creditors, the Debtors seek authority to have the Claims and Noticing Agent undertake the mailing of the Notice of Commencement to creditors, as well as to the Debtors' equity holders.

*Notice of Commencement by Publication*

11.     In addition to mailing the Notice of Commencement to the Debtors' creditors and equity sponsors, the Debtors propose to publish, as soon as practicable, the Notice of Commencement substantially in the form annexed to the Proposed Order (i) once in the national editions of each of *The Wall Street Journal* and *The New York Times* and (ii) on the website to be established by the Claims and Noticing Agent and the website of the Debtors.  The Court has authority under Bankruptcy Rule 2002(*l*) to "order notice by publication if it finds that notice by mail is impracticable or that is it desirable to supplement the notice." Fed. R. Bankr. P. 2002(*l*).  Publication of the Notice of Commencement is the most practical method by which to notify those creditors who do not receive the Notice of Commencement by mail and other parties in interest of the commencement of these chapter 11 cases.  Notice by publication will also ensure an efficient use of estate resources.

### Implementation of the Procedures is in the Best
### Interests of the Debtors and Their Estates and Creditors

12.     As stated above, the Debtors shall furnish a list of creditors to the Claims and Noticing Agent, which shall mail the Notice of Commencement to all creditors on the Debtors' lists. *See* 28 U.S.C. § 156(c). The proposed notice by mail plus publication will ensure that creditors throughout the world receive prompt notice of the commencement of these chapter 11 cases.

13.     In addition to mailing the Notice of Commencement to the Debtors' creditors and equity sponsor, the Debtors will publish the Notice of Commencement in the publications listed above. The Court has the authority under Bankruptcy Rule 2002(*l*) to "order notice by publication if it finds that notice by mail is impracticable." Fed. R. Bankr. P. 2002 (*l*). Publication of the Notice of Commencement is the most practical method by which to notify those creditors who do not receive the Notice of Commencement by mail and other parties in interest of the commencement of these chapter 11 cases and will ensure an efficient use of estate resources.

14.     Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors submit that implementation of the Procedures is appropriate in these chapter 11 cases to provide adequate notice and is within the Court's equitable powers under section 105. Moreover, the proposed Procedures are beneficial to the Debtors' estates and to the Debtors' creditors because they provide actual notice to all of the Debtors' creditors in an efficient and cost-effective manner.

**Notice**

15. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the holders of the five largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan, Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United States Attorney's Office for the Southern District of New York. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: March 12, 2015
      New York, New York

/s/ Ray C. Schrock, P.C.
Marcia L. Goldstein
Ray C. Schrock, P.C.

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :

In re                                       :        Chapter 11
                                       :

**CHASSIX HOLDINGS, INC.**, *et al.*,       :        Case No. 15-\_\_\_\_\_ (\_\_\_)
                                     :
                                       :        Jointly Administered

                   Debtors.[1]          :
                                       :
------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 342(a), AND 521(a)(1),
FED. R. BANKR. P. 1007(a) AND 2002(a), (d), (f) AND (*l*), AND
LOCAL RULE 1007-1 (I) WAIVING REQUIREMENT TO FILE LIST
OF CREDITORS AND (II) GRANTING DEBTORS AUTHORITY
TO ESTABLISH PROCEDURES FOR NOTIFYING CREDITORS
<u>OF COMMENCEMENT OF DEBTORS' CHAPTER 11 CASES</u>**

Upon the motion, dated March \_\_\_, 2015 (the "**Motion**"),[2] of Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**"), pursuant to sections 105(a), 342(a), and 521(a)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007(a), 2002(a), (d), (f), and (*l*) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order (i) waiving the requirement to file a list of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

creditors, and (ii) authorizing the Debtors to establish procedures for notifying creditors of the commencement of these chapter 11 cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**341 Meeting**"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the holders of the five largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan, Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United States Attorney's Office for the Southern District of New York; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Declaration of J. Mark Allan Pursuant to Rule

2

1007-2 of the Local Bankruptcy Rules for the Southern District of New York, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the requirements under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and the Standing Orders that the Debtors file lists of their creditors with the Court are waived; and it is further

ORDERED that, as soon as practicable after entry of an order authorizing the engagement of a claims and noticing agent in these cases (the "**Claims and Noticing Agent**"), the Debtors shall furnish to the Claims and Noticing Agent a consolidated list containing the names and last known addresses of the Debtors' creditors (the "**List of Creditors**"); and it is further

ORDERED that the notice of the commencement of these chapter 11 cases and of the 341 Meeting, substantially in the form annexed hereto as **Exhibit "1"** (the "**Notice of Commencement**"), is approved; and it is further

ORDERED that on or before the date that is twenty-one (21) days prior to the date on which the 341 Meeting is to be held, the Debtors, with the assistance of the Claims and Noticing Agent, shall mail the Notice of Commencement to all creditors on the Debtors' List of Creditors and to the Debtors' equity holders; and it is further

ORDERED that, pursuant to Bankruptcy Rule 2002(*l*), the Debtors, with the assistance of the Claims and Noticing Agent, shall cause the Notice of Commencement to be

3

published (i) once in the national edition of *The Wall Street Journal* and *The New York Times* and (ii) on the website to be established by the Claims and Noticing Agent and the website of the Debtors; and it is further

ORDERED that the form and manner of notice as provided herein are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved; and it is further

ORDERED that the Debtors are authorized to take all steps necessary to carry out this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2015
　　　　New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

