Marcia L. Goldstein
Ray C. Schrock, P.C.
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
:
**In re**                                                    :          **Chapter 11**
:
**CHASSIX HOLDINGS, INC.,** *et al.*,       :          **Case No. 15-_____ (____)**
:
:          **(Joint Administration Pending)**
**Debtors.**[1]                                         :
:
-------------------------------------------------------x

**MOTION OF DEBTORS PURSUANT TO**
**11 U.S.C. § 105(a) AND FED. R. BANKR. P. 1015(c),**
**2002(m), AND 9007 FOR ENTRY OF ORDER IMPLEMENTING**
**CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and

certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

"**Debtors**," and together with their non-Debtor subsidiaries, the "**Company**"), respectfully represent:

**Background**

1.      On the date hereof (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors ("**Creditors Committee**") has been appointed in these chapter 11 cases.

2.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.      The Debtors commenced their chapter 11 cases on a prearranged basis with the support of their (a) secured and unsecured noteholders, which have committed to make significant and immediate capital infusions into the Debtors' businesses, and (b) major automotive manufacturing customers, which have committed to long-term pricing commitments and other valuable accommodations.  Consistent with their obligations under the restructuring support agreement, the Debtors have filed a plan of reorganization and proposed disclosure statement with the Court and are seeking to emerge from chapter 11 on an expedited timeframe.

4.      Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), sworn to on the date hereof, which has been filed with the Court contemporaneously herewith.

2

## Jurisdiction

5.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6.       By this Motion, pursuant to section 105(a) of the Bankruptcy Code and

Bankruptcy Rules 1015(c), 2002(m), and 9007, the Debtors seek entry of an order, substantially

in the form attached hereto as **Exhibit "A,"** approving and implementing the notice, case

management, and administrative procedures therein (collectively, the "**Case Management**

**Procedures**").  The Debtors further request that, to the extent the Case Management Procedures

conflict with the Bankruptcy Rules or the Local Rules, the Case Management Procedures shall

govern and supersede such rules.

## The Case Management Procedures

7.       As set forth more fully in the proposed order, the Case Management

Procedures, among other things:

(a)    establish requirements for filing and serving notices, motions, applications, declarations, objections, responses, memoranda, briefs, supporting documents, and other papers filed in these chapter 11 cases (collectively, the "**Documents**");

(b)    delineate standards for notices of hearings and agenda letters;

(c)    fix periodic omnibus hearing dates and articulate mandatory guidelines for the scheduling of hearings and objection deadlines; and

(d)    limit matters that are required to be heard by the Court.

8.       Given the size and scope of these cases, the Debtors believe that the Case

Management Procedures will facilitate service of Documents that will be less burdensome and

costly than serving such pleadings on every potentially interested party, which, in turn, will

maximize the efficiency and orderly administration of these chapter 11 cases, while at the same

time ensuring that appropriate notice is provided, particularly to parties who have expressed an

interest in these cases and those directly affected by a request for relief.  In particular, the Case

Management Procedures are intended to:

(a)    reduce the need for emergency hearings and requests for expedited relief;

(b)    provide for omnibus hearings for the Court to consider motions, pleadings, applications, objections and responses thereto;

(c)    foster consensual resolution of important matters;

(d)    assure prompt receipt of appropriate notice affecting parties' interests;

(e)    allow for electronic notice pursuant to the Court's electronic filing system;

(f)    provide ample opportunity to parties in interest to prepare for and respond to matters before this Court;

(g)    reduce the substantial administrative and financial burden that would otherwise be placed on the Debtors and other parties in interest who file documents in these chapter 11 cases; and

(h)    reduce the administrative burdens on the Court and the Clerk's office.

