Marcia L. Goldstein
Ray C. Schrock, P.C.
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
:
**In re**                                                          :          **Chapter 11**
:
**CHASSIX HOLDINGS, INC.,** *et al.*,         :          **Case No. 15-_____ (___)**
:
:          **(Joint Administration Pending)**
**Debtors.**[1]                             :
:
------------------------------------------------------x

**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 503(b)(9) AND
105(a) FOR ENTRY OF ORDER (I) APPROVING PROCEDURES FOR
THE ASSERTION, RESOLUTION, AND SATISFACTION OF CLAIMS
ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9) AND (II) PROHIBITING
VENDORS FROM PURSUING SUCH CLAIMS OUTSIDE THE PROCEDURES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and

certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the
"**Debtors**," and together with their non-Debtor subsidiaries, the "**Company**"), respectfully
represent:

**Background**

1.      On the date hereof (the "**Commencement Date**"), the Debtors each
commenced with this Court a voluntary case under chapter 11 of title 11 of the United States
Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their
businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and
1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors
("**Creditors Committee**") has been appointed in these chapter 11 cases.

2.      Contemporaneously herewith, the Debtors have filed a motion requesting
joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of
Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.      The Debtors commenced their chapter 11 cases on a prearranged basis
with the support of their (a) secured and unsecured noteholders, which have committed to make
significant and immediate capital infusions into the Debtors' businesses, and (b) major
automotive manufacturing customers, which have committed to long-term pricing commitments
and other valuable accommodations.  Consistent with their obligations under the restructuring
support agreement, the Debtors have filed a plan of reorganization and proposed disclosure
statement with the Court and are seeking to emerge from chapter 11 on an expedited timeframe.

4.      Information regarding the Debtors' businesses, capital structure, and the
circumstances leading to the commencement of these chapter 11 cases is set forth in the
Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the

2

Southern District of New York, sworn to on the date hereof, which has been filed with the Court contemporaneously herewith.

## Jurisdiction

5.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

## Relief Requested

6.    By this Motion, pursuant to sections 503(b)(9) and 105(a) of the Bankruptcy Code, the Debtors seek entry of an order (i) approving procedures (the "**Procedures**") for the assertion of unpaid claims pursuant to section 503(b)(9) of the Bankruptcy Code ("**503(b)(9) Claims**") and the resolution, allowance, and satisfaction thereof and (ii) prohibiting Vendors (as herein defined) from pursuing 503(b)(9) Claims outside the Procedures.  A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit "A."**

## Section 503(b)(9)

1.    Section 503(b)(9) of the Bankruptcy Code provides for the allowance, as an administrative expense, of claims for the value of any goods sold to the Debtors in the ordinary course of the Debtors' businesses and received by the Debtors within twenty (20) days before the Commencement Date:

> (b) After notice and a hearing, there shall be allowed, administrative expenses . . . including –
>
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under [the Bankruptcy Code] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).

3

2.     Prior to the Commencement Date, in the ordinary course of business, the Debtors purchased on credit a variety of raw materials, component parts, supplies, equipment, and other goods (collectively, the "**Goods**") for use in their casting and machining operations. As of the Commencement Date, the Debtors were in possession of certain Goods that had been delivered to them by various vendors or other parties (collectively, the "**Vendors**"), but for which the Debtors had not yet made payment.  The Debtors estimate that the value of such unpaid Goods delivered within twenty (20) days before the Commencement Date is approximately $60,000,000.

3.     The Debtors believe that there will be some uncertainty among Vendors over the procedures and methods they must undertake to properly assert 503(b)(9) Claims.  This uncertainty could result in numerous inquiries and demands on the Debtors' employees and professionals or the initiation of piecemeal litigation, both of which would divert the attention of the Debtors and their professionals from the more pressing task of administering the chapter 11 cases.  To avoid the distraction, delay, and expense that may ensue as a result of uncertainty regarding 503(b)(9) Claims, the Debtors propose the Procedures set forth below.

