Marcia L. Goldstein
Ray C. Schrock, P.C.
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
                                         :
In re                                    :      Chapter 11
                                         :
CHASSIX HOLDINGS, INC., et al.,          :      Case No. 15-_____ (___)
                                         :
                                         :      (Joint Administration Pending)
                         Debtors.¹       :
                                         :
-------------------------------------------------------x
```

**MOTION OF DEBTORS PURSUANT TO**
**11 U.S.C. §§ 366 AND 105(a) FOR ENTRY OF**
**ORDER (I) APPROVING DEBTORS' PROPOSED FORM**
**OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITIES,**
**(II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS**
**BY UTILITY COMPANIES, AND (III) PROHIBITING UTILITIES**
**FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**," and together with their non-Debtor subsidiaries, the "**Company**"), respectfully represent:

**Background**

1.      On the date hereof (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors ("**Creditors Committee**") has been appointed in these chapter 11 cases.

2.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.      The Debtors commenced their chapter 11 cases on a prearranged basis with the support of their (a) secured and unsecured noteholders, which have committed to make significant and immediate capital infusions into the Debtors' businesses, and (b) major automotive manufacturing customers, which have committed to long-term pricing commitments and other valuable accommodations.  Consistent with their obligations under the restructuring support agreement, the Debtors have filed a plan of reorganization and proposed disclosure statement with the Court and are seeking to emerge from chapter 11 on an expedited timeframe.

2

4.      Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, sworn to on the date hereof, which has been filed with the Court contemporaneously herewith.

### Jurisdiction

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

### Relief Requested

6.      In the ordinary course of their casting and machining businesses, the Debtors operate numerous plants and facilities, including fifteen manufacturing plants across the United States and the Debtors' headquarters in Southfield, Michigan.  To maintain their operations, the Debtors require the uninterrupted provision of utility services at these and other properties.  To ensure the uninterrupted supply of water, electricity, natural gas, waste management, telephone, and other utility services (collectively, the "**Utility Services**"), as that term is used in section 366 of the Bankruptcy Code, which are critical to the operation of the Debtors' businesses, the Debtors request, pursuant to sections 366 and 105(a) of the Bankruptcy Code, entry of an order (i) approving the Proposed Adequate Assurance (as herein defined); (ii) establishing procedures for resolving objections by the Utility Companies (as herein defined) relating to the adequacy of the Proposed Adequate Assurance; and (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors because of the commencement of these chapter 11 cases or a debt that is owed by the Debtors for Utility Services rendered prior to the Commencement Date.  A proposed form of

WEIL:\95271018\1\35076.0003

order granting the relief requested herein on an interim basis is annexed hereto as **Exhibit "A"**

(the "**Interim Order**").

**The Utility Companies**

7.    To operate their businesses and manage their properties, including their

manufacturing facilities, the Debtors obtain Utility Services from a number of utility companies

or their brokers (collectively, the "**Utility Companies**").  The Utility Companies, and their

affiliates, that provide Utility Services to the Debtors as of the Commencement Date, include,

but are not limited to, those listed on **Exhibit "1"** to the Interim Order (the "**Utility Service**

**List**").[2]

8.    The Debtors generally have a good payment history with the Utility

Companies and, to the Debtors' knowledge, there are currently few, if any, defaults or arrearages

of any significance with respect to the Debtors' undisputed invoices for prepetition Utility

Services, other than payment interruptions that may be caused by the commencement of these

chapter 11 cases.  Prior to the Commencement Date, the Debtors' average monthly cost of Utility

Services was approximately $2,800,000.

9.    Uninterrupted Utility Services are essential to the Debtors' ongoing

operations, and, therefore, the success of the Debtors' reorganization.  Indeed, any interruption in

Utility Services, even for a brief period of time, would disrupt the Debtors' ability to continue

operations and service their customers.  This disruption would adversely impact customer

relationships and result in a decline in the Debtors' revenues and profits.  Such a result could

seriously jeopardize the Debtors' reorganization efforts and, ultimately, the value of the Debtors'

---

[2] The inclusion of any entity on, as well as the omission of any entity from, **Exhibit "1,"** and the description thereof is not an admission or concession that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

estates and creditor recoveries.  It is, therefore, critical that Utility Services continue

uninterrupted during these chapter 11 cases.

### The Proposed Adequate Assurance Deposit

10.    Section 366 of the Bankruptcy Code protects a debtor against the

immediate termination or alteration of utility services after commencing its case.  Under section

366(c) of the Bankruptcy Code, a utility company may not alter, refuse, or discontinue services

to a debtor solely on account of the commencement of the debtor's chapter 11 case or

outstanding unpaid prepetition amounts.  If, however, during the thirty (30) days following the

Commencement Date, the debtor does not provide "adequate assurance" of payment for

postpetition services in a form "satisfactory" to the utility company, the utility company may

exercise its rights, including by altering or discontinuing service. 11 U.S.C. § 366(c)(2).  Section

366(c)(1)(A) of the Bankruptcy Code provides that "assurance of payment" may consist of "(i) a

cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a

prepayment of utility consumption; or (vi) another form of security that is mutually agreed on

between the utility and the debtor or the trustee." 11 U.S.C. § 366(c)(1)(A).

11.    The Debtors intend to timely pay all postpetition obligations owed to the

Utility Companies and anticipate having sufficient funds to do so.  The Debtors expect that

availability under their proposed postpetition credit facilities and cash generated by the Debtors

during their chapter 11 cases will be more than sufficient to pay all postpetition utility

obligations.  Notwithstanding the foregoing, to provide adequate assurance of payment to the

Utility Companies pursuant to section 366(c) of the Bankruptcy Code, the Debtors propose,

within twenty (20) days from the Commencement Date, to deposit into an interest-bearing,

segregated account (the "**Utility Deposit Account**"), an amount equal to two weeks of Utility

WEIL:\95271018\1\35076.0003

Services, calculated based on the historical average of the Debtors' utility expenses, which is

generally calculated by averaging payment for a twelve-month period prior to the

Commencement Date (the "**Adequate Assurance Deposit**").  The Adequate Assurance Deposit

will not, however, include any amount on account of any Utility Company that (a) agrees to a

lesser amount, (b) already holds a deposit, letter of credit, surety bond, or other type of

instrument securing the Debtors' performance equal to or greater than two weeks of Utility

Services, or (c) is paid in advance for its Utility Services.

   12. Based on the foregoing calculation, the Debtors estimate that the total

amount of the Adequate Assurance Deposit will be approximately $1,200,000.  The Debtors

shall maintain the Adequate Assurance Deposit in the Utility Deposit Account until the earlier of

(a) the Court's entry of an order authorizing the return of the Adequate Assurance Deposit to the

Debtors and (b) the effective date of a plan of reorganization for the Debtors (at which time the

Adequate Assurance Deposit shall automatically, without further order of the Court, be returned

to the Debtors).

   13. The Debtors shall, however, have the right to reduce the Adequate

Assurance Deposit to the extent that any of the following occurs:  (a) the Adequate Assurance

Deposit includes any amount on account of a Utility Company that the Debtors subsequently

determine should be removed from the Utility Service List; (b) a Utility Company properly

serves an Additional Assurance Request (as defined below) on the Notice Parties, and any

settlement results in such Utility Company's removal from the Utility Service List or in the

Debtors' provision of alternate assurance to the Utility Company; or (c) any Utility Company has

instead been provided with a letter of credit, cash deposit, or some other form of security

acceptable to the Utility Company.  The Debtors submit that the Adequate Assurance Deposit,

WEIL:\95271018\1\35076.0003

