Marcia L. Goldstein
Ray C. Schrock, P.C.
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
                         :

In re                        :       **Chapter 11**
                         :

**CHASSIX HOLDINGS, INC.,** *et al.,*  :       **Case No. 15-_____ (___)**
                         :

                         :       **(Joint Administration Pending)**

         **Debtors.**[1]    :
                         :
--------------------------------------------------------x

**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 105(a), 327, AND 330**
**FOR AUTHORITY TO EMPLOY PROFESSIONALS USED IN THE ORDINARY**
**COURSE OF BUSINESS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

               Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and

certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

"**Debtors**," and together with their non-Debtor subsidiaries, the "**Company**"), respectfully
represent:

<u>**Background**</u>

1.      On the date hereof (the "**Commencement Date**"), the Debtors each
commenced with this Court a voluntary case under chapter 11 of title 11 of the United States
Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their
businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and
1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors
("**Creditors Committee**") has been appointed in these chapter 11 cases.

2.      Contemporaneously herewith, the Debtors have filed a motion requesting
joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of
Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.      The Debtors commenced their chapter 11 cases on a prearranged basis
with the support of their (a) secured and unsecured noteholders, which have committed to make
significant and immediate capital infusions into the Debtors' businesses, and (b) major
automotive manufacturing customers, which have committed to long-term pricing commitments
and other valuable accommodations.  Consistent with their obligations under the restructuring
support agreement, the Debtors have filed a plan of reorganization and proposed disclosure
statement with the Court and are seeking to emerge from chapter 11 on an expedited timeframe.

4.      Information regarding the Debtors' businesses, capital structure, and the
circumstances leading to the commencement of these chapter 11 cases is set forth in the
Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the
Southern District of New York, sworn to on the date hereof (the "**Allan Declaration**"), which
has been filed with the Court contemporaneously herewith.

2

**Jurisdiction**

5.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

**Relief Requested**

6.       By this Motion, pursuant to sections 105(a), 327 and 330 of the

Bankruptcy Code, the Debtors seek authority to (i) establish certain procedures to retain and

compensate those professionals that the Debtors employ in the ordinary course of business

(collectively, the "**Ordinary Course Professionals**"), effective as of the Commencement Date,

without (a) the submission of separate employment applications or (b) the issuance of separate

retention orders for each individual Ordinary Course Professional, and (ii) compensate and

reimburse such professionals without individual fee applications.  A proposed form of order

granting the relief requested in the Motion is attached hereto as **Exhibit "A"** (the "**Proposed

Order**").  An initial list of Ordinary Course Professionals is attached to the Proposed Order as

**Exhibit "1."**

**The Debtors' Proposed Procedures for
Employment of Ordinary Course Professionals**

7.       The Debtors seek the continued employment of the Ordinary Course

Professionals to render professional services to the Debtors' estates in the same manner and for

the same purposes as the Ordinary Course Professionals were retained prior to the

Commencement Date.  In the past, these professionals have provided to the Debtors professional

services relating to such matters as general corporate counseling, litigation, intellectual property,

tax, employee related issues, as well as other services relating to issues that have a direct and

significant impact on the Debtors' day-to-day operations.  It is essential that the employment of

3

these Ordinary Course Professionals, many of whom are already familiar with the Debtors'

businesses and financial affairs, be continued to avoid disruption of the Debtors' normal business

operations.

        8.      The Debtors submit that the proposed employment of the Ordinary Course

Professionals, and the payment of monthly compensation pursuant to the procedures set forth

below (the "**Procedures**"), are in the best interests of their respective estates and creditors.  The

relief requested will save the estates the substantial expenses associated with applying separately

to retain each Ordinary Course Professional and will prevent the estates from incurring

additional fees for the preparation and prosecution of interim fee applications during these cases.

Accordingly, the Debtors propose the following Procedures:

(a) Within thirty (30) days of the later of (i) the entry of an order granting this Motion and (ii) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional will provide the following to the Debtors' attorneys: (a) an affidavit (the "**OCP Affidavit**"), substantially in the form annexed to the Proposed Order as **Exhibit "2,"** certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed and (b) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed to the Proposed Order as **Exhibit "3."**

(b) Upon receipt of the OCP Affidavit and Retention Questionnaire, the Debtors will file the same with the Court and serve a copy upon (collectively, the "**Reviewing Parties**"): (i) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), and (ii) the attorneys for any official committees appointed in these chapter 11 cases.

