Marcia L. Goldstein
Ray C. Schrock, P.C.
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------x
                                            :
**In re**                                   :    **Chapter 11**
                                            :
**CHASSIX HOLDINGS, INC.,** *et al.*,       :    **Case No. 15-_____ (___)**
                                            :
                                            :    **(Joint Administration Pending)**
           **Debtors.**[1]                  :
                                            :
                                            :
----------------------------------------------------x

### MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 502(b)(9), FED. R. BANKR. P. 2002 AND 3003(c)(3), AND LOCAL RULE 3003-1 FOR ENTRY OF ORDER (I) ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND PROCEDURES RELATING THERETO AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and

certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings are not debtors in these chapter 11 cases.

captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the

"**Debtors**," and together with their non-Debtor subsidiaries, the "**Company**"), respectfully

represent:

Background

1.     On the date hereof (the "**Commencement Date**"), the Debtors each

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States

Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors

("**Creditors Committee**") has been appointed in these chapter 11 cases.

2.     Contemporaneously herewith, the Debtors have filed a motion requesting

joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.     The Debtors commenced their chapter 11 cases on a prearranged basis

with the support of their (a) secured and unsecured noteholders, which have committed to make

significant and immediate capital infusions into the Debtors' businesses, and (b) major

automotive manufacturing customers, which have committed to long-term pricing commitments

and other valuable accommodations.  Consistent with their obligations under the restructuring

support agreement, the Debtors have filed a plan of reorganization and proposed disclosure

statement with the Court and are seeking to emerge from chapter 11 on an expedited timeframe.

4.     Information regarding the Debtors' businesses, capital structure, and the

circumstances leading to the commencement of these chapter 11 cases is set forth in the

Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the

2

Southern District of New York (the "**Local Rules**"), sworn to on the date hereof (the "**Allan Declaration**"), which has been filed with the Court contemporaneously herewith.

**Jurisdiction**

5.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

**Relief Requested**

6.     By this Motion, pursuant to section 502(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), Local Rule 3003-1, and the United States Bankruptcy Court for the Southern District of New York's Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim, updated as of November 14, 2014 (the "**Guidelines**"), the Debtors request the Court:

(a)     establish **May 21, 2015** at **5:00 p.m. (Eastern Time)** as the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, but not including governmental units (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**")) to file a proof of claim (each a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against any of the Debtors (the "**General Bar Date**");

(b)     establish **September 9, 2015** at **5:00 p.m. (Eastern Time)** as the deadline for Governmental Units to file a Proof of Claim in respect of a prepetition claim against any of the Debtors (the "**Governmental Bar Date**", and together with the General Bar Date, the "**Bar Dates**");

(c)     approve the proposed procedures for filing Proofs of Claim;

(d)     approve the proposed procedures for notice of the Bar Dates, including, among other things, the form of notice (the "**Bar Date Notice**"), substantially in the form annexed as **Exhibit "1"** to the

3

proposed order attached hereto as **Exhibit "A"** (the "**Proposed Order**"); and

(e)     approve the proposed model Proof of Claim form (the "**Proof of Claim Form**"), substantially in the form annexed as **Exhibit "2"** to the Proposed Order.

<u>**The Bar Dates**</u>

7.     Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim may be filed.  Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim (a) is not scheduled in the Debtors' schedules of assets and liabilities (the "**Schedules**")[2] or (b) is scheduled as disputed, contingent, or unliquidated, must file a Proof of Claim by a bar date fixed by the Court.  Bankruptcy Rule 3003(c)(2) further provides that "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."  Fed. R. Bankr. P. 3003(c)(2).

8.     Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide."  11 U.S.C. §502(b)(9).

9.     The Local Rules and Guidelines require that all requests for orders to establish deadlines for filing Proofs of Claim conform substantially to the standard form of order and notice set forth in the Guidelines.

10.     Based on the procedures set forth below (the "**Procedures**"), the proposed Bar Dates will give creditors ample opportunity to prepare and file Proofs of Claim.

---

[2] Contemporaneously herewith, the Debtors have filed a motion seeking a 15-day extension of the deadline to file their Schedules.  Accordingly, the Debtors anticipate that their Schedules will be on file by **April 10, 2015**.

WEIL:\95271013\1\35076.0003

## The Proposed Procedures for Filing Proofs of Claim

11.    The Debtors propose the following Procedures for filing Proofs of Claim:

(a)    Unless otherwise provided herein, the General Bar Date shall be **May 21, 2015** at **5:00 p.m.** (**Eastern Time**).

(b)    Unless otherwise provided herein, the Governmental Bar Date shall be **September 9, 2015** at **5:00 p.m.** (**Eastern Time**).

(c)    Proofs of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Commencement Date (using the exchange rate, if applicable, as of the Commencement Date); (iii) conform substantially to the Proof of Claim Form annexed to the proposed order or Official Bankruptcy Form No. 10;[3] (iv) specify by name and case number the Debtor against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(d)    If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor.

