Marcia L. Goldstein
Ray C. Schrock, P.C.
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
: 
**In re**              :    **Chapter 11**
:
**CHASSIX HOLDINGS, INC.,** *et al.*,    :    Case No. 15-_____ (___)
:
:    **(Joint Administration Pending)**
Debtors.[1]    :
:
------------------------------------------------------x

# MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 331 AND 105(a) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND <u>REIMBURSEMENT OF EXPENSES OF PROFESSIONALS</u>

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings are not debtors in these chapter 11 cases.

"**Debtors**," and together with their non-Debtor subsidiaries, the "**Company**"), respectfully represent:

### Background

1. On the date hereof (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors ("**Creditors Committee**") has been appointed in these chapter 11 cases.

2. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. The Debtors commenced their chapter 11 cases on a prearranged basis with the support of their (a) secured and unsecured noteholders, which have committed to make significant and immediate capital infusions into the Debtors' businesses, and (b) major automotive manufacturing customers, which have committed to long-term pricing commitments and other valuable accommodations. Consistent with their obligations under the restructuring support agreement, the Debtors have filed a plan of reorganization and proposed disclosure statement with the Court and are seeking to emerge from chapter 11 on an expedited timeframe.

4. Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of J. Mark Allan (the "**Allan Declaration**") Pursuant to Rule 1007-2 of the Local

Bankruptcy Rules for the Southern District of New York, sworn to on the date hereof (the "**Local Rules**"), which has been filed with the Court contemporaneously herewith.

## Jurisdiction

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6.      Pursuant to sections 331 and 105(a) of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule 2016-1, the Debtors request that the Court establish an orderly, regular process for the monthly allowance and payment of compensation and reimbursement of expenses (the "**Interim Compensation Procedures**") for professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).  A proposed order granting the relief requested herein is annexed hereto as **Exhibit "A"** (the "**Proposed Order**").

## Retention of Professionals

7.      Given the size and complex nature of these chapter 11 cases, the Debtors require the assistance of a number of professionals to efficiently manage these proceedings to successfully and timely emerge from chapter 11.  Accordingly, the Debtors have filed (or will soon file) separate applications with the Court to employ and retain a number of professionals, including without limitation, Weil, Gotshal & Manges LLP, as counsel to represent them in these chapter 11 cases, Lazard Frères & Co. LLC, as investment banker, FTI Consulting, Inc., to provide David J. Woodward as interim chief financial officer for the Debtors and to provide

3

other restructuring services, and Ernst & Young LLP, as independent auditors and tax advisors (collectively, the "**Debtors' Professionals**"). The Debtors may also need to retain additional professionals in connection with the continued prosecution of the chapter 11 cases.[2] In addition, a statutory committee of unsecured creditors (the "**Creditors Committee**") will likely be appointed in these cases pursuant to section 1102 of the Bankruptcy Code, and will likely retain counsel and possibly other professionals to represent it in these cases.

8. The Debtors believe that establishing orderly procedures to pay the Debtors' Professionals and attorneys and other professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code (collectively and together with the Debtors' Professionals, the "**Retained Professionals**") will streamline the administration of these chapter 11 cases and otherwise promote efficiency for the Court, the Office of the United States trustee for the Southern District of New York (the "**U.S. Trustee**"), and all parties in interest. Specifically, a streamlined process for serving interim fee applications and notices thereof is in the best interest of the Debtors, because it will facilitate efficient review of the Retained Professionals' fees and expenses while saving the Debtors unnecessary copying and mailing expenses.

---

[2] In addition, the Debtors have filed, or will soon file, a motion pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code seeking authority to employ certain professionals used in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"). Pursuant to this motion, Ordinary Course Professionals will not need to file individual retention applications and will be paid in full without interim or final fee applications, subject to monthly and aggregate caps on fees and expenses. Any Ordinary Course Professional seeking payment of fees exceeding the monthly cap will be required to file a fee application pursuant to the procedures set forth in the Order.

