Marcia L. Goldstein
Ray C. Schrock, P.C.
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
:
**In re**                                                    :         **Chapter 11**
:
**CHASSIX HOLDINGS, INC.,** *et al.,*        :         **Case No. 15-_____ (___)**
:
:         **(Joint Administration Pending)**
**Debtors.**[1]                               :
:
-------------------------------------------------------x

### APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a) AND 2016 AND LOCAL RULES 2014-1 AND 2016-1 FOR AUTHORITY TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and

certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

"**Debtors**," and together with their non-Debtor subsidiaries, the "**Company**"), respectfully represent:

<u>**Background**</u>

10.     On the date hereof (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors ("**Creditors Committee**") has been appointed in these chapter 11 cases.

11.     Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

12.     The Debtors commenced their chapter 11 cases on a prearranged basis with the support of their (a) secured and unsecured noteholders, which have committed to make significant and immediate capital infusions into the Debtors' businesses, and (b) major automotive manufacturing customers, which have committed to long-term pricing commitments and other valuable accommodations.  Consistent with their obligations under the restructuring support agreement, the Debtors have filed a plan of reorganization and proposed disclosure statement with the Court and are seeking to emerge from chapter 11 on an expedited timeframe.

13.     Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the

WEIL:\95271041\1\35076.0003

Southern District of New York (the "**Local Rules**"), sworn to on the date hereof (the "**Allan Declaration**"), which has been filed with the Court contemporaneously herewith.

## Jurisdiction

14.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

## Relief Requested

15.     By this Application, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors request authority to retain and employ Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**") as attorneys for the Debtors, *nunc pro tunc* to the Commencement Date.

16.     The Debtors request that the Court approve the retention of Weil, under a general retainer, as their attorneys to perform the extensive legal services that will be required during these chapter 11 cases in accordance with Weil's normal hourly rates in effect when services are rendered and Weil's normal reimbursement policies.  In support of this Application, the Debtors submit the annexed declaration of Ray C. Schrock, P.C., a member of Weil, which is attached hereto as **Exhibit "A"** (the "**Schrock Declaration**"), and the declaration of Bibi N. Di Serio, Vice President and General Counsel for Chassix, which is annexed hereto as **Exhibit "B."** A proposed form of order approving the retention and employment of Weil is annexed hereto as **Exhibit "C."**

## Weil's Qualifications

8.     The Debtors have selected Weil as their attorneys because of the Firm's extensive knowledge of the Debtors' business and financial affairs, its extensive general

3

experience and knowledge, and, in particular, Weil's recognized expertise in the field of debtors'

protections, creditors' rights, and the administration of cases under chapter 11 of the Bankruptcy

Code.  For example, Weil currently represents or has represented, among others, the following

debtors:  Endeavour Operating Corporation, SIGA Technologies, Inc., RDA Holdings, Inc.,

LodgeNet Interactive Corporation, Southern Air Holdings, Inc., Daffy's Inc., AMR Corporation,

Lehman Brothers Holdings Inc., General Motors Corporation n/k/a Motors Liquidation

Company, General Growth Properties, Inc., Global Crossing Ltd., WorldCom, Inc., Enron Corp.,

Aleris International, Inc., Washington Mutual, Inc., Pilgrim's Pride Corp., BearingPoint, Inc.,

SemCrude, L.P., Vertis Holdings, Inc., LandSource Communities Development, LLC, Silicon

Graphics, Inc., Atkins Nutritionals, Inc., Footstar, Inc., Parmalat USA Corp., Loral Space &

Communications Ltd., Armstrong Worldwide Industries, Adelphia Business Solutions, Inc.,

APW Ltd., Regal Cinemas, Inc., Sunbeam Corporation, Bethlehem Steel Corporation, Genesis

Health Services Corp., and Grand Union Corporation.

9.    The Debtors have been informed that Marcia L. Goldstein and Ray C.

Schrock, P.C., members of Weil, as well as other members of, counsel to, and associates of Weil,

who will be employed in these chapter 11 cases, are members in good standing of, among others,

the Bar of the State of New York and the United States District Court for the Southern District of

New York.  Accordingly, the Debtors believe that Weil is both well qualified and uniquely able

to represent the Debtors in their chapter 11 cases in an efficient and timely manner.

10.    In addition to Weil, the Debtors have submitted, or intend to submit,

separate applications to retain, inter alia, Lazard Frères & Co. LLC, as investment banker, FTI

Consulting, Inc., to provide David J. Woodward as interim chief financial officer for the Debtors

and to provide other restructuring services, and Ernst & Young LLP, as independent auditors and

tax advisors.  Weil, in conjunction with the Debtors' General Counsel, intends to monitor and

coordinate the efforts of all professionals retained by the Debtors in these chapter 11 cases and

will delineate their respective duties so as to prevent duplication of services whenever possible.

It is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other

professionals will add to the progress and effective administration of these chapter 11 cases.

