UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                                          :
In re                                                     :    Chapter 11
                                                          :
CHASSIX HOLDINGS, INC., *et al.*,                         :    Case No. 15-10578 (MEW)
                                                          :
                                                          :    Jointly Administered
                    Debtors.[1]                           :
                                                          :
----------------------------------------------------------x

### INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 363(b)(1) AND 105(a) AND FED. R. BANK. P. 9019 AUTHORIZING DEBTORS TO ENTER INTO ACCOMMODATION AGREEMENTS WITH CUSTOMERS

Upon the motion, dated March 12, 2015 (the "**Motion**"),[2] of Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**"), pursuant to sections 363(b)(1) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order authorizing the Debtors to enter into (a) that certain accommodation agreement (together with any exhibits or schedules thereto, the "**Multi-Customer Accommodation Agreement**"), dated March 11, 2015, between and among General Motors LLC ("**GM**"), Ford

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012).  The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Motor Company ("**Ford**"), FCA US LLC f/k/a Chrysler Group LLC ("**FCA**"), Nissan North America, Inc. ("**Nissan**"), the Debtors, PNC Bank, National Association, as agent for the lenders under the Debtors' debtor-in-possession asset-based revolving credit facility (the "**DIP ABL Agent**"), and Cantor Fitzgerald Securities, as agent for the lenders under the Debtors' debtor-in-possession term loan facility (the "**DIP Term Agent**" and together with the DIP ABL Agent, the "**DIP Agents**"), and (b) that certain accommodation agreement (together with any exhibits or schedules thereto, the "**BMW Accommodation Agreement**" and together with the Multi-Customer Accommodation Agreement, the "**Accommodation Agreements**"), between and among the Debtors, BMW Manufacturing Co., LLC ("**BMW**" and together with Ford, GM, FCA, and Nissan collectively, the "**OEM Customers**"), the DIP ABL Agent and the DIP Term Agent, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"); (ii) the holders of the five largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan, Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware

2

Trust Company, as successor trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United States Attorney's Office for the Southern District of New York (the "**Notice Parties**"); and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Allan Declaration**"), filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief ~~sought in the Motion~~ **granted in this Order** is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis, as provided herein; and it is further

ORDERED that, pursuant to sections 363(b)(1) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the Accommodation Agreements annexed to the Motion are approved **on an interim basis** and the Debtors are authorized, on an interim basis, to enter into **and to perform** the Accommodation Agreements and any other transactions or agreements

3

related thereto, including, without limitation, the Access Agreement, **through and including the date of a final hearing on this Motion;** and it is further

ORDERED that the Debtors shall serve this Interim Order within three (3) business days of its entry on the Notice Parties; and it is further

ORDERED that notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party; and it is further

ORDERED that the requirements of Bankruptcy Rule 6003(b) have been satisfied; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that, notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that a hearing to consider entry of an order granting the relief in the Motion on a final basis shall be held on April 7**, 2015, at 11:00 a.m. (Prevailing Eastern Time)** and any objections or responses to the Motion shall be in writing, filed with the Court, and served upon (i) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C.); and (ii) the Notice Parties, in each case so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on March 30, 2015**; and it is further

ORDERED that this Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; <u>provided</u> that the Court's ultimate

4

disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order; and it is further

ORDERED that the Debtors are authorized to take all steps necessary to carry out this Interim Order; and it is further

ORDERED that the relief granted herein shall be binding upon any chapter 11 trustee and/or examiner appointed in these chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases under chapter 7; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

Dated: March 13, 2015
      New York, New York

                                        **s/Michael E. Wiles**
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Multi-Customer Accommodation Agreement**

2

**Exhibit C**

**BMW Accommodation Agreement**

2