UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
: 
In re : Chapter 11
:
CHASSIX HOLDINGS, INC., *et al.*, : Case No. 15-10578 (MEW)
:
: Jointly Administered
Debtors.[1] :
:
---------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 521 AND 105(a),
FED. R. BANKR. P. 1007(c), 2015.3 AND 9006(b), AND LOCAL RULE
1007-1 (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND
LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS
AND (II) GRANTING ADDITIONAL TIME TO FILE 2015.3 REPORTS**

Upon the motion, dated March 12, 2015 (the "**Motion**"),[2] of Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**"), pursuant to sections 521 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007(c), 2015.3 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order (i) extending the fourteen (14) day period to file their (a)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

schedules of assets and liabilities, (b) schedules of executory contracts and unexpired leases, and (c) statements of financial affairs (collectively, the "**Schedules**"), and (ii) granting additional time to file reports of financial information in respect of entities in which the Debtors' estates hold a controlling or substantial interest or a modification of such reporting requirements (the "**2015.3 Reports**"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the holders of the five largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan, Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United States Attorney's Office for the Southern District of New York; and it appearing that no other or further

notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, filed contemporaneously with the Motion, and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to sections 521 and 105(a) of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-1, the time by which the Debtors shall file their Schedules is extended by an additional fifteen (15) days, through April 10, 2015, without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefor; and it is further

ORDERED that, pursuant to Bankruptcy Rule 2015.3(d), the Debtors are granted an extension until ~~thirty (30) days after the 341 Meeting~~ **April 10, 2015** to file their initial 2015.3 Reports or to file a motion seeking a modification of such reporting requirements, for cause, without prejudice to the Debtors' right to seek further extensions of such date; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: March 13, 2015
      New York, New York

      **s/Michael E. Wiles**
      United States Bankruptcy Judge