**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11
                                                    :
**CHASSIX HOLDINGS, INC.**, *et al.*,               :    Case No. 15-10578 (MEW)
                                                    :
                                                    :    Jointly Administered
         Debtors.[1]                                :
                                                    :
-------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 342(a), AND 521(a)(1), FED. R. BANKR. P. 1007(a) AND 2002(a), (d), (f) AND (*l*), AND LOCAL RULE 1007-1 (I) WAIVING REQUIREMENT TO FILE LIST OF CREDITORS AND (II) GRANTING DEBTORS AUTHORITY TO ESTABLISH PROCEDURES FOR NOTIFYING CREDITORS OF COMMENCEMENT OF DEBTORS' CHAPTER 11 CASES

Upon the motion, dated March 12, 2015 (the "**Motion**"),[2] of Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**"), pursuant to sections 105(a), 342(a), and 521(a)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007(a), 2002(a), (d), (f), and (*l*) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order (i) waiving the requirement to file a list of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

creditors, and (ii) authorizing the Debtors to establish procedures for notifying creditors of the commencement of these chapter 11 cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**341 Meeting**"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) the holders of the five largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan, Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii) the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United States Attorney's Office for the Southern District of New York; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Declaration of J. Mark Allan Pursuant to Rule

2

1007-2 of the Local Bankruptcy Rules for the Southern District of New York, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the requirements under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and the Standing Orders that the Debtors file lists of their creditors with the Court are waived; and it is further

ORDERED that, as soon as practicable after entry of an order authorizing the engagement of a claims and noticing agent in these cases (the "**Claims and Noticing Agent**"), the Debtors shall furnish to the Claims and Noticing Agent a consolidated list containing the names and last known addresses of the Debtors' creditors (the "**List of Creditors**"); and it is further

ORDERED that the notice of the commencement of these chapter 11 cases and of the 341 Meeting, substantially in the form annexed hereto as **Exhibit "1"** (the "**Notice of Commencement**"), is approved; and it is further

ORDERED that on or before the date that is twenty-one (21) days prior to the date on which the 341 Meeting is to be held, the Debtors, with the assistance of the Claims and Noticing Agent, shall mail the Notice of Commencement to all creditors on the Debtors' List of Creditors and to the Debtors' equity holders; and it is further

ORDERED that, pursuant to Bankruptcy Rule 2002(*l*), the Debtors, with the assistance of the Claims and Noticing Agent, shall cause the Notice of Commencement to be

3

published (i) once in the national edition of *The Wall Street Journal* and *The New York Times* and (ii) on the website to be established by the Claims and Noticing Agent and the website of the Debtors; and it is further

ORDERED that the form and manner of notice as provided herein are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved; and it is further

ORDERED that the Debtors are authorized to take all steps necessary to carry out this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: March 13, 2015
      New York, New York

