**HEARING DATE AND TIME: April 10, 2015 at 10:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: March 30, 2015 at 4:00 p.m. (Eastern Time)**

Marcia L. Goldstein
Ray C. Schrock, P.C.
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                       :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **CHASSIX HOLDINGS, INC.,** *et al.*, | : | **Case No. 15-10578 (MEW)** |
| | : | |
| | : | **(Jointly Administered)** |
| **Debtors.**[1] | : | |
| | : | |

---------------------------------------------------------x

### NOTICE OF SUPPLEMENTAL FILING OF REVISED ORDERS WITH RESPECT TO CERTAIN MATTERS TO BE HEARD AT APRIL 10, 2015 HEARING

        PLEASE TAKE NOTICE that on March 12, 2015 (the "**Commencement Date**"),

Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**") and certain of their

affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11

cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**"), each commenced a

case under title 11 of the United States Code (the "**Bankruptcy Code**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings are not debtors in these chapter 11 cases.

PLEASE TAKE FURTHER NOTICE that a hearing was held before the Honorable Michael E. Wiles, United States Bankruptcy Judge, on March 13, 2015 (the "**First Day Hearing**"), at the United States Bankruptcy Court for the Southern District of New York, where the Court approved, on an interim basis, certain motions and other requests for relief filed by the Debtors on the Commencement Date (the "**First Day Motions**"). A hearing has been scheduled for April 10, 2015 at 10:00 a.m. (Prevailing Eastern Time) (the "**April 10 Hearing**") to consider final approval of the First Day Motions and other pleadings filed by the Debtors on the Commencement Date.

PLEASE TAKE FURTHER NOTICE that on April 6, 2015, the Debtors filed that certain *Notice of Filing Revised Orders With Respect to Certain Matters to be Heard at April 10, 2015 Hearing* (ECF No. 195) that included revised forms of orders to be presented by the Debtors to the Court for final approval at the April 10 Hearing in connection with certain of the First Day Motions and other pleadings identified therein.

PLEASE TAKE FURTHER NOTICE that annexed as exhibits hereto are certain additional revised forms of orders (together with redlines showing any changes from the forms of order filed by the Debtors or entered by the Court on the Commencement Date) to be presented by the Debtors to the Court for final approval at the April 10 Hearing in connection with certain of the First Day Motions and other pleadings identified on Schedule 1 hereto.

PLEASE TAKE FURTHER NOTICE that the forms of orders annexed hereto may be revised or amended prior to the April 10 Hearing, or on the record at the April 10 Hearing, without further notice.

Dated:  April 7, 2015
        New York, New York

/s/ Ray C. Schrock, P.C.
Marcia L. Goldstein
Ray C. Schrock, P.C.

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**Schedule 1**

**Additional Orders to be Presented at April 10 Hearing**

- **Exhibit A:**  Order Approving Motion of the Debtors Pursuant To 11 U.S.C. §§ 107(b) and Fed. R. Bankr. P. 9018 For an Order Authorizing the Debtors to File Exhibits to Accommodation Agreements Under Seal (ECF No. 42).

- **Exhibit B:**  Order Approving Motion of Debtors Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) for Entry of Order (I) Approving Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. §§ 503(b)(9) and (II) Prohibiting Vendors from Pursuing Such Claims Outside the Procedures (ECF No. 35).

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
                                                        :
In re                                                   :        **Chapter 11**
                                                        :
CHASSIX HOLDINGS, INC., *et al.*,                       :        **Case No. 15-10578 (MEW)**
                                                        :
                                                        :        **Jointly Administered**
                        Debtors.[1]                     :
                                                        :
--------------------------------------------------------x

### FINAL ORDER PURSUANT TO 11 U.S.C. § 107(b) AND
### FED. R. BANKR. P. 9018 AUTHORIZING DEBTORS TO FILE
### EXHIBITS TO ACCOMMODATION AGREEMENTS UNDER SEAL

Upon the motion, dated March 12, 2015 (ECF No. 42) (the "**Motion**"),[2] of

Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their

affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11

cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**"), pursuant to section

107(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9018 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order

authorizing the Debtors to file the schedules and exhibits to the Accommodation Agreements

under seal and to redact certain information set forth in the Accommodation Agreements, all as

more fully described in the Motion; and the Court having jurisdiction to consider the Motion and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

the relief requested therein in accordance with 28. U.S.C. §§ 157 and 1334 and the Amended

Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion having been provided to (i) the Office of the United States

Trustee for the Southern District of New York (the "**U.S. Trustee**"); (ii) the holders of the five

largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty

(40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for

BMO Harris Bank, N.A., as administrative agent under that certain Amended and Restated Loan,

Security and Guaranty Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank

National Association, as trustee under that certain Indenture for 9 1/4% Senior Secured Notes

due 2018, dated as of July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor

trustee under that certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated

as of December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii)

the attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the

OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and

Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United States

Attorney's Office for the Southern District of New York (the "**Notice Parties**"); and it appearing

that no other or further notice need be provided; and a hearing having been held on March 13,

2015 to consider the relief requested in the Motion (the "**Interim Hearing**") on an interim basis,

and the Court having entered an order granting the relief requested in the Motion on an interim

basis and scheduling the final hearing on the Motion for April 7, 2015 (the "**Final Hearing**");

and upon the Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York (the "**Allan Declaration**"), filed

contemporaneously with the Motion, the Declaration of David J. Woodward filed in support of

the Motion, and the record of the Interim Hearing, the Final Hearing and all of the proceedings

had before the Court; and there being no objections to the Motion that have not been withdrawn

or resolved by the terms of this Final Order; and the Court having found and determined that the

Customer-Specific Agreements and Accommodation Agreements contain confidential,

commercial information, and that the relief sought in the Motion is in the best interests of the

Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on a final basis as provided herein; and it is

further

ORDERED that the Debtors are authorized on a final basis, pursuant to section

107(a) of the Bankruptcy Code and Bankruptcy Rule 9018, to file the Customer-Specific

Agreements under seal and to redact the Confidential Information from the Accommodation

Agreements; and it is further

ORDERED that the Confidential Information is confidential and shall remain

under seal, and shall not be made available to anyone, except that un-redacted copies shall be

provided to the Court, the U.S. Trustee and the professionals for the Official Committee of

Unsecured Creditors on a confidential basis, and to any other parties as otherwise ordered or

required by the Court; and it is further

ORDERED that any party in interest seeking access to the Confidential

Information shall file an appropriate motion with the Court seeking such relief on appropriate

notice; and it is further

ORDERED that the Debtors are authorized to take all steps necessary to carry out

this Final Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Final Order.

Dated: _____, 2015
       New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                          :
In re                                     :      Chapter 11
                                          :
CHASSIX HOLDINGS, INC., *et al.*,         :      Case No. 15-10578 (MEW)
                                          :
                                          :      Jointly Administered
              Debtors.[1]                 :
                                          :
---------------------------------------------------------x

<u>~~INTERIM~~FINAL ORDER PURSUANT TO 11 U.S.C. § 107(b) AND
FED. R. BANKR. P. 9018 AUTHORIZING DEBTORS TO FILE
EXHIBITS TO ACCOMMODATION AGREEMENTS UNDER SEAL</u>

Upon the motion, dated March 12, 2015 (ECF No. 42) (the "**Motion**"),[2] of

Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their

affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter

11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**"), pursuant to

section 107(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9018

of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an

order authorizing the Debtors to file the schedules and exhibits to the Accommodation

Agreements under seal and to redact certain information set forth in the Accommodation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012).  The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Agreements, all as more fully described in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157 and

1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska,

C.J.); and consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

(i) the Office of the United States Trustee for the Southern District of New York (the "**U.S.**

**Trustee**"); (ii) the holders of the five largest secured claims against the Debtors (on a

consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the

Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as

administrative agent under that certain Amended and Restated Loan, Security and Guaranty

Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National Association,

as trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of

July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor trustee under that

certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of

December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii) the

attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the

OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities

and Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United States

Attorney's Office for the Southern District of New York (the "**Notice Parties**"); and it

appearing that no other or further notice need be provided; and a hearing having been held on

March 13, 2015 to consider the relief requested in the Motion (the "**Interim Hearing**") on an

interim basis, and the Court having entered an order granting the relief requested in the Motion on an interim basis and scheduling the final hearing on the Motion for April 7, 2015 (the "**Final** Hearing"); and upon the Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Allan Declaration**"), filed contemporaneously with the Motion, the Declaration of David J. Woodward filed in support of the Motion, and the record of the Interim Hearing, the Final Hearing and all of the proceedings had before the Court; and there being no objections to the Motion that have not been withdrawn or resolved by the terms of this Final Order; and the Court having found and determined that the Customer-Specific Agreements and Accommodation Agreements contain confidential, commercial information, and that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on ~~an interim~~a final basis as provided herein; and it is further

