AKIN GUMP STRAUSS HAUER & FELD LLP
Lisa G. Beckerman
Arik Preis
Jason P. Rubin
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
lbeckerman@akingump.com
apreis@akingump.com
jrubin@akingump.com

*Counsel to the Official Committee of*
*Unsecured Creditors of Chassix Holdings, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re:**                                                     :    **Chapter 11**
                                                               :
**CHASSIX HOLDINGS, INC.,** *et al,*                           :    **Case No. 15-10578 (MEW)**
                                                               :
                              **Debtors.**[1]                  :    **(Jointly Administered)**
---------------------------------------------------------------x

**PRELIMINARY OBJECTION TO CONFIRMATION OF THE
PLAN FROM THE OFFICIAL COMMITTEE OF
<u>UNSECURED CREDITORS OF CHASSIX HOLDINGS, INC.,</u>** *<u>et al.</u>*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012).

The Official Committee of Unsecured Creditors (the "Committee") of Chassix Holdings, Inc. ("Chassix Holdings"), Chassix Inc. and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") preliminarily objects to confirmation of the Plan for the reasons set forth below and will supplement this preliminary objection further after the conclusion of discovery on or before the June 19 objection deadline:

1.      In a letter dated April 24 from the Committee to the Debtors' unsecured creditors, which was included in the Debtor's solicitation materials (the "April 24 Letter"), the Committee informed unsecured creditors that (a) it was investigating certain key Plan issues, (b) had not yet made a decision whether to recommend that unsecured creditors vote in favor of, or against the Plan, and (c) urged creditors to, among other things, monitor the docket regarding the issues raised in the April 24 Letter.

2.      The Committee can now affirmatively state that it objects to confirmation of the Plan and, absent a settlement, intends to press its objection at confirmation, unless the Plan is modified to, among other things, (i) accurately reflect the value of the Reorganized Debtors, and (ii) remove the releases granted to the Debtors' equity holder, Platinum Equity ("Platinum"), of all claims and causes of action that could be brought against it by or on behalf of Debtor Chassix Holdings, Inc. or its creditors, including claims and causes of action relating to the payment to Platinum of a dividend of approximately $140 million (the "Special Dividend").[2]

3.      More specifically, the Debtors assert that the Reorganized Debtors' enterprise value is between $450 - $550 million, with a midpoint of $500 million, and that this value will be supported at confirmation by expert testimony from Lazard Frères & Co. LLC ("Lazard"). In

---

[2] To date, the Committee's investigation has included the review of documents produced by the Debtors and Platinum, and fact depositions of, among others, the Debtors' Vice-President of Planning and Analysis, former CFO, current interim CFO, a principal from the Debtors' financial advisor FTI Consulting, Inc., and a Platinum principal. The Committee is scheduled to depose four additional Debtor and Platinum witnesses this week.

contrast, expert testimony presented by the Committee from Teneo Securities LLC ("Teneo") will show that the midpoint of the Reorganized Debtors' enterprise value is at least $150 million higher. This difference in valuation materially impacts Plan distributions. Under the Committee's analysis, the holders of Secured Notes Claims will recover well in excess of 100% of the amount of their claims—at the direct expense of the Debtors' unsecured creditors, who are entitled to any incremental value left after the holders of Secured Notes Claims receive a full recovery on their claims. Indeed, based on the Committee's current estimate of value, unsecured creditors in classes 5 and 6 are entitled to receive a substantial recovery on their claims, rather than the 16.1% and 5% recovery, respectively, that is currently contemplated under the Plan. Accordingly, the Plan denies unsecured creditors the recovery to which they are entitled, and should not be approved.

4. Additionally, the nominal consideration that the Plan proposes to pay creditors of Chassix Holdings is nowhere close to the value of the claims against Platinum that the Plan proposes to release on their behalf. Discovery to date has shown that Chassix Holdings and its creditors are likely to succeed on causes of action against Platinum in connection with the Special Dividend, including causes of action alleging intentional and constructive fraudulent conveyance under the Bankruptcy Code, and violation of the Delaware statute prohibiting the payment of a dividend unless the corporation has a sufficient surplus. *See* 11 U.S.C. §§ 544, 548; Del. General Corporations Law § 173. Any one of these causes of action, if successfully litigated, would likely result in a substantial recovery to the creditors of Chassix Holdings. Chassix Holdings, however, acting through a board of directors composed solely of Platinum employees, has agreed to release these causes of action, in exchange for only a small fraction of

their value.  This lopsided agreement fails to satisfy the provisions of the Bankruptcy Code and Rules of Procedure, and should not be approved.

| | |
|---|---|
| New York, New York<br>Dated:  June 10, 2015 | **AKIN GUMP STRAUSS HAUER & FELD LLP**<br><br>By:  /s/ *Arik Preis*<br><br>Lisa G. Beckerman<br>Arik Preis<br>Jason P. Rubin<br>One Bryant Park<br>New York, New York 10036<br>(212) 872-1000 (Telephone)<br>(212) 872-1002 (Facsimile)<br><br>*Counsel to the Official Committee of Unsecured Creditors of Chassix Holdings, Inc.* |