4

**Exhibit 1**

**Proposed Form of Notice of Commencement**

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| **In re**<br>**CHASSIX HOLDINGS, INC.,** *et al.*,<br>　　　　　　　　　　Debtors. | **Chapter 11 Case No:**<br>15-_____ (　)<br>**(Jointly Administered)** |

| Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, & Deadlines |
|---|
| Chapter 11 bankruptcy cases concerning the debtors listed below were filed on March [_], 2015.  You may be a creditor of one of the debtors.  **This notice lists important deadlines**.  You may want to consult an attorney to protect your rights.  **You are not being sued or forced into bankruptcy**.  All documents filed with the Bankruptcy Court, including lists of the Debtors' assets and liabilities, will be available for inspection at the Office of the Clerk of the Bankruptcy Court and the Court's website, www.nysb.uscourts.gov, as well as (A) by written request to the Debtors' Claims and  Noticing Agent, Prime Clerk LLC, at the following address:  830 Third Avenue, 9th Floor, New York, NY 10022; (B) by phone at 844-224-1137; or (C) by accessing its website at https://cases.primeclerk.com/chassix.  Note that you need a PACER password and login to access documents on the Bankruptcy Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). |
| NOTE:  The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and the Debtors' Claims and Noticing Agent cannot give legal advice. |

See Reverse Side for Important Explanations

| **Name of Debtor** | **Case Number** | **Tax Identification Number** |
|---|---|---|
| Automotive Properties of New York, LLC | 15-_____(　) | 30-0024323 |
| Chassix Holdings, Inc. | 15-_____(　) | 46-4089249 |
| UC Holdings, Inc. | 15-_____(　) | 76-0805026 |
| Chassix, Inc. | 15-_____(　) | 46-1525728 |
| Diversified Machine, Inc. | 15-_____(　) | 02-0758762 |
| Diversified Machine Bristol, LLC | 15-_____(　) | 38-2265409 |
| Chassix Georgia Machining, LLC | 15-_____(　) | 27-1111940 |
| DMI Columbus, LLC | 15-_____(　) | 27-1111833 |
| Diversified Machine Montague, LLC | 15-_____(　) | 38-1854771 |
| Diversified Machine, Milwaukee LLC | 15-_____(　) | 26-1500875 |
| DMI Edon LLC | 15-_____(　) | 27-0951847 |
| Mexico Products I, LLC | 15-_____(　) | 27-0393039 |
| DMI China Holding LLC | 15-_____(　) | 45-3214331 |
| Concord International, Inc. | 15-_____(　) | 38-2973536 |
| SMW Automotive, LLC | 15-_____(　) | 38-3269452 |
| Automotive, LLC | 15-_____(　) | 38-3492897 |
| Chassis Co. of Michigan, LLC | 15-_____(　) | 38-3752692 |
| AluTech, LLC | 15-_____(　) | 32-0100012 |

WEIL:\95271057\1\35076.0003

| | |
|---|---|
| **OTHER NAMES USED BY THE DEBTORS IN THE PAST 8 YEARS**: DMI SMW Holding Corporation; Automotive Corporation, Inc.; Chassis Corp. of Michigan; DMI Columbus Real Estate Holdings, LLC; Diversified Machine Bristol, Inc.; Diversified Machine Montague, Inc.; Metaldyne Chassis Products, LLC; SMW Automotive Corporation; and Dharma Merger Corporation | |
| <u>**Attorneys for Debtors**</u><br>Marcia L. Goldstein<br>Ray C. Schrock, P.C.<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153-0119<br>Telephone: 212-310-8000<br>Facsimile: 212-310-8007 | **DATE, TIME, AND LOCATION OF MEETING OF CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**<br>_____ __, 20__ at __:___ _.m. (prevailing Eastern Time)<br>Location: _____ |
| **DEADLINE TO FILE A PROOF OF CLAIM**<br>None at this time.  When the Court sets a claims deadline, you will be notified and provided a proof of claim form by mail.<br><br>**CREDITOR WITH A FOREIGN ADDRESS**<br>A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side. | |
| **DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**<br>Notice of deadline will be sent at a later time | |
| **CREDITORS MAY NOT TAKE CERTAIN ACTIONS**<br>IN MOST INSTANCES, THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY.  UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE COURT TO EXTEND OR IMPOSE A STAY.  IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED.  COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS.  CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE. | |
| <u>Address of the Clerk of the Bankruptcy Court</u><br>Clerk of the United States Bankruptcy Court,<br>One Bowling Green, New York, New York  10004-1408<br>Telephone:  212-668-2870 | For the Court:  Vito Genna<br>Clerk of the Bankruptcy Court |
| Hours Open: 8:30 a.m. – 5:00 p.m. | Date: _____ |

2

WEIL:\95271057\1\35076.0003

| EXPLANATIONS | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Court by each of the debtors named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtors will remain in possession of the debtors' property and may continue to operate their businesses. |
| Legal Advice | The staff of the bankruptcy clerk's office or the United States Trustee's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the debtors by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtors; repossessing the debtors' property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtors can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side. *The debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office. If your claim is scheduled and is *not* listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claim is not listed at all *or* if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan. The court has not yet set a deadline to file a Proof of Claim. If a deadline is set, you will be sent another notice. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address**: The deadline for filing claims will be set in a later court order and will apply to all creditors unless the order provides otherwise. If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the objection by that deadline. |
| Bankruptcy Clerk's Office | Any paper that you file in these bankruptcy cases should be filed on the court's Electronic Case File System (ECF) using an attorney's login and password issued by the court or on a diskette or compact disk (CD) in PDF format. If you are unable to file electronically or to submit a copy of your filing on diskette or compact disk (CD), you may file conventionally, provided that you submit with your filing an affidavit of your inability to comply. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

3