9.    To ensure that parties in interest in these chapter 11 cases are made aware

of the Case Management Procedures, the Debtors propose to: (a) serve the Case Management

Procedures on the Master Service List (as defined in the Case Management Procedures); (b)

publish the Case Management Procedures on the Debtors' restructuring website at

https://cases.primeclerk.com/chassix (the "**Case Website**"); and (c) make the Case Management

Procedures readily available on request to the Debtors' proposed notice and claims agent, Prime

Clerk LLC (the "**Notice and Claims Agent**").  In the event the Case Management Procedures

are modified during these chapter 11 cases, the Debtors will ensure updated versions of the Case

Management Procedures are available on the Case Website and will file notice of the same

electronically on the docket.

4

**Basis for Relief Requested**

10.    The relief requested herein is authorized by Bankruptcy Rules 2002(m),

9007, and 1015(c).  Bankruptcy Rules 9007 and 2002(m) empower the Court with the general

authority to regulate the manner of any notices required to be given under the Bankruptcy Rules.

Specifically, Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter

orders designating the matters in respect to which, the entity to whom, and the form and manner

in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P.

2002(m).  Bankruptcy Rule 9007 further provides that "[w]hen notice is to be given under these

rules, the court shall designate, if not otherwise specified herein, the time within which, the

entities to whom, and the form and manner in which the notice shall be given."  Fed R. Bankr. P.

9007.  Further, Bankruptcy Rule 1015(c) provides that when, as here, two or more cases are

being administered jointly, the Court may enter orders "as may tend to avoid unnecessary costs

and delay." Fed R. Bankr. P. 1015(c).

11.    The relief requested herein is further supported by section 105(a) of the

Bankruptcy Code which provides, in pertinent part, that "[t]he Court may issue any order,

process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11

U.S.C. § 105(a).  The Debtors submit that implementation of the Case Management Procedures

is appropriate in these chapter 11 cases and well within the Court's equitable powers under

section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(m), 9007, and 1015(c).

12.    The Debtors submit that approval of the Case Management Procedures is

in the best interests of the Debtors and their estates.  The Case Management Procedures, if

implemented, will ensure that these chapter 11 cases are administered efficiently and

economically.  For example, by authorizing the Debtors to schedule omnibus hearing dates,

establish clear timelines for the filing of requests for relief, and allow, with certain exceptions,

for electronic service, the Case Management Procedures will assist the Debtors, and the Court,

with the orderly and efficient administration of these chapter 11 cases and negate the need for

procedural disputes or frequent piecemeal hearings.  The Case Management Procedures will thus

assist the Debtors in their reorganization efforts and preserve their funds, thereby benefiting the

Debtors and their estates.

13.    Based upon the foregoing, the Debtors submit that the relief requested

herein is appropriate and in the best interest of the Debtors and their estates.

**Notice**

14.    Notice of this Motion has been provided to (i) the Office of the United

States Trustee for the Southern District of New York; (ii) the holders of the five largest secured

claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest

unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO

Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan,

Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank

National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes

due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor

trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated

as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders;

(viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders;

(x) the OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the

Securities and Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United

States Attorney's Office for the Southern District of New York.  The Debtors submit that, in

view of the facts and circumstances, such notice is sufficient and no other or further notice need

be provided.

6

15.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: March 12, 2015
       New York, New York

/s/ Ray C. Schrock, P.C.
Marcia L. Goldstein
Ray C. Schrock, P.C.

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

7

**Exhibit A**

**Proposed Order**

WEIL:\95270984\1\35076.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                   :

In re                             :       **Chapter 11**
                                     :

**CHASSIX HOLDINGS, INC.,** *et al.,*   :       **Case No. 15-_____ (___)**
                                     :

                                     :       **Jointly Administered**

              **Debtors.**[1]     :
                                     :
-------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 1015(c), 2002(m), AND 9007 IMPLEMENTING CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES

Upon the motion, dated March __, 2015 (the "**Motion**"),[2] of Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**," and together with their non-Debtor subsidiaries, the "**Company**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1015(c), 2002(m), and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order establishing certain notice, case management, and other administrative procedures (the "**Case Management Procedures**") so as to establish clear timelines in these chapter 11 cases and minimize the costs