## Proposed Procedures

4.     The Debtors propose the following Procedures with respect to all 503(b)(9) Claims:

(a)     Any Vendor asserting a 503(b)(9) Claim must prepare a proof of claim (a "**Proof of 503(b)(9) Claim**") that sets forth (i) the value of the Goods the Vendor contends the Debtors received within twenty (20) days before the Commencement Date; (ii) documentation, including invoices, receipts, purchase orders, bills of lading, and the like, identifying the particular Goods for which the claim is being asserted; (iii) documentation regarding which Debtor the Goods were shipped to, the date the Goods were received by such Debtor, and the alleged value of such Goods; and (iv) a statement indicating (I) whether the value of such Goods

WEIL:\95270996\1\35076.0003

listed in the Proof of 503(b)(9) Claim represents a combination of services and Goods, (II) the percentage of value related to services and related to Goods, and (III) whether the Vendor has filed any other claim against any Debtor regarding the Goods underlying its Proof of 503(b)(9) Claim;

(b)     All Proofs of 503(b)(9) Claims must be mailed to the Debtors' proposed claims and noticing agent, Prime Clerk LLC, at Chassix Claims Processing Center c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022, with a copy served on (i) the Debtors, 300 Galleria Officentre, Suite 501, Southfield, Michigan 48034 (Attn: Kelly Seychel); and (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Melissa Siegel, Esq.), so as to be received no later than the seventy-fifth (75) day after the Commencement Date (the "**503(b)(9) Claim Filing Deadline**");

(c)     The Debtors shall have seventy-five (75) days (or such later date as may be approved by the Court) after the 503(b)(9) Claim Filing Deadline to file with the Court and serve any objections (the "**Objections**") to timely filed 503(b)(9) Claims (the "**Objection Deadline**");

(d)     Vendors shall have until thirty (30) days after the filing of the applicable Objection to file with the Court and serve on the attorneys for the Debtors any replies to such Objections;

(e)     All timely filed 503(b)(9) Claims will be deemed allowed unless objected to by the Debtors on or before the Objection Deadline;

(f)     Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Vendor and to seek an agreement resolving any Objection to such Vendor's 503(b)(9) Claim. The approval of such an agreement will be subject to notice and a hearing;

(g)     If the Debtors cannot reach agreement with a Vendor regarding a particular Objection to such Vendor's 503(b)(9) Claim, the Debtors will schedule the matter for a hearing by the Court;

(h)     To the extent a 503(b)(9) Claim is allowed, such 503(b)(9) Claim will be satisfied pursuant to and as set forth in such chapter 11 plan as shall be confirmed by the Court, any agreement between the Debtors and the holder of a 503(b)(9) claim or as otherwise ordered by the Court after notice and an opportunity for a hearing;

WEIL:\95270996\1\35076.0003

<u>provided</u> that the Debtors reserve the right to exercise any lawful right of setoff against any 503(b)(9) Claim; and

(i)    Vendors shall be forever barred, without further order of the Court, from asserting a Section 503(b)(9) Claim after the expiration of the 503(b)(9) Claim Filing Deadline, but shall not be barred from asserting a related or unrelated general unsecured claim.

5.    The Debtors propose that the Procedures be the sole and exclusive method for the assertion, resolution, allowance, and satisfaction of 503(b)(9) Claims and request that all Vendors be prohibited from invoking any other means therefor, including, without limitation, the filing of a motion for allowance, or to compel payment, of any 503(b)(9) Claims.

**The Relief Requested is in the**
**<u>Best Interests of the Debtors and their Estates</u>**

6.    Because the Debtors, in the ordinary course of business, typically purchase a substantial amount of Goods on a monthly basis from a variety of Vendors, the Debtors expect that numerous 503(b)(9) Claims may be filed in these chapter 11 cases.  Accordingly, the establishment of an orderly, uniform process for their resolution is warranted.  Deferring litigation of claims asserted under section 503(b)(9) of the Bankruptcy Code and establishing uniform procedures for resolving such claims is a common practice in chapter 11 cases, as is the establishment of a bar date.  *See* Fed. R. Bankr. P. 3003(c)(3) ("The court shall fix . . . the time within which proofs of claim or interest may be filed.").  Moreover, the Debtors believe that the Procedures will facilitate their ability to negotiate with Vendors, expediting the resolution of 503(b)(9) Claims and assisting with the economic administration of these chapter 11 cases.