together with the Debtors' ability to pay for future Utility Services in the ordinary course of business (the "**Proposed Adequate Assurance**"), constitutes sufficient adequate assurance to the Utility Companies.  If any Utility Company believes additional assurance is required, it may request such assurance pursuant to the procedures set forth below.

14.    In light of the severe consequences to the Debtors' operations that may be caused by any interruption in services by the Utility Companies, but recognizing the right of each Utility Company to evaluate the Proposed Adequate Assurance on a case-by-case basis, the Debtors propose that the Court approve and adopt the following procedures (the "**Adequate Assurance Procedures**") for any Utility Company not satisfied with the Proposed Adequate Assurance to request additional adequate assurance (an "**Additional Assurance Request**"):

a.    Within three (3) business days after the date of the Interim Order, the Debtors will mail a copy of the Interim Order to the Utility Companies on the Utility Service List.

b.    If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon the following parties: (i) Chassix, Inc., 300 Galleria Officentre, Suite 501, Southfield, Michigan 48034 (Attn: Kelly Seychel); and (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray Schrock, P.C. and Elizabeth Hendee, Esq.) (together, the "**Additional Assurance Request Notice Parties**").

c.    Each Additional Assurance Request must (i) be in writing; (ii) set forth the type of Utility Services and the location for which such services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any deposits and other security held by the Utility Company; (iv) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) be ***actually received*** by the Additional Assurance Request Notice Parties within thirty (30) days after the date of the Interim Order.

d.    Upon the Debtors' timely receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have the greater of (i) fourteen (14) days from the receipt of such Additional Assurance

WEIL:\95271018\1\35076.0003

Request and (ii) thirty (30) days from the Commencement Date (collectively, the "**Resolution Period**") to negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

e.       If the Debtors determine that a timely received Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the Utility Company during the Resolution Period, the Debtors will file a motion with the Court promptly seeking a hearing to determine the adequacy of assurance of payment with respect to a particular Utility Company (the "**Determination Motion**") pursuant to section 366(c)(3) of the Bankruptcy Code.

f.       Pending resolution of any such Determination Motion, any such Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of these chapter 11 cases, or any objections to the adequacy of the Proposed Adequate Assurance.

g.       The Debtors may, in their discretion, resolve any Additional Assurance Request or Determination Motion by mutual agreement with the requesting Utility Company without further order of the Court and may, in connection with any such agreement and in its discretion, provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of the Court to the extent the Debtors believe such additional assurance is reasonable in the exercise of its business judgment.

h.       Absent the timely filing of a Procedures Objection (as herein defined), the Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make a timely Additional Assurance Request.

15.       The Debtors respectfully request that, absent compliance with the

Adequate Assurance Procedures, the Utility Companies are forbidden from altering, refusing, or

discontinuing service on account of any prepetition charges, or requiring additional adequate

assurance of payment other than the Proposed Adequate Assurance, pending entry of a final

order with respect to the Motion (the "**Final Order**").

WEIL:\95271018\1\35076.0003

## Objections to Adequate Assurance Procedures

16.    In light of the adverse consequences to the Debtors that would result from any interruption in services by the Utility Companies, but recognizing the right of the Utility Companies to evaluate the Proposed Adequate Assurance independently, the Utility Companies should be required to promptly raise any objections to the Adequate Assurance Procedures so that any such objections may be heard by the Court prior to the running of the thirty-day period following the Commencement Date.  The Debtors, therefore, propose that any Utility Company that objects to the Adequate Assurance Procedures described above must file a procedures objection ("**Procedures Objection**") and serve such objection on the Notice Parties, so that it is *actually received* by the date that is the earlier of (a) fourteen (14) days after the date of the Interim Order and (b) seven (7) days before the Final Hearing.

## Subsequent Modifications of the Utility Service List

17.    Although the Debtors have made extensive and good faith efforts to identify all Utility Companies, certain companies that currently provide Utility Services to the Debtors may have been omitted inadvertently from the Utility Service List.  To the extent that the Debtors identify additional Utility Companies, the Debtors will promptly file amendments to the Utility Service List and will serve copies of the Motion, the Interim Order, and the Final Order (when and if entered) on such newly identified Utility Companies.

18.    The Debtors further request that the Court make the Interim Order and Final Order binding on all Utility Companies, regardless of when each Utility Company was added to the Utility Service List, provided that (a) the Debtors shall increase the amount of the Adequate Assurance Deposit by an amount equal to the cost of two weeks of Utility Services provided by such additional Utility Company to the Debtors, calculated as a historical average,

WEIL:\95271018\1\35076.0003

and (b) any such newly identified Utility Company shall have until the later of (i) fourteen days from the date of service of the Interim Order or Final Order, as applicable, on such Utility Company and (ii) thirty days from the date of the Interim Order, to serve an Additional Assurance Request in compliance with the proposed Adequate Assurance Procedures, which request must actually be received by the Notice Parties within this timeframe.  The Debtors shall have the periods specified in the proposed Adequate Assurance Procedures to seek to resolve any such request by mutual agreement with the Utility Company without further order of the Court or to file a Determination Motion with the Court to determine the adequacy of assurance of payment with respect to such Utility Company in accordance with the Adequate Assurance Procedures.

### Basis for Relief Requested

19.     The relief requested will ensure that the Debtors' operations will not be disrupted, which would severely impact their businesses and prospects for a successful reorganization.  The relief requested also provides the Utility Companies with a fair and orderly procedure for requesting an adequate assurance deposit and the Debtors with a fair and orderly procedure for addressing such requests.  Absent the Court's approval of the Adequate Assurance Procedures, the Debtors could be forced to address numerous requests by Utility Companies in a disorganized manner at a time when the Debtors' efforts could be more productively focused on stabilizing their operations and working towards a successful restructuring.

20.     Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "**2005 Amendments**"), it was well established by courts, commentators, and legislative history that section 366 of the Bankruptcy Code did not require, as a matter of course, that the debtor provide a deposit or other security to its utilities as adequate

assurance of payment.  In *Virginia Electric & Power Co. v. Caldor, Inc.–NY*, the United States

Court of Appeals for the Second Circuit affirmed the Bankruptcy Court's ruling that the debtor's

prepetition payment history, its postpetition liquidity, and the administrative expense priority

afforded to postpetition invoices constituted adequate assurance of future performance.  117 F.3d

646, 647 (2d Cir. 1997).  The Second Circuit rejected the argument that section 366(b)

nevertheless required a "deposit or other security," holding instead that "a bankruptcy court's

authority to 'modify' the level of the 'deposit or other security,' provided for under § 366(b),

includes the power to require no 'deposit or other security' where none is necessary to provide a

utility supplier with 'adequate assurance of payment.'"  *Id.* at 650; *see also Shirey v.*

*Philadelphia Elec. Co. (In re Shirey)*, 25 B.R. 247, 249 (Bankr. E.D. Pa. 1982) ("[S]ection

366(b) . . . does not permit a utility to request adequate assurance of payment for continued

services unless there has been a default by the debtor on a pre-petition debt owed for services

rendered.").

   21.  Under section 366(c) of the Bankruptcy Code, as amended by the 2005

Amendments, however, utility companies may now alter, refuse, or discontinue utility service if,

within thirty (30) days after the commencement of a debtor's chapter 11 case, the debtor has not

provided the utility company with adequate assurance in a form that is "satisfactory" to the