(c) The Reviewing Parties will have fourteen (14) days following the date of service to notify Debtors' counsel, in writing, of any objection to the retention based on the contents of the OCP Affidavit and/or Retention Questionnaire (the "**Retention Objection Deadline**").  If no objection is filed and served before the Retention Objection Deadline, the retention and employment of such Ordinary Course Professional shall be deemed approved without further order of the Court.

(d) If an objection is filed by the Retention Objection Deadline and such objection cannot be resolved within twenty-one (21) days after the Retention Objection Deadline, the matter will be set for hearing before the Court.

(e) No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(f) Once the Debtors retain an Ordinary Course Professional in accordance with these Procedures, the Debtors may pay such Ordinary Course Professional 100% of the fees and 100% of the disbursements incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); provided that the Ordinary Course Professional's total compensation and reimbursements will not exceed $50,000 for each month starting from the first full month following the Commencement Date (the "**Monthly Cap**").

(g) In the event that an Ordinary Course Professional seeks more than the Monthly Cap for any month during these chapter 11 cases, such Ordinary Course Professional will file a fee application, to be heard on notice, for the full amount of its fees and expenses for any month where such Ordinary Course Professional's fees and disbursements exceeded the Monthly Cap (the Debtors may make an interim payment to the Ordinary Course Professional prior to a hearing on the application of up to the amount of the Monthly Cap for each month so long as the Ordinary Course Professional has been retained, either automatically through expiration of the Objection Deadline, or by approval of the Court), in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Fee Guidelines promulgated by the U.S. Trustee, and all Orders of the Court.

(h) Payment to any one Ordinary Course Professional will not exceed $500,000 for the entire period in which this chapter 11 case is pending, subject to further Order of the Court. In the event that an Ordinary Course Professional's fees and expenses exceed $500,000 for the entire period in which this chapter 11 case is pending, such Ordinary Course Professional will be required to file a separate retention application to be retained as a professional pursuant to section 327 or 328 of the Bankruptcy Code.

(i) Within 30 days after the end of each quarterly period, the Debtors will file a statement with the Court and serve the same on the Reviewing Parties,

WEIL:\95161338\6\35076.0003

certifying the Debtors' compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional (i) the name of such Ordinary Course Professional and (ii) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursements of expenses incurred by such Ordinary Course Professional.

(j)  If the Debtors seek to retain an Ordinary Course Professional not already listed on **Exhibit "1"** to the Proposed Order during these chapter 11 cases, the Debtors will file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the list of Ordinary Course Professionals (the "**Supplemental Notice of Ordinary Course Professionals**"), along with the attendant OCP Affidavits and Retention Questionnaires.

(k)  If no objection to the Supplemental Notice of Ordinary Course professionals is filed with the Court and served upon the Debtors' counsel, as set forth above, so as to be actually received within fourteen (14) days after the service thereof, the list will be deemed approved by the Court in accordance with the provisions of this Motion and without the need for a hearing or further Court order. Any Ordinary Course Professionals retained pursuant to the Supplemental Notice of Ordinary Course Professionals will be paid in accordance with the terms and conditions set forth in the paragraphs above.

9.  The Debtors reserve their right to (i) dispute any invoice submitted by an Ordinary Course Professional and (ii) retain additional Ordinary Course Professionals from time to time as the need arises.

### Employment of Ordinary Course Professionals Should be Authorized

10.  A debtor is required to obtain bankruptcy court approval before it is permitted to hire certain professionals and compensate them with funds from property of the estate. As explained below, however, the Bankruptcy Code allows a debtor to retain professionals in the ordinary course of business when they are not representing or assisting the debtor in carrying out its duties under title 11. 11 U.S.C. § 327(a). The Debtors submit that most, if not all, of the Ordinary Course Professionals subject to this Motion may be retained and

6

paid by the Debtors in the ordinary course of business, without Court approval.  To provide the

Court and parties in interest an opportunity to object, and to provide assurance to Ordinary

Course Professionals of the Debtors' authority to compensate them for postpetition work,

however, the Debtors have proposed the Procedures set forth herein.

          11.     Section 327(a) of the Bankruptcy Code provides as follows:

> Except as otherwise provided in this section, the trustee, with the court's
> approval, may employ one or more attorneys, accountants, appraisers,
> auctioneers, or other professional persons, that do not hold or represent an
> interest adverse to the estate, and that are disinterested persons, to
> represent or assist the trustee in carrying out the trustee's duties under this
> title.