(e)    Proofs of Claim must be filed either (i) electronically through the website of the Debtors' Court-approved claims agent, Prime Clerk LLC ("**Prime Clerk**"), using the interface available on such website located at https://cases.primeclerk.com/chassix under the link entitled "Submit a Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim form by hand, or mailing the original Proof of Claim form on or before the applicable Bar Date as follows:

---

[3] Official Bankruptcy Form No. 10 can be found at www.uscourts.gov/bkforms, the Official Website for the United States Bankruptcy Courts. A customized Proof of Claim Form can also be obtained on the website established in these chapter 11 cases, https://cases.primeclerk.com/chassix.

5

If by overnight courier, hand delivery or first class mail:

> **Chassix Holdings, Inc.**
> Claims Processing Center
> c/o Prime Clerk LLC
> 830 3rd Avenue, 9th Floor
> New York, NY 10022

> OR

> If by hand delivery:

> United States Bankruptcy Court, SDNY
> One Bowling Green
> New York, NY 10004-1408

(f)     A Proof of Claim shall be deemed timely filed only if it is **actually received** by Prime Clerk, or by the Court, (i) at the address listed above in subparagraph (e) or (ii) electronically through the Electronic Filing System on or before the Bar Date.

(g)     Proof of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

(h)     Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection, (which order may be the order confirming a chapter 11 plan in the Debtors' cases) or be forever barred from doing so.

(i)     Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Commencement Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified in paragraph (k) below applies.

(j)     In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of the proposed order, the Debtors shall give notice of any amendment or supplement to the holders of

claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim or be barred from doing so and shall be given notice of such deadline.

(k)    The following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

(1)    any person or entity whose claim is listed on the Schedules; provided that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(2)    any person or entity whose claim has been paid in full;

(3)    any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Procedures;

(4)    any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a section 503(b)(9) claim);

(5)    any person or entity that holds a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Bar Date;

(6)    any holder of a claim for which a separate deadline has been fixed by this Court;

(7)    any person or entity who has already filed a Proof of Claim with the Clerk of the Court or Prime Clerk against any of the Debtors with respect to the claim being asserted,

7

utilizing a claim form that substantially conforms to the Proof of Claim Form or Official Form No. 10; or

(8)     any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (the "**Secured Note Indenture Obligations**") under or in connection with that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of July 23, 2013 (as thereafter amended, supplemented or modified from time to time, the "**Secured Note Indenture**") if the Indenture Trustee under the Secured Note Indenture files a master Proof of Claim against the Debtors, on or before the Bar Date, on account of all Secured Note Indenture Obligations; provided that any holder of a Secured Note Indenture Obligation wishing to assert a claim arising out of or relating to the Secured Note Indenture, other than a claim for the Secured Note Indenture Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies; or

(9)     any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (the "**Unsecured Note Indenture Obligations**") under or in connection with that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of December 13, 2013 (as thereafter amended, modified or supplemented from time to time, the "**Unsecured Note Indenture**") if the Indenture Trustee under the Unsecured Note Indenture files a master Proof of Claim against the Debtors, on or before the Bar Date, on account of all Unsecured Note Indenture Obligations; provided that any holder of an Unsecured Note Indenture Obligation wishing to assert a claim arising out of or relating to the Unsecured Note Indenture, other than a claim for the Unsecured Note Indenture Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies; or

(10)    any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (the "**Revolving ABL Obligations**") under or in connection with that certain Amended and Restated Loan, Security and Guaranty Agreement dated July 23, 2013 (as thereafter, amended, modified or supplemented from time to time, the "**Revolving ABL Credit Agreement**") if the

8

> Administrative Agent under the Revolving ABL Credit Agreement files a master Proof of Claim against the Debtors, on or before the Bar Date, on account of all Revolving ABL Obligations; <u>provided</u> that any holder of a Revolving ABL Obligation wishing to assert a claim arising out of or relating to the Revolving ABL Credit Agreement, other than a claim for the Revolving ABL Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies.

12.    Notwithstanding any of the foregoing, each of the Secured Note Indenture Trustee and the Unsecured Note Indenture Trustee may, respectively, file a single Proof of Claim in the lead chapter 11 case, Chassix Holdings, Inc., on behalf of all holders of claims based on the Secured Note Indenture Obligations and Unsecured Note Indenture Obligations, respectively, which Proofs of Claim shall automatically be deemed filed in the bankruptcy case of each and every Debtor named therein.  Similarly, the Administrative Agent under the Revolving ABL Credit Agreement may also file a single Proof of Claim in the lead chapter 11 case on behalf of all holders of claim based on the Revolving ABL Obligations, and which Proof of Claim shall also automatically be deemed a filed Proof of Claim in the bankruptcy case of each and every Debtor named therein.

## <u>Consequences of Failure to File a Proof of Claim</u>

13.    As stated above, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated that fails to file a Proof of Claim by the Bar Date "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).  Accordingly, the Debtors request that any holder of a claim against any of the Debtors that is required to file a Proof of Claim in accordance with the proposed order, but fails to do so on or before the

9

applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes

of distribution in these chapter 11 cases on account of such claim.