4

**Proposed Compensation and Reimbursement Procedures**

9. The Debtors propose that the payment of compensation and reimbursement of expenses of Retained Professionals be structured as follows:

(a) On or before the **30th day** of each month following the month for which compensation is sought, each Retained Professional seeking compensation shall serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on (i) The Debtors c/o Chassix, Inc., 3 Allied Drive, Dedham, Massachusetts 02026 (Attn: Bibi N. Di Serio, Esq.) with a copy to 300 Galleria Officecentre, Suite 501, Southfield, Michigan 48034 (Attn: Bibi N. Di Serio, Esq.); (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C. and Alana Heumann, Esq.); (iii) the U.S. Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Susan Golden, Esq. and Andrea B. Schwartz, Esq.); (iv) the attorneys for the Informal Committee of Noteholders, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Andrew N. Rosenberg, Esq. and Alice B. Eaton, Esq.); and (v) the attorneys for any statutory committees appointed in these chapter 11 cases[3] (collectively, the "**Notice Parties**").

(b) On or before the **30th day** of each month following the month for which compensation is sought, each Retained Professional shall file a Monthly Statement with the Court; however, a courtesy copy need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

(c) Each Monthly Statement shall contain a list of the individuals who provided services during the period covered by the Monthly Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Bankruptcy Court's Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated June 17, 2013, or the U.S.

---

[3] Until such time as a Creditors Committee is appointed in these chapter 11 cases, the creditors holding the forty largest unsecured claims against the Debtors' estates (on a consolidated basis) shall be served as set forth herein. Upon the formation of a Creditors Committee, the top forty creditors will be removed as "Notice Parties" under the Interim Compensation Procedures.

        Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour** unless otherwise ordered by the Court.[4]

(d)    Each Notice Party shall have **15 days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the **16th day** following receipt of the Monthly Statement (the "**Objection Deadline**"), serve upon the Retained Professional whose Monthly Statement is the subject of an Objection, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(e)    At the expiration of the Objection Deadline, the Debtors shall promptly pay **80%** of the fees and **100%** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraph (d) above.

(f)    If an Objection to a particular Monthly Statement is served, the Debtors shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above.

(g)    If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection files a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e) above, that portion of the Monthly Statement that is no longer subject to the Objection.

(h)    All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i)    The service of an Objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of

---

[4] The Debtors may seek to modify this requirement in the retention application of certain professionals.

any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j) Commencing with the period ending July 31, 2015, and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the Retained Professionals shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period. Each Retained Professional shall file its Interim Fee Application no later than **45 days** after the end of the Interim Fee Period. Each Retained Professional shall file its first Interim Fee Application on or before September 16, 2015 and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date through and including July 31, 2015. All professionals not retained as of the Commencement Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Order.

(k) The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**"). At least **30 days** prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline. Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, 3 business days before the filing deadline. The Debtors' attorneys shall file and serve such Interim Fee Application.

(l) Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall (1) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(m) The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

7

(n)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(o)    The attorneys for the Creditors Committee may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors Committee; provided that these reimbursement requests must comply with the Fee Guidelines.

### The Proposed Interim Compensation Procedures Should Be Approved by the Court

10.    Pursuant to section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Section 331 of the Bankruptcy Code provides, in part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Id.* § 105(a). Thus, the Court has ample authority to enter an order authorizing the Interim Compensation Procedures requested herein.

11.    The Interim Compensation Procedures are in accordance with the standing General Order M-412 of the Bankruptcy Court for the Southern District of New York, dated December 21, 2010, and Local Rule 2016-1(c) establishing procedures for monthly compensation and reimbursement of expenses of professionals, and pursuant to sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).

8

WEIL:\95271006\1\35076.0003

12. The proposed Interim Compensation Procedures will enable the Debtors to closely monitor the costs of administration, forecast cash flows, and implement efficient cash management procedures. They also will allow the Court and key parties in interest, including the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement requested.

13. Based upon the foregoing, the Debtors submit that the relief requested herein is essential, appropriate, and in the best interest of the Debtors' estates, creditors, and all parties in interest, and, therefore, should be granted in these chapter 11 cases.

## Notice

14. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the holders of the five largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan, Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and Exchange Commission; (xiii) the Internal Revenue Service; (xiv) the United States Attorney's Office for the Southern District of New York; and (xv) the Retained Professionals. The Debtors

submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: March 12, 2015
      New York, New York

/s/ Ray C. Schrock, P.C.
Marcia L. Goldstein
Ray C. Schrock, P.C.