### Scope of Services

11.    The employment of Weil under a general retainer, and in accordance with

its normal hourly rates and disbursement policies in effect from time to time, is appropriate and

necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in

possession and to prosecute their chapter 11 cases.  Subject to further order of this Court, it is

proposed that Weil be employed to render the following professional services:

a.    Prepare on behalf of the Debtors, as debtors in possession, all necessary
motions, applications, answers, orders, reports, and other papers in
connection with the administration of the Debtors' estates;

b.    Take all necessary action to protect and preserve the Debtors' estates,
including the prosecution of actions on the Debtors' behalf, the defense of
any actions commenced against the Debtors, the negotiation of disputes in
which the Debtors are involved, and the preparation of objections to
claims filed against the Debtors' estates;

c.    Take all necessary actions in connection with any chapter 11 plan and
related disclosure statement, and all related documents, and such further
actions as may be required in connection with the administration of the
Debtors' estates; and

d.    Perform all other necessary legal services in connection with the
prosecution of these chapter 11 cases.

12.    It is necessary to employ attorneys under a general retainer to render the

foregoing professional services.  Weil has stated its desire and willingness to act in these cases

and render the necessary professional services as attorneys for the Debtors.

5

## Weil's Disinterestedness

13.    To the best of the Debtors' knowledge, the members of, counsel to, and associates of Weil do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Schrock Declaration.

14.    Based upon the Schrock Declaration, the Debtors submit that Weil is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.  The Debtors have been informed that Weil will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise.  If any new relevant facts or relationships are discovered, Weil will supplement its disclosure to the Court.

## Professional Compensation

15.    As set forth in the Schrock Declaration, prior to the Commencement Date, Weil received total advances in the amount of $7,306,485.86 for services to be performed and expenses incurred, including in preparation for the commencement of this chapter 11 case.  Weil intends to apply this advance to any outstanding amounts relating to the period prior to the Commencement Date that were not processed through Weil's billing system as of the Commencement Date and to retain the balance on account of services rendered and expenses incurred subsequent to the Commencement Date.

16.    The Debtors understand and have agreed that Weil hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with General Order M-412 (Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)),

6

Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further orders of the Court (the "**Orders**") for all professional services performed and expenses incurred after the Commencement Date.

17.    Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Weil for services rendered at its customary hourly rates that are in effect from time to time, as set forth in the Schrock Declaration, and to reimburse Weil according to its customary reimbursement policies.  The Debtors respectfully submit that Weil's rates and policies stated in the Schrock Declaration are reasonable.

### Notice

18.    Notice of this Application has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the holders of the five largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan, Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated

7

as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii)

the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the

OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and

Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United States

Attorney's Office for the Southern District of New York.  The Debtors submit that, in view of

the facts and circumstances, such notice is sufficient and no other or further notice need be

provided.

19.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: March 12, 2015
          New York, New York

                     CHASSIX HOLDINGS, INC.
                     (for itself and on behalf of its affiliates
                     as Debtors and Debtors in Possesion)


                     /s/ David J. Woodward
                     NAME:  David J. Woodward
                     TITLE:  Interim Chief Financial Officer

WEIL:\95271041\1\35076.0003

**Exhibit A**
**Schrock Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                              :
In re                                         :        Chapter 11
                                              :
CHASSIX HOLDINGS, INC., *et al.*,             :        Case No. 15-_____ (___)
                                              :
                                              :        (Joint Administration Pending)
                    Debtors.[1]               :
                                              :
-------------------------------------------------------x

## DECLARATION AND DISCLOSURE STATEMENT ON BEHALF OF WEIL, GOTSHAL & MANGES LLP PURSUANT TO 11 U.S.C. §§ 327, 329, AND 504 AND FED. R. BANKR. P. 2014(a) AND 2016(b)

Ray C. Schrock, P.C. makes this declaration under 28 U.S.C. § 1746:

1.      I am a member of the firm of Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**"), an international law firm with principal offices at 767 Fifth Avenue, New York, New York 10153; regional offices in Washington, D.C.; Houston and Dallas, Texas; Miami, Florida; Boston, Massachusetts; Princeton, New Jersey; Providence, Rhode Island; Redwood Shores, California; and foreign offices in London, United Kingdom; Budapest, Hungary; Warsaw; Poland; Frankfurt and Munich, Germany; Prague, Czech Republic; Paris, France; Beijing, Hong Kong and Shanghai, China; and Dubai, United Arab Emirates.

2.      I submit this Declaration in connection with the Application submitted on the date hereof (the "**Application**"), of Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassis, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and

Chassix, the "**Debtors**"), for authority to employ and retain Weil as their attorneys in the above-

captioned chapter 11 cases, *nunc pro tunc*, to the date hereof (the "**Commencement Date**"), at

its normal hourly rate in effect from time to time and in accordance with its normal

reimbursement policies, in compliance with sections 329 and 504 of title 11 of the United States

Code (the "**Bankruptcy Code**"), and to provide the disclosure required under Rules 2014(a) and

2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  Unless

otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.  To

the extent any information disclosed herein requires amendment or modification upon Weil's

completion of further review, or as additional party in interest information becomes available to

it, a supplemental declaration will be submitted to the Court reflecting such amended or modified

information.