                                   **s/Michael E. Wiles**
                                   UNITED STATES BANKRUPTCY JUDGE

4

# Exhibit 1

## Proposed Form of Notice of Commencement

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK |||
|---|---|---|
| **In re**<br>**CHASSIX HOLDINGS, INC.,** *et al.*,<br>　　　　　Debtors. || **Chapter 11 Case No:**<br>**15-_____  (   )**<br>**(Jointly Administered)** |
| **Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, & Deadlines** |||
| Chapter 11 bankruptcy cases concerning the debtors listed below were filed on March [_], 2015.  You may be a creditor of one of the debtors.  **This notice lists important deadlines**.  You may want to consult an attorney to protect your rights.  **You are not being sued or forced into bankruptcy**.  All documents filed with the Bankruptcy Court, including lists of the Debtors' assets and liabilities, will be available for inspection at the Office of the Clerk of the Bankruptcy Court and the Court's website, www.nysb.uscourts.gov, as well as (A) by written request to the Debtors' Claims and Noticing Agent, Prime Clerk LLC, at the following address:  830 Third Avenue, 9th Floor, New York, NY 10022; (B) by phone at 844-224-1137; or (C) by accessing its website at https://cases.primeclerk.com/chassix.  Note that you need a PACER password and login to access documents on the Bankruptcy Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). |||
| NOTE:  The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and the Debtors' Claims and Noticing Agent cannot give legal advice. |||
| See Reverse Side for Important Explanations |||
| **Name of Debtor** | **Case Number** | **Tax Identification Number** |
| Automotive Properties of New York, LLC | 15-_____(   ) | 30-0024323 |
| Chassix Holdings, Inc. | 15-_____(   ) | 46-4089249 |
| UC Holdings, Inc. | 15-_____(   ) | 76-0805026 |
| Chassix, Inc. | 15-_____(   ) | 46-1525728 |
| Diversified Machine, Inc. | 15-_____(   ) | 02-0758762 |
| Diversified Machine Bristol, LLC | 15-_____(   ) | 38-2265409 |
| Chassix Georgia Machining, LLC | 15-_____(   ) | 27-1111940 |
| DMI Columbus, LLC | 15-_____(   ) | 27-1111833 |
| Diversified Machine Montague, LLC | 15-_____(   ) | 38-1854771 |
| Diversified Machine, Milwaukee LLC | 15-_____(   ) | 26-1500875 |
| DMI Edon LLC | 15-_____(   ) | 27-0951847 |
| Mexico Products I, LLC | 15-_____(   ) | 27-0393039 |
| DMI China Holding LLC | 15-_____(   ) | 45-3214331 |
| Concord International, Inc. | 15-_____(   ) | 38-2973536 |
| SMW Automotive, LLC | 15-_____(   ) | 38-3269452 |
| Automotive, LLC | 15-_____(   ) | 38-3492897 |
| Chassis Co. of Michigan, LLC | 15-_____(   ) | 38-3752692 |
| AluTech, LLC | 15-_____(   ) | 32-0100012 |

WEIL:\95272087\1\35076.0003

| | |
|---|---|
| **OTHER NAMES USED BY THE DEBTORS IN THE PAST 8 YEARS**: DMI SMW Holding Corporation; Automotive Corporation, Inc.; Chassis Corp. of Michigan; DMI Columbus Real Estate Holdings, LLC; Diversified Machine Bristol, Inc.; Diversified Machine Montague, Inc.; Metaldyne Chassis Products, LLC; SMW Automotive Corporation; and Dharma Merger Corporation | |
| <u>Attorneys for Debtors</u><br>Marcia L. Goldstein<br>Ray C. Schrock, P.C.<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153-0119<br>Telephone: 212-310-8000<br>Facsimile: 212-310-8007 | **DATE, TIME, AND LOCATION OF MEETING OF CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**<br>_____ __, 20__ at __:___ _.m. (prevailing Eastern Time)<br>Location: _____ |

**DEADLINE TO FILE A PROOF OF CLAIM**
None at this time.  When the Court sets a claims deadline, you will be notified and provided a proof of claim form by mail.

**CREDITOR WITH A FOREIGN ADDRESS**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**
Notice of deadline will be sent at a later time

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS**
 IN MOST INSTANCES, THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY.  UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE COURT TO EXTEND OR IMPOSE A STAY.  IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED.  COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS.  CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.

| | |
|---|---|
| <u>Address of the Clerk of the Bankruptcy Court</u><br>Clerk of the United States Bankruptcy Court,<br>One Bowling Green, New York, New York  10004-1408<br>Telephone:  212-668-2870 | For the Court:  Vito Genna<br>Clerk of the Bankruptcy Court |
| Hours Open: 8:30 a.m. – 5:00 p.m. | Date: _____ |

2

| | EXPLANATIONS |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Court by each of the debtors named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtors will remain in possession of the debtors' property and may continue to operate their businesses. |
| Legal Advice | The staff of the bankruptcy clerk's office or the United States Trustee's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the debtors by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtors; repossessing the debtors' property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtors can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side. *The debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office. If your claim is scheduled and is *not* listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claim is not listed at all *or* if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan. The court has not yet set a deadline to file a Proof of Claim. If a deadline is set, you will be sent another notice. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial.<br>**Filing Deadline for a Creditor with a Foreign Address**: The deadline for filing claims will be set in a later court order and will apply to all creditors unless the order provides otherwise. If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the objection by that deadline. |
| Bankruptcy Clerk's Office | Any paper that you file in these bankruptcy cases should be filed on the court's Electronic Case File System (ECF) using an attorney's login and password issued by the court or on a diskette or compact disk (CD) in PDF format. If you are unable to file electronically or to submit a copy of your filing on diskette or compact disk (CD), you may file conventionally, provided that you submit with your filing an affidavit of your inability to comply. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

3