ORDERED that the Debtors are authorized on ~~an interim~~a final basis, pursuant to section 107(a) of the Bankruptcy Code and Bankruptcy Rule 9018, to file the Customer-Specific Agreements under seal and to ~~the~~ redact the Confidential Information from the Accommodation Agreements; and it is further

ORDERED that the Confidential Information is confidential and shall remain under seal, and shall not be made available to anyone ~~prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the~~

"**Final Hearing**"), except that un-redacted copies shall be provided to the Court and, the U.S.

Trustee and the professionals for the Official Committee of Unsecured Creditors on a

confidential basis, and to any other parties as otherwise ordered or required by the Court; and

it is further

ORDERED that prior to the Final Hearing, the Debtors and the U.S. Trustee

shall meet and confer about the Confidential Information and the relief requested in the

Motion; provided that if the Debtors and the U.S. Trustee are unable to reach an agreement

regarding the Confidential Information prior to the Final hearing, the Debtors will move

forward with the Motion and it shall remain the Debtors' burden to obtain the relief sought;

ORDERED that any party in interest seeking access to the Confidential

Information shall file an appropriate motion with the Court seeking such relief on appropriate

notice; and it is further

ORDERED that the Debtors are authorized to take all steps necessary to carry

out this InterimFinal Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

InterimFinal Order.

Dated: _____, 2015
    New York, New York

 

                  _____
                  UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
:
In re                                              :          Chapter 11
:
CHASSIX HOLDINGS, INC., *et al.*,                  :          Case No. 15-10578 (MEW)
:
:          Jointly Administered
Debtors.[1]                       :
:
---------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 503(b)(9) AND 105(a) (I) APPROVING PROCEDURES FOR THE ASSERTION, RESOLUTION, AND SATISFACTION OF CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9) AND (II) PROHIBITING VENDORS FROM PURSUING SUCH CLAIMS OUTSIDE THE PROCEDURES

Upon the motion, dated March 12, 2015 (ECF No. 35) (the "**Motion**"),[2] of

Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their

affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11

cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**"), pursuant to

sections 503(b)(9) and 105(a) of the Bankruptcy Code, for an order approving the procedures

(the "**Procedures**") for the assertion of unpaid claims pursuant to section 503(b)(9) of the

Bankruptcy Code (the "**503(b)(9) Claims**") and prohibiting vendors from pursuing 503(b)(9)

Claims outside of the Procedures, all as more fully set forth in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28. U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

§§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012

(Preska, C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

(i) the Office of the United States Trustee for the Southern District of New York (the "**U.S.**

**Trustee**"); (ii) the holders of the five largest secured claims against the Debtors (on a

consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the

Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as

administrative agent under that certain Amended and Restated Loan, Security and Guaranty

Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National Association, as

trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of July

23, 2013; (vi) the attorneys for Delaware Trust Company, as successor trustee under that certain

Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of December 13,

2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii) the attorneys for the

Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the OEM Customers;

(xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities and Exchange

Commission; (xiii) the Internal Revenue Service; and (xiv) the United States Attorney's Office

for the Southern District of New York; and it appearing that no other or further notice need be

provided; and a hearing having been held to consider the relief requested in the Motion (the

"**Hearing**"); and upon the Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local

Bankruptcy Rules for the Southern District of New York, filed contemporaneously with the

Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court

having found and determined that the relief sought in the Motion is in the best interests of the

2

Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the following Procedures (the "**Procedures**"), which Procedures

are hereby authorized and approved in their entirety, shall apply to all 503(b)(9) Claims:

(a)     Any Vendor asserting a 503(b)(9) Claim must prepare a proof of claim (a "**Proof of 503(b)(9) Claim**") that sets forth (i) the value of the Goods the Vendor contends the Debtors received within twenty (20) days before the Commencement Date; (ii) documentation, including invoices, receipts, purchase orders, bills of lading, and the like, identifying the particular Goods for which the claim is being asserted; (iii) documentation regarding which Debtor the Goods were shipped to, the date the Goods were received by such Debtor, and the alleged value of such Goods; and (iv) a statement indicating (I) whether the value of such Goods listed in the Proof of 503(b)(9) Claim represents a combination of services and Goods, (II) the percentage of value related to services and related to Goods, and (III) whether the Vendor has filed any other claim against any Debtor regarding the Goods underlying its Proof of 503(b)(9) Claim;