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

of administration; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order

of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

notice of the Motion having been provided to (i) the Office of the United States Trustee for the

Southern District of New York (the "**U.S. Trustee**"); (ii) the holders of the five largest secured

claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest

unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO

Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan,

Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank

National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes

due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor

trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated

as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders;

(viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term lenders;

(x) the OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the

Securities and Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United

States Attorney's Office for the Southern District of New York, and it appearing that no other or

further notice need be provided; and a hearing having been held to consider the relief requested

in the Motion (the "**Hearing**"); and upon the Declaration of J. Mark Allan Pursuant to Rule

1007-2 of the Local Bankruptcy Rules of the Southern District of New York (the "**Local**

**Rules**"), filed contemporaneously with the Motion, and the record of the Hearing and all of the

proceedings had before the Court; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties

in interest, and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the following Case Management Procedures shall govern all

applicable aspects of the Debtors' chapter 11 cases (the "**Chapter 11 Cases**"), except as

otherwise set forth herein or ordered by the Court:

**General Case Administration and Pleadings**

1.       The Debtors' claims and noticing agent, Prime Clerk LLC (the "**Claims and

Noticing Agent**") is authorized, but not directed, to establish a case website available at

https://cases.primeclerk.com/chassix (the "**Case Website**"), where, among other things, key

dates and information about the Chapter 11 Cases will be posted.

2.       All documents filed in the Chapter 11 Cases, including, but not limited to, all

notices, motions, applications, other requests for relief, all briefs, memoranda, affidavits,

declarations, and other documents filed in support of such papers seeking relief (collectively, the

"**Pleadings**"), objections or responses to Pleadings (the "**Objections**"), and replies thereto (the

"**Replies**," and together with the Pleadings and the Objections, the "**Documents**") shall be filed

electronically with the Court on the docket of *In re Chassix Holdings, Inc., et al.*, Ch. 11 Case

No. 15-[_____] (___) (the "**Docket**"), pursuant to the Court's General Order M-399 (available at

*www.nysb.uscourts.gov/sites/default/files/m399.pdf*), by users of the Court's case filing system in

searchable portable document format ("**PDF**"), Microsoft Word, or any other Windows-based

word processing format.

WEIL:\95270984\1\35076.0003

3.      A "**Notice of Hearing**" shall be affixed to all Pleadings and shall include the following:  (i) the title of the Pleading; (ii) the parties upon whom any Objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline (as herein defined); (iv) the date of the hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with these Case Management Procedures.

4.      The applicable Objection Deadline and hearing date shall appear on the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading and any Objection thereto.

5.      Unless prior permission has been granted, memoranda of law in support of Motions or Objections are limited to thirty-five (35) pages, and memoranda of law in support of Replies are limited to fifteen (15) pages.  All memoranda shall be double-spaced, 12-point font, with 1" margins.  Memoranda of ten (10) pages or more shall contain a table of contents and a table of authorities.

6.      If any reference is made in a Document to (i) an order entered in another case or (ii) an excerpt from a Judge's dictated decision, the party filing such Document must file as an attachment to the Document a copy of the order relied upon or the transcript of the entire decision in order for the Court to consider the citation as precedent or persuasive.

7.      Nothing in these Case Management Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018 to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in these Chapter 11 Cases.