7.    Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  The Debtors submit that establishing and implementing the Procedures is necessary and appropriate and that the Procedures are consistent

6

with the provisions of section 503(b)(9) of the Bankruptcy Code. The Procedures will assist in the timely resolution of 503(b)(9) Claims and promote the orderly, efficient, and economic administration of these cases. Therefore, the relief requested in this Motion is in the best interests of the Debtors and their respective estates and should be granted in all respects.

## **Reservation of Rights**

8.      Nothing contained herein is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## **Notice**

9.      Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the holders of the five largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan, Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders;

7

(x) the OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the

Securities and Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United

States Attorney's Office for the Southern District of New York.  The Debtors submit that, in

view of the facts and circumstances, such notice is sufficient and no other or further notice need

be provided.

10.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: March 12, 2015
      New York, New York

/s/ Ray C. Schrock, P.C.
Marcia L. Goldstein
Ray C. Schrock, P.C.

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

WEIL:\95270996\1\35076.0003

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
                                            :
In re                                       :        Chapter 11
                                            :
CHASSIX HOLDINGS, INC., *et al.*,           :        Case No. 15-_____ (___)
                                            :
                                            :        Jointly Administered
              Debtors.[1]                   :
                                            :
----------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. §§ 503(b)(9) AND 105(a) (I) APPROVING PROCEDURES FOR THE ASSERTION, RESOLUTION, AND SATISFACTION OF CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9) AND (II) PROHIBITING VENDORS FROM PURSUING SUCH CLAIMS OUTSIDE THE PROCEDURES

Upon the motion, dated March ___, 2015 (the "**Motion**"),[2] of Chassix Holdings,

Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and

subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, including Chassix Holdings and Chassix, the "**Debtors**," and together with their

non-Debtor subsidiaries, the "**Company**"), pursuant to sections 503(b)(9) and 105(a) of the

Bankruptcy Code, for an order approving the procedures (the "**Procedures**") for the assertion of

unpaid claims pursuant to section 503(b)(9) of the Bankruptcy Code (the "**503(b)(9) Claims**")

and prohibiting vendors from pursuing 503(b)(9) Claims outside of the Procedures, all as more

fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

relief requested therein in accordance with 28. U.S.C. §§ 157 and 1334 and the Amended

Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion having been provided to (i) the Office of the United States

Trustee for the Southern District of New York (the "**U.S. Trustee**"); (ii) the holders of the five

largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty

(40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for

BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan,

Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank

National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes

due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor

trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated

as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders;

(viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders;

(x) the OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the

Securities and Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United

States Attorney's Office for the Southern District of New York; and it appearing that no other or

further notice need be provided; and a hearing having been held to consider the relief requested

in the Motion (the "**Hearing**"); and upon the Declaration of J. Mark Allan Pursuant to Rule

1007-2 of the Local Bankruptcy Rules for the Southern District of New York, filed

contemporaneously with the Motion, the record of the Hearing and all of the proceedings had

before the Court; and the Court having found and determined that the relief sought in the Motion

2

is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that

the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the following Procedures (the "**Procedures**"), which Procedures

are hereby authorized and approved in their entirety, shall apply to all 503(b)(9) Claims:

(a)    Any Vendor asserting a 503(b)(9) Claim must prepare a proof of claim (a "**Proof of 503(b)(9) Claim**") that sets forth (i) the value of the Goods the Vendor contends the Debtors received within twenty (20) days before the Commencement Date; (ii) documentation, including invoices, receipts, purchase orders, bills of lading, and the like, identifying the particular Goods for which the claim is being asserted; (iii) documentation regarding which Debtor the Goods were shipped to, the date the Goods were received by such Debtor, and the alleged value of such Goods; and (iv) a statement indicating (I) whether the value of such Goods listed in the Proof of 503(b)(9) Claim represents a combination of services and Goods, (II) the percentage of value related to services and related to Goods, and (III) whether the Vendor has filed any other claim against any Debtor regarding the Goods underlying its Proof of 503(b)(9) Claim;