utility company, subject to the Court's ability to modify the amount of adequate assurance.

Furthermore, pursuant to section 366(c)(3)(B), in determining whether a debtor's assurance of

payment is adequate, the court may not consider any of the following factors: (a) the absence of

security before the petition date; (b) the debtor's history of timely payments; or (c) the

availability of an administrative expense priority.  Nevertheless, in "deciding what constitutes

adequate assurance, a bankruptcy court must focus on the utility's need for assurance with the

WEIL:\95271018\1\35076.0003

debtor's scarce financial resources." *In re New Rochelle Tel. Corp.*, 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008).

22.     While the 2005 Amendments clarified what does and does not constitute "assurance of payment" and what can be considered in determining whether such assurance is adequate, Congress, in enacting that section, did not divest the Court of its power to determine what amount, if any, is necessary to provide adequate assurance of payment to a utility company. *In re Beach House Prop., LLC.*, No. 08-11761-BKC-RAM, 2008 WL 961498, at *1 (Bankr. S.D. Fla. Apr. 8, 2008) (citing 3 COLLIER ON BANKRUPTCY ¶ 366.03[2] (15th rev. ed. 2006)); *In re Great Atlantic & Pacific Tea Co.*, No. 11-CV-1338, 2011 WL 5546954, at *5 (S.D.N.Y. Nov. 14, 2011) (finding that what constitutes adequate assurance of payment for continuing utility services is a federal bankruptcy law question that bankruptcy courts are afforded "reasonable discretion" to determine); *see also* 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the Court may order modification of the amount of an assurance of payment . . . .").  Under section 366(c), there is nothing to prevent a court from deciding, as courts have before the 2005 Amendments, that, on the facts before it, the amount required of the Debtors to adequately assure payment to a utility company is nominal, or even zero.

23.     Moreover, Congress has not changed the requirement that the assurance of payment only be "adequate."  11 U.S.C. § 366(b).  Courts construing section 366(b) of the Bankruptcy Code have long recognized that "adequate" assurance of payment does not require an absolute guarantee of the debtor's ability to pay.  *See, e.g., In re Caldor, Inc.–NY*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires the Bankruptcy Court to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment.  The statute does not require an 'absolute guarantee of payment.'") (citation omitted), *aff'd sub nom.*

12

*Va. Elec. & Power Co. v. Caldor, Inc–NY*, 117 F.3d 646 (2d Cir. 1997); *In re Adelphia Bus.*

*Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) (same); *see also Great Atlantic &*

*Pacific Tea Co.*, 2011 WL 5546954, at *5 (rejecting the adequate assurance sought by utility

providers as "more than necessary" because the assurance sought would be "an absolute").

Therefore, despite the language in section 366(c)(2) of the Bankruptcy Code allowing a utility

company to take action against a debtor should the debtor fail to provide adequate assurance of

payment that is "satisfactory" to the utility company, section 366 of the Bankruptcy Code does

not require that the assurance provided be "satisfactory" once the Court determines the

appropriate amount of adequate assurances.

24.    The Proposed Adequate Assurance is reasonable and satisfies the

requirements of section 366 of the Bankruptcy Code.  The relief requested herein is similar to

relief granted in other chapter 11 cases since the 2005 Amendments became effective.  For

example, in *In re Great Atlantic & Pacific Tea Co.*, the District Court for the Southern District of

New York affirmed the bankruptcy court's finding, over the objection of utility providers, that

adequate assurance similar to the Proposed Adequate Assurance—a cash deposit in an amount

representing two weeks of utility services in a segregated account—satisfied the requirements of

section 366 of the Bankruptcy Code.  2011 WL 5546954, at *6.  In approving the adequate

assurance proposed in *In re Great Atlantic & Pacific Tea Co.*, the District Court considered

several factors, including the debtors' postpetition cash position, the burden that an additional

deposit would impose on the debtors, and the risk of nonpayment to utility providers.  *Id.* at *5.

The court found that, in light of the debtors' postpetition financing and the fact that the adequate

assurance deposit was held in a segregated account, the utility providers were adequately assured

payment for postpetition services through the cash deposit.  *Id.* at *5-6.  Here, as in *In re Great*

13

*Atlantic & Pacific Tea Co.*, the Debtors' have access to postpetition financing, the Adequate

Assurance Deposit will be held in a segregated account, and the Utility Companies are afforded

flexibility and an opportunity to be heard through the Adequate Assurance Procedures.

Accordingly, the Proposed Adequate Assurance is reasonable and satisfies section 366 of the

Bankruptcy Code.

25.    The Adequate Assurance Procedures are also consistent with procedures

adopted in other recent chapter 11 cases.  In *In re Beach House Prop., LLC*, the court interpreted

section 366(c) to mean that "a debtor may comply with § 366 by proposing a means and amount

of adequate assurance in a motion filed at the start of a case," and that "[a]s long as the debtor

then pays the Court ordered amount by the 30th day, the debtor will have complied with § 366

and the utility may not discontinue service."  2008 WL 961498, at *2.  The court will generally

set "an objection deadline and hearing date which allows for any dispute to be resolved prior to

the 30 day deadline in § 366(c)(2)."  *Id.*  Failure to object, respond, or make a counterdemand

before this deadline can be interpreted as acquiescence on the part of the utility.  *See In re Syroco

Inc.*, 374 B.R. 60, 62 (Bankr. D.P.R. 2007); *see also In re Crystal Cathedral Ministries*, 454 B.R.

124, 130–32 (C.D. Cal. 2011) (adopting similar interpretation of section 366(c) as set forth in *In

re Beach House Prop., LLC*); *In re Continental Common Inc.*, No. 10-37542-HDH-11, 2011 WL

4576707, at *1 (Bankr. N.D. Tex. Feb. 14, 2011) (same).

26.    Further, the Court possesses the power, under section 105(a) of the

Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to

carry out the provisions of this title."  11 U.S.C. § 105(a).  The Proposed Adequate Assurance

and the Adequate Assurance Procedures are necessary and appropriate to carry out the provisions

14

of the Bankruptcy Code and they will ensure that the Debtor's Utility Services are continued without prejudicing the Utility Companies.

27.    Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of the Debtors' chapter 11 estates, and should be granted in all respects.

## Reservation of Rights

28.    Nothing contained herein is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## The Debtors Satisfy Bankruptcy Rule 6003(b)

29.    Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may approve a motion to "pay all or part of a claim that arose before the filing of the petition" prior to twenty-one (21) days after the Petition Date. Fed. R. Bankr. P. 6003(b). The Debtors operate numerous manufacturing facilities and are extremely reliant on Utility Services to run their businesses. Any lapse in Utility Services could disrupt the Debtors' manufacturing processes, essentially bringing their operations to a standstill, and thus seriously jeopardize the Debtors' reorganization and cause significant damage to the operations of the Debtors' customers. Accordingly, the Debtors submit that the relief requested herein is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003 is satisfied.

WEIL:\95271018\1\35076.0003

### Waiver of Bankruptcy Rules 6004(a) and (h)

30.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen (14) day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Notice

31.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the holders of the five largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan, Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and Exchange Commission; (xiii) the Internal Revenue Service; (xiv) the United States Attorney's Office for the Southern District of New York; and (xv) the Utility Companies listed on the Utility Service List.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WEIL:\95271018\1\35076.0003

32.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: March 12, 2015
       New York, New York

/s/ Ray C. Schrock, P.C.
Marcia L. Goldstein
Ray C. Schrock, P.C.

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

WEIL:\95271018\1\35076.0003

**Exhibit A**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------x
                                                :
In re                                           :      Chapter 11
                                                :
CHASSIX HOLDINGS, INC., et al.,                 :      Case No. 15-_____ (___)
                                                :
                                                :      Jointly Administered
                   Debtors.¹                    :
                                                :
--------------------------------------------------------x
```

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 366
AND 105(a) (I) APPROVING DEBTORS' PROPOSED
FORM OF ADEQUATE ASSURANCE OF PAYMENT TO
UTILITIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING
UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE**

Upon the motion, dated _____, 2015 (the "**Motion**"),² of Chassix Holdings, Inc.

("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries,

as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively,

including Chassix Holdings and Chassix, the "**Debtors**"), pursuant to sections 366 and 105(a) of

the Bankruptcy Code, for an order (i) approving the Debtors' proposed form of adequate

assurance of payment to Utility Companies, (ii) establishing procedures for resolving objections

by Utility Companies, and (iii) prohibiting Utility Companies from altering, refusing, or

discontinuing service, all as more fully set forth in the Motion; and the Court having jurisdiction

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc.
(5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix
Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771);
Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China
Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897);
Chassix Co. of Michigan, LLC (2692); AluTech, LLC (0012).  The direct and indirect international subsidiaries of
Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

² Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

to consider the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157 and

1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska,

C.J.); and consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the

Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**");

(ii) the holders of the five largest secured claims against the Debtors (on a consolidated basis);

(iii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated

basis); (iv) the attorneys for BMO Harris Bank, N.A., as administrative agent under that certain

Amended and Restated Loan, Security and Guaranty Agreement, dated as of July 23, 2013; (v)

the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for 9

1/4% Senior Secured Notes due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware

Trust Company, as successor trustee under that certain Indenture for 10% / 10 3/4% Senior PIK

Toggle Notes due 2018, dated as of December 13, 2013; (vii) the attorneys for the Informal

Committee of Noteholders; (viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys

for the DIP Term Lenders; (x) the OEM Customers; (xi) the attorneys for Platinum Equity

Advisors, LLC; (xii) the Securities and Exchange Commission; (xiii) the Internal Revenue

Service; (xiv) the United States Attorney's Office for the Southern District of New York; and

(xv) the Utility Companies listed on the Utility Service List (the "**Notice Parties**"); and it

appearing that no other or further notice need be provided; and a hearing having been held to

consider the relief requested in the Motion (the "**Hearing**"); and upon the Declaration of J. Mark

Allan Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New

York, filed contemporaneously with the Motion, the record of the Hearing and all of the

2

proceedings had before the Court; and the Court having found and determined that the relief

sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and

their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the

Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis, as provided herein; and

it is further

ORDERED that until such time as the Final Order is entered by the Court, all

Utility Companies listed on the Utility Service List, annexed hereto as **Exhibit "1,"** are

(a) prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account

of any unpaid prepetition charges, (b) discriminating against the Debtors, or (c) requiring

payment of a deposit or receipt or any other security for continued service as a result of the

commencement of the Debtors' chapter 11 cases or any outstanding prepetition invoices except

as provided in the immediately following paragraphs; and it is further

ORDERED that, except as may be adjusted by a subsequent order of the Court

(which order may be the Final Order), as adequate assurance for the payment of Utility Services,

the Debtors shall deposit cash in an amount equal to $1,201,000 (the "**Adequate Assurance**

**Deposit**") into the Utility Deposit Account for the benefit of all Utility Companies; and it is

further

ORDERED that, except to the extent that it is subsequently reduced by

application of the provisions of this Interim Order, the Adequate Assurance Deposit is to be

deposited in the Utility Deposit Account within twenty (20) days after the Commencement Date,

pending entry of the Final Order (when and if entered) for the purpose of providing each Utility Company adequate assurance of payment for its postpetition Utility Services to the Debtor; and it is further

        ORDERED that, if an amount relating to postpetition Utility Services provided by a Utility Company is unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Utility Deposit Account, in no case to exceed the amount of the Utility Deposit contributed to the Utility Deposit Account for the benefit of such Utility Company, by giving notice by mail and email to (i) Chassix, Inc., 300 Galleria Officentre, Suite 501, Southfield, Michigan 48034, Attn: Kelly Seychel, kelly.seychel@chassix.com, (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10021, Attn: Ray Schrock, P.C., ray.schrock@weil.com, Elizabeth Hendee, Esq., elizabeth.hendee@weil.com, in which case the Debtors shall cause the disbursement request to be honored on the date that is three (3) business days after the date of such Utility Company's request if the amount in question remains unpaid; and it is further

        ORDERED that, except as provided herein with respect to the rights of Utility Companies to request payment of unpaid amounts related to postpetition Utility Services, the creditors of the Debtors shall have no interest in, or lien on, the Adequate Assurance Deposit or the Utility Deposit Account; and it is further

        ORDERED that the Adequate Assurance Deposit shall be maintained until the earlier of (a) entry of an order of the Court authorizing the return of the Adequate Assurance Deposit to the Debtors and (b) the effective date of a plan of reorganization for the Debtors (at which time the Adequate Assurance Deposit shall automatically, without further order of the Court, be returned to the Debtors); and it is further

WEIL:\95271018\1\35076.0003

ORDERED that the Debtors shall have the right to reduce the Adequate Assurance Deposit to the extent that any of the following occurs: (a) the Adequate Assurance Deposit includes an amount on account of a Utility Company that the Debtors subsequently determines should be removed from the Utility Service List; (b) a Utility Company properly serves an Additional Assurance Request (as defined below) on the Adequate Assurance Notice Parties, and any settlement results in such Utility Company's removal from the Utility Services List or in the Debtors' provision of alternate assurance to the Utility Company; or (c) any Utility Company has instead been provided with a letter of credit, cash deposit, or some other form of security acceptable to the Utility Company; and it is further

ORDERED that the following Adequate Assurance Procedures, with respect to the submission of Additional Assurance Requests, are approved in all respects, and absent compliance with the Adequate Assurance Procedures, the Utility Companies are forbidden from (a) altering, refusing, or discontinuing service to the Debtor, (b) discriminating against the Debtors on account of any prepetition charges, or (c) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance, pending entry of the Final Order:

(a)     Within three (3) business days after the date of this Interim Order, the Debtors will mail a copy of this Interim Order to the Utility Companies on the Utility Service List.

(b)     If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon the following parties: Chassix, Inc., 300 Galleria Officentre, Suite 501, Southfield, Michigan 48034 (Attn: Kelly Seychel); and (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray Schrock, P.C. and Elizabeth Hendee, Esq.) (together, the "**Additional Assurance Request Notice Parties**").

(c)     Each Additional Assurance Request must (i) be in writing; (ii) set forth the type of Utility Services and the location for which such services are

5

provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any deposits and other security held by the Utility Company; (iv) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) be ***actually received*** by the Additional Assurance Request Notice Parties within thirty (30) days after the date of this Interim Order.

(d)     Upon the Debtors' timely receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have the greater of (i) fourteen (14) days from the receipt of such Additional Assurance Request and (ii) thirty (30) days from the Commencement Date (collectively, the "**Resolution Period**") to negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

(e)     If the Debtors determine that a timely received Additional Assurance Request is not reasonable and is unable to reach an alternative resolution with the Utility Company during the Resolution Period, the Debtors will file a Determination Motion with this Court promptly seeking a hearing to determine the adequacy of assurance of payment with respect to a particular Utility Company pursuant to section 366(c)(3) of the Bankruptcy Code.

(f)     Pending resolution of any such Determination Motion, any such Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of the Debtors' chapter 11 case, or any objections to the adequacy of the Proposed Adequate Assurance.

(g)     The Debtors may, in their discretion, resolve any Additional Assurance Request or Determination Motion by mutual agreement with the requesting Utility Company without further order of this Court and may, in connection with any such agreement and in its discretion, provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of this Court to the extent the Debtors believe such additional assurance is reasonable in the exercise of its business judgment.

(h)     Absent the timely filing of a Procedures Objection, the Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make a timely Additional Assurance Request;

and it is further

WEIL:\95271018\1\35076.0003

ORDERED that the Debtors are authorized to supplement, as necessary, the Utility Service List and shall serve copies of the Interim Order or the Final Order (when and if entered) on such newly identified Utility Companies; and it is further

ORDERED that the Interim Order and Final Order (when and if entered) shall be binding on all Utility Companies providing Utility Services to the Debtors, regardless of when each Utility Company was added to the Utility Service List, provided that (a) the Debtors shall increase the amount of the Adequate Assurance Deposit by an amount equal to the cost of two (2) weeks of Utility Services provided by such additional Utility Company to the Debtor, calculated as provided in the Motion, and (b) any such newly identified Utility Company not on the Utility Service List shall have until the later of (i) fourteen (14) days from the date of service of this Interim Order or the Final Order (when and if entered), as applicable, and (ii) thirty (30) days from the date of the Interim Order to serve an Additional Assurance Request in compliance with the proposed Adequate Assurance Procedures, which request must *actually be received* by the Notice Parties within this timeframe; and it is further

ORDERED that any Utility Company that fails to timely submit an Additional Assurance Request in accordance with the Adequate Assurance Procedures and/or fails to file an objection or response to the Motion and the Adequate Assurance Procedures, shall be deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code; and it is further

ORDERED that nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**"); and it is further

WEIL:\95271018\1\35076.0003

ORDERED that nothing contained in this Interim Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.  Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently; and it is further

ORDERED that notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party; and it is further

ORDERED that the requirements of Bankruptcy Rule 6003(b) have been satisfied; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Final Hearing on the Motion shall be held on _____, **2015, at _____ (Prevailing Eastern Time)** and any objections or responses to entry of the Final Order shall be in writing, filed with the Court, and served upon (i) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C.); and (ii) the Notice Parties, in each case so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on _____, 2015**; and it is further

ORDERED that notwithstanding anything to the contrary contained herein, (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under the Debtors' postpetition financing agreements (the "**DIP Documents**") and any orders approving the DIP Documents and governing the Debtors' use of cash collateral (including with respect to any budgets governing or relating thereto) and (b) to the extent there is any inconsistency between the terms of such orders approving the DIP Documents or the Debtors' use of cash collateral and any action taken or proposed to be taken hereunder, the terms of such orders approving the DIP Documents and use of cash collateral shall control; and it is further

ORDERED that this Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; provided that the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order; and it is further

ORDERED that the Debtors are authorized to take all steps necessary to carry out this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2015
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

WEIL:\95271018\1\35076.0003

**Exhibit 1**

**Utility Service List**

Chassix Holdings, Inc. *et al.*
Exhibit 1 - Utility Service List

| Legal Entity | Utility Provider Name | Utility Type | Account Number | Utility Provider Address | |
|---|---|---|---|---|---|
| AluTech, LLC | Benton Charter Township | Water / Sewer | PAW1-001300-0000-04 | 1725 Territorial Road | Benton Harbor, MI 49022 |
| AluTech, LLC | City of Benton Harbor | Water / Sewer | PAW1-001320-0000-04 | 200 East Wall St. / PO Box 648 | Benton Harbor, MI 49023 |
| AluTech, LLC | City of St. Joseph | Water / Sewer | 552830 | 700 Broad St. | St. Joseph, MI 49085-1276 |
| AluTech, LLC | Indiana Michigan Power | Electric | 043-136-972-3-9 | PO Box 24412 | Canton, OH 44791-4412 |
| AluTech, LLC | Indiana Michigan Power | Electric | 042-020-657-3-8 | PO Box 24412 | Canton, OH 44791-4412 |
| AluTech, LLC | Indiana Michigan Power | Electric | 041-814-857-5-8 | PO Box 24401 | Canton, OH 44791-4412 |
| AluTech, LLC | Integrys Energy Services, Inc. | Gas | 52996-16088 | PO Box 3145 | Milwaukee, WI 53201-3145 |
| AluTech, LLC | Integrys Energy Services, Inc. | Gas | 52996-16088 | PO Box 3145 | Milwaukee, WI 53201-3145 |
| AluTech, LLC | Liquid Industrial Waste Service, Inc. | Trash Removal and/or Recycling | None | 11325 E. Lakewood Blvd. | Holland, MI 49424 |
| AluTech, LLC | Michigan Gas Utilities | Gas | 5041708-8 | PO Box 70006 | Prescott, AZ 86304-7006 |
| AluTech, LLC | Michigan Gas Utilities | Gas | 5041708-8 | PO Box 70006 | Prescott, AZ 86304-7006 |
| AluTech, LLC | Republic Services, Inc. | Trash Removal and/or Recycling | 3-0646-1093308 | 7227 Reliable Path | Stevensville, MI 49127-976969 |
| AluTech, LLC | Republic Services, Inc. | Trash Removal and/or Recycling | 3-0646-1093308 | 7227 Reliable Path | Stevensville, MI 49127-976969 |
| AluTech, LLC | Waste Management, Inc. | Trash Removal and/or Recycling | 707-0042076-2548-6 | 48797 Alpha Drive, Suite 150 | Wixom, MI 48393 |
| Automotive, LLC | National Fuel Gas Company | Gas | 5623-167-09 | PO Box 371835 | Pittsburgh, PA 15250 |
| Automotive, LLC | National Grid plc | Electric | 39630-34007 | 300 Erie Blvd. West | Syracuse, NY 13202 |
| Automotive, LLC | Power Authority of the State of New York (NYPA) | Electric | 20000-5709 | 123 Main Street | White Plains, NY 10601 |
| Automotive, LLC | Town of Batavia, NY | Water / Sewer | 00250522 | 3833 West Main Street Rd. | Batavia, NY 14020 |
| Automotive, LLC | Waste Management, Inc. | Trash Removal and/or Recycling | 806-0129474-2225-4 | PO Box 13648 | Philadelphia, PA 19101-3648 |
| Chassis Co. of Michigan, LLC | City of Port Huron | Water | 9-20100 | 100 McMorran Blvd. | Port Huron, MI 48060-4007 |
| Chassis Co. of Michigan, LLC | City of Port Huron | Water | 9-20105 | 100 McMorran Blvd. | Port Huron, MI 48060-4007 |
| Chassis Co. of Michigan, LLC | DTE Energy Company | Electric | 0002-3859-2 | 1 Energy Plaza | Detroit, MI 48226 |
| Chassis Co. of Michigan, LLC | SEMCO Energy Gas Company | Gas | 0100267.502 | 1411 3rd Street, Ste. A | Port Huron, MI 48060 |
| Chassis Co. of Michigan, LLC | Waste Management, Inc. | Trash Removal and/or Recycling | 815-0101612-1797-0 | PO Box 4648 | Carol Stream, IL 60197-4648 |
| Chassix, Inc. | ANXeBusiness Corp. (ANX) | EDI System Services | 106470 | PO Box 77399 / PO Box 77000 | Detroit, MI 48227 |
| Chassix, Inc. | AT&T Mobility | Cellular Phone | 278260079889 | PO Box 6463 | Carol Stream, IL 60197-6463 |
| Chassix, Inc. | AT&T Mobility | Cellular Phone | 248 352 0135 871 5 | PO Box 5080 | Carol Stream, IL 60197-5080 |
| Chassix, Inc. | Comcast Cable | Internet / Cable | 09589 317135-01-6 | PO Box 7500 | Southeastern, PA 19398-7500 |
| Chassix, Inc. | DTE Energy Company [1] | Electric | N/A | N/A | N/A |
| Chassix, Inc. | iConnect, Inc. | EDI System Services | IEW001121 | PO Box 452 | Ann Arbor, MI 48106 |
| Chassix, Inc. | Infor (US), Inc. | Server & Network Host / Required Application Support | 305258 | NW 7418 - PO Box 1450 | Minneapolis, MN  55485-7418 |
| Chassix, Inc. | Secure-24 | Server & Network Host / Required Application Support | 184 | 26955 Northwestern Highway | Southfield, MI 48033 |
| Chassix, Inc. | Verizon  Business | Phone Service / Fax Service / Internet / Data Line | Y2304611 | PO Box 660794 | Dallas, TX 75266-0794 |
| Chassix, Inc. | Verizon Wireless | Cellular Phone | 842055701-00002 | PO Box 15062 | Albany, NY 12212-5062 |
| Concord International, Inc. | Level 3 - Global Crossing Conferencing | Network Conferencing / WebEx / Internet Meetings | 0204881085 | PO Box 790407 | St. Louis, MO 63179 |
| Concord International, Inc. | Verizon | Network Conferencing / WebEx / Internet Meetings | F1479044 | PO Box 660794 | Dallas, TX 75266-0794 |
| Diversified Machine Bristol, LLC | Compass Energy Gas Services, LLC | Gas | 52996-16090 | PO Box 78934 | Milwaukee, WI 53278-8934 |
| Diversified Machine Bristol, LLC | Frontier Communications | Phone Service | 574-825-5662-060710-5 | PO Box 20550 | Rochester, NY 14602-0550 |
| Diversified Machine Bristol, LLC | NIPSCO (Northern Indiana Public Service Company) | Electric | 810-926-005-1 | 801 East 86th Avenue | Merrillville, IN 46410 |
| Diversified Machine Bristol, LLC | NIPSCO (Northern Indiana Public Service Company) | Gas (Transportation) | 642-926-008-02 | 801 East 86th Avenue | Merrillville, IN 46410 |
| Diversified Machine Bristol, LLC | Plummer's Environmental Services | Trash Removal and/or Recycling | None | 10075 Sedroc Industrial Dr. | Byron Center, MI 49315 |
| Diversified Machine Bristol, LLC | Waste Management, Inc. | Trash Removal and/or Recycling | 017-0000365-0017-1 | PO Box 4648 | Carol Stream, IL 60197-4648 |
| Diversified Machine Bristol, LLC | Waste Management, Inc. | Trash Removal and/or Recycling | 770-0074379-2470-2 | PO Box 4648 | Carol Stream, IL 60197-4648 |
| Diversified Machine Montague, LLC | City of Montague, MI (Department of Public Works) | Water / Sewer | 7064202 | 8778 Ferry St. | Montague, MI 49437 |
| Diversified Machine Montague, LLC | Consumers Energy | Electric | 1000 0047 1274 | PO Box 740309 | Cincinnati, OH 45274 |
| Diversified Machine Montague, LLC | DTE Energy Company | Gas | 0002-3977-2 | PO Box 630795 | Cincinnati, OH 45263 |
| Diversified Machine Montague, LLC | Frontier Communications | Phone Service | 231-894-8654-081298-5 | PO Box 20550 | Rochester, NY 14602-0550 |
| Diversified Machine Montague, LLC | Integrys Energy Services, Inc. | Gas | 52996-16088 | PO Box 3145 | Milwaukee, WI 53201-3145 |
| Diversified Machine Montague, LLC | Plummer's Environmental Services | Trash Removal and/or Recycling | None | 10075 Sedroc Industrial Dr. | Byron Center, MI 49315 |
| Diversified Machine Montague, LLC | Republic Services, Inc. | Trash Removal and/or Recycling | 3-0240-0250452 | PO Box 109/2471 Wilshere | Jension, MI 49429-010909 |
| Diversified Machine, Inc. | Consumers Energy | Gas | 1000 0019 7259 | PO Box 740309 | Cincinnati, OH 45274-0309 |
| Diversified Machine, Inc. | Consumers Energy | Gas | 1000 2195 8051 | PO Box 740309 | Cincinnati, OH 45274-0309 |
| Diversified Machine, Inc. | DTE Energy Company | Electric | 0002-3421-1 | PO Box 630795 | Cincinnati, OH 45263-0795 |
| Diversified Machine, Inc. | Howell Township, NJ | Water / Sewer | 627400010 | 3525 Bryon Rd. | Howell, MI 48855 |
| Diversified Machine, Inc. | Recycling Concepts of West MI, Inc. | Trash Removal and/or Recycling | None | 5015 52nd St. | Grand Rapids, MI 49512 |
| Diversified Machine, Inc. | Sterling Sanitation, Inc. | Trash Removal and/or Recycling | None | 48655 Gratiot Avenue | Chesterfield, MI 48051 |
| Diversified Machine, Inc. | Verizon Business | Phone Service / Fax Service / Internet / Data Line | 15046 X26 | PO Box 660072 | Dallas, TX 75266-0072 |
| Diversified Machine, Inc. | Verizon Credit, Inc. | Phone Service / Fax Service / Internet / Data Line | 11100353 | PO Box 650478 | Dallas, TX 75266-0478 |

Chassix Holdings, Inc. *et al.*
Exhibit 1 - Utility Service List

| Legal Entity | Utility Provider Name | Utility Type | Account Number | Utility Provider Address | |
|---|---|---|---|---|---|
| DMI Columbus, LLC | Atmos Energy Marketing, LLC | Gas | None | 13430 NW Freeway, Suite 700 | Houston, TX 77040-6091 |
| DMI Columbus, LLC | Columbus Water Works | Water | 332269 | 1421 Veterans Pkwy., PO Box 1600 | Columbus, GA 31902-1600 |
| DMI Columbus, LLC | Columbus Water Works | Water | 332270 | 1421 Veterans Pkwy., PO Box 1600 | Columbus, GA 31902-1600 |
| DMI Columbus, LLC | Columbus Water Works | Water | 332272 | 1421 Veterans Pkwy., PO Box 1600 | Columbus, GA 31902-1600 |
| DMI Columbus, LLC | Columbus Water Works | Water | 332273 | 1421 Veterans Pkwy., PO Box 1600 | Columbus, GA 31902-1600 |
| DMI Columbus, LLC | Columbus Water Works | Water | 332274 | 1421 Veterans Pkwy., PO Box 1600 | Columbus, GA 31902-1600 |
| DMI Columbus, LLC | Columbus Water Works | Water | 332275 | 1421 Veterans Pkwy., PO Box 1600 | Columbus, GA 31902-1600 |
| DMI Columbus, LLC | Columbus Water Works | Water | 332276 | 1421 Veterans Pkwy., PO Box 1600 | Columbus, GA 31902-1600 |
| DMI Columbus, LLC | Environmental & Recycling Solutions | Trash Removal and/or Recycling | None | PO Box 1906 | Opelola, AL 36803 |
| DMI Columbus, LLC | Georgia Power Company | Electric | 44376-35039 | 241 Ralph McGill Blvd. | Atlanta, GA 30308-3374 |
| DMI Columbus, LLC | Georgia Power Company | Electric | 16298-01039 | 241 Ralph McGill Blvd. | Atlanta, GA 30308-3374 |
| DMI Columbus, LLC | Liberty Utilities | Gas (Transportation) | 67573779-67167622 | 2300 Victory Drive | Columbus, GA 31901-2370 |
| DMI Columbus, LLC | Liberty Utilities | Gas (Transportation) | 67517194-67167622 | 2300 Victory Drive | Columbus, GA 31901-2370 |
| DMI Columbus, LLC | Liberty Utilities | Gas (Transportation) | 67543098-67167622 | 2300 Victory Drive | Columbus, GA 31901-2370 |
| DMI Columbus, LLC | Waste Management, Inc. | Trash Removal and/or Recycling | 572-0000016-2572-2 | PO Box 43410 | Phoenix, AZ 85080 |
| DMI Edon LLC | Ohio Gas Company | Gas | 114871 | PO Box 528 | Bryan, OH 43506 |
| DMI Edon LLC | Republic Services, Inc. | Trash Removal and/or Recycling | 3-0092-0028949 | 5011 S. Lilley Rd | Canton, MI 48188 |
| DMI Edon LLC | Toledo Edison | Electric | 110 069 876 438 | PO Box 3687 | Akron, OH 43518 |
| DMI Edon LLC | Toledo Edison | Electric | 110 069 553 714 | PO Box 3687 | Akron, OH 43518 |
| DMI Edon LLC | Village of Edon | Water | 030440 | 108 E. Indian Street / PO Box 338 | Edon, OH |
| SMW Automotive, LLC | Bedford County Utility District | Gas / Water | 0047-01980-002 | 214 Bethany Ln. | Shelbyville, TN 37162 |
| SMW Automotive, LLC | City of Port Huron | Water | 920300 | 100 McMorran Blvd. | Port Huron, MI 48060 |
| SMW Automotive, LLC | City of Port Huron | Water | 920301 | 100 McMorran Blvd. | Port Huron, MI 48060 |
| SMW Automotive, LLC | City of Port Huron | Water | 9-20135 | 100 McMorran Blvd. | Port Huron, MI 48060 |
| SMW Automotive, LLC | City of Port Huron | Water | 9-20130 | 100 McMorran Blvd. | Port Huron, MI 48060 |
| SMW Automotive, LLC | City of Port Huron | Water | 9-34205 | 100 McMorran Blvd. | Port Huron, MI 48060 |
| SMW Automotive, LLC | City of Port Huron | Water | 9-34200 | 100 McMorran Blvd. | Port Huron, MI 48060 |
| SMW Automotive, LLC | City of Warren, MI | Water | 103910550 | One City Square, Suite 420 | Warren, MI 48093-2364 |
| SMW Automotive, LLC | City of Warren, MI | Water | 103910552 | One City Square, Suite 420 | Warren, MI 48093-2364 |
| SMW Automotive, LLC | Consumers Energy | Gas | 1000 0029 2654 | PO Box 740309 | Cincinnati, OH 45274-0309 |
| SMW Automotive, LLC | Consumers Energy | Gas | 100065044727 | PO Box 740309 | Cincinnati, OH 45274-0309 |
| SMW Automotive, LLC | DTE Energy Company | Electric | 0002-2568-0 | PO Box 630795 | Cincinnati, OH 45263-0795 |
| SMW Automotive, LLC | DTE Energy Company | Electric | 0002-6073-7 | PO Box 630795 | Cincinnati, OH 45263-0795 |
| SMW Automotive, LLC | DTE Energy Company | Electric | 0001-3972-5 | PO Box 630795 | Cincinnati, OH 45263-0795 |
| SMW Automotive, LLC | DTE Energy Company | Electric | 0000-9183-5 | PO Box 630795 | Cincinnati, OH 45263-0795 |
| SMW Automotive, LLC | DTE Energy Company | Electric | 23300 | 12755 E. 9 Mile Road | Warren, MI 48089 |
| SMW Automotive, LLC | Duck River Electric Membership Corporation | Electric | 377298001 | 1411 Madison St. | Shelbyville, TN 37162 |
| SMW Automotive, LLC | MegaPath Inc. | Phone Service / Fax Service / Internet / Data Line | 2161014 | Department 0324 / PO Box 120324 | Dallas, TX 75312-0324 |
| SMW Automotive, LLC | Mid-Michigan Recycling, Inc. | Trash Removal and/or Recycling | None | G-5310 North Dort Hwy. | Flint, MI 48505 |
| SMW Automotive, LLC | SEMCO Energy Gas Company | Gas | 100274.502002315 | PO Box 5004 | Cincinnati, OH 48060 |
| SMW Automotive, LLC | SEMCO Energy Gas Company | Gas | 0100271.502 | PO Box 740812 | Cincinnati, OH 45274-0812 |
| SMW Automotive, LLC | SEMCO Energy Gas Company | Gas | 0098475.500 | PO Box 740812 | Cincinnati, OH 45274-0812 |
| SMW Automotive, LLC | Shelbyville Power Water & Sewerage Systems | Sewer | 200141-006898 | 380 S. Main St. | Shelbyville, TN 37162 |
| SMW Automotive, LLC | Waste Management, Inc. | Trash Removal and/or Recycling | 815-010610-1797-4 | PO Box 4648 | Carol Stream, IL 60197-4648 |
| SMW Automotive, LLC | Waste Management, Inc. | Trash Removal and/or Recycling | 815-0102139-1797-3 | 48797 Alpha Drive, Suite 150 | Wixom, MI 48393 |
| SMW Automotive, LLC | Waste Management, Inc. | Trash Removal and/or Recycling | 815-0102154-1797-2 | 48797 Alpha Drive, Suite 150 | Wixom, MI 48393 |
| SMW Automotive, LLC | Waste Management, Inc. | Trash Removal and/or Recycling | 715-0174630-1715-6 | 48797 Alpha Drive, Suite 150 | Wixom, MI 48393 |
| SMW Automotive, LLC | Waste Management, Inc. | Trash Removal and/or Recycling | 715-0174588-1715-6 | 48797 Alpha Drive, Suite 150 | Wixom, MI 48393 |
| SMW Automotive, LLC | Waste Management, Inc. | Trash Removal and/or Recycling | 371-0027973-371-1 | PO Box 9001064 | Louisville, KY 40290-1054 |

**Notes:**

(1) Electric utility costs are invoiced directly to Galleria Properties, the landlord at the company's leased office location at 300 Galleria Officentre, Suite 501, Southfield, MI 48034. The landlord subsequently bills Chassix, Inc. for their portion of the total electricity bill, which was the basis for calculating the average monthly spend.