11 U.S.C. § 327(a).  Section 327(e) of the Bankruptcy Code further provides that, "with the

court's approval," a debtor may employ

> for a specified purpose, other than to represent the trustee in conducting
> the case, an attorney that has represented the debtor, if in the best interest
> of the estate, and if such attorney does not represent or hold any interest
> adverse to the debtor or to the estate with respect to the matter on which
> such attorney is to be employed.

*Id.* § 327(e).

          12.     Section 328(a) of the Bankruptcy Code provides that the terms and

conditions upon which professionals are retained must be reasonable, and section 330 of the

Bankruptcy Code authorizes the court to award reasonable compensation for actual and

necessary services rendered by such professionals.  11 U.S.C. §§ 328(a), 330.  Further, the Court

may exercise its broad discretion under section 105(a) of the Bankruptcy Code in connection

with the foregoing.  11 U.S.C. § 105(a).

          13.     Although certain of the Ordinary Course Professionals may hold

unsecured claims against the Debtors for prepetition services rendered to the Debtors, the

Debtors do not believe that any of the Ordinary Course Professionals have an interest materially

adverse to the Debtors, their creditors, or other parties in interest that should preclude such professionals from continuing to represent the Debtors. Further, section 328(c) of the Bankruptcy Code excludes attorneys retained pursuant to section 327(e) from the requirement that such professional persons be "disinterested." *Id.* § 328(c). Accordingly, pursuant to the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals.

14.     In light of the additional costs associated with the preparation of employment applications for professionals that will receive relatively small fees, it is impractical and economically inefficient for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional as required by Bankruptcy Rules 2014 and 2016. Accordingly, the Debtors requests that the Court dispense with the requirement of individual employment applications and retention orders with respect to each Ordinary Course Professional.

15.     Other than the Ordinary Course Professionals, all professionals employed by the Debtors to assist in the prosecution of these chapter 11 cases will be retained by the Debtors pursuant to separate retention applications. Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and other orders of this Court.

16.     Based on the foregoing, the Debtors submit that the requested relief is necessary and appropriate, is in the best interests of their estates, and should be granted in all respects.

## Reservation of Rights

17.     Nothing contained herein is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any

WEIL:\95161338\6\35076.0003

appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## Notice

18.    Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the holders of the five largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan, Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and Exchange Commission; (xiii) the Internal Revenue Service; (xiv) the United States Attorney's Office for the Southern District of New York; and (xv) the Ordinary Course Professionals listed on **Exhibit "1"** to the Proposed Order.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WEIL:\95161338\6\35076.0003

19.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: March 12, 2015
        New York, New York

/s/ Ray C. Schrock, P.C.
Marcia L. Goldstein
Ray C. Schrock, P.C.

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for Debtors
and Debtors in Possession*

10

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------x
                                            :
In re                                       :        Chapter 11
                                            :
CHASSIX HOLDINGS, INC., et al.,             :        Case No. 15-_____ (___)
                                            :
                                            :        Jointly Administered
                 Debtors.[1]                :
                                            :
--------------------------------------------------------x
```

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion, dated March __, 2015 (the "**Motion**"),[2] of Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**"), pursuant to sections 105(a), 327, and 330 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Debtors to (i) establish certain procedures for the Debtors to retain and compensate those professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of the Commencement Date, without (a) the submission of separate employment applications or (b) the issuance of separate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012).  The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

retention orders for each individual Ordinary Course Professional, and (ii) compensate and

reimburse such professionals without individual fee applications, all as more fully described in

the Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of

Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided to (i) the Office of the United States Trustee for the Southern

District of New York (the "**U.S. Trustee**"); (ii) the holders of the five largest secured claims

against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest unsecured

claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank,

N.A., as administrative agent under that certain Amended and Restated Loan, Security and

Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National

Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018,

dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor trustee

under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of

December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii) the

attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the

OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and

Exchange Commission; (xiii) the Internal Revenue Service; (xiv) the United States Attorney's

Office for the Southern District of New York (the "**Notice Parties**"); and (xv) each of the

Ordinary Course Professionals listed on **Exhibit "1"** hereto, and it appearing that no other or

further notice need be provided; and a hearing having been held to consider the relief requested

in the Motion (the "**Hearing**"); and upon the Declaration of J. Mark Allan Pursuant to Rule

1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local**

**Rules**"), filed contemporaneously with the Motion, the record of the Hearing and all of the

proceedings had before the Court; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties

in interest, and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy

Code, to the extent deemed necessary by the Debtors, the Debtors are authorized to employ the

Ordinary Course Professionals listed on **Exhibit "1"** annexed hereto in the ordinary course of

their businesses in accordance with the following procedures (the "**Procedures**"), *nunc pro tunc*

to the Commencement Date:

(a) Within thirty (30) days of the later of (i) the entry of this Order and (ii) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional will provide the following to the Debtors' attorneys: (a) an affidavit (the "**OCP Affidavit**"), substantially in the form annexed hereto as **Exhibit "2**," certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed and (b) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed hereto as **Exhibit "3**."

(b) Upon receipt of the OCP Affidavit and Retention Questionnaire, the Debtors will file the same with the Court and serve a copy upon (collectively, the "**Reviewing Parties**"): (i) the U.S. Trustee, and (ii) the attorneys for any official committees appointed in these chapter 11 cases.

(c) The Reviewing Parties will have fourteen (14) days following the date of service to notify Debtors' counsel, in writing, of any objection to the retention based on the contents of the OCP Affidavit and/or Retention Questionnaire (the "**Retention Objection Deadline**"). If no objection is

filed and served before the Retention Objection Deadline, the retention and employment of such Ordinary Course Professional shall be deemed approved without further order of the Court.

(d) If an objection is filed by the Retention Objection Deadline and such objection cannot be resolved within twenty-one (21) days after the Retention Objection Deadline, the matter will be set for hearing before the Court.

(e) No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(f) Once the Debtors retain an Ordinary Course Professional in accordance with these Procedures, the Debtors may pay such Ordinary Course Professional 100% of the fees and 100% of the disbursements incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); provided that the Ordinary Course Professional's total compensation and reimbursements will not exceed $50,000 for each month starting from the first full month following the Commencement Date (the "**Monthly Cap**").

(g) In the event that an Ordinary Course Professional seeks more than the Monthly Cap for any month during these chapter 11 cases, such Ordinary Course Professional will file a fee application, to be heard on notice, for the full amount of its fees and expenses for any month where such Ordinary Course Professional's fees and disbursements exceeded the Monthly Cap (the Debtors may make an interim payment to the Ordinary Course Professional prior to a hearing on the application of up to the amount of the Monthly Cap for each month so long as the Ordinary Course Professional has been retained, either automatically through expiration of the Objection Deadline, or by approval of the Court), in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules, the Fee Guidelines promulgated by the U.S. Trustee, and all Orders of the Court.

(h) Payment to any one Ordinary Course Professional will not exceed $500,000 for the entire period in which this chapter 11 case is pending, subject to further Order of the Court. In the event that an Ordinary Course Professional's fees and expenses exceed $500,000 for the entire period in which this chapter 11 case is pending, such Ordinary Course Professional will be required to file a separate retention application to be retained as a professional pursuant to section 327 or 328 of the Bankruptcy Code.

WEIL:\95161338\6\35076.0003

(i)  Within 30 days after the end of each quarterly period, the Debtors will file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtors' compliance with the terms of the relief requested herein.  The statement shall include for each Ordinary Course Professional (i) the name of such Ordinary Course Professional and (ii) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursements of expenses incurred by such Ordinary Course Professional.

(j)  If the Debtors seek to retain an Ordinary Course Professional not already listed on **Exhibit "1"** to the proposed order during these chapter 11 cases, the Debtors will file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the list of Ordinary Course Professionals (the "**Supplemental Notice of Ordinary Course Professionals**"), along with the attendant OCP Affidavits and Retention Questionnaires.

(k)  If no objection to the Supplemental Notice of Ordinary Course professionals is filed with the Court and served upon the Debtors' counsel, as set forth above, so as to be actually received within fourteen (14) days after the service thereof, the list will be deemed approved by the Court in accordance with the provisions of this Motion and without the need for a hearing or further Court order.  Any Ordinary Course Professionals retained pursuant to the Supplemental Notice of Ordinary Course Professionals will be paid in accordance with the terms and conditions set forth in the paragraphs above.

ORDERED that entry of this Order and approval of the Procedures does not affect the Debtors' ability to (i) dispute any invoice submitted by an Ordinary Course Professional and (ii) retain additional Ordinary Course Professionals from time to time as the need arises, and the Debtors reserve all of their rights with respect thereto; and it is further

ORDERED that the form of OCP Affidavit and Retention Questionnaire are approved; and it is further

ORDERED that nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an

WEIL:\95161338\6\35076.0003

approval or assumption of any agreement, contract, program, policy, or lease under section 365

of the Bankruptcy Code.  Likewise any payment made pursuant to this Order is not intended to

be and shall not be construed as an admission to the validity of any claim or a waiver of the

Debtors' rights to dispute such claim subsequently; and it is further

        ORDERED that the Debtors are authorized to take all steps necessary to carry out

this Order; and it is further

        ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Order.

Dated: _____, 2015
      New York, New York

                               _____
                               United States Bankruptcy Judge

WEIL:\95161338\6\35076.0003

**Exhibit 1**

**List of Ordinary Course Professionals**

**List of Ordinary Course Professionals**

| Professional | Address | Contact | Services Performed by Professional |
|---|---|---|---|
| Alston & Bird LLP | 333 South Hope Street 16th Floor Los Angeles, CA 90071 | Ronald Law, Esq. | Corporate |
| Baker & McKenzie | 100 New Bridge Street London EC4V 6JA UK | Jannan Crozier, Esq. | International Corporate |
| Brown Rudnick LLP | 185 Asylum Street Hartford, CT 06103 | Mark Baldwin, Esq. | Litigation |
| Capstan Avocats | 83, Rue La Boetie 75008 Paris, France | Pascal Lagoutte | International Litigation |
| Fragomen Global LLP | 50 W Big Beaver Ste 200 Troy, MI 48084-3325 | Tracy Schauff, Esq. | Immigration |
| Harness, Dickey & Pierce, PLC | 5445 Corporate Drive Suite 200 Troy, MI 48098 | Stephen Olson, Esq. | Intellectual Property |
| Howard & Howard Attorneys PLLC | 450 West Fourth Street Royal Oak, MI 48067 | Timothy M. Wittebort, Esq. | Litigation; Intellectual Property |
| The Dobrusin Law Firm, P.C. | 29 W. Lawrence St. Suite 210 Pontiac, MI 48342 | Dr. Terry Finerman | Intellectual Property |

**Exhibit 2**

**Ordinary Course Professional Affidavit**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                            :
In re                                       :        Chapter 11 Case No.
                                            :
**CHASSIX HOLDINGS, INC.,** *et al.*,        :        **15-_____ (___)**
                                            :
                            Debtors.        :        **(Jointly Administered)**
                                            :
-------------------------------------------------------------x

### AFFIDAVIT AND DISCLOSURE STATEMENT OF _____,

### ON BEHALF OF _____

STATE OF _____    )
                    ) s.s.:
COUNTY OF _____)


_____, being duly sworn, upon his oath, deposes and says as follows:

    1.    I am a _____ of _____, located at

_____ (the "**Firm**").

    2.    Chassix Holdings, Inc., Chassix, Inc., and certain of their affiliates and

subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**"), have requested

that the Firm provide _____ services to the Debtors,

and the Firm has consented to provide such services (the "**Services**").

    3.    The Services include, but are not limited to, the following:

_____

_____.

4.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases.  In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

6.      Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

7.      As of the commencement of these chapter 11 cases, the Debtors owed the Firm $_____ in respect of prepetition services rendered to the Debtors.

WEIL:\95161338\6\35076.0003

8.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on _____, 2015, at _____, _____.

_____
Affiant Name

SWORN TO AND SUBSCRIBED before
Me this ____ day of _____, 2015


_____
Notary Public

WEIL:\95161338\6\35076.0003

**Exhibit 3**
**Retention Questionnaire**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                            :
In re                                       :          Chapter 11 Case No.
                                            :
CHASSIX HOLDINGS, INC., *et al.*,           :          15-_____ (____)
                                            :
                         Debtors.           :          (Jointly Administered)
                                            :
-----------------------------------------------------------------x

<u>RETENTION QUESTIONNAIRE</u>

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by Chassix Holdings, Inc., Chassix, Inc., and certain of their affiliates and subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**").

<u>DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.</u>
<u>RETURN IT FOR FILING BY THE DEBTORS TO:</u>

> Weil, Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, New York 10153
> Attn: Alana Heumann, Esq.

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.    Name and Address of company:

      _____

      _____

      _____

2.    Date of retention: _____

3.    Type of services to be provided (accounting, legal, etc.):

      _____

      _____

4.    Brief description of services to be provided:

      _____

_____

_____

5.      Arrangements for compensation (hourly, contingent, etc.):

_____

(a)      Average hourly rate (if applicable): _____

(b)      Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):

_____

6.      Prepetition claims against the Debtors held by the company:

Amount of claim: $ _____

Date claim arose: _____

Nature of claim: _____

7.      Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the company:

Name: _____

Status: _____

Amount of claim: $_____

Date claim arose: _____

Nature of claim: _____

_____

_____

WEIL:\95161338\6\35076.0003

8.    Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the company is to be employed:

_____

_____

_____

_____

9.    Name and title of individual completing this form:

_____

**Dated: _____, 2015**

3