**<u>Notice of the Bar Dates</u>**

14.    Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (*l*), and the Guidelines,

the Debtors propose to provide notice of the Bar Dates in accordance with the following

Procedures:

(a)    Within five (5) business days of entry of an order granting the relief requested herein, the Debtors shall cause to be mailed (i) a Proof of Claim Form and (ii) the Bar Date Notice to the following parties:

(1)    the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**");

(2)    the attorneys for any statutory committees appointed in the Debtors' chapter 11 cases;

(3)    all creditors and other known holders of claims at the address stated therein or as updated pursuant to a request by the creditor or by returned mail from the post office with a forwarding address;

(4)    all parties actually known to the Debtors as having potential claims against any of the Debtors;

(5)    all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

(6)    All parties to pending litigation against the Debtors (as of the date of the entry of the Proposed Order);

(7)    the Internal Revenue Service, the United States Attorney's Office for the Southern District of New York, and all applicable Governmental Units;

(8)    all persons or entities that have filed claims (as of the date of the entry of the proposed order);

10

(9)     all parties that have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of the entry of the order);

(10)    all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the order); and

(11)    such additional persons and entities deemed appropriate by the Debtors.

(b)     The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the website established by Prime Clerk for the Debtors' cases: https://cases.primeclerk.com/chassix.

15.     The proposed Bar Date Notice conforms to the form annexed to the Guidelines.  Specifically, the Bar Date Notice notifies parties of:

(a)     the Bar Date;

(b)     who must file a Proof of Claim;

(c)     the Procedures for filing a Proof of Claim;

(d)     the consequences of failing to timely file a Proof of Claim; and

(e)     where parties can find further information.

16.     The Debtors intend to supplement notice of the Bar Dates by providing notice by publication consistent with the Guidelines and Bankruptcy Rule 2002(*l*).  *See* Fed R. Bankr. P. 2002(*l*) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice.").  Such notice is appropriate for (i) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtors; (ii) known creditors with addresses unknown by the Debtors; and (iii) creditors with potential claims unknown by the Debtors.  Accordingly, the Debtors propose to publish the Bar Date Notice, with any necessary modifications for ease of publication, once in

11

the national editions of each of *The Wall Street Journal* and *The New York Times*, subject to

applicable publication deadlines, at least twenty-eight (28) days prior to the Bar Date.

### The Proof of Claim Form

17.     With the assistance of Prime Clerk, the Debtors have prepared the Proof of

Claim Form, which substantially conforms to Official Form 10, but is tailored to these chapter 11

cases.  The substantive modifications to Official Form 10 proposed by the Debtor include:

(a)     Indicating how the Debtors have identified each creditor's respective claim, including the amount of the claim and whether the claim has been listed as contingent, unliquidated, or disputed;

(b)     Allowing creditors to assert 503(b)(9) claims;

(c)     Adding certain instructions; and

(d)     Any other modifications made to Official Form.

18.     When sent to a creditor, the Proof of Claim Form will be further

customized (to the extent possible) to contain certain information about the creditor and the

Debtor against which the creditor may have a claim.

### The Proposed Bar Date and Notice Procedures Are
### Reasonably Calculated to Provide Due and Proper Notice

19.     Bankruptcy Rule 2002(a)(7) requires the Debtor to provide at least twenty-

one (21) days' notice of the time fixed for filing Proofs of Claim.  Bankruptcy Rule 2002(p)(2)

requires at least thirty (30) days' notice to creditors with a foreign address.  The Guidelines

provide that creditors should be given at least thirty-five (35) days' notice after the mailing date

and at least twenty-eight (28) days' notice after the publication date.

20.     Under the Proposed Order, the Debtors will be providing at least **35 days'**

notice to all known creditors.  Specifically, Prime Clerk will have five (5) business days from the

date of entry of the Proposed Order to complete the mailing of the Bar Date Notice.  If the Court

enters the Proposed Order on **April 11, 2015**, Prime Clerk's mailing would be completed by

**April 16, 2015** which is **35 days** prior to the proposed Bar Date of **May 21, 2015**.  Prime Clerk

has advised the Debtors that it expects to complete the mailing in less than five (5) business days,

which would provide for a notice period of even greater than **35 days**.  Accordingly, the Debtors

submit that the proposed Bar Date and Procedures provide sufficient time for all parties in

interest, including foreign creditors, to assert their claims.  Further, because the proposed

Procedures will provide notice to all known parties in interest by mail and notice to any unknown

parties in interest by publication, the Debtors submit that the proposed Procedures are reasonably

calculated to provide notice to all parties that may wish to assert a claim in these chapter 11

cases.

21.    Prime Clerk will also post the Proof of Claim Form, along with

instructions for filing Proofs of Claim, on the website established in these chapter 11 cases

(https://cases.primeclerk.com/chassix).  The Bar Date Notice also will provide that the Debtors'

Schedules may be accessed through the same website or by contacting Prime Clerk at (844) 224-

1137 (toll free) or (917) 962-8896 (international toll) or by e-mail at

chassixinfo@primeclerk.com.

22.    Accordingly, the Debtors submit that no further or other notice of the Bar

Dates is necessary and that the proposed Procedures provide due and proper notice of the Bar

Dates.

### Objections to Claims and Reservation of Rights

23.    The Debtors reserve all rights and defenses with respect to any Proof of

Claim, including, among other things, the right to object to any Proof of Claim on any grounds.

The Debtors also reserve all rights and defenses to any claim listed on the Schedules, including,

among other things, the right to dispute any such claim and assert any offsets or defenses thereto. To the extent the Debtors dispute any claim listed on the Schedules and such claim is not already listed as disputed, contingent, or unliquidated, the Debtors shall amend their Schedules as appropriate.

24.    Further, the Debtors reserve the right to seek a further order of this Court to fix a deadline by which holders of claims **not** subject to the Bar Dates must file Proofs of Claim against the Debtors or be forever barred from doing so.

25.    Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

### Notice

26.    Notice of this Motion has been provided to (i) the U.S. Trustee; (ii) the holders of the five largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan, Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United States Attorney's Office for the Southern District of New York.

WEIL:\95271013\1\35076.0003

The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

27.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: March 12, 2015
New York, New York

/s/ Ray C. Schrock, P.C.
Marcia L. Goldstein
Ray C. Schrock, P.C.

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

WEIL:\95271013\1\35076.0003

**Exhibit A**

**Proposed Order**

WEIL:\95271013\1\35076.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
                                           :
In re                                      :        Chapter 11
                                           :
CHASSIX HOLDINGS, INC., *et al.*,          :        Case No. 15-_____ (___)
                                           :
                                           :        Jointly Administered
                   Debtors.[1]             :
                                           :
--------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 502(b)(9), FED. R. BANKR. P. 2002 AND 3003(c)(3), AND LOCAL RULE 3003-1 (I) ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND PROCEDURES RELATING THERETO AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion, dated March __, 2015 (the "**Motion**"),[2] of Chassix Holdings, Inc.

("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries,

as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively,

including Chassix Holdings and Chassix, the "**Debtors**"), pursuant to section 502(b)(9) of title

11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 3003(c)(3) of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 3003-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the United

States Bankruptcy Court for the Southern District of New York's Procedural Guidelines for

Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim, updated as of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

November 14, 2014 (the "**Guidelines**") for an order (a) establishing (i) **May 21, 2015 at 5:00 p.m. (Eastern Time)** (the "**General Bar Date**") as the deadline for each person or entity (including without limitation, each individual, partnership, joint venture, corporation, estate, or trust) other than a governmental unit (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**") to file a proof of claim (each a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code) including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code, against any of the Debtors (a "**Claim**"), and  (ii) **September 9, 2015 at 5:00 p.m. (Eastern Time)** (the "**Governmental Bar Date**", and together with the General Bar Date, the "**Bar Dates**") as the deadline for each Governmental Unit to file a Proof of Claim to assert any Claim; and (b) approving the proposed (i) model Proof of Claim form (the "**Proof of Claim Form**") and (ii) procedures for filing Proofs of Claim, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"); (ii) the holders of the five largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan, Security and Guaranty Agreement, dated as of July 23, 2013 (the "**Revolving ABL Credit Agreement**"); (v)

2

the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for 9

1/4% Senior Secured Notes due 2018, dated as of July 23, 2013 (the "**Secured Note**

**Indenture**"); (vi) the attorneys for Delaware Trust Company, as successor trustee under that

certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of December

13, 2013 (the "**Unsecured Note Indenture**"); (vii) the attorneys for the Informal Committee of

Noteholders; (viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP

Term Lenders; (x) the OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC;

(xii) the Securities and Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the

United States Attorney's Office for the Southern District of New York; and it appearing that no

other or further notice need be provided; and a hearing having been held to consider the relief

requested in the Motion (the "**Hearing**"); and upon the Declaration of J. Mark Allan Pursuant to

Local Rule 1007-2 (the "**Allan Declaration**"), filed contemporaneously with the Motion, the

record of the Hearing and all of the proceedings had before the Court; and the Court having

found and determined that the relief sought in the Motion is in the best interests of the Debtors,

their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the following Procedures for filing Proofs of Claim are approved:

(a)    Unless otherwise provided herein, the General Bar Date shall be **May 21, 2015** at **5:00 p.m. (Eastern Time)**.

(b)    Unless otherwise provided herein, the Governmental Bar Date shall be **September 9, 2015** at **5:00 p.m. (Eastern Time)**.

(c)    Proofs of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the

Commencement Date (using the exchange rate, if applicable, as of the Commencement Date); (iii) conform substantially to the Proof of Claim Form annexed to the proposed order or Official Bankruptcy Form No. 10;[3] (iv) specify by name and case number the Debtor against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(d)     If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor.

(e)     Proofs of Claim must be filed either (i) electronically through the website of the Debtors' Court-approved claims agent, Prime Clerk LLC ("**Prime Clerk**"), using the interface available on such website located at https://cases.primeclerk.com/chassix under the link entitled "Submit a Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim form by hand, or mailing  the original Proof of Claim form on or before the applicable Bar Date as follows:

If by overnight courier, hand delivery or first class mail:

> **Chassix Holdings, Inc.**
> Claims Processing Center
> c/o Prime Clerk LLC
> 830 3rd Avenue, 9th Floor
> New York, NY 10022

OR

> United States Bankruptcy Court, SDNY
> One Bowling Green
> New York, NY 10004-1408

(f)     A Proof of Claim shall be deemed timely filed  only if it is **<u>actually received</u>** by Prime Clerk, or by the Court, (i) at the

---

[3] Official Bankruptcy Form No. 10 can be found at www.uscourts.gov/bkforms, the Official Website for the United States Bankruptcy Courts.  A customized Proof of Claim Form can also be obtained on the website established in these chapter 11 cases, https://cases.primeclerk.com/chassix.

4

address listed above in subparagraph (e) or (ii) electronically through the Electronic Filing System on or before the Bar Date.

(g)    Proof of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

(h)    Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection, (which order may be the order confirming a chapter 11 plan in the Debtors' cases) or be forever barred from doing so.

(i)    Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Commencement Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified in paragraph (k) below applies.

(j)    In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of the proposed order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim or be barred from doing so and shall be given notice of such deadline.

(k)    The following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

(1)    any person or entity whose claim is listed on the Schedules; provided that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(2)    any person or entity whose claim has been paid in full;

5

(3)      any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; <u>provided</u> that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Procedures;

(4)      any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a section 503(b)(9) claim);

(5)      any person or entity that holds a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Bar Date;

(6)      any holder of a claim for which a separate deadline has been fixed by this Court;

(7)      any person or entity who has already filed a Proof of Claim with the Clerk of the Court or Prime Clerk against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Proof of Claim Form or Official Form No. 10;

(8)      any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (the "**Secured Note Indenture Obligations**") under or in connection with the Secured Note Indenture if the Indenture Trustee under the Secured Note Indenture files a master Proof of Claim against the Debtors, on or before the Bar Date, on account of all Secured Note Indenture Obligations; <u>provided</u> that any holder of a Secured Note Indenture Obligation wishing to assert a claim arising out of or relating to the Secured Note Indenture, other than a claim for the Secured Note Indenture Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies; or

WEIL:\95271013\1\35076.0003

(9)     any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (the "**Unsecured Note Indenture Obligations**") under or in connection with the Unsecured Note Indenture if the Indenture Trustee under the Unsecured Note Indenture files a master Proof of Claim against the Debtors, on or before the Bar Date, on account of all Unsecured Note Indenture Obligations; <u>provided</u> that any holder of an Unsecured Note Indenture Obligation wishing to assert a claim arising out of or relating to the Unsecured Note Indenture, other than a claim for the Unsecured Note Indenture Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies; or

(10)    any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (the "**Revolving ABL Obligations**") under or in connection with the Revolving ABL Credit Agreement if the Administrative Agent under the Revolving ABL Credit Agreement files a master Proof of Claim against the Debtors, on or before the Bar Date, on account of all Revolving ABL Obligations; <u>provided</u> that any holder of a Revolving ABL Obligation wishing to assert a claim arising out of or relating to the Revolving ABL Credit Agreement, other than a claim for the Revolving ABL Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies.

ORDERED that pursuant to Bankruptcy Rule 3003(c)(2), any holder of a Claim who fails to timely file a Proof of Claim as provided herein shall not be treated as a creditor with respect to such Claim for the purposes of voting and distribution with respect to any chapter 11 plan that may be filed in this case; and it is further

ORDERED that the (i) proposed notice of the Bar Date, substantially in the form annexed hereto as **Exhibit "1"** (the "**Bar Date Notice**"); and (ii) the Proof of Claim Form, substantially in the form annexed hereto as **Exhibit "2,"** are approved; and it is further

7

ORDERED that the following Procedures are approved:

(l)    Within five (5) business days of entry of an order granting the relief requested herein, the Debtors shall cause to be mailed (i) a Proof of Claim Form and (ii) the Bar Date Notice to the following parties:

(1)    the U.S. Trustee;

(2)    the attorneys for any statutory committees appointed in the Debtors' chapter 11 cases;

(3)    all creditors and other known holders of claims at the address stated therein or as updated pursuant to a request by the creditor or by returned mail from the post office with a forwarding address;

(4)    all parties actually known to the Debtors as having potential claims against any of the Debtors;

(5)    all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

(6)    All parties to pending litigation against the Debtors (as of the date of the entry of the Proposed Order);

(7)    the Internal Revenue Service, the United States Attorney's Office for the Southern District of New York, and all applicable Governmental Units;

(8)    all persons or entities that have filed claims (as of the date of the entry of the proposed order);

(9)    all parties that have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of the entry of the order);

(10)    all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the order); and

(11)    such additional persons and entities deemed appropriate by the Debtors.

WEIL:\95271013\1\35076.0003

(m)    The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the website established by Prime Clerk for the Debtors' cases: https://cases.primeclerk.com/chassix; and it is further

ORDERED that the Secured Note Indenture Trustee may file a master proof of claim in the lead chapter 11 case, Chassix Holdings, Inc., Case No. [_____] (___) (the "**Lead Case**"), on behalf of all holders of the Secured Note Indenture Obligations (the "**Secured Note Indenture Obligations Master Proof of Claim**"), which Secured Note Indenture Obligations Master Proof of Claim shall automatically be deemed a filed proof of claim in the bankruptcy case of each and every Debtor named therein, and the Secured Note Indenture Trustee shall have no obligation to file (but may file) separate proofs of claim in the cases of the Debtor-affiliates that are being jointly administered with the Lead Case, regardless of whether such Debtor is an issuer, guarantor, or obligor of any nature; and it is further

ORDERED that the Unsecured Note Indenture Trustee may file a master proof of claim in the Lead Case, on behalf of all holders of the Unsecured Note Indenture Obligations (the "**Unsecured Note Indenture Obligations Master Proof of Claim**"), which Unsecured Note Indenture Obligations Master Proof of Claim shall automatically be deemed a filed proof of claim in the bankruptcy case of each and every Debtor named therein, and the Unsecured Note Indenture Trustee shall have no obligation to file (but may file) separate proofs of claim in the cases of the Debtor-affiliates that are being jointly administered with the Lead Case, regardless of whether such Debtor is an issuer, guarantor, or obligor of any nature; and it is further

ORDERED that the Administrative Agent under the Revolving ABL Credit Agreement may file a master Proof of Claim in the Lead Case on behalf of all holders of the Revolving ABL Obligations (the "**Revolving ABL Obligations Master Proof of Claim**"), which Revolving ABL Obligations Master Proof of Claim shall automatically be deemed a filed

Proof of Claim in the bankruptcy case of each and every Debtor named therein, and the

Administrative Agent shall have no obligations to file (but may file) separate proofs of claim in

the cases of the Debtor-affiliates that are being jointly administered with the Lead Case,

regardless of whether such Debtor is an issuer, guarantor, or obligor of any nature; and it is

further

ORDERED that with regard to those holders of Claims listed on the Schedules,

the Debtors are authorized to mail one or more Proof of Claim Forms (as appropriate),

substantially similar to the Proof of Claim Form annexed hereto as **Exhibit "2,"** indicating on

the form how the Debtors have scheduled each creditor's Claim in the Schedules (including the

amount of the Claim and whether the Claim has been scheduled as contingent, unliquidated, or

disputed); and it is further

ORDERED that the Debtors shall publish the Bar Date Notice, with any

necessary modifications for ease of publication, once in each of the national editions of *The Wall

Street Journal* and *The New York Times*, subject to applicable publication deadlines, at least

**twenty-eight (28) days** prior to the Bar Date, which publication is approved and shall be deemed

good, adequate, and sufficient publication notice of the Bar Date and the Procedures for filing

Proofs of Claim in this chapter 11 case; and it is further

ORDERED that the Debtors and Prime Clerk are authorized and empowered to

take such steps and perform such acts as may be necessary to implement and effectuate the terms

of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein

is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their

WEIL:\95271013\1\35076.0003

rights and obligations in connection with Claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules or otherwise; and it is further

ORDERED that entry of this Order is without prejudice to the rights of the Debtors to seek a further order of this Court fixing the date by which holders of Claims **not** subject to the Bar Date established herein must file such Claims against the Debtor or be forever barred from doing so; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2015
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

11

**Exhibit 1**

**Bar Date Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                        :
In re                                   :        Chapter 11
                                        :
CHASSIX HOLDINGS, INC., *et al.*,        :        Case No. 15-_____ (___)
                                        :
                                        :        Jointly Administered
                    Debtors.            :
                                        :
---------------------------------------------------------x

## NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE DEBTORS SET FORTH BELOW:

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtor in the Past 8 Years |
|---|---|---|---|
| Automotive Properties of New York, LLC | 15-_____(___) | 30-0024323 | N/A |
| Chassix Holdings, Inc. | 15-_____(___) | 46-4089249 | N/A |
| UC Holdings, Inc. | 15-_____(___) | 76-0805026 | Dharma Merger Corporation |
| Chassix, Inc. | 15-_____(___) | 46-1525728 | DMI SMW Holding Corporation |
| Diversified Machine, Inc. | 15-_____(___) | 02-0758762 | N/A |
| Diversified Machine Bristol, LLC | 15-_____(___) | 38-2265409 | Diversified Machine Bristol, Inc. |
| Chassix Georgia Machining, LLC | 15-_____(___) | 27-1111940 | DMI Columbus Real Estate Holdings, LLC |
| DMI Columbus, LLC | 15-_____(___) | 27-1111833 | N/A |
| Diversified Machine Montague, LLC | 15-_____(___) | 38-1854771 | Diversified Machine Montague, Inc. |
| Diversified Machine, Milwaukee LLC | 15-_____(___) | 26-1500875 | N/A |
| DMI Edon LLC | 15-_____(___) | 27-0951847 | Metaldyne Chassis Products, LLC |
| Mexico Products I, LLC | 15-_____(___) | 27-0393039 | N/A |
| DMI China Holding LLC | 15-_____(___) | 45-3214331 | N/A |
| Concord International, Inc. | 15-_____(___) | 38-2973536 | N/A |
| SMW Automotive, LLC | 15-_____(___) | 38-3269452 | SMW Automotive Corporation |
| Automotive, LLC | 15-_____(___) | 38-3492897 | Automotive Corporation, Inc. |
| Chassis Co. of Michigan, LLC | 15-_____(___) | 38-3752692 | Chassis Corp. of Michigan |
| AluTech, LLC | 15-_____(___) | 32-0100012 | N/A |

On [_____], 2015, the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Chassix Holdings, Inc., Chassix, Inc., and the other Debtors set forth above (collectively, the "**Debtors**") entered an order (the "**Bar Date Order**") establishing **May, 21, 2015** at **5:00 p.m. (Eastern Time**) as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, but not governmental units (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**")) to file a proof of claim ("**Proof of Claim**") based on prepetition claims, including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors listed above (the "**General Bar Date**"); and (ii) **September 9, 2015** at **5:00 p.m. (Eastern Time**) as the last date and time for each Governmental Unit to file a Proof of Claim based on prepetition claims against any of the Debtors (the "**Governmental Bar Date**," and together with the General Bar Date, the "**Bar Dates**")

The Bar Date Order, the Bar Dates, and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that

arose prior to **March [__], 2015**, the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**If you have any questions relating to this Notice, please feel free to contact Prime Clerk LLC ("Prime Clerk") at (844) 224-1137 (toll free) or (917) 962-8896 (international toll) or by e-mail at chassixinfo@primeclerk.com**

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

**1.**      WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the Debtor or to share in any distributions from the Debtors' estates if you have a claim that arose prior to **March [__], 2015** and it is not one of the types of claims described in Section 2 below.  Claims based on acts or omissions of the Debtors that occurred before **March [__], 2015** must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before **March [__], 2015.**

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "**claim**" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  Further, claims include unsecured claims, secured claims, and priority claims.

**2.**      WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM

You need not file a Proof of Claim if:

(1)      Your claim is listed on the Schedules (as defined below) and (i) is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) you do **not** dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) you do **not** dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(2)      Your claim has been paid in full;

(3)      You hold an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; <u>provided</u> that if you assert such claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be file on or before the applicable Bar Date as set forth in this Notice;

(4)      You hold a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative claim (**other than** a holder of a section 503(b)(9) claim);

(5)      You hold a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Bar Date;

(6)      You hold a claim for which a separate deadline has been fixed by this Court;

(7)      You hold a claim for which you already filed a Proof of Claim with the Clerk of the Court or Prime Clerk against any of the Debtors with respect to the claim being asserted,

utilizing a claim form that substantially conforms to the Proof of Claim Form or Official Form No. 10;

(8)     You are a person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses ("**Secured Note Indenture Obligations**") under or in connection with that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of July 23, 2013 as thereafter amended, supplemented or modified from time to time, the "**Secured Note Indenture**") if the Indenture Trustee under the Secured Note Indenture file a master Proof of Claim against the Debtors, on or before the Bar Date, on account of all Secured Note Indenture Obligations; provided that any holder of a Secured Note Indenture Obligation wishing to assert a claim arising out of or relating to the Secured Note Indenture, other than a claim for the Secured Note Indenture Obligation, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies;

(9)     You are a person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (the "**Unsecured Note Indenture Obligations**") under or in connection with that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of December 13, 2013 (as thereafter amended, modified or supplemented from time to time, the "**Unsecured Note Indenture**") if the Indenture Trustee under the Unsecured Note Indenture files a master Proof of Claim against the Debtors, on or before the Bar Date, on account of all Unsecured Note Indenture Obligations; provided that any holder of an Unsecured Note Indenture Obligation wishing to assert a claim arising out of or relating to the Unsecured Note Indenture, other than a claim for the Unsecured Note Indenture Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies; or

(10)    You are a person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (the "**Revolving ABL Obligations**") under or in connection with that certain Amended and Restated Loan, Security and Guaranty Agreement dated July 23, 2013 (the "**Revolving ABL Credit Agreement**") if the Administrative Agent under the Revolving ABL Credit Agreement files a master Proof of Claim against the Debtors, on or before the Bar Date, on account of all Revolving ABL Obligations; provided that any holder of a Revolving ABL Obligation wishing to assert a claim arising out of or relating to the Revolving ABL Credit Agreement, other than a claim for the Revolving ABL Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.**     EXECUTORY CONTRACTS AND UNEXPIRED LEASES

        If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) such date as the Court may fix, which date shall not be less than **thirty (30) days** following the date of entry of an order approving the rejection of such executory contract or unexpired lease, or you will be forever barred from doing so. Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim with respect to unpaid amounts accrued and outstanding as of **March [___], 2015** pursuant to that executory

contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the Bar Date unless an exception identified above applies.

**4.**      WHEN AND WHERE TO FILE

Except as provided for herein, all Proofs of Claim must be filed either (i) electronically through Prime Clerk's website using the interface available on such website located at https://cases.primeclerk.com/chassix under the link entitled "Submit a Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim form by hand, or mailing the original Proof of Claim form, as follows:

If by overnight courier, hand delivery or first class mail to:

**Chassix Holdings, Inc.**
Claims Processing Center
c/o Prime Clerk LLC
830 3rd Avenue, 9th Floor
New York, NY 10022

OR

If by hand delivery to:

United States Bankruptcy Court, SDNY
One Bowling Green
New York, NY 10004-1408

Proofs of Claim will be deemed timely filed only if **actually received** by Prime Clerk, or the Court, (i) at the addresses listed above or (ii) electronically through the Electronic Filing System, on or before the Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System).

**5.**      WHAT TO FILE

If you file a Proof of Claim, your filed Proof of Claim must:  (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of **March [__], 2015** (using the exchange rate, if applicable, as of **March [__], 2015**); (iii) conform substantially to the form provided with this Notice (the "**Proof of Claim Form**") or Official Form 10; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vi) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE.  A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

Your Proof of Claim form must **not** contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim Forms may be obtained at www.uscourts.gov/bkforms or https://cases.primeclerk.com/chassix.

WEIL:\95271013\1\35076.0003

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY DOCUMENTS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

**6.**    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 2 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CHAPTER 11 CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.**

**7.**    THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF

You may be listed as the holder of a claim against the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**").  To determine if and how you are listed in the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Form regarding the nature, amount, and status of your claim(s).  If you received postpetition payments from the Debtors (as authorized by the Court) on account of your claim, the enclosed Proof of Claim Form will reflect the net amount of your claims.  If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against each Debtor, as listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules and if your claim is not listed in the Schedules as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted (i) on the website established by Prime Clerk for the Debtors' cases at https://cases.primeclerk.com/chassix and (ii) on the Court's website at www.nysb.uscourts.gov.  (A login and password to the Court's Public Access to Electronic Court Records ("**PACER**") are required to access the information on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) Monday through Friday at the Office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004-1408.  Copies of the Debtors' Schedules also may be obtained by written request to the Debtors' claims agent, Prime Clerk, at the address and telephone number set forth below:

**Chassix Holdings, Inc.**
c/o Prime Clerk LLC
830 3rd Avenue, 9th Floor
New York, NY 10022
Toll Free:  (844) 224-1137
International Toll:  (917) 962-8896

In the event that the Debtors amend or supplements their Schedules subsequent to [___], 2015, the Debtors shall give notice of any amendment or supplement to the holders of claims affected by such amendment or supplement within ten (10) days after filing such amendment or supplement, and such holders must file a Proof of Claim by the later of (i) the Bar Date and (ii) **thirty-five (35) days** following the date such notice is served, or be forever barred from doing so, and such deadline shall be contained in any notice of such amendment or supplement of the Schedules provided to the holders of claims affected thereby.

WEIL:\95271013\1\35076.0003

**A holder of a possible claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

Dated:        New York, New York                    **BY ORDER OF THE COURT**
              _____, 2015

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

6

**Exhibit 2**

**Proof of Claim Form**

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Indicate Debtor against which you assert a claim by checking the appropriate box below (**Check only one Debtor per claim form**):

☐ Chassix Holdings, Inc. (Case No. 15-_____)
☐ Automotive Properties of New York, LLC (Case No. 15-_____)
☐ UC Holdings, Inc. (Case No. 15-_____)
☐ Chassix, Inc. (Case No. 15-_____)
☐ Diversified Machine, Inc. (Case No. 15-_____)
☐ Diversified Machine Bristol, Inc. (Case No. 15-_____)
☐ Chassix Georgia Machining, LLC (Case No. 15-_____)
☐ DMI Columbus, LLC (Case No. 15-_____)
☐ Diversified Machine Montague, LLC (Case No. 15-_____)

☐ Diversified Machine, Milwaukee LLC (Case No. 15-_____)
☐ DMI Edon LLC (Case No. 15-_____)
☐ Mexico Products I, LLC (Case No. 15-_____)
☐ DMI China Holding, LLC (Case No. 15-_____)
☐ Concord International, Inc. (Case No. 15-_____)
☐ SMW Automotive, LLC (Case No. 15-_____)
☐ Automotive, LLC (Case No. 15-_____)
☐ Chassis Co. of Michigan, LLC (Case No. 15-_____)
☐ AluTech, LLC (Case No. 15-_____)

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file requests for payment of an administrative expense according to 11 U.S.C. § 503.*

**COURT USE ONLY**

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

Telephone number:                    email:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
    (*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:                    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**            $_____

If all or part of the claim is **secured**, complete **item 4**. If all or part of the claim is entitled to **priority**, complete **item 5**.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
    (See instruction #2)

| **3.  Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:** | **3b. Uniform Claim Identifier (optional):** |
|---|---|---|
| ___ ___ ___ ___ | _____ (See instruction #3a) | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ (See instruction #3b) |

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**

**Value of Property: $**_____

**Annual Interest Rate**_____% ☐ Fixed  or  ☐ Variable
**(when case was filed)**

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

                    $_____

**Basis for perfection:** _____

**Amount of Secured Claim:**    $_____

**Amount Unsecured:**    $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):** Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$_____    **(See instruction #6)**

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, or security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9)

Check the appropriate box.

❑ I am the creditor.    ❑ I am the creditor's authorized agent.    ❑ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ❑ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title:        _____
Company:  _____
Address and telephone number (if different from notice address above):          _____
_____
_____          (Signature)                                    (Date)
_____
Telephone number: _____    email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

WEIL:\95271013\1\35076.0003

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**

Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**

Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**

State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**

State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**

State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**

Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**

If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**

Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien

documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a).**

If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**

Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim. (See DEFINITIONS, below.)

**7. Credits:**

An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**

Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**

The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---

**_____DEFINITIONS_____**

**Debtor**

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**

A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**

A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**

A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506(a)**

A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding.

In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**

An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**

Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**

Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**_____INFORMATION_____**

**Acknowledgment of Filing of Claim**

To receive acknowledgment of your filing, please enclose a stamped self-addressed envelope and a copy of this proof of claim. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://cases.primeclerk.com/chassix.

**Offers to Purchase a Claim**

Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:

**Chassix Holdings, Inc. Claims Processing Center**
**c/o Prime Clerk LLC**
**830 3rd Avenue, 9th Floor**
**New York, NY 10022**