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors
and Debtors in Possession*

10

**Exhibit A**

**Proposed Order**

WEIL:\95271006\1\35076.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                    :

In re                                       :         Chapter 11

**CHASSIX HOLDINGS, INC.,** *et al.*,    :         Case No. 15-_____ (___)

                                                    :         Jointly Administered

                      Debtors.[1]    :
                                                    :
------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 331 AND 105(a) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion, dated March __, 2015 (the "**Motion**"),[2] of Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**"), pursuant to sections 331 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the **Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") for entry of an order authorizing the establishment of certain procedures for interim compensation and reimbursement of professionals, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

§§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"); (ii) the holders of the five largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan, Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and Exchange Commission; (xiii) the Internal Revenue Service; (xiv) the United States Attorney's Office for the Southern District of New York; and (xv) the Retained Professionals, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Southern District of New York (the "**Allan Declaration**"), filed contemporaneously with the Motion, and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the

2

relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all professionals in these chapter 11 cases (the "**Retained Professionals**") may seek interim compensation in accordance with the following procedure:

(a) On or before the **30th day** of each month following the month for which compensation is sought, each Retained Professional seeking compensation shall serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on (i) The Debtors c/o Chassix, Inc., 3 Allied Drive, Dedham, Massachusetts 02026 (Attn: Bibi N. Di Serio, Esq.) with a copy to 300 Galleria Officentre, Suite 501, Southfield, Michigan 48034 (Attn: Bibi N. Di Serio, Esq.); (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C. and Alana Heumann, Esq.); (iii) the U.S. Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Susan Golden, Esq. and Andrea B. Schwartz, Esq.); (iv) the attorneys for the Informal Committee of Noteholders, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Andrew N. Rosenberg, Esq. and Alice B. Eaton, Esq.); and (v) the attorneys for any statutory committees appointed in these chapter 11 cases (collectively, the "**Notice Parties**").

(b) On or before the **30th day** of each month following the month for which compensation is sought, each Retained Professional shall file a Monthly Statement with the Court; however, a courtesy copy need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

(c) Each Monthly Statement shall contain a list of the individuals who provided services during the period covered by the Monthly Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a

3

reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Bankruptcy Court's Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated June 17, 2013, or the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour** unless otherwise ordered by the Court.[3]

(d) Each Notice Party shall have **15 days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the **16th day** following receipt of the Monthly Statement (the "**Objection Deadline**"), serve upon the Retained Professional whose Monthly Statement is the subject of an Objection, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(e) At the expiration of the Objection Deadline, the Debtors shall promptly pay **80%** of the fees and **100%** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraph (d) above.

(f) If an Objection to a particular Monthly Statement is served, the Debtors shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above.

(g) If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection files a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e) above, that portion of the Monthly Statement that is no longer subject to the Objection.

(h) All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

---

[3] The Debtors may seek to modify this requirement in the retention application of certain professionals.

4

(i)     The service of an Objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j)     Commencing with the period ending July 31, 2015, and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the Retained Professionals shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than **45 days** after the end of the Interim Fee Period.  Each Retained Professional shall file its first Interim Fee Application on or before September 16, 2015 and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date through and including July 31, 2015.  All professionals not retained as of the Commencement Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Order.

(k)     The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**").  At least **30 days** prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, 3 business days before the filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

(l)     Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall (1) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

5

(m) The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(n) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(o) The attorneys for the Creditors Committee may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors Committee; provided that these reimbursement requests must comply with the Fee Guidelines.

ORDERED that until such time as an official committee of unsecured creditors (the "**Creditors Committee**") is appointed in these chapter 11 cases, the creditors holding the forty largest unsecured claims against the Debtors' estates (on a consolidated basis) shall be served as set forth herein. Upon the formation of a Creditors Committee, the top forty creditors will be removed as "Notice Parties" under these Interim Compensation Procedures; and it is further

ORDERED that the Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; provided that amounts paid to Ordinary Course Professionals may be stated in the aggregate on any monthly operating reports; and it is further

ORDERED that any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports or remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or that a manifest exigency exists by seeking a further order of this Court; and it is further

6

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that the Debtors shall serve a copy of this Order on each of the Retained Professionals; and it is further

ORDERED that notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in these chapter 11 cases; and it is further

ORDERED that the amount of fees and disbursements sought be set out in U.S. dollars, with the conversion amount calculated at the time of the submission of the Monthly Statement, to the extent practicable, or as soon thereafter as possible; and it is further

ORDERED that, in the event that an Ordinary Course Professional seeks more than $50,000 per month and files a fee application for the full amount of its fees and expenses for that month, then the Debtors' attorneys shall obtain a date from the Court for the hearing of such fee application, which shall be scheduled no earlier than 30 days after the fee application is served on the Notice Parties; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

Dated: _____, 2015
      New York, New York

                                          _____
                                          United States Bankruptcy Judge