   3.  Neither I, Weil, nor any member of, counsel to, or associate of the Firm

represents any entity other than the Debtors in connection with these chapter 11 cases.  In

addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither I,

Weil, nor any member of, counsel to, or associate of the Firm represents any party in interest in

these Chapter 11 cases in matters related to these chapter 11 cases.

**Weil Disclosure Procedures**

   4.  Weil, which employs approximately 1,200 attorneys, has a large and

diversified legal practice that encompasses the representation of many financial institutions and

commercial corporations.  Weil has, in the past, represented, currently represents, and may in the

future represent, entities that are claimants or interest holders of the Debtors in matters unrelated

2

to these chapter 11 cases.  Some of those entities are, or may consider themselves to be, creditors

or parties in interest in these chapter 11 cases or otherwise have interests in these cases.

   5.  In preparing this Declaration, I used a set of procedures developed by

Weil to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules,

and the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**")

regarding the retention of professionals by a debtor under the Bankruptcy Code (the "**Firm**

**Disclosure Procedures**").  Pursuant to the Firm Disclosure Procedures, I performed, or caused

to be performed, the following actions to identify the parties relevant to this Declaration and to

ascertain Weil's connection to such parties:

  a.  A comprehensive list of the types of entities who may have contacts with the Debtors was developed through discussions with the Weil attorneys who have provided services to the Debtors and in consultation with senior management of the Debtors (the "**Retention Checklist**").  A copy of the Retention Checklist is attached hereto as **Annex "A."**

  b.  Weil obtained information responsive to the Retention Checklist through several inquiries of the Debtors' senior management and review of documents provided by the Debtors to Weil.  Weil then used that information, together with other information identified by Weil, to compile a list of the names of entities that may be parties in interest in these chapter 11 cases (the "**Potential Parties in Interest**").

  c.  Weil maintains a master client database as part of its conflict clearance and billing records.  The master client database includes the names of the entities for which any attorney time charges have been billed since the database was first created (the "**Client Database**").  The Client Database includes the name of each current or former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the Weil personnel who are or were responsible for current or former matters for such client.  It is the policy of Weil that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict clearance system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the name of the matter, adverse parties, and, in some cases, parties related to the client or to an adverse party.  Accordingly, the database is updated for every new matter undertaken by Weil.  The accuracy of the system is a function of the

completeness and accuracy of the information submitted by the attorney opening a new matter.

d.   Weil compared the names of each of the Potential Parties in Interest to client matters in the Client Database for which professional time was recorded during the two years prior to the comparison.[2]  Any matches to names in the Client Database generated by the comparison were compiled, together with the names of the respective Weil personnel responsible for the identified client matters (the "**Client Match List**").

e.   A Weil attorney then reviewed the Client Match List and deleted obvious name coincidences and individuals or entities that were adverse to Weil's clients in both this matter and the matter referenced on the Client Match List.

f.   Using information in the Client Database concerning entities on the Client Match List and making general and, if applicable, specific inquires of Weil personnel, Weil verified that it does not represent and has not represented any entity on the Client Match List in connection with the Debtors or these chapter 11 cases.

g.   In addition, a general inquiry to all Weil personnel (attorneys and staff) was sent by electronic mail to determine whether any such individual or any member of his or her household (i) owns any debt or equity securities of Chassix Holdings or any of its affiliates or subsidiaries; (ii) holds a claim against or interest adverse to Chassix Holdings or any of its affiliates or subsidiaries; (iii) is or was an officer, director, or employee of Chassix Holdings or any of its affiliates or subsidiaries; (iv) is related to or has any connections to Bankruptcy Judges in the Southern District of New York; or (v) is related to or has any connections to anyone working in the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**").

<u>**Weil's Connections with the Debtors**</u>

6.    Weil compiled responses to the foregoing inquiries for the purpose of preparing this Declaration.  Responses to the inquiry described in paragraph 5(g) above reflect that, as of the Commencement Date, no Weil personnel or member of the household of any Weil personnel holds any claims against, stock of, or other interests in the Debtors and that no such

---

[2]  For purposes of the Firm Disclosure Procedures, Weil considers an entity a "former client" if all matters for such client have been closed, but professional time was recorded within the past two years.  Because the Firm Disclosure Procedures only reflect client activity during the past two years, matches to client matters outside that timeframe are not reflected in this Declaration.

WEIL:\95271041\1\35076.0003

individuals held any significant employment with the Debtors.[3]  Furthermore, the spouse of a

Weil partner is a Bankruptcy Judge for the United States Bankruptcy Court for the Southern

District of New York, and certain Weil attorneys clerked or otherwise worked with certain

Bankruptcy Judges in the Southern District of New York.  In addition, prior to working at Weil,

a Weil partner who was then at another law firm, worked with a partner who is now a

Bankruptcy Judge in the Southern District of New York.  Finally, a Weil associate attended

school with the children of a Bankruptcy Judge in the Southern District of New York.

7.    In addition, one of the individual associates currently directly involved in

representing the Debtors in connection with these chapter 11 cases previously clerked for the

Honorable Robert E. Grossman, in the United States Bankruptcy Court for the Eastern District of

New York, within the past year.  Judge Grossman is currently also sitting in the United States

Bankruptcy Court for the Southern District of New York.

8.    Weil has provided the necessary services to enable the Debtors to

commence the instant cases under Chapter 11.  Weil was primarily responsible for the

preparation of the chapter 11 petitions and initial motions and applications relating to these

chapters 11 case and their commencements.

**Weil's Connections with Parties in Interest
in Matters Unrelated to These Chapter 11 Cases**

9.    Either I, or an attorney working under my supervision, reviewed the

connections between Weil and the clients identified on the Client Match list, and the connections

between those entities and the Debtors.  After such review, either I, or an attorney working under

my supervision, determined, in each case, that Weil does not hold or represent an interest that is

---

[3] Certain Weil personnel or members of the household of Weil personnel may unknowingly hold stock or other
interests in the Debtors in blind or discretionary accounts.

WEIL:\95271041\1\35076.0003

adverse to the Debtors' estates and that Weil is a "disinterested person" as such term is defined

in section 101(14) of the Bankruptcy Code, as modified by section 1007(b) of the Bankruptcy

Code, for the reasons discussed below.

        10.    Weil previously represented, currently represents, and may represent in

the future the entities described below (or their affiliates), in matters unrelated to the Debtors.

These disclosures, attached hereto as **Annex "B,"** are the product of implementing the Firm

Disclosure Procedures.  An entity is listed as a "Current Client" on **Annex "B"** if Weil has any

open matters for such entity or a known affiliate of such entity and attorney time charges have

been recorded on any such matters within the past two years.  An entity is listed as a "Former

Client" on **Annex "B"** if Weil represented such entity or a known affiliate of such entity within

the past two years based on recorded attorney time charges on a matter, but all matters for such

entity or any known affiliate of such entity have been formally closed.  Weil has not represented,

does not represent, and will not represent any entities list on **Annex "B"** in matters directly

related to the Debtors or these chapter 11 cases.

        11.    To the best of my knowledge and information, the annual fees for the last

twelve months paid to by Weil by any entity listed on **Annex "B,"** other than General Electric

Capital Corporation, Morgan Stanley Investment Management, Inc., and Providence Equity

Partners, Inc., did not exceed 1% of the annual gross revenue of Weil.

        12.    In addition to the entities identified on **Annex "B,"** the entities identified

on **Annex "C"** attached hereto either (i) have a name similar to a client identified on the Client

Match List or (ii) are or may be related to such a client (collectively, the "**Potentially Related**

**Clients**").  After a diligent effort, Weil was unable to determine whether the similarity of names

was, in fact, a name coincidence or whether, and to what extent, the Potential Client is related to

WEIL:\95271041\1\35076.0003

a client identified on the Client Match List. Out of an abundance of caution, however, Weil has

confirmed that, similar to the clients identified above, Weil has not represented, does not

represent, and will not represent any of the Potentially Related Clients in matters directly related

to the Debtors or these chapter 11 cases.

13.    In addition to the foregoing, through diligent inquiry, I have ascertained

no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified

by section 1107(b), and Bankruptcy Rule 2014(a), between Weil and (i) the U.S. Trustee or any

person employed by the U.S. Trustee, (ii) any attorneys, accountants, or financial consultants in

these chapter 11 cases, or (iii) any investment bankers who represent or may represent the

Debtors, claimants, or other parties in interest in these chapter 11 cases, except as set forth

herein.[4]   As part of its practice, Weil appears in cases, proceedings, and transactions involving

many different attorneys, accountants, financial consultants, and investment bankers, some of

whom now, or may in the future, represent claimants and other parties in interest in these cases.

Weil has not represented, and will not represent, any of such parties in relation to the Debtors or

their chapter 11 cases. Weil does not have any relationship with any such attorneys, accountants,

financial consultants, or investment bankers that would be adverse to the Debtors or their estates.

14.    Additionally, Weil has represented, and may currently represent, entities

that hold, or may in the future hold, certain of the Debtors' debt in beneficial accounts on behalf

of unidentified parties. Because distressed debt is actively traded in commercial markets, Weil

may be unaware of the actual holder of such debt at any given moment. Weil also represents

---

[4] Certain family members or members of the household of Weil personnel are affiliated with investment banking firms that may represent the Debtors in the future. Weil submits that should such investment banking firms become parties in interest in these chapter 11 cases, such a *de minimis* connection, if any, would not affect Weil's disinterestedness.

7

numerous entities in unrelated matters that may buy and/or sell distressed debt or claims of chapter 11 debtors.

15.     Despite the efforts described herein to identify and disclose Weil's connections with the parties in interest in these chapter 11 cases, because the Debtors have numerous relationships, Weil is unable to state with certainty that every client relationship or other connection has been disclosed.  In this regard, Weil will continue to apply the Firm Disclosure Procedures.  If any new material, relevant facts, or relationships are discovered or arise, Weil will promptly file a supplemental disclosure with the Court.

## Weil Is Disinterested

16.     Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe Weil does not hold or represent an interest adverse to the Debtors' estates in the matters upon which Weil is to be employed, and Weil is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

## Weil's Retainer, Rates, and Billing Practices

17.     Weil is not a creditor of the Debtors.  During the ninety (90) day period prior to the Commencement Date, Weil received advances in the amount of $4,812,572.53 for services to be performed and expenses incurred, including in preparation for the commencement of these chapter 11 cases.  Weil intends to apply this advance to any outstanding amounts relating to the period prior to the Commencement Date that were not processed through Weil's billing system as of the Commencement Date and to retain the balance on account of services rendered and expenses incurred subsequent to the Commencement Date.

18.     Weil intends to charge the Debtors for services rendered in these chapter 11 cases at Weil's normal hourly rates in effect at the time the services are rendered. Weil's current customary hourly rates, subject to change from time to time, are $865.00 to $1,250.00 for members and counsel, $465.00 to $850.00 for associates, and $195.00 to $350.00 for paraprofessionals.

19.     Weil also intends to seek reimbursement for expenses incurred in connection with its representation of the Debtors in accordance with Weil's normal reimbursement policies, subject to any modifications to such policies that Weil may be required to make to comply with the General Order M-412 (Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further order of the Court. Weil's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, with respect to duplication charges, Weil will charge $.10 per page because the actual cost is difficult to determine. Similarly, as it relates to computerized research, Weil believes that it does not make a profit on that service as a whole, although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by Weil in-house or through a third-party vendor) include, but are not limited to, facsimiles, toll calls,

9

overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees.

20.     No promises have been received by Weil, or any member, counsel, or associate of Weil, as to payment or compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines.  Furthermore, Weil has no agreement with any other entity to share compensation received by Weil or by such entity.

21.     The Application requests approval of Weil's retention on rates, terms, and conditions consistent with what Weil charges non-chapter 11 debtors, namely, prompt payment of Weil's hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable.  Subject to these terms and conditions, Weil intends to apply for allowance of compensation for professional services rendered in these chapter 11 cases and for reimbursement of actual and necessary expenses relating thereto in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines.

**Coordination with Other Professionals for the Debtors**

22.     Weil is aware that the Debtors have submitted, or intend to submit, separate applications to retain, inter alia, Lazard Frères & Co. LLC, as investment banker, FTI Consulting, Inc., to provide David Woodward as interim chief financial officer for the Debtors and to supply supplemental support staff, and Ernst & Young LLP, as independent auditors and tax advisors.  Weil, in conjunction with the Debtors' General Counsel, intends to carefully monitor and coordinate the efforts of all professionals retained by the Debtors in these chapter 11

10

cases and will delineate their respective duties so as to prevent duplication of services whenever

possible.

### ATTORNEY STATEMENT PURSUANT TO FEE GUIDELINES

23.    The following is provided in response to the request for additional

information set forth in Paragraph D.1 of the Fee Guidelines.

| | |
|---|---|
| **Question**: | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| **Response**: | No. |
| **Question**: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| **Response**: | No. |
| **Question**: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| **Response**: | Weil represented the Debtors for approximately five months prior to the Commencement Date.  Paragraph 18 herein discloses the billing rates used by Weil for the prepetition engagement.  Weil's billing rates and material financial terms with respect to this matter have not changed postpetition. |
| **Question**: | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? |
| **Response**: | Yes, our client has approved a prospective budget in connection with its debtor-in-possession financing through the period ending July 31, 2015.  Our client has also approved a staffing plan. |

24.    The foregoing constitutes the statement of Weil pursuant to sections

327(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

WEIL:\95271041\1\35076.0003

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

/s/ Ray C. Schrock, P.C.
Ray C. Schrock, P.C.
Member, Weil, Gotshal & Manges LLP

12

**Annex A**
**Retention Checklist**

**Retention Checklist**

- Debtors, Affiliates & Subsidiaries
- Debtors' Trade Names and Aliases (up to 8 years) (a/k/a/, f/k/a/, d/b/a/)
- Debtors' Joint Venture Counterparties
- Top 100 Accounts Payable
- Agent for Asset Based Loan
- ABL Syndicated Lenders
- Trustee for Senior Secured Notes
- Holders of Senior Secured Notes
- Trustee for Unsecured Notes
- Holders of Unsecured Notes
- Capital Lease Counterparties
- Current Officers and Directors
- Former Officers and Directors (past 6 years)
- Professionals to be Retained
- Ordinary Course Professionals
- Insurance Providers
- Litigation Parties
- Taxing Authorities (Federal, State, Local)
- Regulatory Agencies (Federal, State, Local)
- Utility Companies
- Vendors
- Landlords
- United States Bankruptcy Judges for the S.D.N.Y.
- Office of the United States Trustee for the S.D.N.Y.
- Shareholders
- Non-Debtor Parent Companies
- Holders of 5 Largest Secured Claims
- Members of Ad Hoc or Unofficial Creditors Committee & Professionals
- Interested Parties
- Executory Contract Counterparties
- Customers
- Unions
- Major Competitors

**Annex B**
**List of Current and Former Clients**

| Matched Entity | Relationship to Debtors | Relationship to WEIL |
|---|---|---|
| American Express | Vendors | **Affiliate of Current Client** |
| Apollo Dif Management LLP | Holders of Senior Secured Notes | **Affiliate of Current Client** |
| Ares Management LLC | Holders of Senior Secured Notes | **Current Client** |
| Automatic Data Processing | Vendors | **Former Client (last billed date within two years)** |
| Avenue Investments | Holders of Senior Secured Notes<br>Holders of Unsecured Notes | **Affiliate of Current Client** |
| AXA Investment Managers Inc. | Holders of Senior Secured Notes | **Affiliate of Current Client** |
| Bank of America Leasing & Capital, LLC | Capital Lease Counterparties | **Affiliate of Current Client** |
| Bank of Montreal<br>BMO Harris Bank N.A.<br>BMO Capital Markets Corp. | ABL Syndicated Lenders<br>Agent for ABL Loan<br>Holder of Five Largest Secured Claims | **Current Client or Affiliates of Current Client** |
| BlackRock Financial Management | Holders of Senior Secured Notes | **Current Client or Affiliate of Current Client** |
| Brigade Capital Management, LLC | Holders of Senior Secured Notes | **Current Client** |
| Chrysler Group, LLC<br>Fiat Chrysler Automobiles | Customers | **Current Client and Affiliate of Current Client** |
| CI Investments Inc. | Holders of Senior Secured Notes | **Current Client** |
| Comcast | Utility Companies | **Affiliate of Current Client** |
| Daimler Group | Customer | **Current Client** |
| Delaware Management – Philadelphia | Holders of Senior Secured Notes | **Current Client or Affiliate of Current Client** |

| Matched Entity | Relationship to Debtors | Relationship to WEIL |
|---|---|---|
| Dell Financial Services L.L.C | Capital Lease Counterparties | **Affiliate of Current Client** |
| Dell Marketing L.P. | Vendors | **Affiliate of Current Client** |
| Dell Marketing L.P. | Vendors ($5,000-$10,000) | **Affiliate of Current Client** |
| EMC | Vendors | **Current Client** |
| Fidelity Management<br>Fidelity Management & Research Company | Holders of Unsecured Notes<br>Holders of Senior Secured Notes | **Affiliates of Current Client** |
| First Specialty Insurance Corporation | Insurance Providers | **Affiliate of Current Client** |
| Fives North American Combustion | Vendors | **Affiliate Current Client** |
| GE Capital<br>GE Business Financial Services, Inc. | Capital Lease Counterparties<br>Vendors | **Current Client or Affiliate of Current Client** |
| General Motors Company | Customers | **Current Client and Affiliate of Current Client** |
| Great American Assurance Corporation | Insurance Providers | **Current Client** |
| Grede LLC – St. Cloud<br>Grede LLC<br>Grede Holdings, LLC<br>Grede Holdings, LLC – Reedsburg<br>Grede Foundries, Inc.<br>Grede Casting Integrity | Vendors<br>Competitors | **Affiliate of Current Client** |
| GSO Capital Partners LP | Holders of Senior Secured Notes | **Current Client and Affiliate of Current Client** |
| HHI Formtech, LLC | Top 100 Accounts Payable<br>Vendors | **Affiliate of Current Client** |
| Hitachi Metals America | Competitors | **Affiliate of Current Client** |
| International Paper | Vendors | **Current Client** |
| JP Morgan Investment Management | Holders of Senior Secured Notes | **Affiliate of Current Client** |

2

| Matched Entity | Relationship to Debtors | Relationship to WEIL |
|---|---|---|
| Lazard Frères & Co. | Professionals to be Retained | **Current Client or Affiliate of Current Client** |
| Mackay Shields LLC | Holders of Senior Secured Notes | **Current Client** |
| Mercedes-Benz USA, LLC | Customer | **Current Client and Affiliate of Current Client** |
| Microsoft Software | Vendors | **Current Client or Affiliate of Current Client** |
| Morgan Stanley Investments Morgan Stanley Investment Management, Inc. | Holder of Unsecured Notes Holders of Senior Secured Notes | **Affiliates of Current Client** |
| National Union Fire Insurance Company of Pittsburgh PA | Insurance Providers | **Affiliate of Current Client** |
| Neuberger Berman Fixed Income LLC | Holders of Senior Secured Notes | **Affiliate of Current Client** |
| Nomura Corporate Research Nomura Corporate Research Asset Management Inc. | Holder of Unsecured Notes Holders of Senior Secured Notes | **Affiliates of Current Client** |
| Oaktree Capital Management, LLC | Holders of Senior Secured Notes Holder of Unsecured Notes | **Current Client and Affiliate of Current Client** |
| Platinum Dharma Principals, LLC Platinum Equity Capital Dharma Partners-PF, L.P. Platinum Equity Capital Dharma Partners, L.P. Platinum Equity Capital Dharma Partners-A, L.P. Platinum Equity Capital Partners III, L.P. Platinum Equity Capital Partners-A III, L.P. Platinum Equity Capital Partners-B III, L.P. Platinum Equity Capital Partners-C III, L.P | Shareholders | **Current Client or Affiliates of Current Client** |
| Providence Equity Partners Inc. | Holders of Senior Secured Notes Holders of Unsecured Notes | **Current Client and Affiliate of Current Client** |

3

| Matched Entity | Relationship to Debtors | Relationship to WEIL |
|---|---|---|
| Staples<br>Staples Business Advantage | Vendors | **Current Client** |
| Tennenbaum Capital Partners | Holders of Senior Secured Notes | **Current Client** |
| Verizon<br>Verizon Business<br>Verizon Wireless<br>Verizon Credit Inc. | Capital Lease Counterparties<br>Utility Companies<br>Vendors | **Affiliate of Current Client** |
| Wells Fargo Equipment Finance, Inc. | Capital Lease Counterparties | **Current Client and Affiliate of Current Client** |

WEIL:\95271041\1\35076.0003

**Annex C**
**List of Potentially Related Clients**

| Matched Entity | Relationship to Debtors | Relationship to WEIL |
|---|---|---|
| Fagor-Brandt | Top 100 Accounts Payable | **Potential Relation to Current Client** |
| iStar DMI, LLC | Landlord | **Potential Relation to Current Client** |
| UBS O'Connor LLC | Holders of Senior Secured Notes | **Potential Relation to Current Client** |

**Exhibit B**
**Di Serio Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

|                                      |   |                              |
|--------------------------------------|---|------------------------------|
| In re                                | : | **Chapter 11**               |
|                                      | : |                              |
| **CHASSIX HOLDINGS, INC.,** *et al.*,| : | **Case No. 15-_____ (___)**  |
|                                      | : |                              |
|                                      | : | **Jointly Administered**     |
| Debtors.[1]                          | : |                              |
|                                      | : |                              |

------------------------------------------------------------x

### DECLARATION OF BIBI N. DI SERIO IN SUPPORT OF APPLICATION OF DEBTORS PURSUANT 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a) AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR AUTHORITY TO EMPLOY AND RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Bibi N. Di Serio makes this declaration under 28 U.S.C. § 1746:

1.      I am the Vice President and General Counsel of Chassix, Inc. ("**Chassix**") and its domestic subsidiaries.  In my current role at Chassix, I am responsible for supervising outside counsel and monitoring and managing legal fees and expenses.

2.      On the date hereof (the "**Commencement Date**"), Chassix Holdings, Inc., Chassix, and each of their domestic subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**"), commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  I submit this Declaration in support of the Debtors' application (the "**Application**"), pursuant to section 327(a) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012).  The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

"**Bankruptcy Rules**") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for authority to employ and retain Weil, Gotshal & Manges LLP ("**Weil**" of the "**Firm**"), as attorneys for the Debtors in the above-captioned chapter 11 cases *nunc pro tunc* to the Commencement Date, filed contemporaneously herewith.[2]

3.      This Declaration is provided pursuant to Paragraph D.2 of the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Fee Guidelines**").  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon knowledge and experience as General Counsel of the Debtors.  I am authorized to submit this Declaration on behalf of the Debtors.

4.      The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure their bankruptcy professionals are subject to the same client-driven market forces, security, and accountability as professionals in non-bankruptcy engagements.  The Debtors first engaged Weil in October 2014 to assist the Debtors in analyzing strategic alternatives with respect to the Debtors' capital structure and restructuring alternatives.  The Debtors chose Weil based upon Weil's reputation and experience in the restructuring field, upon the Debtors' particular circumstances, and upon discussions with Weil's attorneys who were proposed to work on this matter.  Since October 2014, Weil has assisted the Debtors in evaluating a number of potential restructuring alternatives and, in the

---

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

WEIL:\95271041\1\35076.0003

process, has become intimately familiar with the Debtors' capital structure and operations, as well as with the key creditors and other stakeholders in these chapter 11 cases.

5.      As General Counsel, I was actively involved in negotiating the terms of Weil's engagement on behalf of the Debtors.  Weil has confirmed to me that the Firm does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement.  Weil has advised me that its current customary U.S. hourly rates are $865 to $1,250 for members and counsel, $465 to $850 for associates, and $195 to $350 for paraprofessionals.  It is my understanding that Weil reviews and adjusts its billing rates annually, typically on January 1st of each year.[3]  Weil has advised me that it will inform the Debtors of any adjustment to its existing rate structure.

6.      I am informed by Weil that its attorneys' billing rates are aligned each year to ensure that its rates are comparable to the billing rates of its peer firms.  However, to the extent there is any disparity in such rates, I nevertheless believe that Weil's retention by the Debtors is warranted in these cases for the reasons set forth in the Debtors' Application.

7.      I understand that Weil's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of these chapter 11 cases by, among other parties, the Office of the United States Trustee, the Debtors, and any official committee appointed in these chapter 11 cases in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court governing the procedures for approval of interim compensation of professionals retained in chapter 11 cases.

8.      As General Counsel of the Debtors, in the normal course of business, I supervise and manage legal fees and expenses incurred by the Debtors' outside counsel.  I

---

[3] In January 2015, Weil adjusted its standard billing rates for its professionals in the normal course.

3

personally review the Debtors' outside counsel invoices and authorize all legal fees and expenses prior to the payment of such fees to outside counsel.  In doing so, I assure that all requested fees and expenses are not unreasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors and their estates.  The aforementioned review and approval process does not differ when the Debtors employ outside counsel for non-bankruptcy cases.  Moreover, Weil has informed me that the Debtors will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtors determine that such adjustments are necessary and appropriate, which requests will be carefully considered by Weil.

9.      Additionally, on behalf of the Debtors, I have approved a prospective staffing plan.  I will continue to review the invoices that the Debtors submit and, together with Weil, amend such invoices as necessary.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 12th day of March, 2015

/s/ Bibi N. Di Serio
Bibi N. Di Serio
Vice President and General Counsel,
Chassix, Inc.

4

**Exhibit C**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                           :

In re                               :        **Chapter 11**
                                           :

**CHASSIX HOLDINGS, INC.,** *et al.,*   :        **Case No. 15-_____ (___)**
                                         :

                                         :        **Jointly Administered**
               **Debtors.**[1]   :
                                         :

-----------------------------------------------------------x

### ORDER PURSUANT 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a) AND 2016, AND LOCAL RULE 2014-1 AND 2016-1 AUTHORIZING THE RETENTION AND EMPLOYMENT OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the Application, dated March ___, 2015 (the "**Application**"),[2] of Chassix

Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates

and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, including Chassix Holdings and Chassix, the "**Debtors**"), pursuant to section

327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules Rule 2014(a) and

2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-

1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local**

**Rules**") for entry of an order authorizing the employment of Weil, Gotshal & Manges LLP

("**Weil**") as attorneys for the Debtors, effective as of March ___, 2015 (the "**Commencement**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

**Date**"), under a general retainer, all as more fully described in the Application; and upon the

declaration of Ray C. Schrock, P.C., a member of Weil, annexed to the Application as **Exhibit**

**"A"** (the "**Schrock Declaration**") and the declaration of Bibi N. Di Derio, Vice President and

General Counsel for the Debtors, annexed to the Application as **Exhibit "B"** (the "**Di Serio**

**Declaration**"); and the Court being satisfied, based on the representations made in the

Application and the Schrock Declaration, that Weil is "disinterested" as such term is defined in

section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy

Code, and as required under section 327(a) of the Bankruptcy Code, and that Weil represents no

interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged;

and the Court having jurisdiction to consider the Application and the relief requested therein in

accordance with 28. U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-

431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Application having been provided to (i) the Office of the United States Trustee for the

Southern District of New York (the "**U.S. Trustee**"); (ii) the holders of the five largest secured

claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest

unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO

Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan,

Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank

National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes

due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor

trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated

2

as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii)

the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the

OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and

Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United States

Attorney's Office for the Southern District of New York; and it appearing that no other or further

notice need be provided; and a hearing having been held to consider the relief requested in the

Application (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had

before the Court; and the Court having found and determined that the relief sought in the

Application is in the best interests of the Debtors, their estates, creditors, and all parties in

interest and that the legal and factual bases set forth in the Application establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy

Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to

employ and retain Weil as their attorneys in these chapter 11 cases under a general retainer, in

accordance with Weil's normal hourly rates and disbursement policies, all as contemplated by

the Application, *nunc pro tunc* to the Commencement Date; and it is further

ORDERED that Weil is authorized to render the following professional services:

    a.  Prepare on behalf of the Debtors, as debtors and debtors in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

    b.  Take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

WEIL:\95271041\1\35076.0003

   c. Take all necessary actions in connection with a chapter 11 plan and related disclosure statement(s), and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates; and

   d. Perform all other necessary legal services in connection with the prosecution of these chapter 11 cases;

and it is further

  ORDERED that Weil shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any further order of the Court; and it is further

  ORDERED that Weil shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines; and it is further

  ORDERED that Weil shall apply any remaining amounts of its prepetition advance against expenses toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses; and it is further

  ORDERED that Weil shall provide ten (10) business days' notice to the Debtors, the United States Trustee for the Southern District of New York, and any statutory committee appointed in these chapter 11 cases in connection with any increase of the hourly rates listed in the Schrock Declaration; and it is further

  ORDERED that Weil shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases; and it is further

4

ORDERED that notice of the Application as provided therein shall be deemed good and sufficient notice of the Application; and it is further

ORDERED that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2015
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

WEIL:\95271041\1\35076.0003