(b)     All Proofs of 503(b)(9) Claims must be mailed to the Debtors' proposed claims and noticing agent, Prime Clerk LLC, at Chassix Claims Processing Center c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022, with a copy served on (i) the Debtors, 300 Galleria Officentre, Suite 501, Southfield, Michigan 48034 (Attn: Kelly Seychel); and (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Melissa Siegel, Esq.), so as to be received no later than the sixtieth (60) day after the Commencement Date (the "**503(b)(9) Claim Filing Deadline**");

(c)     The Debtors shall have forty-five (45) days (or such later date as may be approved by the Court) after the 503(b)(9) Claim Filing Deadline and after consultation with the advisors to the Official Committee of Unsecured Creditors (the "**Creditors Committee**") and the advisors for the Informal Committee of Noteholders, to file

3

with the Court and serve any objections (the "**Objections**") to timely filed 503(b)(9) Claims (the "**Objection Deadline**");

(d)  The Creditors Committee shall have the right to object to the 503(b)(9) Claims before the Objection Deadline.

(e)  Vendors shall have until fifteen (15) days after the filing of the applicable Objection to file with the Court and serve on the attorneys for the Debtors, the attorneys for the Creditors Committee and the attorneys for the Informal Committee of Noteholders any replies to such Objections;

(f)  All timely filed 503(b)(9) Claims will be deemed allowed unless objected to by the Debtors or the Creditors Committee on or before the Objection Deadline;

(g)  Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Vendor and to seek an agreement resolving any Objection to such Vendor's 503(b)(9) Claim.  The approval of such an agreement will be subject to notice and a hearing;

(h)  If the Debtors cannot reach agreement with a Vendor regarding a particular Objection to such Vendor's 503(b)(9) Claim, the Debtors will schedule the matter for a hearing by the Court;

(i)  To the extent a 503(b)(9) Claim is allowed, such 503(b)(9) Claim will be satisfied pursuant to and as set forth in such chapter 11 plan as shall be confirmed by the Court, any agreement between the Debtors and the holder of a 503(b)(9) claim or as otherwise ordered by the Court after notice and an opportunity for a hearing; provided that the Debtors reserve the right to exercise any lawful right of setoff against any 503(b)(9) Claim;

(j)  Vendors shall be forever barred, without further order of the Court, from asserting a Section 503(b)(9) Claim after the expiration of the 503(b)(9) Claim Filing Deadline, but shall not be barred from asserting a related or unrelated general unsecured claim; and

(k)  Notwithstanding the foregoing, to the extent the Debtors and a Vendor reconcile a Vendor's 503(b)(9) Claim without the need for the Debtors to file an Objection, the Debtors shall be authorized, but not directed, in their discretion, to enter into an agreement to resolve and pay such Vendor's 503(b)(9) Claim in the ordinary course if the Debtors determine it is in the estates' best interests to do so; provided that the Debtors shall not pay any 503(b)(9) Claim

4

in an aggregate amount greater than $250,000 owed to a Vendor that has refused or failed to commit to provide the Debtors' with Customary Trade Terms without (i) the prior consent (which consent may be secured via telephone or electronic mail) of the Informal Committee of Noteholders, which consent may not be unreasonably delayed, conditioned or withheld and (ii) two (2) days' advance notice to the Creditors Committee (which notice shall be accompanied by supporting documentation reasonably acceptable to the Creditors Committee), or if the Debtors determine in their business judgment that, due to exigent circumstances, such notice is not reasonably practicable, such advance notice as is provided to the Informal Committee of Noteholders.  In the event an objection is lodged by the Creditors Committee, the Debtors shall work with the Creditors Committee's professionals to resolve the objection.  If, after good faith negotiations, the Debtors and the Creditors Committee are unable to resolve the objection, the Debtors or the Creditors Committee, as the case may be, are authorized to seek expedited relief from this Court with respect to the disputed payment, which relief may include, among other things, disgorgement of any payment made to a Vendor pursuant to this paragraph.  As used herein, "Customary Trade Terms" means industry trade terms and existing contractual obligations between the parties including rebates and discounts, and shall in no event be worse than the most favorable terms and credit limits in effect within the two years before the Commencement Date, or such other trade terms as agreed by the Debtors and the respective Vendor.

ORDERED that the foregoing Procedures are the sole and exclusive method for the assertion, resolution, allowance and satisfaction of 503(b)(9) Claims against the Debtors and that all Vendors are prohibited from using any other means for the assertion, resolution, allowance or satisfaction of 503(b)(9) Claims, including, without limitation, the filing of a motion for allowance, or to compel payment, of any 503(b)(9) Claim; and it is further

ORDERED that to the extent a Vendor asserting a 503(b)(9) Claim has been paid pursuant to another order entered by the Court in these chapter 11 cases, the Procedures shall not apply and any such 503(b)(9) Claim shall be deemed withdrawn without the need for any application to, or further order of, the Court; and it is further

5

ORDERED that, from and after the date of entry of this Order, the Debtors shall provide the professionals for the Creditors Committee and the Informal Committee of Noteholders with the following: (a) a report that identifies potential 503(b)(9) Claims; and (b) on a semiweekly basis from and after the date of entry of this Order, a summary of all transactions effected pursuant to the Procedures set forth in this Order, which report shall be in a form agreed to by the Debtors and the Creditors Committee and shall be disclosed to the Creditors Committee's professionals only; <u>provided</u> that the professionals may share reporting data with the members of the Creditors Committee if the Vendors' identifying information is redacted; and it is further

ORDERED that notwithstanding anything to the contrary contained herein, (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under the Debtors' postpetition financing agreements (the "**DIP Documents**") and any orders approving the DIP Documents and governing the Debtors' use of cash collateral (including with respect to any budgets governing or relating thereto) and (b) to the extent there is any inconsistency between the terms of such orders approving the DIP Documents or the Debtors' use of cash collateral and any action taken or proposed to be taken hereunder, the terms of such orders approving the DIP Documents and use of cash collateral shall control; and it is further

ORDERED that nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Order is not intended to

6

be and shall not be construed as an admission to the validity of any claim or a waiver of the

Debtors' rights to dispute such claim subsequently; and it is further

ORDERED that notwithstanding entry of this Order, nothing herein shall create,

nor is intended to create, any rights in favor of or enhance the status of any claim held by, any

party; and it is further

ORDERED that the Debtors are authorized to take all steps necessary to carry out

this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Order.

Dated: _____, 2015
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

WEIL:\95287466\5\35076.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                   :
In re                         :        Chapter 11
                   :
CHASSIX HOLDINGS, INC., *et al.,*   :        Case No. 15-~~——~~10578 (~~——~~MEW)
                   :
                   :        **Jointly Administered**
           Debtors.[1]     :
                   :
-------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 503(b)(9) AND 105(a) (I) APPROVING PROCEDURES FOR THE ASSERTION, RESOLUTION, AND SATISFACTION OF CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9) AND (II) PROHIBITING VENDORS FROM PURSUING SUCH CLAIMS OUTSIDE THE PROCEDURES

          Upon the motion, dated March ~~——~~12, 2015 (ECF No. 35) (the "**Motion**"),[2] of

Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their

affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter

11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**~~," and together

with their non-Debtor subsidiaries, the "Company~~"), pursuant to sections 503(b)(9) and

105(a) of the Bankruptcy Code, for an order approving the procedures (the "**Procedures**") for

the assertion of unpaid claims pursuant to section 503(b)(9) of the Bankruptcy Code (the

"**503(b)(9) Claims**") and prohibiting vendors from pursuing 503(b)(9) Claims outside of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Procedures, all as more fully set forth in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157 and

1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska,

C.J.); and consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

(i) the Office of the United States Trustee for the Southern District of New York (the "**U.S.**

**Trustee**"); (ii) the holders of the five largest secured claims against the Debtors (on a

consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the

Debtors (on a consolidated basis); (iv) the attorneys for BMO Harris Bank, N.A., as

administrative agent under that certain Amended and Restated Loan, Security and Guaranty

Agreement, dated as of July 23, 2013; (v) the attorneys for U.S. Bank National Association,

as trustee under that certain Indenture for 9 1/4% Senior Secured Notes due 2018, dated as of

July 23, 2013; (vi) the attorneys for Delaware Trust Company, as successor trustee under that

certain Indenture for 10% / 10 3/4% Senior PIK Toggle Notes due 2018, dated as of

December 13, 2013; (vii) the attorneys for the Informal Committee of Noteholders; (viii) the

attorneys for the Revolving DIP Lenders; (ix) the attorneys for the DIP Term Lenders; (x) the

OEM Customers; (xi) the attorneys for Platinum Equity Advisors, LLC; (xii) the Securities

and Exchange Commission; (xiii) the Internal Revenue Service; and (xiv) the United States

Attorney's Office for the Southern District of New York; and it appearing that no other or

further notice need be provided; and a hearing having been held to consider the relief

requested in the Motion (the "**Hearing**"); and upon the Declaration of J. Mark Allan Pursuant

to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, filed

contemporaneously with the Motion, the record of the Hearing and all of the proceedings had

before the Court; and the Court having found and determined that the relief sought in the

Motion is in the best interests of the Debtors, their estates, creditors, and all parties in

interest, and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the following Procedures (the "**Procedures**"), which

Procedures are hereby authorized and approved in their entirety, shall apply to all 503(b)(9)

Claims:

(a)    Any Vendor asserting a 503(b)(9) Claim must prepare a proof of claim (a "**Proof of 503(b)(9) Claim**") that sets forth (i) the value of the Goods the Vendor contends the Debtors received within twenty (20) days before the Commencement Date; (ii) documentation, including invoices, receipts, purchase orders, bills of lading, and the like, identifying the particular Goods for which the claim is being asserted; (iii) documentation regarding which Debtor the Goods were shipped to, the date the Goods were received by such Debtor, and the alleged value of such Goods; and (iv) a statement indicating (I) whether the value of such Goods listed in the Proof of 503(b)(9) Claim represents a combination of services and Goods, (II) the percentage of value related to services and related to Goods, and (III) whether the Vendor has filed any other claim against any Debtor regarding the Goods underlying its Proof of 503(b)(9) Claim;

(b)    All Proofs of 503(b)(9) Claims must be mailed to the Debtors' proposed claims and noticing agent, Prime Clerk LLC, at Chassix Claims Processing Center c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022, with a copy served on (i) the Debtors, 300 Galleria Officentre, Suite 501, Southfield, Michigan 48034 (Attn: Kelly Seychel); and (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Melissa Siegel, Esq.), so as to be received no later than the ~~seventy-fifth~~sixtieth (~~75~~60) day after the Commencement Date (the "**503(b)(9) Claim Filing Deadline**");

3

(c)     The Debtors shall have ~~seven~~forty-five (~~75~~45) days (or such later date as may be approved by the Court) after the 503(b)(9) Claim Filing Deadline and after consultation with the advisors to the Official Committee of Unsecured Creditors (the "**Creditors Committee**") and the advisors for the Informal Committee of Noteholders, to file with the Court and serve any objections (the "**Objections**") to timely filed 503(b)(9) Claims (the "**Objection Deadline**");

(d)     The Creditors Committee shall have the right to object to the 503(b)(9) Claims before the Objection Deadline.

(e)     ~~(d)~~ Vendors shall have until ~~thirty~~fifteen (~~30~~15) days after the filing of the applicable Objection to file with the Court and serve on the attorneys for the Debtors, the attorneys for the Creditors Committee and the attorneys for the Informal Committee of Noteholders any replies to such Objections;

(f)     ~~(e)~~ All timely filed 503(b)(9) Claims will be deemed allowed unless objected to by the Debtors or the Creditors Committee on or before the Objection Deadline;

(g)     ~~(f)~~ Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Vendor and to seek an agreement resolving any Objection to such Vendor's 503(b)(9) Claim.  The approval of such an agreement will be subject to notice and a hearing;

(h)     ~~(g)~~ If the Debtors cannot reach agreement with a Vendor regarding a particular Objection to such Vendor's 503(b)(9) Claim, the Debtors will schedule the matter for a hearing by the Court;

(i)     ~~(h)~~ To the extent a 503(b)(9) Claim is allowed, such 503(b)(9) Claim will be satisfied pursuant to and as set forth in such chapter 11 plan as shall be confirmed by the Court, any agreement between the Debtors and the holder of a 503(b)(9) claim or as otherwise ordered by the Court after notice and an opportunity for a hearing; <u>provided</u> that the Debtors reserve the right to exercise any lawful right of setoff against any 503(b)(9) Claim; ~~and~~

(j)     ~~(i)~~ Vendors shall be forever barred, without further order of the Court, from asserting a Section 503(b)(9) Claim after the expiration of the 503(b)(9) Claim Filing Deadline, but shall not

4

be barred from asserting a related or unrelated general unsecured claim.; and

(k)     Notwithstanding the foregoing, to the extent the Debtors and a Vendor reconcile a Vendor's 503(b)(9) Claim without the need for the Debtors to file an Objection, the Debtors shall be authorized, but not directed, in their discretion, to enter into an agreement to resolve and pay such Vendor's 503(b)(9) Claim in the ordinary course if the Debtors determine it is in the estates' best interests to do so; provided that the Debtors shall not pay any 503(b)(9) Claim in an aggregate amount greater than $250,000 owed to a Vendor that has refused or failed to commit to provide the Debtors' with Customary Trade Terms without (i) the prior consent (which consent may be secured via telephone or electronic mail) of the Informal Committee of Noteholders, which consent may not be unreasonably delayed, conditioned or withheld and (ii) two (2) days' advance notice to the Creditors Committee (which notice shall be accompanied by supporting documentation reasonably acceptable to the Creditors Committee), or if the Debtors determine in their business judgment that, due to exigent circumstances, such notice is not reasonably practicable, such advance notice as is provided to the Informal Committee of Noteholders.  In the event an objection is lodged by the Creditors Committee, the Debtors shall work with the Creditors Committee's professionals to resolve the objection.  If, after good faith negotiations, the Debtors and the Creditors Committee are unable to resolve the objection, the Debtors or the Creditors Committee, as the case may be, are authorized to seek expedited relief from this Court with respect to the disputed payment, which relief may include, among other things, disgorgement of any payment made to a Vendor pursuant to this paragraph.  As used herein, "Customary Trade Terms" means industry trade terms and existing contractual obligations between the parties including rebates and discounts, and shall in no event be worse than the most favorable terms and credit limits in effect within the two years before the Commencement Date, or such other trade terms as agreed by the Debtors and the respective Vendor.

ORDERED that the foregoing Procedures are the sole and exclusive method for the assertion, resolution, allowance and satisfaction of 503(b)(9) Claims against the Debtors and that all Vendors are prohibited from using any other means for the assertion, resolution,

allowance or satisfaction of 503(b)(9) Claims, including, without limitation, the filing of a

motion for allowance, or to compel payment, of any 503(b)(9) Claim; and it is further

ORDERED that to the extent a Vendor asserting a 503(b)(9) Claim has been

paid pursuant to another order entered by the Court in these chapter 11 cases, the Procedures

shall not apply and any such 503(b)(9) Claim shall be deemed withdrawn without the need for

any application to, or further order of, the Court; and it is further

ORDERED that, from and after the date of entry of this Order, the Debtors

shall provide the professionals for the Creditors Committee and the Informal Committee of

Noteholders with the following:  (a) a report that identifies potential 503(b)(9) Claims; and

(b) on a semiweekly basis from and after the date of entry of this Order, a summary of all

transactions effected pursuant to the Procedures set forth in this Order, which report shall be

in a form agreed to by the Debtors and the Creditors Committee and shall be disclosed to the

Creditors Committee's professionals only; provided that the professionals may share reporting

data with the members of the Creditors Committee if the Vendors' identifying information is

redacted; and it is further

ORDERED that notwithstanding anything to the contrary contained herein, (a)

any payment to be made, or authorization contained, hereunder shall be subject to the

requirements imposed on the Debtors under the Debtors' postpetition financing agreements

(the "**DIP Documents**") and any orders approving the DIP Documents and governing the

Debtors' use of cash collateral (including with respect to any budgets governing or relating

thereto) and (b) to the extent there is any inconsistency between the terms of such orders

approving the DIP Documents or the Debtors' use of cash collateral and any action taken or

WEIL:\95287466\5\35076.0004

proposed to be taken hereunder, the terms of such orders approving the DIP Documents and use of cash collateral shall control; and it is further

ORDERED that nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.  Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently; and it is further

ORDERED that notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party; and it is further

ORDERED that the Debtors are authorized to take all steps necessary to carry out this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2015
      New York, New York

                          _____
                          UNITED STATES BANKRUPTCY JUDGE

WEIL:\95287466\5\35076.0004