4

**Service**

8.     All Documents shall be served, in the manner described herein, on (i) the

Chambers of the Honorable [_____] ("**Chambers**"), United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, New York, New York 10004; (ii) the

Debtors, c/o Chassix, Inc., 3 Allied Drive, Dedham, Massachusetts 02026 (Attn: Bibi N. Di

Serio, Esq.) with a copy to 300 Galleria Officentre, Suite 501, Southfield, Michigan 48034 (Attn:

Bibi N. Di Serio, Esq.); (iii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767

Fifth Avenue, New York, New York 10153 (Attn:  Ray C. Schrock, P.C.); (iv) the Office of the

U.S. Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn:  Susan Golden,

Esq. and Andrea B. Schwartz, Esq.); (v)  the attorneys for the statutory committee of unsecured

creditors appointed in the Chapter 11 Cases (the "**Creditors' Committee**"); (vi) the attorneys for

BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan,

Security and Guaranty Agreement, dated as of July 23, 2013; (vii) the attorneys for U.S. Bank

National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes

due 2018, dated as of July 23, 2013; (viii) the attorneys for Delaware Trust Company, as

successor trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due

2018, dated as of December 13, 2013; (ix) the attorneys for the Informal Committee of

Noteholders; (x) the attorneys for the Revolving DIP Lenders; (xi) the attorneys for the DIP

Term Lenders; (xii) the OEM Customers; (xiii) the attorneys for Platinum Equity Advisors, LLC;

(xiv) counsel to any other statutory committee appointed in the Chapter 11 Cases (collectively,

the "**Standard Parties**"); and (xv) any person or other entity known to have a particularized

interest in the subject matter of a certain Document (each, an "**Affected Party**").

WEIL:\95270984\1\35076.0003

9.      Any creditor, equity interest holder, or party in interest that wishes to receive notice in the Chapter 11 Cases and is not otherwise entitled to notice pursuant to these Case Management Procedures shall file a notice of appearance (a "**Notice of Appearance**") and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b) and these Case Management Procedures.  The Notice of Appearance shall include the following:  (i) the requesting party's name and address; (ii) the name of the client, if applicable; (iii) the requesting party's telephone number; (iv) the requesting party's e-mail address for service by electronic transmission; (v) the requesting party's address for service by U.S. mail, hand delivery, and/or overnight delivery; and (vi) the requesting party's facsimile number for service by facsimile. Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in the Chapter 11 Cases shall have any effect unless the foregoing requirements are satisfied.  Any individual or entity that does not maintain and cannot practicably obtain an e-mail address must include in its Notice of Appearance a certification stating the same.  Notice will be provided to these individuals or entities by U.S. mail, overnight delivery, or facsimile, at the Debtors' discretion.

10.     The Claims and Noticing Agent shall maintain a master service list (the "**Master Service List**"),  which shall include the Standard Parties and all persons and entities that have filed a Notice of Appearance pursuant to Bankruptcy Rules 2002 and 9010(b) and the Case Management Procedures (the "**Rule 2002 Parties**").  The Master Service List shall contain addresses, facsimile numbers, and e-mail addresses.  The Claims and Noticing Agent shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days.  The Claims and Noticing Agent shall provide a copy of the most up-to-date version of the Master Service List to any party in interest requesting a copy

of the same and a copy of the Master Service List shall be posted on the Case Website

commencing as of the date that is ten (10) days from the date hereof.

11.     Pleadings and Objections must be served on the Master Service List and any

Affected Parties.  Replies and Documents filed in adversary proceedings are not required to be

served on the Rule 2002 Parties.

12.     The proceedings with respect to which notice is limited to the Master Service List

shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the

following: (i) notice of (a) a meeting of creditors pursuant to section 341 of the Bankruptcy

Code, (b) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (c)

the time fixed for filing objections to, and the hearings to consider, approval of a disclosure

statement and a chapter 11 plan; and (ii) notice and transmittal of ballots for accepting or

rejecting a chapter 11 plan, which notices would be given in accordance with Bankruptcy Rule

2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise

prescribed by the Bankruptcy Code.  Pleadings related to a compromise or settlement must be

served on the Master Service List and any Affected Parties, but need not be served on all

creditors.  Pleadings related to the abandonment or disposition of property must be served on the

Master Service List and any Affected Parties, but need not be served on all creditors and

indenture trustees, unless such Pleadings seek the abandonment or disposition of substantially all

of the Debtors' property.

13.     Parties shall serve the Standard Parties and the Affected Parties by U.S. mail,

overnight delivery, hand delivery, or, with the exception of the Court and the U.S. Trustee,

facsimile.

7

14.     Any of the Standard Parties and the Affected Parties may request service by e-mail, and if such request is made, such parties may be served by e-mail in accordance with the Case Management Procedures.

15.     Unless otherwise directed by the Court, proposed orders should be emailed to Chambers (in Word or WordPerfect format) promptly only *after* the Court grants the requested relief.

16.     Parties shall be authorized to serve all Documents on the Rule 2002 Parties by e-mail.

17.     All Documents served by e-mail shall include access to an attached file containing the entire Document, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in PDF format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be annexed to an e-mail (because of its size, technical difficulties, or otherwise), the Debtors may, in their sole discretion (i) serve the entire Document by U.S. Mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, or (ii) e-mail the parties being served and include a notation that the Document cannot be annexed and will be (a) mailed if requested, or (b) posted on the Case Website.

18.     Service by e-mail shall be effective as of the date the Document is sent to the e-mail address provided by a party. If service is made by e-mail, the Debtors shall not be required to serve a paper copy of Documents on interested parties and e-mail service shall satisfy the Court's rules for service.

WEIL:\95270984\1\35076.0003

19.     If a party entitled to notice of a Pleading has not requested service by e-mail, the party shall be served by U.S. mail, overnight delivery, facsimile, or hand delivery; the choice of the foregoing being in the Debtors' sole discretion.

20.     Pursuant to Local Rule 9070-1, a printed copy of all papers filed with the Court, including those filed electronically, other than proofs of claim, shall be (a) marked "Chambers Copy" and delivered in an unsealed envelope to Chambers, not later than the next business day following the date on which such Document is electronically filed and (b) delivered to the Clerk of Court for remittance to the U.S. Trustee.

21.     Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within three (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice; provided that parties shall not be required to serve the affidavits of service on such recipients.

**Scheduling**

22.     The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings (the "**Omnibus Hearings**") at which Pleadings shall be heard.  Upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearings on the Case Website.  The Court shall schedule additional Omnibus Hearings on request of the Debtors, and, upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus hearing on the Case Website.  Entities may contact the Claims and Noticing Agent for information concerning all scheduled Omnibus Hearings.

23.     Hearings in connection with claims objections, pre-trial conferences and trials related to adversary proceedings, approval of a disclosure statement, confirmation, and any other Pleading filed by the Debtors, may be scheduled for dates other than the Omnibus Hearing dates;

9

provided that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least forty-five (45) days after the filing of the complaint; and provided further that hearings on all other Pleadings filed by a party other than the Debtors must be scheduled for an Omnibus Hearing except for Pleadings requiring emergency relief.

24.     If a Document is filed by a party other than the Debtors and purports to set a hearing date inconsistent with the Case Management Procedures (an "**Inconsistent Filing**"), the hearing shall be scheduled, without the necessity of Court order, for the first Omnibus Hearing date after the applicable notice period has expired, and the Debtors shall provide such party with notice of the Case Management Procedures within three (3) business days of receipt of the Inconsistent Filing.

25.     If any party determines that a motion or application requires emergency or expedited relief, the movant or applicant shall contact the attorneys for the Debtors and any other Affected Party by telephone and request that the motion or application be considered on an expedited basis.  If a party disagrees with the movant's or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement by telephone and (ii) arrange for a chambers conference, telephonic or in-person, to be held to discuss the disagreement.  If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing.  All requests for expedited relief shall comply with the Local Rules.

26.     If a Motion to extend the time for the Debtors to take any action is filed consistent with this Order before the expiration of the period prescribed by the Bankruptcy Code, the

10

Bankruptcy Rules, the Local Rules, or the provisions of any order entered by this Court, the time

shall automatically be extended until the Court acts on the Motion, without the necessity for the

entry of a bridge order.

27.    If a Pleading seeks relief pursuant to Bankruptcy Rules 2002(a) or (b), the hearing

to consider such Pleading shall be set in accordance with the time period set forth in Bankruptcy

Rules 2002(a) and (b) and 9006.  For all other Pleadings, with the exception of Pleadings filed

pursuant to the Presentment Procedures (as hereinafter defined), Pleadings shall not be

considered unless filed and served in accordance with the Case Management Procedures at least

fourteen (14) calendar days before the next applicable hearing date; provided that if any party is

served by U.S. mail, the Pleading must be filed and served at least seventeen (17) calendar days

before the next applicable hearing; provided that nothing in the Case Management Procedures

shall prejudice the right of any party to move the Court to request an enlargement or reduction of

any time period under Bankruptcy Rules 9006(b) and (c).

28.    Notwithstanding the immediately preceding paragraph, a party may settle or

present a proposed order for approval by the Court in accordance with Local Rule 9074-1;

provided that the presentment of a proposed order pursuant to Local Rule 9074-1(c), or any other

similar administrative or standard order, must be filed and served at least seven (7) calendar days

before the presentment date (the "**Presentment Procedures**").

29.    Except as set forth below with respect to Stay Relief Motions (as hereinafter

defined), the deadline to file an Objection (the "**Objection Deadline**") to any Pleading shall be

(i) at least seven (7) calendar days before the applicable hearing date or (ii) any date otherwise

ordered by the Court.  The Objection Deadline may be extended with the consent of the movant

or applicant.  If such an extension has been agreed upon, the movant or applicant shall obtain

11

approval of such extension from Chambers.  The Objection shall not be considered timely unless filed with the Court and received by the Standard Parties on or before the applicable Objection Deadline.  All parties filing an Objection shall include their telephone number, facsimile number, and e-mail in the signature block on the last page of the Objection.

30.     Unless otherwise ordered by the Court, Replies shall be filed with the Court and served in accordance with these Case Management Procedures on or before 12:00 noon (Eastern Time) at least one (1) business day prior to the date of the applicable hearing.

31.     By two (2) business days before a scheduled hearing, the Debtors shall file with the Court a letter (the "**Agenda Letter**") setting forth each matter to be heard at the hearing (the letter must be updated after the initial submission, if necessary) and shall serve the letter(s), by e-mail or facsimile on:  (i) the Court; (ii) the U.S. Trustee; (iii) the Creditors' Committee; (iv) counsel to any other statutory committee appointed in the Chapter 11 Cases; and (vi) any party that filed Documents referenced in the Agenda Letter; provided that an Agenda Letter shall not be required where the Debtors have less than forty-eight (48) hours notice of the hearing.

32.     The Agenda Letter will include, to the extent known by the Debtors:  (i) the docket number and title of each matter scheduled to be heard at the hearing, including the initial filing and any Objections, Replies, or Documents related thereto; (ii) whether the matter is contested or uncontested, (iii) whether the matter has been settled or is proposed to be continued; and (iv) other comments that will assist the Court; provided that the matters listed on the Agenda Letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

33.     The Agenda Letter may include notice of matters that have been consensually adjourned to a later hearing date in lieu of parties filing a separate notice of such adjournment.

WEIL:\95270984\1\35076.0003

34.     In the event a matter is properly noticed for hearing and the parties reach an agreement to settle the dispute prior to the hearing, the parties may announce the settlement at the scheduled hearing.  In the event the Court determines that notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

35.     Notwithstanding anything contained herein, a motion for relief from the automatic stay (a "**Stay Relief Motion**") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty-one (21) days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors.  Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be the later to occur of (i) fourteen (14) calendar days after the date of filing and service of the Stay Relief Motion and (ii) three (3) calendar days prior to the hearing scheduled with respect thereto.

36.     Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled, in accordance with this Order, for, or adjourned to, a hearing date that falls on or after the thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the

13

Bankruptcy Code and shall be deemed to have waived its right to assert the termination of the

automatic stay under section 362(e) of the Bankruptcy Code.

37.     Pursuant to Local Rule 7056-1, no motion for summary judgment may be made

without first seeking a pre-motion conference.  A request for such conference should be made by

letter, filed electronically on the Court's website, *http://ecf.nysb.uscourts.gov*, setting forth the

issues to be presented under the summary judgment motion.

38.     Motions for reargument must identify with particularity the matter for

reconsideration in accordance with Local Rule 9023-1.  If, after review of the motion, the Court

determines that it wishes a response, and/or a hearing, it will notify the parties accordingly.

**Telephonic Appearances**

39.     If a party desires to participate in a hearing by telephone, such party must request

permission from Chambers and notify the attorneys for the Debtors at least forty-eight (48) hours

prior to the scheduled hearing.  If Chambers permits telephonic participation, the party

participating telephonically must arrange such telephonic participation with Court Call, adhering

to the Case Management Procedures for telephonic participation applicable in the United States

Bankruptcy Court for the Southern District of New York, as well as those required by Chambers.

Those participating by phone may not use speakerphones, unless first authorized by the Court;

by reason of technical limitations of the equipment, and the way speakerphones disrupt

proceedings in the courtroom, speakerphone authorizations usually will not be granted.  Persons

participating by phone (and especially by speakerphone) must put their phones on "mute" except

when they need to be heard.  Persons so participating are not to put their phones on "hold" under

any circumstances.

WEIL:\95270984\1\35076.0003

**Hearing Procedures**

40.     The initial hearing on all Pleadings will be a non-evidentiary hearing, unless:  (i)

the motion is of a type specified in Local Rule 9014-2(b), (c), (d), or (e) or (ii) the Court

otherwise directs in advance of the hearing.  If, upon or after the filing of a motion, any party

wishes an evidentiary hearing on a motion not covered under Local Rule 9014-2, such party must

confer with all other parties involved to determine whether there is agreement that an evidentiary

hearing is appropriate.  In the absence of an ability to agree, the Court will consider requests for

an evidentiary hearing by conference call.  Notwithstanding Local Rule 9014-2, the Court may,

upon advance request and for cause shown, order that the initial hearing on a motion of the type

specified in Local Rule 9014-2(c), (d), or (e) will be a non-evidentiary hearing.  Generally,

interests of judicial economy and the absence of disputed material issues of fact will collectively

suggest that a non-evidentiary hearing is appropriate on motions subject to Local Rule 9014-2(c),

(d) or (e).

41.     Concurrently with any determination that an evidentiary hearing is necessary or

desirable, Chambers must be notified with an estimate of expected trial time; parties may be

informed that a different return date is necessary if the available time on the requested day is

insufficient.  Any motion noticed as an evidentiary hearing must prominently state, just below

the return date in the upper right-hand corner, "Evidentiary Hearing Requested."

42.     A request for relief in a Pleading may be granted without a hearing provided that,

after the passage of the Objection Deadline, the attorney for the entity who has filed the Pleading

(i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or

served in accordance with the Case Management Procedures; (ii) serves the declaration via e-

mail or facsimile upon the Standard Parties and the Affected Parties one (1) business day prior to

WEIL:\95270984\1\35076.0003

submission thereof to the Court; and (iii) e-mails to Chambers (a) the declaration described in

subsection (i) above, and (b) an electronic copy of the proposed form of order (collectively, the

"**Presentment Package**").  Upon receipt of the Presentment Package, the Court may grant the

relief requested in the Pleading without further submission, hearing, or request.  If the Court does

not grant the relief, the Pleading will be heard at the Omnibus Hearing that is at least seven (7)

calendar days after the date the Presentment Package is received by the Court.

  43.  Parties seeking a temporary restraining order ("**TRO**") must comply with the

requirements of Fed. R. Civ. P. 65(b).  Applications for TROs will be heard in open court, on the

record, with a court reporter or audio recording.  Parties wishing to be heard in opposition will be

heard by telephone upon request.  Applicants seeking TROs are reminded of the need to submit

with their motion papers the written affidavit required under Fed. R. Civ. P. 65(b) confirming the

notice provided to anyone who might wish to oppose the application.  Any assertions that notice

cannot or should not be given must likewise be supported by affidavit.

  44.  Any request for a TRO must be preceded by a telephone call to Chambers,

advising Chambers of the nature of the controversy, the need for emergency relief, why a noticed

hearing for a preliminary injunction would be insufficient, when a hearing on the TRO

application is needed, and when the papers will be forthcoming.  Except in those rare cases

where advance notice of the TRO application would vitiate the purpose of the TRO (and where

that can be established by affidavit), immediate telephonic notice of the prospective application

must be provided to all parties reasonably expected to be affected by entry of the TRO, or

provisions therein.  In addition, the papers on any TRO application must be hand delivered, e-

mailed, or faxed to any such parties at the same time that the papers are provided to Chambers.

**Discovery and Evidence**

45.    Expedited discovery in contested matters in the Chapter 11 Cases is authorized without further Court order.  This authorization is without prejudice to the rights of any party or witness to seek protective order relief if the time to respond or appear, or the burden of the requested discovery, is unreasonable or for other cause shown.  Parties are expected to work informally and cooperatively to effect any necessary discovery, with due recognition of the time exigencies that are typical in bankruptcy litigation.  Document requests by letter, facsimile, or e-mail are authorized.

46.    Parties are required in the first instance to resolve discovery and due diligence disputes by negotiation in good faith and, if necessary, a conference call with the Court without submission of papers.  The Court will make itself available for such calls, but such calls will not be scheduled until and unless the parties have first tried and failed to resolve the disputed matters themselves.  Unless otherwise ordered by the Court, no Motion with respect to a discovery or due diligence dispute may be filed unless the parties have first conferred in good faith to resolve it and also sought to resolve the matter by conference call with the Court.

47.    Except as otherwise ordered by the Court for cause shown before the hearing, all direct testimony in contested matters in the Chapter 11 Cases, other than duly designated deposition testimony and testimony by witnesses not under the party's reasonable control, must be submitted by affidavit, and all cross-examination and subsequent examination will be taken live.  Unless otherwise ordered by the Court, all affidavits and any designated testimony must be submitted to the adversary and the Court no later than three (3) full business days before the hearing.

17

48.     Parties may, if they are so advised, introduce the testimony of witnesses who reasonably can be expected not to be cooperative (such as employees or agents of adversaries) by calling them as adverse witnesses and taking their testimony on "adverse direct." The Court will generally regard taking direct testimony "live" as appropriate if, but only if, matters of credibility are important in the particular case, and credibility on direct, as well as after cross-examination, is at issue; the Court will generally regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis. In any instances where direct testimony will proceed "live," the proponent(s) of such testimony will be responsible for so advising Chambers in advance and taking such steps (e.g., subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses.

**Other Case Management Procedures**

49.     To the extent that the Case Management Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Case Management Procedures shall supersede such provisions and rules in the Chapter 11 Cases.

50.     Unless otherwise specified, all time periods referenced in this Order will be calculated in accordance with Bankruptcy Rule 9006(a).

51.     Nothing in this Order shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause.

52.     The Debtors may seek to amend the Case Management Procedures from time to time throughout the Chapter 11 Cases and shall present such amendments to the Court by notice of presentment in accordance with this Order.

WEIL:\95270984\1\35076.0003

53.     Within three (3) business days of entry of this Order, the Claims and Noticing

Agent shall serve a printed copy of this Order upon all parties on the Master Service List and

post a copy of this Order on the Case Website.

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Order.

Dated: _____, 2015
        New York, New York


_____
United States Bankruptcy Judge

WEIL:\95270984\1\35076.0003