(b)    All Proofs of 503(b)(9) Claims must be mailed to the Debtors' proposed claims and noticing agent, Prime Clerk LLC, at Chassix Claims Processing Center c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022, with a copy served on (i) the Debtors, 300 Galleria Officentre, Suite 501, Southfield, Michigan 48034 (Attn: Kelly Seychel); and (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Melissa Siegel, Esq.), so as to be received no later than the seventy-fifth (75) day after the Commencement Date (the "**503(b)(9) Claim Filing Deadline**");

(c)    The Debtors shall have seventy-five (75) days (or such later date as may be approved by the Court) after the 503(b)(9) Claim Filing Deadline to file with the Court and serve any objections (the "**Objections**") to timely filed 503(b)(9) Claims (the "**Objection Deadline**");

3

(d)    Vendors shall have until thirty (30) days after the filing of the applicable Objection to file with the Court and serve on the attorneys for the Debtors any replies to such Objections;

(e)    All timely filed 503(b)(9) Claims will be deemed allowed unless objected to by the Debtors on or before the Objection Deadline;

(f)    Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Vendor and to seek an agreement resolving any Objection to such Vendor's 503(b)(9) Claim. The approval of such an agreement will be subject to notice and a hearing;

(g)    If the Debtors cannot reach agreement with a Vendor regarding a particular Objection to such Vendor's 503(b)(9) Claim, the Debtors will schedule the matter for a hearing by the Court;

(h)    To the extent a 503(b)(9) Claim is allowed, such 503(b)(9) Claim will be satisfied pursuant to and as set forth in such chapter 11 plan as shall be confirmed by the Court, any agreement between the Debtors and the holder of a 503(b)(9) claim or as otherwise ordered by the Court after notice and an opportunity for a hearing; provided that the Debtors reserve the right to exercise any lawful right of setoff against any 503(b)(9) Claim; and

(i)    Vendors shall be forever barred, without further order of the Court, from asserting a Section 503(b)(9) Claim after the expiration of the 503(b)(9) Claim Filing Deadline, but shall not be barred from asserting a related or unrelated general unsecured claim.

ORDERED that the foregoing Procedures are the sole and exclusive method for the assertion, resolution, allowance and satisfaction of 503(b)(9) Claims against the Debtors and that all Vendors are prohibited from using any other means for the assertion, resolution, allowance or satisfaction of 503(b)(9) Claims, including, without limitation, the filing of a motion for allowance, or to compel payment, of any 503(b)(9) Claim; and it is further

ORDERED that to the extent a Vendor asserting a 503(b)(9) Claim has been paid pursuant to another order entered by the Court in these chapter 11 cases, the Procedures shall not

WEIL:\95270996\1\35076.0003

apply and any such 503(b)(9) Claim shall be deemed withdrawn without the need for any

application to, or further order of, the Court; and it is further

      ORDERED that notwithstanding anything to the contrary contained herein, (a)

any payment to be made, or authorization contained, hereunder shall be subject to the

requirements imposed on the Debtors under the Debtors' postpetition financing agreements (the

"**DIP Documents**") and any orders approving the DIP Documents and governing the Debtors'

use of cash collateral (including with respect to any budgets governing or relating thereto) and

(b) to the extent there is any inconsistency between the terms of such orders approving the DIP

Documents or the Debtors' use of cash collateral and any action taken or proposed to be taken

hereunder, the terms of such orders approving the DIP Documents and use of cash collateral

shall control; and it is further

      ORDERED that nothing contained in this Order or in the Motion is intended to be

or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a

waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an

approval or assumption of any agreement, contract, program, policy, or lease under section 365

of the Bankruptcy Code.  Likewise any payment made pursuant to this Order is not intended to

be and shall not be construed as an admission to the validity of any claim or a waiver of the

Debtors' rights to dispute such claim subsequently; and it is further

      ORDERED that notwithstanding entry of this Order, nothing herein shall create,

nor is intended to create, any rights in favor of or enhance the status of any claim held by, any

party; and it is further

      ORDERED that the Debtors are authorized to take all steps necessary to carry out

this Order; and it is further

WEIL:\95270996\1\35076.0003

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Order.

Dated: _____, 2015
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE