HEARING DATE AND TIME: June 18, 2015 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: June 15, 2015 at 5:00 p.m. (Eastern Time)

Marcia L. Goldstein
Ray C. Schrock, P.C.
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                                       :
**In re**                                              :    **Chapter 11**
                                                       :
**CHASSIX HOLDINGS, INC.,** *et al.*,                  :    **Case No. 15-10578 (MEW)**
                                                       :
                                                       :    **(Jointly Administered)**
                        **Debtors.**[1]                :
                                                       :
-------------------------------------------------------x

## DEBTORS' OBJECTION TO MOTION OF ALLISON TRANSMISSION, INC. FOR TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings, Inc. are not debtors in these chapter 11 cases.

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

Preliminary Statement ............................................................................................................1

Background ..............................................................................................................................3

Allison has Failed to Allege Sufficient Facts in Support of Allison's
Claims and, Therefore, the Allison Claims Should Be Temporarily
Allowed in the Amount of $1.00 for Voting Purposes Only .........................................................5

Allison Should Only be Permitted to Vote Claims
Against the Debtor Entities Named in the Complaint ..................................................................9

Reservation of Rights.............................................................................................................10

i

WEIL:\95370362\1\35076.0003

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Allegheny Int'l, Inc.*,
    954 F.2d 167 (3d Cir. 1992)........................................................6

*Armstrong v. Rushton (In re Armstrong)*,
    294 B.R. 344 (10th Cir. B.A.P. 2003) .........................................6

*In re FRG, Inc.*,
    121 B.R. 451 (Bankr. E.D. Pa. 1990) ...................................5, 6, 8

*Kane v. Johns-Manville Corp.*,
    843 F.2d 636 (2d Cir. 1988) (Miner, J., concurring) .........................8

*In re Lloyd E. Mitchell, Inc.*,
    373 B.R. 416 (Bankr. D. Md. 2007) ..........................................8

*In re Penn. Truck Lines, Inc.*,
    189 B.R. 331 (Bankr. E.D. Pa. 1995) .......................................3

*Pension Benefit Guaranty Corp. v. Enron Corp.*,
    04-CIV-5499, 2004 WL 2434928 (S.D.N.Y. Nov. 1, 2004) .............5, 6, 9

*In re Quigley Co.*,
    346 B.R. 647 (Bankr. S.D.N.Y 2006)........................................6

*Rock Airport of Pittsburgh, LLC v. Mgmt. Sci. Assocs., Inc.*
    *(In re Rock Airport of Pittsburgh, LLC)*,
    No. 09-23155, 2014 WL 3893359 (Bankr. W.D. Pa. Aug. 8, 2014) .......6, 8

*Stone Hedge Props. v. Phx. Capital Corp. (In re Stone Hedge Props.)*,
    191 B.R. 59 (Bankr. M.D. Pa. 1995) .......................................6

**Other Authorities**

*In re Garlock Sealing Techs., LLC*,
    No. 10-31607 (Bankr. W.D.N.C. Apr. 10, 2015), ECF No. 4542 ............8

*In re Longview Power, LLC*,
    No. 13-12211 (BLS) (Bankr. S.D.N.Y. Feb. 24, 2014), ECF No. 942......8

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and

certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the

"**Debtors**," and together with their non-Debtor subsidiaries, the "**Company**") submit this

objection (the "**Objection**") to Allison Transmission, Inc.'s ("**Allison**") Motion for Temporary

Allowance of Claims for Voting Purposes Pursuant to Bankruptcy Rule 3018, dated May 29,

2015 (ECF No. 442) (the "**Motion**[2]"), and respectfully represent as follows:

### Preliminary Statement

1.      By its Motion, Allison is seeking to have the Court temporarily allow, for

voting purposes, eighteen identical unliquidated, contingent, and disputed claims that it has filed

against the Debtors totaling not less than *$1.1 billion* in the aggregate based merely upon a

highly contested and complex litigation that remains in its very early stages, commenced by

Allison against a small subset of the Debtors prior to the Commencement Date.  However, as set

forth below, Allison has failed to allege sufficient facts in support of Allison's claims to warrant

allowance, even temporarily, in any amount let alone the arbitrary and inflated amounts asserted

in their claims.

2.      The Allison Claims (as defined below) – which were filed against each of

the eighteen[3] Debtors despite the fact that only three of the Debtors were named in Allison's

Complaint – consist solely of a copy of the amended complaint filed by Allison in the Litigation

(as defined below).  There are no declarations or other supporting documentation to justify,

---

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion or the *Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* dated April 24, 2015 (EC F No. 323) (the "**Plan**"), as applicable.

[3] In its Motion, Allison identifies only twelve of the eighteen claims that Allison has filed against the Debtors.

support or otherwise lend any credence to Allison's underlying causes of action or the

unliquidated damages asserted in the Complaint (as defined below) and the proofs of claim.  The

lack of evidentiary support is not surprising to the Debtors as the Litigation itself is in its initial

stages.  Discovery and document production remain in their infancy and there has yet to be even

a single ruling by the presiding court on ***any*** of the merits of the underlying claims – claims that

the Debtors vigorously dispute and for which they have asserted numerous affirmative defenses

as well as significant counterclaims as set forth in the Amended Answer annexed hereto as

**Exhibit "A**."  Moreover, as much of the relevant documents and pleadings in this case have been

filed under seal due to Allison's claims of confidentiality, there is little or no information

available for the Court to make a determination on its own regarding the complex set of facts and

circumstances underlying the Complaint, particularly given the short time period in which the

Debtors are seeking to emerge from chapter 11.[4]  Accordingly, Allison has failed to present

sufficient evidence that Allison has a colorable claim capable of temporary estimation under

Bankruptcy Rule 3018.

3.      The Debtors are not seeking to disenfranchise or prevent Allison from

voting on the Plain as Allison maintains in its Motion; rather, the Debtors only seek to have the

Allison Claims valued appropriately for voting purposes in light of the severely disputed and

unsubstantiated nature of those claims and the procedural posture of the Litigation.  In light of

the complex and hotly disputed nature of the Litigation, and consistent with how other courts

have addressed this issue when confronting complex, disputed litigation in its early stages, the

Debtors believe that valuing the Allison Claims, for voting purposes, at $1.00 provides due

weight and consideration to Allison's economic interests in these Chapter 11 Cases and is

---

[4] Since the commencement of the Allison Litigation fifteen months ago, numerous motions have been filed by both the Debtor Defendants (as defined below) and Allison, the majority of which have been very time consuming and costly, and are related to discovery matters.

otherwise consistent with applicable case law.  Accordingly, the Debtors respectfully request the Court deny the Motion and allow the Allison Claims (as defined below) in the amount of $1.00 for voting purposes.  The Debtors further request the Court limit the Allison Claims for voting purposes to the three Debtor entities named in the Complaint.[5]

## Background

4.       On March 12, 2015 (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

5.       On March 19, 2015, the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors in these chapter 11 cases.

6.       By order dated April 10, 2015 (ECF No. 262) (the "**Bar Date Order**"), the Court set May 21, 2015 at 5:00 p.m. (Eastern Time) as the deadline for each person or entity, not including Governmental Units as defined in section 101(27) of the Bankruptcy Code, to file proofs of claim in the Debtors' Chapter 11 Cases (the "**Bar Date**").

7.       Prior to the Bar Date, on May 20, 2015, Allison filed proofs of claim nos. 920, 939, 968, 982, 983, 985, 987, 988, 994, 995, 998, 999, 1001, 1015, 1022, 1023, 1030, and 1052, asserting unliquidated and contingent claims against each of the Debtors in an amount not less than $65,115,558.25 (collectively, the "**Allison Claims**").  The Allison Claims are based upon a prepetition litigation that was commenced by Allison against certain of the Debtors and

---

[5] In addition to requesting its claims be allowed for voting purposes, in its Motion, Allison seemingly implies that the Debtors' Plan is somehow inequitable due to the fact that only parties that vote to reject the Plan are permitted to opt out of the third-party release provisions.  However, this construct is fully consistent with case law as well as the core principle of bankruptcy law that plans of reorganization are contracts between a debtor and its creditors with terms that bind both parties.  *In re Penn. Truck Lines, Inc.*, 189 B.R. 331, 336-37 (Bankr. E.D. Pa. 1995) (noting that by voting in favor of a plan a creditor enters into "a quasi-contractual relationship with the Debtor to be bound by the Plan's terms").  When a creditor chooses to vote to accept a plan of reorganization, it votes to accept the plan as a whole and cannot pick and choose which provisions of the plan will apply to him.

other parties in interest, and are currently pending in the Superior Court, Mario County, in the

State of Indiana titled *Allison Transmission, Inc. v. DMI Milwaukee LLC, Diversified Machine,*

*Milwaukee LLC, Diversified Machine, Inc. (a Delaware Corporation), Diversified Machine, Inc.*

*(an Indiana Corporation) and Chassix, Inc*., No. 49D06-1401-PL-001337 (the "**Litigation**").

The amended complaint filed by Allison in the Litigation, dated March 11, 2014 (the

"**Complaint**"), named three of the Debtors as defendants—Chassix, Diversified Machine, Inc.

("**DMI**"), and Diversified Machine, Milwaukee LLC ("**DMI Milwaukee**" and together with

Chassix and DMI, collectively, the "**Debtor Defendants**")—and asserted claims against the

Debtor Defendants and other parties relating to purported breaches of an alleged supply

agreement with Allison, to which the Debtors Defendants filed the Amended Answer denying all

such claims. *See* Ex. A.

        8.      On April 24, 2015, the Court entered an order (ECF No. 327) (the

"**Solicitation Procedures Order**") approving the Debtors' proposed disclosure statement for the

Plan (ECF No. 324) (the "**Disclosure Statement**") and related solicitation procedures. Pursuant

to the Solicitation Procedures Order, a timely filed proof of claim for a wholly contingent,

unliquidated, or disputed claim is accorded one vote and valued at one dollar ($1.00) for voting

purposes on the Plan, and not for purposes of allowance or distribution. Any creditor seeking to

challenge the allowance of its claim for voting purposes as provided under the Solicitation

Procedures Order is required to file a motion for an order pursuant to Bankruptcy Rule 3018(a)

temporarily allowing such claim for voting purposes in a different amount. *See* Solicitation

Procedures Order at ¶ 5. Pursuant to the Solicitation Procedures Order, the deadline to file any

such motion is June 19, 2015.

WEIL:\95370362\1\35076.0003

9.      On May 29, 2015, Allison filed the Motion, seeking to temporarily allow the Allison Claims for voting purposes only in an amount not less than $65,115,558.25 against each Debtor.[6]

### Allison has Failed to Allege Sufficient Facts in Support of the Allison Claims and, Therefore, the Allison Claims Should Be Temporarily Allowed in the Amount of $1.00 for Voting Purposes Only

10.     Allison asserts that it should be entitled to vote each of its claims in the amount of $65,115,558.25 – the amount of damages asserted by Allison in its unliquidated and contingent proofs of claims – as the Allison Claims are *prima facie* evidence of the validity and amount of its claims, and the Debtors, as the objecting parties, must submit sufficient countervailing evidence to rebut this presumption.  However, as the Debtors have responded to the Complaint with the Amended Answer and Allison has failed to submit any evidence beyond the Complaint in support of Allison's unliquidated and suspect claims, Allison has failed to carry its burden to allege sufficient facts in support of its claims.

11.     Bankruptcy Rule 3018(a) provides "the court after notice and hearing may temporarily allow [a] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).  As neither the Bankruptcy Code nor the Bankruptcy Rules prescribe a method for estimating a claim pursuant to this Rule, bankruptcy courts are generally granted broad discretion in determining the appropriate method used in the process of valuation.  *See In re FRG, Inc.*, 121 B.R. 451, 456 (Bankr. E.D. Pa. 1990); *see also Pension Benefit Guaranty Corp. v. Enron Corp.*, 04-CIV-5499, 2004 WL 2434928, at *5 (S.D.N.Y. Nov. 1, 2004) ("The temporary allowance of a claim for voting purposes is committed to the sound discretion of the bankruptcy court….").  However, any estimation used

---

[6] On June 5, 2015, the Debtors filed the *Fourth Omnibus Objection to Claims* (ECF No. 477) (the "**Omnibus Objection**"), pursuant to which the Debtors have requested the Court disallow and expunge as duplicative each of the Allison Claims that were filed against Debtors other than those Debtors named in the Complaint (*i.e.,* DMI, Chassix, and DMI Milwaukee).

WEIL:\95370362\1\35076.0003

should "ensure that the voting power is commensurate with *the creditor's economic interests in the case*." *In re Quigley Co.,* 346 B.R. 647, 654 (Bankr. S.D.N.Y 2006) (emphasis added); *see also Pension Benefit Guaranty Corp. v. Enron Corp.,* 2004 WL 2434928, at *5 ("The temporary allowance of a claim for voting purposes is left to the discretion of the court to reasonably employ whatever method is best suited to the circumstances of the case.") (internal quotations omitted).

12.     Bankruptcy Rule 3001(f) states that a proof of claim executed in accordance with the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). However, to be entitled to this *prima facie* assumption, a creditor must submit sufficient supporting documentation with its proof of claim. *See* Fed. R. Bankr. P. 3001(c); *Rock Airport of Pittsburgh, LLC v. Mgmt. Sci. Assocs., Inc. (In re Rock Airport of Pittsburgh, LLC)*, No. 09-23155, 2014 WL 3893359, at *2 (Bankr. W.D. Pa. Aug. 8, 2014) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)) ("Initially, it is the claimant's burden to allege sufficient facts in support of its claim."). The filing of a proof of claim with minimal information and an exorbitant or unliquidated demand is not helpful. *In re Quigley Co., Inc.*, 346 B.R. at 653.

13.     Only after the creditor meets this initial burden does the burden shift to the objector to refute the allegations. *Rock Airport*, 2014 WL 3893359, at *2. The allocation of burdens of proof in the Bankruptcy Rule 3018(a) estimation process is the same as in deciding objections to proofs of claim, with the burden of proving its case by a preponderance of the evidence lying with the claimant. *In re FRG, Inc.*, 121 B.R. at 456-57; *see also Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (10th Cir. B.A.P. 2003) ("The burden of proof should be on the claimant to present sufficient evidence that it has a colorable claim capable of temporary evaluation."); *Stone Hedge Props. v. Phx. Capital Corp. (In re Stone Hedge Props.)*,

6

191 B.R. 59, 64-65 (Bankr. M.D. Pa. 1995) (holding that the burden of estimating a claim for

temporary allowance follows the same rules as deciding objections to proofs of claim, meaning

that the claimant bears the ultimate burden of proving the claim).

14.    Allison has not met its burden of proving its claims.  Allison has failed to

submit any documentation or evidence in support of Allison's claims beyond the bald assertions

and allegations set forth in the Complaint, which are vigorously disputed.  Even if the filing of

the Complaint was a sufficient basis for establishing *prima facie* evidence of a claim, which it is

not, the Debtors rebutted that presumption with the Amended Answer.

15.    The Allison Litigation is still in its infancy stages, as discovery on the

claims asserted in that case has barely commenced.  Indeed, on February 25, 2015, shortly before

the commencement of this matter, the Debtor Defendants and Allison entered into a Joint

Document Production Protocol, a copy of which is attached hereto as **Exhibit "B,"** in which they

agreed to postpone any further depositions for a period of at least six months in order to give the

parties the ability to produce the hundreds of thousands of documents which would be necessary

before any meaningful depositions could be taken.  Additionally, during that same period, the

Debtor Defendants and Allison also agreed to a moratorium on any discovery related motions,

attached hereto as **Exhibit "C."**  Not surprisingly, the claims at issue in the Allison Litigation are

extremely complex, and much of the facts and pleadings in the Allison Litigation have been kept

under seal due to the confidential nature of the proceedings.  Moreover, the Debtor Defendants

vigorously dispute all of the assertions in the Complaint and have themselves asserted numerous

affirmative defenses, as well as several counterclaims.

16.    In similar circumstances, where a pending litigation claim is wholly

unliquidated, disputed, and there has been no judgment rendered in the underlying action, Courts

have deemed it appropriate to temporarily value such claims in the amount of $1.00.  *See Kane v.*

7

*Johns-Manville Corp.*, 843 F.2d 636, 651 (2d Cir. 1988) (Miner, J., concurring) (finding that the estimation of unliquidated litigation claims for voting purposes at $1.00 is appropriate due to the uncertain nature of both the liability and damages); *In re Garlock Sealing Techs., LLC*, No. 10-31607, at 5 (Bankr. W.D.N.C Apr. 10, 2015), ECF No. 4542 (approving solicitation procedures allowing certain unliquidated asbestos claimants to vote in the amount of $1.00); *In re Lloyd E. Mitchell, Inc.*, 373 B.R. 416, 427-28 (Bankr. D. Md. 2007) (holding that is it appropriate to temporarily value litigation claimants at $1.00 for voting purposes); *see also Rock Airport*, 2014 WL 3893359, at *3 (holding that proof of claim as filed did not allege sufficient facts in support of claim and was deprived of its *prima facie* validity where underlying cause of action had been appealed and, therefore, was not a judgment); *In re Longview Power, LLC*, No. 13-12211 (BLS), at 2 (Bankr. S.D.N.Y. Feb. 24, 2014), ECF No. 942 (disallowing prepetition litigation claims for voting purposes where the claims were subject to substantial dispute, and no judgment had been entered against the debtors on account of such claims); *In re FRG*, 121 B.R. at 458-59 (temporarily disallowing litigation claims for voting purposes due to the plaintiff's lack of evidentiary support for its asserted damages).[7]  The Debtors are unaware of any case in which the Court has held that litigant claimants who merely assert a bald complaint without any evidentiary support are entitled to more than $1.00 for voting purposes.

17.    Moreover, due to the complex nature and highly disputed facts which form the basis of the Complaint, the delay in estimating the Allison Claims would cause unreasonable and costly delay to the Debtors' chapter 11 cases which would not only jeopardize confirmation of the Plan, but would also jeopardize any recovery for creditors in these Chapter 11 Cases.  *See Johns-Manville*, 843 F.2d at 651.

---

[7] Copies of the orders cited herein are attached as **Exhibit "D."**

WEIL:\95370362\1\35076.0003

18.    Accordingly, due to the facts that (i) Allison has not submitted any evidence in support of its claims beyond the underlying Complaint which the Debtors have answered and denied any form of liability thereunder, (ii) there is little to no information available from the underlying proceeding to assist the Court in estimating the Allison Claims, and (iii) there has been no judgment or ruling to lend credence to the bald allegations in the Complaint, it is appropriate, and consistent with applicable case law, to value the Allison Claims at $1.00 for voting purposes.

### Allison Should Only be Permitted to Vote Claims Against the Debtor Entities Named in the Complaint

19.    Allison also argues that under Bankruptcy Rule 3018, each of the Allison Claims should be allowed in full for voting purposes to "prevent the Debtors from attempting to confirm the Plan without consideration of the vote of their largest unsecured trade creditor." *See* Motion ¶ 13.  However, this voting scheme is contrary to the established law in this District, and is a clear attempt by Allison to improperly control the voting process and confirmation of the Plan, all to the detriment of other creditors.  *See Pension Ben. Guar. Corp. v. Enron Corp.*, 2004 WL 2434928, at *5-6 (holding that a creditor is limited to the economic realities of its claims established by the voting procedures order and cannot improperly influence the reorganization process through Rule 3018).  Allison has only named DMI, Chassix, and DMI Milwaukee in its Complaint and Allison has asserted no basis in either the Allison Claims or the Complaint for asserting joint and several liability to any of the other Debtors.  Accordingly, Allison should be limited to voting its claims against the three Debtors named in the Complaint in order to reflect Allison's true economic stake in the Debtors' chapter 11 cases.

20.    Due to the unliquidated and highly complex nature of Allison's claims, the Debtors request that the Court deny the relief requested in Allison's Motion and (i) disallow and expunge Allison's duplicative Proofs of Claim, as set forth in the Debtors' Omnibus Objection

9

and (ii) temporarily estimate Allison's unliquidated claims only against the three Debtor

Defendants in the amount of $1.00 for voting purposes only, pursuant to Bankruptcy Rule

3018(a).

### Reservation of Rights

21.     The Debtors hereby reserve the right to object in the future to any of the

Allison Claims, and to amend, modify, and/or supplement this Objection.  A separate notice and

hearing will be scheduled for any such objection.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
          June 15, 2015

/s/ Ray C. Schrock, P.C.
Marcia L. Goldstein
Ray C. Schrock, P.C.

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

WEIL:\95370362\1\35076.0003

**Exhibit A**

**Amended Answer**

IN THE STATE OF INDIANA

MARION COUNTY SUPERIOR COURT

| | | |
|---|---|---|
| ALLISON TRANSMISSION, INC. | ) | |
| Plaintiff, | ) | CAUSE NO: 49D013 14 01 PL 001337 |
| | ) | |
| v. | ) | FILED |
| | ) | |
| DMI MILWAUKEE, LLC, | ) | (27) AUG 07 2014 |
| DIVERSIFIED MACHINE, MILWAUKEE, LLC | ) | |
| DIVERSIFIED MACHINE, INC., and | ) | Elizabeth C. White |
| CHASSIX, INC. | ) | CLERK OF THE MARION CIRCUIT COURT |
| Defendants. | ) | AUGUST 7, 2014 |

**DEFENDANTS DMI MILWAUKEE, LLC, AND DIVERSIFIED MACHINE,
MILWAUKEE, LLC'S AM AMENDED ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIM**

Defendants DMI Milwaukee, LLC, and Diversified Machine, Milwaukee, LLC (the

"Defendants"), by their counsel, state as their Answer to the First Amended Complaint of Allison

Transmission, Inc. (the "Plaintiff") as follows:[1]

1.     Defendants lack sufficient information to admit or deny the allegations in
Paragraph 1 and leave Plaintiff to its proof.

2.     Admitted that DMI LLC is not a legal entity.  Defendants deny the other
allegations in Paragraph 2 as they relate to the Defendants.  Further answering, Defendants lack
sufficient information to admit or deny the allegations in Paragraph 2 as they relate to other
entities and leave Plaintiff to its proof.

3.     Admitted.

4.     Defendants lack sufficient information to admit or deny the allegations in
Paragraph 4 and leave Plaintiff to its proof.

---

[1] DMI Milwaukee, LLC is not a legal entity and, therefore, is not a proper party to this Action.

5.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 5 and leave Plaintiff to its proof.

6.    Paragraph 6 fails to assert a factual allegation, therefore, no substantive response is required.

7.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 7 and leave Plaintiff to its proof.

8.    Paragraph 8 fails to assert a factual allegation, therefore, no substantive response is required.

9.    Defendants deny the allegations in Paragraph 9 as they relate to the Defendants. Further answering, Defendants lack sufficient information to admit or deny the allegations in Paragraph 9 as they relate to other entities and leave Plaintiff to its proof.

10.    Denied.

11.    Denied.

12.    Admitted.

13.    The quotes speak for themselves and, therefore, no response is required. Further answering, Defendants deny any characterization of those quotes in Paragraph 13.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.  Defendants admit that Allison issued a "Scheduling Agreement" on or about September 14, 2012, which speaks for itself.  Further answering, Defendants deny that Exhibit 2 is a complete copy of that Scheduling Agreement.

18.    Denied.

19.    Defendants deny the allegations in Paragraph 19 as they relate to the Defendants. Further answering, Defendants lack sufficient information to admit or deny the allegations in Paragraph 19 as they relate to other entities and leave Plaintiff to its proof.

20.    Denied.

21.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 21 as they relate to other entities and leaves Plaintiff to its proof.

22.    Denied.

23.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 23 as they relate to other entities and leaves Plaintiff to their proof.

24.    Denied. Defendants admit that a fire occurred at the Milwaukee Plant on or about November 29, 2013, which damaged Tooling related to the Allison production line. Further answering, to date, Defendants admit that they retain possession of certain Tooling, particularly Tooling that was damaged by the fire.

25.    Defendants deny the allegations in Paragraph 25 as they relate to the Defendants. Further answering, Defendants lack sufficient information to admit or deny the allegations in Paragraph 25 as they relate to other entities and leave Plaintiff to its proof.

## COUNT I – BREACH OF CONTRACT

26.    Defendants incorporate their responses to Paragraphs 1-25 herein.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

## COUNT II - PROMISSORY ESTOPPEL

31.    Defendants incorporate their responses to Paragraphs 1-30 herein.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.     Denied.

39.     Denied.

## COUNT III - REPLEVIN

40.     Defendants incorporate their responses to Paragraphs 1-39 herein.

41.     Denied. Defendants admit that Tooling damaged by the fire remains at the Milwaukee Plant.

42.     Denied.

43.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 43 as they relate to other entities and leaves Plaintiff to their proof.

## COUNT IV
## ALTER EGO, SUCCESSOR, AND COURSE OF PERFORMANCE LIABILITY

44.     Defendants incorporate their responses to Paragraphs 1-43 herein.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied as to all subparts as they relate to the Defendants. Further answering, Defendants lack sufficient information to admit or deny the allegations in Paragraph 50 as they relate to other entities and leave Plaintiff to its proof.

51.     Defendants deny the allegations in Paragraph 51 as they relate to the Defendants. Further answering, Defendants lack sufficient information to admit or deny the allegations in Paragraph 51 as they relate to other entities and leave Plaintiff to its proof.

52.     Defendants deny the allegations in Paragraph 52 as they relate to the Defendants. Further answering, Defendants lack sufficient information to admit or deny the allegations in Paragraph 52 as they relate to other entities and leave Plaintiff to its proof.

53.    Defendants deny the allegations in Paragraph 53 as they relate to the Defendants. Further answering, Defendants lack sufficient information to admit or deny the allegations in Paragraph 53 as they relate to other entities and leave Plaintiff to its proof.

54.    Defendants deny the allegations in Paragraph 54 as they relate to the Defendants. Further answering, Defendants lack sufficient information to admit or deny the allegations in Paragraph 54 as they relate to other entities and leave Plaintiff to its proof.

55.    Defendants deny the allegations in Paragraph 55 as they relate to the Defendants. Further answering, Defendants lack sufficient information to admit or deny the allegations in Paragraph 55 as they relate to other entities and leave Plaintiff to its proof.

56.    Defendants deny the allegations in Paragraph 56 as they relate to the Defendants. Further answering, Defendants lack sufficient information to admit or deny the allegations in Paragraph 56 as they relate to other entities and leave Plaintiff to its proof.

## AFFIRMATIVE DEFENSES

Defendants, by counsel, for their affirmative defenses, state as follows:[2]

### First Affirmative Defense

The Plaintiff's so-called "Supply Contract" violates the Statute of Frauds.

### Second Affirmative Defense

The Plaintiff's so-called "Supply Contract" lacks mutuality of obligation and/or a failure of consideration and, thus, is unenforceable.

### Third Affirmative Defense

The Plaintiff is estopped from recovering damages based on its own conduct, and/or unclean hands.

### Fourth Affirmative Defense

To the extent the so-called "Supply Contract" is enforceable, Defendants have fully performed and there was no breach.

### Fifth Affirmative Defense

---

[2] Defendants reserve the right to assert additional affirmative defenses as needed.

The doctrines of impossibility/impractibility excuse some or all of the alleged breaches.

### Sixth Affirmative Defense

The doctrine of force majeure excuses some or all of the alleged breaches.

### Seventh Affirmative Defense

The doctrine of frustration of purpose excuses some or all of the alleged breaches.

### Eighth Affirmative Defense

The Plaintiff's so-called "Supply Contract" is unconscionable in whole or in part.

### Ninth Affirmative Defense

The Plaintiff's so-called "Supply Contract" is unenforceable in whole, or in part, due to mistake of fact.

### Tenth Affirmative Defense

The Plaintiff's so-called "Supply Contract" is unenforceable in whole, or in part, because a condition precedent has not been met.

### Eleventh Affirmative Defense

The Plaintiff's claims are barred by the doctrine of waiver.

### Twelfth Affirmative Defense

The Plaintiff has failed to mitigate its damages.

### Thirteenth Affirmative Defense

The Plaintiff has failed to state a cause of action upon which relief may be granted.

### Fourteenth Affirmative Defense

The Plaintiff's damages, if any, are limited, in whole or in part, by setoff.

## COUNTERCLAIM

Defendant Diversified Machine, Milwaukee LLC ("Counterclaim Plaintiff" or "Diversified Milwaukee"), by their counsel, asserts its Counterclaim against Allison Transmission, Inc. ("Counterclaim Defendant" or "Allison") as follows:

1.    In 2011 and 2012, representatives from Allison Transmission, Inc. and Allison Transmission Holdings, Inc. ("Allison"), on the one hand, and Diversified Milwaukee and its parent, Diversified Machine, Inc., on the other hand, entered into negotiations for, and exchanged documents concerning, the manufacture of certain automotive parts.

2.    During the course of these discussions, Allison specifically requested and received financial and operational information related to Diversified Milwaukee.

3.    Based on its investigation, Allison requested that Diversified Milwaukee acquire and/or manufacture certain tooling to produce the automotive parts then under discussion, including, but not limited to, part numbers: 29546530, 29546531, 29549657, 29543965, and 29524123.

4.    Accordingly, Allison issued a series of purchase orders, the dates of which are indicated therein, to Diversified Milwaukee (at its address in Milwaukee, Wisconsin) to acquire and/or manufacture that tooling. True and accurate copies of the purchase orders are attached hereto as Exhibit A.

5.    Diversified Milwaukee purchased and/or manufactured the tooling on behalf of Allison. Diversified Milwaukee provided Allison with invoices for the tooling. Allison has failed to pay Diversified Milwaukee for multiple invoices. True and accurate copies of those invoices are attached hereto as Exhibit B.

6.    Thereafter, after lengthy discussions and negotiations, in 2013 Allison issued a series of "releases" specifically to Diversified Milwaukee, in which Allison committed for the first time to purchase from Diversified Machine three automotive part numbers: 29546530, 29546531, and 29549657.   True and accurate copies of these releases are attached hereto as Exhibit C.

7.    On a release by release basis, Diversified Milwaukee manufactured only the parts specifically identified on the corresponding release and delivered them to Allison only at the locations stated therein.

8.    Even after Allison started issuing releases specifically to Diversified Milwaukee, the parties continued to negotiate other terms of their potential on-going relationship for the part numbers identified above.

9.        Diversified Milwaukee provided Allison with multiple invoices for the parts. Allison has failed to pay Diversified Milwaukee for multiple invoices.  True and accurate copies of those invoices are attached hereto as Exhibit D.

## COUNT I - BREACH OF CONTRACT

10.        Diversified Milwaukee incorporates by reference Paragraphs 1-9 herein.

11.        Allison agreed to pay Diversified Milwaukee for the parts and tooling.

12.        Allison has materially breached and/or repudiated, unconditionally and without justification, its obligations to Diversified Milwaukee.

13.        Diversified Milwaukee has been damaged in an amount to be established at trial.

## COUNT II - UNJUST ENRICHMENT

14.        Diversified Milwaukee incorporates by reference Paragraphs 1-13 herein.

15.        Additionally, Allison has received the benefit of the tooling identified in Exhibit B above, without providing compensation to Diversified Milwaukee.

16.        Allison has received the automotive parts manufactured by Diversified Milwaukee identified in Exhibit D above, but has failed to pay for these parts.

17.        As a result, Allison has been unjustly enriched.

18.        Diversified Milwaukee has been damaged in an amount to be established at trial.

WHEREFORE, Diversified Milwaukee requests judgment as follows:

A.        Monetary damages;

B.        Incidental and consequential damages;

B.        Pre and post-judgment interest;

C.        Reasonable attorney fees and costs; and

D.        Such other further legal or equitable relief as may be required.

DEFENDANTS,
DMI MILWAUKEE, LLC, DIVERSIFIED
MACHINE, MILWAUKEE LLC

By:    _____
Peter S. French, Esq.
Benesch, Friedlander, Coplan & Aronoff LLP
One American Square, Suite 2300
Indianapolis, Indiana 46282-0018

-- and --

Mark S. Baldwin, Esq.
Dylan P. Kletter, Esq.
Brown Rudnick LLP
185 Asylum Street, 38th Floor
Hartford, CT 06103
Telephone:  (860) 509-6500
Juris No.:  403862

*(pro hac vice)*

61627361

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served by placing a copy of same in the United States mail, first class, postage prepaid, this 7th day of August, 2014, addressed to the following:

CHARLES R. WHYBREW
LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN  46202
Telephone: (317) 237-0500
Facsimile:  (317) 630-2790


_____
Dylan P. Kletter

# EXHIBIT B



**Remit Payment To:**
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

**FILE COPY**

| NUMBER | DATE |
|---|---|
| **500039** | 01/11/14 |

Please Direct Other Correspondence To:
00 Galleria Officecentre Suite 501, Southfield, MI 48034
HONE 248.728.8700 FAX 248.352.0185

** PAGE  1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

ALLISON TRANSMISSION
SPARE PART ORDER
INDIANAPOLIS PLANT
ONE ALLISON WAY
INDIANAPOLIS IN 46222-3271 USA

CONVEYANCE ID

FILE COPY

| D0367 | MILWAUKEE, WI | 107765 | 0 | PP&V COL PPD | 500039 |
|---|---|---|---|---|---|
| | | | | X | |
| | | | PER AGREEMENT | | 01/11/14 |

| 1 | ITEM 00010 | | 8144.000000 | EA | |
| | | 0# | | | 8144.00 |
| | SPARE PARTS    3000002223 | | | | |
| | CHASSIX - SPARE PARTS FOR | | | | |
| | LEAK TESTER | | | | |
| | | | | | |
| | SEE ATTACHED PO FOR DETAILS | | | | |
| | PLEASE REMIT | | | | |

FILE COPY    -COLLECT-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 8144.00 |
|---|---|



**Remit Payment To:**
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877
www.chsssix.com

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

**FILE COPY**

| NUMBER | DATE |
|--------|------|
| **499583** | 10/31/13 |

** PAGE    1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

ALLISON TRANSMISSION
TOOLING CONTRACT

**FILE COPY**    CONVEYANCE ID

| D0367 | MILWAUKEE, WI | 107765 | 0 | PP&V | COL X | PPD | 499583 |
|-------|---------------|--------|---|------|-------|-----|--------|
|  |  |  | PER AGREEMENT |  |  |  | 10/31/13 |

| 1 | ITEM 00020 | 0# | 30000.000000 | EA | 30000.00 |
|---|-----------|-----|--------------|-----|----------|
|  | 00247-T     230108 | | | | |
|  | SET OF CUTTING TOOLS AND HOLDERS | | | | |
|  | | | | | |
|  | SEE ATTACHED PO FOR DETAILS | | | | |
|  | PLEASE REMIT | | | | |

mily

**FILE COPY**    -COLLECT-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS HERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 30000.00 |
|-------|----------|

**D**IVERSIFIED Machine Inc.
www.chassix.com

Please Direct Other Correspondence To:
'00 Galleria Officecentre Suite 501, Southfield, MI 48034
HONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
    Chicago, IL 60694-1877

**FILE COPY**

| NUMBER | DATE |
|---|---|
| **499742** | 11/20/13 |

** PAGE 1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

ALLISON TRANSMISSION
TOOLING CONTRACT

FILE COPY    CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 0 | PP&V X | COL | PPD | 499742 |
|---|---|---|---|---|---|---|---|---|
| | | | | PER AGREEMENT | | | | 11/20/13 |

| 1 | ITEM 00010            0# | 50000.000000 | EA | 50000.00 |
|---|---|---|---|---|
| | 00245-T      230107 | | | |
| | MACHINING FIXTURE #11 | | | |
| | P/N 29546530 CHANNEL PLATE | | | |
| | | | | |
| | SEE ATTACHED PO FOR DETAILS | | | |
| | PLEASE REMIT | | | |

FILE COPY    -COLLECT-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 50000.00 |
|---|---|



Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

www.chassix.com

Please Direct Other Correspondence To:
00 Galleria Officecentre Suite 501, Southfield, MI 48034
.ONE 248.728.8700 FAX 248.352.0185

**FILE COPY**

| NUMBER | DATE |
|---|---|
| **499744** | 11/20/13 |

** PAGE   1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

ALLISON TRANSMISSION
TOOLING CONTRACT

## FILE COPY     CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 0 | PP&V | COL X | PPD | 499744 |
|---|---|---|---|---|---|---|---|---|
| | | | | PER AGREEMENT | | | | 11/20/13 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | ITEM 00020 | 0# | 50000.000000 | EA | | | 50000.00 |
| | 00246-T      230109 MACHINING FIXTURE #3 P/N 29546531_65 CHANNEL PLATE | | | | | | |
| 1 | ITEM 00030 | 0# | 50000.000000 | EA | | | 50000.00 |
| | 00246-T      230109 MACHINING FIXTURE #5 P/N 29546531_65 CHANNEL PLATE | | | | | | |
| | SEE ATTACHED PO FOR DETAILS PLEASE REMIT | | | | | | |
| 1 | ITEM 00040 | 0# | 50000.000000 | EA | | | 50000.00 |
| | 00246-T      230109 MACHINING FIXTURE #4 P/N 29546531_65 CHANNEL PLATE | | | | | | |

## FILE COPY     -COLLECT-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 150000.00 |
|---|---|

**DIVERSIFIED MACHINE MILWAUKEE LLC**
2039 S LENOX ST
MILWAUKEE WI 53207

Invoice No.        499398

| Customer | | Misc | |
|---|---|---|---|
| Name | Allison Transmission | Date | 10/15/2013 |
| Address | M/C L-27  P.O. Box 7120 | Order No. | 225339 |
| City | Indianapolis     State: IN     ZIP 46206-7120 | Supplier No. | |
| Contact | | Terms | |

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| | Part 29543965  Leak Test Fixture | | |
| 1 | Leak Test Fixture | $93,200.00 | $    93,200.00 |
| | | SubTotal | $    93,200.00 |
| | | Shipping | |
| | | Tax Rate(s) | |
| | | TOTAL | $    93,200.00 |

| Payment | Other |
|---|---|
| REMIT TO | DIVERSIFIED MACHINE MILWAUKEE LLC |
| | CHECKS:  P.O. BOX 74877 |
| | CHICAGO IL 60694 4877 |

Office Use Only

**DIVERSIFIED MACHINE MILWAUKEE LLC**
2039 S LENOX ST
MILWAUKEE WI 53207

Invoice No.          499399

| Customer | | Misc | |
|---|---|---|---|
| Name | Allison Transmission | Date | 10/15/2013 |
| Address | M/C L-27  P.O. Box 7120 | Order No. | 225339 |
| City | Indianapolis          State: IN          ZIP 46206-7120 | Supplier No. | |
| Contact | | Terms | |

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| | Part 29543965-Second Progess Billing | | |
| 1 | Casting Tooling | $184,552.00 | $ 184,552.00 |
| 1 | Trim Fixtures | $ 11,850.00 | $ 11,850.00 |
| 1 | Machining and Handling Fixtures | $ 228,000.00 | $ 228,000.00 |
| 1 | Wash Fixture | $ 9,000.00 | $ 9,000.00 |
| 1 | 1st Set of Cutting Tools | $ 20,443.00 | $ 20,443.00 |
| 1 | Gauges | $ 150,000.00 | $ 150,000.00 |
| 1 | CMM Fixture | $          - | $          - |
| 1 | Leak Test Fixture | $          - | $          - |
| 1 | Iron Ring, Casting Tool | $          - | $          - |
| 1 | Iron Mount Pad Casting Tool | $          - | $          - |
| 1 | Quench Fixturing | $          - | $          - |

|  | | | | SubTotal | $ 603,845.00 |
|---|---|---|---|---|---|
| | | | | Shipping | |

| Payment | Other |
|---|---|
| REMIT TO | DIVERSIFIED MACHINE MILWAUKEE LLC CHECKS: P.O BOX 71877 CHICAGO IL 60694-1877 |

Tax Rate(s)

TOTAL    $    603,845.00

Office Use Only

**DIVERSIFIED MACHINE MILWAUKEE LLC**
2039 S LENOX ST
MILWAUKEE WI 53207

**Invoice No.**          499400

| Customer | | Misc | |
|---|---|---|---|
| Name | Allison Transmission | Date | 10/15/2013 |
| Address | M/C L-27  P.O. Box 7120 | Order No. | 230358 |
| City | Indianapolis    State: IN    ZIP 46206-7120 | Supplier No. | |
| Contact | | Terms | |

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| | Part 29543965  2nd Set of Op 20/30 Machining Fixtures | | |
| 1 | Machining Fixture | $114,000.00 | $    114,000.00 |
| | | | |
| | | SubTotal | $    114,000.00 |
| | | Shipping | |
| | Tax Rate(s) | | |
| | | TOTAL | $    114,000.00 |

| Payment | Other |
|---|---|
| | DIVERSIFIED MACHINE MILWAUKEE |
| REMIT TO | LLC |
| | CHECKS:  P.O.BOX 71877 |
| | CHICAGO IL 60694-1877 |

Office Use Only

**DIVERSIFIED MACHINE MILWAUKEE LLC**
2039 S LENOX ST
MILWAUKEE WI 53207

Invoice No.      499401

| Customer | | |
|---|---|---|
| Name | Allison Transmission | |
| Address | M/C L-27  P.O. Box 7120 | |
| City | Indianapolis | State: IN     ZIP 46206-7120 |
| Contact | | |

| Misc | |
|---|---|
| Date | 10/15/2013 |
| Order No. | 225340 |
| Supplier No. | |
| Terms | |

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| | Part 29524123 | | |
| 1 | Casting Tooling | $31,372.00 | $ 35,200.00 |
| 1 | Trim Fixtures | $ 6,050.00 | $ 6,050.00 |
| 1 | Machining and Handling Fixtures | $ 166,400.00 | $ 166,400.00 |
| 1 | Wash Fixture | $ 7,200.00 | $ 7,200.00 |
| 1 | 1st Set of Cutting Tools | $ 20,443.00 | $ 20,443.00 |
| 1 | Gauges | $ 7,885.00 | $ 7,885.00 |
| 1 | CMM Fixture | 0.00 | $          - |
| -1 | Leak Test Fixture | $ 1,400.00 | $ (1,400.00) |

| | | SubTotal | $ 241,778.00 |
|---|---|---|---|
| | | Shipping | |

| Payment | Other |
|---|---|
| REMIT TO | DIVERSIFIED MACHINE MILWAUKEE LLC |
| | CHECKS:  P.O BOX 71877 |
| | CHICAGO IL 60694-1877 |

Tax Rate(s)

| | |
|---|---|
| | |
| TOTAL | $ 241,778.00 |

Office Use Only

DIVERSIFIED MACHINE MILWAUKEE LLC
2039 S LENOX ST
MILWAUKEE WI 53207

Invoice No.          499396

| Customer | | Misc | |
|---|---|---|---|
| Name | Allison Transmission | Date | 10/15/2013 |
| Address | M/C L-27  P.O. Box 7120 | Order No. | 225117 |
| City | Indianapolis        State: IN        ZIP 46206-7120 | Supplier No. | |
| Contact | | Terms | |

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| | Part 29543965-66 Leak Test Machine | | |
| 1 | Leak Test Machine | $87,000.00 | $    87,000.00 |
| | | SubTotal | $    87,000.00 |
| | | Shipping | |
| | | Tax Rate(s) | |
| | | TOTAL | $    87,000.00 |

Payment | Other

REMIT TO LLC    DIVERSIFIED MACHINE MILWAUKEE
CHECKS:  P.O BOX 71877
CHICAGO IL 60694-1877

Office Use Only

**DIVERSIFIED MACHINE MILWAUKEE LLC**
2039 S LENOX ST
MILWAUKEE WI 53207

Invoice No.          499397

| Customer | | Misc | |
|---|---|---|---|
| Name | Allison Transmission | Date | 10/15/2013 |
| Address | M/C L-27  P.O. Box 7120 | Order No. | 225120 |
| City | Indianapolis    State: IN    ZIP 46206-7120 | Supplier No. | |
| Contact | | Terms | |

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| | Part 29524123-66 Leak Test Machine | | |
| 1 | Leak Test Machine | $87,000.00 | $    87,000.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SubTotal | $    87,000.00 |
| | | Shipping | |

| Payment | Other | Tax Rate(s) | |
|---|---|---|---|

REMIT TO LLC        DIVERSIFIED MACHINE MILWAUKEE
CHECKS:   P.O. BOX 71877
CHICAGO IL 60694-1877

| | TOTAL | $    87,000.00 |
|---|---|---|

Office Use Only

# EXHIBIT D



**IVERSIFIED Machine Inc.**
www.chassix.com

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O.. Box 71877
          Chicago, IL 60694-1877

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|--------|------|
| **499454** | 10/19/13 |

** PAGE   1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499454 |
|-------|---|---------------|--------|-----|------|-----|-------|--------|
| | | C & M TRANSPORT | | PER AGREEMENT | | | | 10/19/13 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 198 | 29546530 | | 6  CTN71 | 97.283900 | EA | | 19262.21 |
| | | 4752# | | | | | |
| | 00245 | 504415 | | | | | |
| 38 | 29546531 | | 1  CTN71 | 74.299500 | EA | | 2823.38 |
| | | 532# | | | | | |
| | 00246 | 504415 | | | | | |
| 18 | 29549657 | | 1  CTN71 | 132.498500 | EA | | 2384.97 |
| | | 414# | | | | | |
| | 00247 | 504415 | | | | | |

*pd 12-9*          *23886.49*

*BAL*          *584.07*

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT." AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| | TOTAL | 24470.56 |
|---|-------|----------|



**DIVERSIFIED Machine Inc.**
www.chassix.com
Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
Diversified Machine, Milwaukee LLC
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| **499458** | 10/20/13 |

** PAGE 1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499458 |
|---|---|---|---|---|---|---|---|---|
| | | C & M TRANSPORT | | PER AGREEMENT | | | | 10/20/13 |
| 194 | 29546530 | | 6 CTN71 | 97.283900 | EA | | | 18873.08 |
| | 00245 | 504415 | 4656# | | | | | |
| 33 | 29546531 | | 1 CTN71 | 74.299500 | EA | | | 2451.88 |
| | 00246 | 504415 | 462# | | | | | |
| 15 | 29549657 | | 1 CTN71 | 132.498500 | EA | | | 1987.48 |
| | 00247 | 504415 | 345# | | | | | |

*pd 12-9*

*(21141.02)*

*BM*      2157.42

-PREPAID-

| | TOTAL | 23312.44 |
|---|---|---|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR LABOR STANDARDS ACT. AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**DIVERSIFIED Machine Inc.**
www.chassix.com

please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| **499461** | 10/21/13 |

** PAGE 1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V COL | PPD X | 499461 |
|---|---|---|---|---|---|---|---|
| | | C & M TRANSPORT | | PER AGREEMENT | | | 10/21/13 |

| 140 | 29546530 | | 4 CTN71 | 97.283900 | EA | 13619.75 |
|---|---|---|---|---|---|---|
| | 00245 | 504415 | 3360# | | | |
| 20 | 29546531 | | 1 CTN71 | 74.299500 | EA | 1485.99 |
| | 00246 | 504415 | 280# | | | |
| 11 | 29549657 | | 1 CTN71 | 132.498500 | EA | 1457.48 |
| | 00247 | 504415 | 253# | | | |

*pd 12-9*            *(14989.33)*

*BAL            1,573.89*

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

**TOTAL**            16563.22



**DIVERSIFIED Machine Inc.**
www.chassix.com

Remit Payment To:
Diversified Machine, Milwaukee LLC
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|--------|------|
| 499470 | 10/21/13 |

** PAGE    1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499470 |
|-------|--|---------------|--------|-----|------|-----|-------|--------|
| | | C & M TRANSPORT | | PER AGREEMENT | | | | 10/21/13 |

| | | | | | | | |
|-----|-----------|-----|---|-------|-----------|----|----------|
| 105 | 29546530 | | 3 | CTN71 | 97.283900 | EA | 10214.81 |
| | | 2520# | | | | | |
| | 00245 | 504415 | | | | | |
| 16 | 29546531 | | 1 | CTN71 | 74.299500 | EA | 1188.79 |
| | | 224# | | | | | |
| | 00246 | 504415 | | | | | |
| 1 | 29549657 | | 1 | CTN71 | 132.498500 | EA | 132.50 |
| | | 23# | | | | | |
| | 00247 | 504415 | | | | | |

*pd 12-9  (11315.80)*

*BAL    220.30*

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 11536.10 |
|-------|----------|



Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

www.chassix.com

**...lease Direct Other Correspondence To:**
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|--------|------|
| **499472** | 10/22/13 |

** PAGE 1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499472 |
|-------|--|---------------|--------|-----|------|-----|-------|--------|
| | | C & M TRANSPORT | | PER AGREEMENT | | | | 10/22/13 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 125 | 29546530 | | 4 | CTN71 | 97.283900 | EA | | 12160.49 |
| | | 3000# | | | | | | |
| | 00245 | 504415 | | | | | | |
| 51 | 29546531 | | 1 | CTN71 | 74.299500 | EA | | 3789.27 |
| | | 714# | | | | | | |
| | 00246 | 504415 | | | | | | |
| 3 | 29549657 | | 1 | CTN71 | 132.498500 | EA | | 397.50 |
| | | 69# | | | | | | |
| | 00247 | 504415 | | | | | | |

*pd 12-9*          *(15829.26)*

*BAL*          *518.00*

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT. AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| **TOTAL** | 16347.26 |
|-----------|----------|



Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

www.chassix.com

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|---|---|
| **499482** | 10/22/13 |

** PAGE  1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499482 |
|---|---|---|---|---|---|---|---|---|
| | | C & M TRANSPORT | | PER AGREEMENT | | | | 10/22/13 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 159 | 29546530 | | | 5 | CTN71 | 97.283900 | | EA | | 15468.14 |
| | | | 3816# | | | | | | | |
| | 00245 | 504415 | | | | | | | | |
| 12 | 29546531 | | | 1 | CTN71 | 74.299500 | | EA | | 891.59 |
| | | | 168# | | | | | | | |
| | 00246 | 504415 | | | | | | | | |

*pℓ 12-1*          *(16,232.89)*

*Ron*          *126.84*

-PREPAID-

| | TOTAL | 16359.73 |
|---|---|---|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT.  AS AMENDED. AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|---|---|
| **499484** | 10/23/13 |

** PAGE   1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499484 |
|---|---|---|---|---|---|---|---|
| | C & M TRANSPORT | | PER AGREEMENT | | | | 10/23/13 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 85 | 29546530 | | 2040# | 3 | CTN71 | 97.283900 | EA | 8269.13 |
| | 00245 | 504415 | | | | | | |
| 15 | 29546531 | | 210# | 1 | CTN71 | 74.299500 | EA | 1114.49 |
| | 00246 | 504415 | | | | | | |
| 1 | 29549657 | | 23# | | CTN71 | 132.498500 | EA | 132.50 |
| | 00247 | 504415 | | | | | | |

*pd 12-9*                                    *(9311.52)*

*Bal*                                         *204.60*

-PREPAID-

| | TOTAL | 9516.12 |
|---|---|---|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**Remit Payment To:**
Diversified Machine, Milwaukee LLC
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.9700 FAX 248.352.0185

| NUMBER | DATE |
|---|---|
| 499496 | 10/23/13 |

** PAGE   1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| | | | | PP&V | COL | PPD | |
|---|---|---|---|---|---|---|---|
| D0367 | | MILWAUKEE, WI | 107765 | 208 | | X | 499496 |

| | | C & M TRANSPORT | | PER AGREEMENT | 10/23/13 |
|---|---|---|---|---|---|

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 122 | 29546530 | | 4 | CTN71 | 97.283900 | EA | 11868.64 |
| | | 2928# | | | | | |
| | 00245 | 504415 | | | | | |
| 36 | 29546531 | | 1 | CTN71 | 74.299500 | EA | 2674.78 |
| | | 504# | | | | | |
| | 00246 | 504415 | | | | | |

pd 12~9          (14432.70)

BAL          110.72

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 14543.42 |
|---|---|



**Remit Payment To:**
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
    Chicago, IL 60694-1877

www.chassix.com

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|--------|------|
| **499498** | 10/24/13 |

** PAGE    1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

**CONVEYANCE ID**

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499498 |
|-------|--|---------------|--------|-----|------|-----|-------|--------|
| | | C & M TRANSPORT | | PER AGREEMENT | | | | 10/24/13 |
| | | | | | | | | |
| 105 | 29546530 | 2520# | 3 | CTN71 | 97.283900 | EA | | 10214.81 |
| | 00245 | 504415 | | | | | | |
| 34 | 29546531 | 476# | 1 | CTN71 | 74.299500 | EA | | 2526.18 |
| | 00246 | 504415 | | | | | | |

pd 12-9                    (12644.19)

BAL  96.80

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 12740.99 |
|-------|----------|

**DIVERSIFIED Machine Inc.**

www.chassix.com

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
        Chicago, IL 60694-1877

| NUMBER | DATE |
|--------|------|
| **499507** | 10/24/13 |

** PAGE    1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPO X | 499507 |
|-------|--|---------------|--------|-----|------|-----|-------|--------|
| | C & M TRANSPORT | | | PER AGREEMENT | | | | 10/24/13 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 157 | 29546530 | | 5 CTN71 | 97.283900 | EA | | 15273.57 |
| | | 3768# | | | | | |
| | 00245 | 504415 | | | | | |
| 41 | 29546531 | | 1 CTN71 | 74.299500 | EA | | 3046.28 |
| | | 574# | | | | | |
| | 00246 | 504415 | | | | | |

pd 12-9            (18180 03)

BAL            139.82

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT." AS AMENDED. AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

**TOTAL** | 18319.85



**Remit Payment To:**
Diversified Machine, Milwaukee LLC
DUNS 006100986
CHECKS: P.O. Box 71877
    Chicago, IL 60694-1877

www.chassix.com

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|---|---|
| **499516** | 10/26/13 |

\*\* PAGE 1 \*\*

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499516 |
|---|---|---|---|---|---|---|---|---|
| | | C & M TRANSPORT | | PER AGREEMENT | | | | 10/26/13 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 315 | 29546530 | | 9 | CTN71 | 97.283900 | EA | | 30644.43 |
| | | 7560# | | | | | | |
| | 00245 | 504415 | | | | | | |
| 55 | 29546531 | | 2 | CTN71 | 74.299500 | EA | | 4086.47 |
| | | 770# | | | | | | |
| | 00246 | 504415 | | | | | | |

*pd 12-9*          *(34,464.00)*

*BOL*          *266.90*

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

**TOTAL** | 34730.90



**DIVERSIFIED Machine Inc.**
www.chessix.com

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.353.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|--------|------|
| **499517** | 10/27/13 |

** PAGE   1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499517 |
|-------|---------------|--------|-----|------|-----|-------|--------|

| C & M TRANSPORT | PER AGREEMENT | 10/27/13 |
|-----------------|---------------|----------|

| 245 | 29546530 | | 7 | CTN71 | 97.283900 | EA | 23834.56 |
|-----|----------|------|---|-------|-----------|----|----------|
| | | 5880# | | | | | |
| | 00245 | 504415 | | | | | |
| 70 | 29546531 | | 1 | CTN71 | 74.299500 | EA | 5200.97 |
| | | 980# | | | | | |
| | 00246 | 504415 | | | | | |

*pd 12-9*                *(22347.22)*

*BAL*                *6,888.31*

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7, AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 29035.53 |
|-------|----------|



**DIVERSIFIED Machine Inc.**
www.chassix.com

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|--------|------|
| **499522** | 10/28/13 |

** PAGE  1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD | 499522 |
|-------|---------------|--------|-----|------|-----|-----|--------|
| | | | | | | X | |

| | C & M TRANSPORT | PER AGREEMENT | 10/28/13 |
|--|-----------------|---------------|----------|

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 259 | 29546530 | | 8 | CTN71 | 97.283900 | EA | | |
| | | 6216# | | | | | | 25196.53 |
| | 00245 | 504415 | | | | | | |
| 51 | 29546531 | | 1 | CTN71 | 74.299500 | EA | | |
| | | 714# | | | | | | 3789.27 |
| | 00246 | 504415 | | | | | | |

pd 12-9          (3763.77)

Bal          25,222.03

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 28985.80 |
|-------|----------|

**DIVERSIFIED Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
Diversified Machine, Milwaukee LLC
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| 499530 | 10/28/13 |

** PAGE  1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499530 |
|---|---|---|---|---|---|---|---|---|
| | | C & M TRANSPORT | | PER AGREEMENT | | | | 10/28/13 |

| 140 | 29546530 | | 4 | CTN71 | 97.283900 | EA | 13619.75 |
|---|---|---|---|---|---|---|---|
| | 00245 | 3360# 504415 | | | | | |
| 49 | 29546531 | | 2 | CTN71 | 74.299500 | EA | 3640.68 |
| | 00246 | 686# 504415 | | | | | |

*pd 12-9*

*(3616.18)*

*BAL*

*13,644.25*

-PREPAID-

**TOTAL**    17260.43

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**Remit Payment To:**
Diversified Machine, Milwaukee LLC
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|--------|------|
| **499532** | 10/29/13 |

** PAGE   1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499532 |
|-------|--|---------------|--------|-----|------|-----|-------|--------|
| | AIT | | | PER AGREEMENT | | | | 10/29/13 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 95 | 29546530 | | 3 CTN71 | 97.283900 | EA | | 9241.97 |
| | | 2280# | | | | | |
| | 00245 | 504415 | | | | | |
| 38 | 29546531 | | 2 CTN71 | 74.299500 | EA | | 2823.38 |
| | | 532# | | | | | |
| | 00246 | 504415 | | | | | |

*pd 12-9*            *(2804.38)*

*BAL*               *9260.97*

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

**TOTAL**           **12065.35**



**DIVERSIFIED Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0585

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|--------|------|
| **499548** | 10/29/13 |

** PAGE   1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499548 |
|-------|--|---------------|--------|-----|------|-----|-------|--------|
| | | C & M TRANSPORT | | PER AGREEMENT | | | | 10/29/13 |

| 140 | 29546530 | | 4 | CTN71 | 97.283900 | EA | | |
| | | | 3360# | | | | | 13619.75 |
| | 00245 | 504415 | | | | | | |
| 45 | 29546531 | | 4 | CTN71 | 74.299500 | EA | | |
| | | | 630# | | | | | 3343.48 |
| | 00246 | 504415 | | | | | | |

*pd 12-9*

*(3320.18)*

*BAR*

*13,642.25*

-PREPAID-

| | TOTAL | 16963.23 |
|--|-------|----------|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

**DIVERSIFIED Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| 499549 | 10/30/13 |

** PAGE 1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499549 |
|---|---|---|---|---|---|---|---|---|
| | | C & M TRANSPORT | | PER AGREEMENT | | | | 10/30/13 |

| 105 | 29546530 | | 3 | CTN71 | 97.283900 | EA | | 10214.81 |
|---|---|---|---|---|---|---|---|---|
| | 00245 | 504415 | 2520# | | | | | |
| 41 | 29546531 | | 2 | CTN71 | 74.299500 | EA | | 3046.28 |
| | 00246 | 504415 | 574# | | | | | |

*pd 12-9*          *(590.40)*

*BAL*          *12,670.69*

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| | TOTAL | 13261.09 |
|---|---|---|



**Remit Payment To:**
Diversified Machine, Milwaukee LLC
DUNS 006100986
CHECKS: P.O. Box 71877
            Chicago, IL 60694-1877

www.cbssix.com
Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|---|---|
| **499559** | 10/30/13 |

** PAGE   1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
ALLISON TRANSMISSION INC
C/O RYDER INTEGRATED LOG
DOCK#32 06C79 ROW G05-06
7290 WINTON DR.
BUILDING 99
INDIANAPOLIS IN 46268 USA
CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 202 | PP&V | COL | PPD X | 499559 |
|---|---|---|---|---|---|---|---|---|
| | | C & M TRANSPORT | | PER AGREEMENT | | | | 10/30/13 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 115 | 29546530 | | 4 | CTN71 | 97.283900 | EA | | 11187.65 |
| | | 2760# | | | | | | |
| | 00245 | 504415 | | | | | | |
| 45 | 29546531 | | 2 | CTN71 | 74.299500 | EA | | 3343.48 |
| | | 630# | | | | | | |
| | 00246 | 504415 | | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT., AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 14531.13 |
|---|---|



**Diversified Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|--------|------|
| **499560** | 10/31/13 |

** PAGE   1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499560 |
|-------|---------------|--------|-----|------|-----|-------|--------|

| | C & M TRANSPORT | PER AGREEMENT | 10/31/13 |
|-|-----------------|---------------|----------|

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 105 | 29546530 | | 3 | CTN71 | 97.283900 | EA | |
| | | 2520# | | | | | 10214.81 |
| | 00245 | 504415 | | | | | |
| 57 | 29546531 | | 2 | CTN71 | 74.299500 | EA | |
| | | 798# | | | | | 4235.07 |
| | 00246 | 504415 | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| **TOTAL** | 14449.88 |
|-----------|----------|



**D**IVERSIFIED
**M**achine Inc.
www.chassix.com

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| **499578** | 10/31/13 |

** PAGE 1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499578 |
|---|---|---|---|---|---|---|---|---|
| | | C & M TRANSPORT | | PER AGREEMENT | | | | 10/31/13 |

| 100 | 29546530 | | 3 CTN71 | 97.283900 | EA | 9728.39 |
|---|---|---|---|---|---|---|
| | | 2400# | | | | |
| | 00245 | 504415 | | | | |
| 42 | 29546531 | | 1 CTN71 | 74.299500 | EA | 3120.58 |
| | | 588# | | | | |
| | 00246 | 504415 | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| **TOTAL** | 12848.97 |
|---|---|



**Remit Payment To:**
Diversified Machine, Milwaukee LLC
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

www.chassix.com

Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|---|---|
| 499579 | 11/01/13 |

** PAGE    1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499579 |
|---|---|---|---|---|---|---|---|---|
| | | C & M TRANSPORT | | PER AGREEMENT | | | | 11/01/13 |

| 105 | 29546530 | | 3 CTN71 | 96.432200 | EA | | | |
| | | 2520# | | | | | | 10125.38 |
| | 00245 | 504415 | | | | | | |
| 40 | 29546531 | | 1 CTN71 | 73.823700 | EA | | | |
| | | 560# | | | | | | 2952.95 |
| | 00246 | 504415 | | | | | | |

-PREPAID-

| | TOTAL | 13078.33 |
|---|---|---|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**Diversified Machine Inc.**
www.chassix.com

Remit Payment To:
Diversified Machine, Milwaukee LLC
DUNS 006100986
CHECKS: P.O. Box 71877
        Chicago, IL 60694-1877

Please Direct Other Correspondence To:
'00 Galleria Officecentre Suite 501, Southfield, MI 48034
'ONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|--------|------|
| 499594 | 11/01/13 |

** PAGE   1 **

| SOLD TO | SHIP TO |
|---------|---------|
| ALLISON TRANSMISSION | MS COMPANIES |
| ALLISON TRANSMISSION | PLAINFIELD WAREHOUSE |
| M/C L-27 | 853 S. COLUMBIA ROAD |
| P O BOX 7120 | SUITE 151 |
| INDIANAPOLIS IN 46206-7120 | PLAINFIELD IN 46168 USA |
| USA | |
| | CONVEYANCE ID |

| D0367 | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499594 |
|-------|---------------|--------|-----|------|-----|-------|--------|

| | C & M TRANSPORT | | PER AGREEMENT | | 11/01/13 |
|---|-----------------|---|---------------|---|----------|

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 131 | 29546530 | | 4 CTN71 | 96.432200 | EA | | |
| | | 3144# | | | | | 12632.62 |
| | 00245 | 504415 | | | | | |
| | | | | | | | |
| 38 | 29546531 | | 1 CTN71 | 73.823700 | EA | | |
| | | 532# | | | | | 2805.30 |
| | 00246 | 504415 | | | | | |

-PREPAID-

| | TOTAL | 15437.92 |
|---|-------|----------|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**Remit Payment To:**
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

www.chassix.com

Please Direct Other Correspondence To:
'00 Galleria Officecentre Suite 501, Southfield, MI 48034
IONE 248.728.8700 FAX 248.392.0185

| NUMBER | DATE |
|--------|------|
| **499595** | 11/02/13 |

** PAGE 1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499595 |
|-------|---------------|--------|-----|------|-----|-----|--------|
| | C & M TRANSPORT | | | PER AGREEMENT | | | 11/02/13 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 274 | 29546530 | | | 8 | CTN71 | 96.432200 | EA | | |
| | | 6576# | | | | | | | 26422.42 |
| | 00245 | 504415 | | | | | | | |
| 85 | 29546531 | | | 2 | CTN71 | 73.823700 | EA | | |
| | | 1190# | | | | | | | 6275.01 |
| | 00246 | 504415 | | | | | | | |

-PREPAID-

**TOTAL** 32697.43

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**Remit Payment To:**
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877
www.chassix.com

Please Direct Other Correspondence To:
00 Galleria Officecentre Suite 501, Southfield, MI 48034
HONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|---|---|
| **499598** | 11/03/13 |

\*\* PAGE  1 \*\*

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499598 |
|---|---|---|---|---|---|---|---|---|
| | CH ROBINSON | | | PER AGREEMENT | | | | 11/03/13 |

| 140 | 29546530 | | 4 | CTN71 | 96.432200 | EA | |
| | 00245 | 3360# 504415 | | | | | 13500.51 |
| 58 | 29546531 | | 1 | CTN71 | 73.823700 | EA | |
| | 00246 | 812# 504415 | | | | | 4281.77 |

-PREPAID-

| | TOTAL | 17782.28 |
|---|---|---|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**Remit Payment To:**
Diversified Machine, Milwaukee LLC
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

www.chassix.com
Please Direct Other Correspondence To:
100 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|---|---|
| **499599** | 11/04/13 |

** PAGE 1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499599 |
|---|---|---|---|---|---|---|---|---|
| | | CH ROBINSON | | PER AGREEMENT | | | | 11/04/13 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 70 | 29546530 | | 2 | CTN71 | 96.432200 | EA | | 6750.25 |
| | | 1680# | | | | | | |
| | 00245 | 504415 | | | | | | |
| 52 | 29546531 | | 1 | CTN71 | 73.823700 | EA | | 3838.83 |
| | | 728# | | | | | | |
| | 00246 | 504415 | | | | | | |

-PREPAID-

**TOTAL** 10589.08

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**Diversified Machine Inc.**
www.chassix.com
Please Direct Other Correspondence To:
100 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| 499610 | 11/04/13 |

** PAGE  1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | | 107765 | 208 | PP&V | COL | PPD X | 499610 |
|---|---|---|---|---|---|---|---|---|---|
| | | CH ROBINSON | | | PER AGREEMENT | | | | 11/04/13 |
| 105 | 29546530 | | 3  CTN71 | 96.432200 | | EA | | | 10125.38 |
| | 00245 | 504415 | 2520# | | | | | | |
| 60 | 29546531 | | 2  CTN71 | 73.823700 | | EA | | | 4429.42 |
| | 00246 | 504415 | 840# | | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| | TOTAL | 14554.80 |
|---|---|---|

**DIVERSIFIED Machine Inc.**
www.chessix.com

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

Please Direct Other Correspondence To:
700 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0195

| NUMBER | DATE |
|--------|------|
| 499616 | 11/05/13 |

** PAGE 1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499616 |
|-------|--|---------------|--------|-----|------|-----|-------|--------|
| | | CH ROBINSON | | PER AGREEMENT | | | | 11/05/13 |

| 47 | 29546531 | | 1 | CTN71 | 73.823700 | EA | | 3469.71 |
|----|----------|----|---|-------|-----------|----|--|---------|
| | | 658# | | | | | | |
| | 00246 | 504415 | | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| | TOTAL | 3469.71 |
|--|-------|---------|



**Remit Payment To:**
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
        Chicago, IL 60694-1877

www.chassix.com

Please Direct Other Correspondence To:
?00 Galleria Officecentre Suite 501, Southfield, MI 48034
IONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|--------|------|
| 499626 | 11/05/13 |

** PAGE  1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | MILWAUKEE, WI | 107765 | 208 . | PP&V | COL | PPD X | 499626 |
|-------|---------------|--------|-------|------|-----|-------|--------|
| | CH ROBINSON | | PER AGREEMENT | | | | 11/05/13 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 240 | 29546530 | | 7 | CTN71 | 96.432200 | EA | |
| | | 5760# | | | | | 23143.73 |
| | 00245 | 504415 | | | | | |
| 10 | 29546531 | | 1 | CTN71 | 73.823700 | EA | |
| | | 140# | | | | | 738.24 |
| | 00246 | 504415 | | | | | |

-PREPAID-

| | TOTAL | 23881.97 |
|---|---|---|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**Diversified Machine Inc.**
www.chassix.com

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

Please Direct Other Correspondence To:
100 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|--------|------|
| **499628** | 11/06/13 |

** PAGE 1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499628 |
|-------|---------------|--------|-----|------|-----|-------|--------|
| | CH ROBINSON | | PER AGREEMENT | | | | 11/06/13 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 105 | 29546530 | | 3 | CTN71 | 96.432200 | EA | | 10125.38 |
| | | 2520# | | | | | | |
| | 00245 | 504415 | | | | | | |
| 70 | 29546531 | | 1 | CTN71 | 73.823700 | EA | | 5167.66 |
| | | 980# | | | | | | |
| | 00246 | 504415 | | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 15293.04 |
|-------|----------|



**DIVERSIFIED Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
00 Galleria Officecentre Suite 501, Southfield, MI 48034
ONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| 499638 | 11/06/13 |

** PAGE 1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499638 |
|---|---|---|---|---|---|---|---|---|
| | | CH ROBINSON | | PER AGREEMENT | | | | 11/06/13 |

| 117 | 29546530 | | 4 | CTN71 | 96.432200 | EA | 11282.57 |
|---|---|---|---|---|---|---|---|
| | | 2808# | | | | | |
| | 00245 | 504415 | | | | | |
| 35 | 29546531 | | 1 | CTN71 | 73.823700 | EA | 2583.83 |
| | | 490# | | | | | |
| | 00246 | 504415 | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT', AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 13866.40 |
|---|---|



Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
       Chicago, IL 60694-1877
www.chassix.com
Please Direct Other Correspondence To:
700 Galleria Officecentre Suite 501, Southfield, MI 48034
IONE 248.728.8700 FAX 248.352.0185

| | NUMBER | DATE |
|---|---|---|
| | **499639** | 11/07/13 |

** PAGE 1 **

| SOLD TO | SHIP TO |
|---|---|
| ALLISON TRANSMISSION | MS COMPANIES |
| ALLISON TRANSMISSION | PLAINFIELD WAREHOUSE |
| M/C L-27 | 853 S. COLUMBIA ROAD |
| P O BOX 7120 | SUITE 151 |
| INDIANAPOLIS IN 46206-7120 | PLAINFIELD IN 46168 USA |
| USA | |
| | CONVEYANCE ID |

| D0367 | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499639 |
|---|---|---|---|---|---|---|---|
| | CH ROBINSON | | PER AGREEMENT | | | 11/07/13 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 90 | 29546530 | | 3 | CTN71 | 96.432200 | EA | | 8678.90 |
| | | 2160# | | | | | | |
| | 00245 | 504415 | | | | | | |
| 46 | 29546531 | | 1 | CTN71 | 73.823700 | EA | | 3395.89 |
| | | 644# | | | | | | |
| | 00246 | 504415 | | | | | | |

-PREPAID-

| | TOTAL | 12074.79 |
|---|---|---|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**DIVERSIFIED Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
`00 Galleria Officecentre Suite 501, Southfield, MI 48034
`ONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
          Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| **499646** | 11/07/13 |

** PAGE    1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPO X | 499646 |
|---|---|---|---|---|---|---|---|---|
| | CH ROBINSON | | | PER AGREEMENT | | | | 11/07/13 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 98 | 29546530 | | | 3 | CTN71 | 96.432200 | EA | |
| | | | 2352# | | | | | 9450.36 |
| | 00245 | 504415 | | | | | | |
| 56 | 29546531 | | | 1 | CTN71 | 73.823700 | EA | |
| | | | 784# | | | | | 4134.13 |
| | 00246 | 504415 | | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT. AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 13584.49 |
|---|---|



**Remit Payment To:**
Diversified Machine, Milwaukee LLC
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

www.dmaxix.com

Please Direct Other Correspondence To:
00 Galleria Officecentre Suite 501, Southfield, MI 48034
ONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|--------|------|
| 499647 | 11/08/13 |

** PAGE   1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499647 |
|-------|--|---------------|--------|-----|------|-----|-------|--------|
| | CH ROBINSON | | | PER AGREEMENT | | | | 11/08/13 |

| | | | | | | | | |
|-----|----------|--------|--------|-------|-----------|----|--|----------|
| 115 | 29546530 | | | 4 CTN71 | 96.432200 | EA | | |
| | | | 2760# | | | | | 11089.70 |
| | 00245 | 504415 | | | | | | |
| 32 | 29546531 | | | 1 CTN71 | 73.823700 | EA | | |
| | | | 448# | | | | | 2362.36 |
| | 00246 | 504415 | | | | | | |

-PREPAID-

| TOTAL | 13452.06 |
|-------|----------|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**Remit Payment To:**
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
         Chicago, IL 60694-1877

www.chassix.com

Please Direct Other Correspondence To:
'00 Galleria Officecentre Suite 501, Southfield, MI 48034
IONE 240.720.8700 FAX 240.352.0185

| NUMBER | DATE |
|--------|------|
| 499656 | 11/08/13 |

** PAGE   1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499656 |
|-------|---------------|--------|-----|------|-----|-------|--------|
| | CH ROBINSON | | PER AGREEMENT | | | | 11/08/13 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 105 | 29546530 | | 3 | CTN71 | 96.432200 | EA | |
| | | 2520# | | | | | 10125.38 |
| | 00245 | 504415 | | | | | |
| 58 | 29546531 | | 1 | CTN71 | 73.823700 | EA | |
| | | 812# | | | | | 4281.77 |
| | 00246 | 504415 | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 14407.15 |
|-------|----------|



**DIVERSIFIED Machine Inc.**
www.chessix.com

Please Direct Other Correspondence To:
700 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|--------|------|
| **499657** | 11/09/13 |

**  PAGE   1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499657 |
|-------|---------------|--------|-----|------|-----|-------|--------|

| | CH ROBINSON | | PER AGREEMENT | 11/09/13 |
|---|-------------|---|---------------|----------|

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 210 | 29546530 | | 6 | CTN71 | 96.432200 | EA | 20250.76 |
| | | 5040# | | | | | |
| | 00245 | 504415 | | | | | |
| 60 | 29546531 | | 1 | CTN71 | 73.823700 | EA | 4429.42 |
| | | 840# | | | | | |
| | 00246 | 504415 | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

**TOTAL**    24680.18



**Remit Payment To:**
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

www.chassix.com
Please Direct Other Correspondence To:
00 Galleria Officecentre Suite 501, Southfield, MI 48034
IONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|---|---|
| **499658** | 11/10/13 |

** PAGE  1 **

| SOLD TO | SHIP TO |
|---|---|
| ALLISON TRANSMISSION<br>ALLISON TRANSMISSION<br>M/C L-27<br>P O BOX 7120<br>INDIANAPOLIS IN 46206-7120<br>USA | MS COMPANIES<br>PLAINFIELD WAREHOUSE<br>853 S. COLUMBIA ROAD<br>SUITE 151<br>PLAINFIELD IN 46168 USA<br><br>CONVEYANCE ID |

| D0367 | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499658 |
|---|---|---|---|---|---|---|---|
| | CH ROBINSON | | PER AGREEMENT | | | | 11/10/13 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 175 | 29546530 | | 5 | CTN71 | 96.432200 | EA | | 16875.64 |
| | | 4200# | | | | | | |
| | 00245 | 504415 | | | | | | |
| 88 | 29546531 | | 2 | CTN71 | 73.823700 | EA | | 6496.49 |
| | | 1232# | | | | | | |
| | 00246 | 504415 | | | | | | |

-PREPAID-

| TOTAL | 23372.13 |
|---|---|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS HERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**D**IVERSIFIED
**M**achine Inc.
www.chassix.com

Please Direct Other Correspondence To:
'00 Galleria Officecentre Suite 501, Southfield, MI 48034
'ONE 248.720.8700 FAX 248.352.0185'

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
        Chicago, IL 60694-1877

| NUMBER | DATE |
|--------|------|
| **499659** | 11/11/13 |

** PAGE   1 **

SOLD TO

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

SHIP TO

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499659 |
|-------|--|---------------|--------|-----|------|-----|-------|--------|
| | | CH ROBINSON | | PER AGREEMENT | | | | 11/11/13 |

| 105 | 29546530 | | 3 | CTN71 | 96.432200 | EA | | |
| | | 2520# | | | | | | 10125.38 |
| | 00245 | 504415 | | | | | | |
| 43 | 29546531 | | 1 | CTN71 | 73.823700 | EA | | |
| | | 602# | | | | | | 3174.42 |
| | 00246 | 504415 | | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT.'' AS APENDED. AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| | TOTAL | 13299.80 |



**DIVERSIFIED Machine Inc.**
www.chassix.com
Please Direct Other Correspondence To:
00 Galleria Officecentre Suite 501, Southfield, MI 48034
ONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
         Chicago, IL 60694-1877

| NUMBER | DATE |
|--------|------|
| **499670** | 11/11/13 |

** PAGE  1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499670 |
|-------|---------------|--------|-----|------|-----|-------|--------|
| | CH ROBINSON | | PER AGREEMENT | | | | 11/11/13 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 140 | 29546530 | | 4 | CTN71 | 96.432200 | EA | |
| | | 3360# | | | | | 13500.51 |
| | 00245 | 504415 | | | | | |
| 51 | 29546531 | | 1 | CTN71 | 73.823700 | EA | |
| | | 714# | | | | | 3765.01 |
| | 00246 | 504415 | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 17265.52 |
|-------|----------|



**DIVERSIFIED Machine, Inc.**
www.chassix.com

Please Direct Other Correspondence To:
20 Galleria Officecentre Suite 501, Southfield, MI 48034
IONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
Diversified Machine, Milwaukee LLC
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| 499671 | 11/12/13 |

** PAGE  1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499671 |
|---|---|---|---|---|---|---|---|---|
| | CH ROBINSON | | | PER AGREEMENT | | | | 11/12/13 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 99 | 29546530 | | 3 | CTN71 | 96.432200 | EA | |
| | | 2376# | | | | | 9546.79 |
| | 00245 | 504415 | | | | | |
| 34 | 29546531 | | 1 | CTN71 | 73.823700 | EA | |
| | | 476# | | | | | 2510.01 |
| | 00246 | 504415 | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 12056.80 |
|---|---|



**Remit Payment To:**
Diversified Machine, Milwaukee LLC
DUNS 006100986
CHECKS: P.O. Box 71877
         Chicago, IL 60694-1877

www.chassix.com

Please Direct Other Correspondence To:
70 Galleria Officecentre Suite 501, Southfield, MI 48034
IONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|--------|------|
| 499682 | 11/12/13 |

** PAGE 1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499682 |
|-------|---------------|--------|-----|------|-----|-------|--------|

| CH ROBINSON | | PER AGREEMENT | 11/12/13 |
|-------------|--|---------------|----------|

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 35 | 29546530 | | 1 | CTN71 | 96.432200 | EA | |
| | | 840# | | | | | 3375.13 |
| | 00245 | 504415 | | | | | |
| 49 | 29546531 | | 1 | CTN71 | 73.823700 | EA | |
| | | 686# | | | | | 3617.36 |
| | 00246 | 504415 | | | | | |

-PREPAID-

| | TOTAL | 6992.49 |
|--|-------|---------|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**DIVERSIFIED Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
20 Galleria Officecentre Suite 501, Southfield, MI 48034
ONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
          Chicago, IL 60694-1877

| NUMBER | DATE |
|--------|------|
| **499683** | 11/13/13 |

** PAGE 1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499683 |
|-------|--|---------------|--------|-----|------|-----|-------|--------|
| | CH ROBINSON | | | PER AGREEMENT | | | | 11/13/13 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 140 | 29546530 | | 4 CTN71 | 96.432200 | EA | | |
| | | 3360# | | | | | 13500.51 |
| | 00245 | 504415 | | | | | |
| 30 | 29546531 | | 1 CTN71 | 73.823700 | EA | | |
| | | 420# | | | | | 2214.71 |
| | 00246 | 504415 | | | | | |

-PREPAID-

| | **TOTAL** | 15715.22 |
|--|-----------|----------|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR LABOR STANDARDS ACT.  AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

www.chassix.com

Please Direct Other Correspondence To:
00 Galleria Officecentre Suite 501, Southfield, MI 48034
IONE 248.728.8700 FAX 248.352.0385

| NUMBER | DATE |
|--------|------|
| **499693** | 11/13/13 |

** PAGE 1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499693 |
|-------|--|---------------|--------|-----|------|-----|-------|--------|
| | | CH ROBINSON | | PER AGREEMENT | | | | 11/13/13 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 175 | 29546530 | | 5 | CTN71 | 96.432200 | EA | |
| | | 4200# | | | | | 16875.64 |
| | 00245 | 504415 | | | | | |
| 65 | 29546531 | | 1 | CTN71 | 73.823700 | EA | |
| | | 910# | | | | | 4798.54 |
| | 00246 | 504415 | | | | | |

-PREPAID-

**TOTAL** 21674.18

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**DIVERSIFIED Machine Inc.**

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

Please Direct Other Correspondence To:
00 Galleria Officecentre Suite 501, Southfield, MI 48034
IONE 248.728.8700 FAX 248.352.0185

www.chassix.com

| NUMBER | DATE |
|--------|------|
| **499702** | 11/14/13 |

** PAGE 1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | | 107765 | 208 | PP&V | COL | FPD X | 499702 |
|-------|--|--------------|--|--------|-----|------|-----|------|--------|
| | CH ROBINSON | | | PER AGREEMENT | | | | | 11/14/13 |

| 175 | 29546530 | | 5 | CTN71 | 96.432200 | EA | 16875.64 |
|-----|----------|------|---|-------|-----------|----|----------|
| | | 4200# | | | | | |
| | 00245 | 504415 | | | | | |
| 70 | 29546531 | | 1 | CTN71 | 73.823700 | EA | 5167.66 |
| | | 980# | | | | | |
| | 00246 | 504415 | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

**TOTAL** 22043.30



**DIVERSIFIED Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
00 Galleria Officecentre Suite 501, Southfield, MI 48034
ONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| **499712** | 11/15/13 |

** PAGE  1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499712 |
|---|---|---|---|---|---|---|---|---|
| | | CH ROBINSON | | PER AGREEMENT | | | | 11/15/13 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 220 | 29546530 | | 7 CTN71 | 96.432200 | EA | | | 21215.08 |
| | | 5280# | | | | | | |
| | 00245 | 504415 | | | | | | |
| 77 | 29546531 | | 2 CTN71 | 73.823700 | EA | | | 5684.42 |
| | | 1078# | | | | | | |
| | 00246 | 504415 | | | | | | |

-PREPAID-

| TOTAL | 26899.50 |
|---|---|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT.  AS AMENDED.  AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**Diversified Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
70 Galleria Officecentre Suite 501, Southfield, MI 48034
PONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
       Chicago, IL 60694-1877

| NUMBER | DATE |
|--------|------|
| **499713** | 11/16/13 |

**   PAGE    1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499713 |
|-------|--|---------------|--------|-----|------|-----|-------|--------|
| | | CH ROBINSON | | PER AGREEMENT | | | | 11/16/13 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 165 | 29546530 | | 5 | CTN71 | 96.432200 | EA | |
| | | 3960# | | | | | 15911.31 |
| | 00245 | 504415 | | | | | |
| | | | | | | | |
| 84 | 29546531 | | 2 | CTN71 | 73.823700 | EA | |
| | | 1176# | | | | | 6201.19 |
| | 00246 | 504415 | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

**TOTAL** | 22112.50



**DIVERSIFIED Machine Inc.**
www.chassix.com
Please Direct Other Correspondence To:
300 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| **499715** | 11/17/13 |

** PAGE 1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | | 107765 | 208 | PP&V | COL | PPD X | 499715 |
|---|---|---|---|---|---|---|---|---|---|
| | | CH ROBINSON | | | PER AGREEMENT | | | | 11/17/13 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 171 | 29546530 | | 5 | CTN71 | 96.432200 | EA | | 16489.91 |
| | 00245 | 504415 | 4104# | | | | | |
| 89 | 29546531 | | 2 | CTN71 | 73.823700 | EA | | 6570.31 |
| | 00246 | 504415 | 1246# | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 23060.22 |
|---|---|

**DIVERSIFIED Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
700 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0189

Remit Payment To:
Diversified Machine, Milwaukee LLC
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| 499728 | 11/18/13 |

**  PAGE   1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499728 |
|---|---|---|---|---|---|---|---|
| | CH ROBINSON | | PER AGREEMENT | | | | 11/18/13 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 175 | 29546530 | | 5 | CTN71 | 96.432200 | EA | |
| | | 4200# | | | | | 16875.64 |
| | 00245 | 504415 | | | | | |
| 81 | 29546531 | | 2 | CTN71 | 73.823700 | EA | |
| | | 1134# | | | | | 5979.72 |
| | 00246 | 504415 | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 22855.36 |
|---|---|



**Remit Payment To:**
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

www.chessix.com

Please Direct Other Correspondence To:
90 Galleria Officecentre Suite 501, Southfield, MI 48034
IONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|---|---|
| **499741** | 11/19/13 |

** PAGE 1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | | 107765 | 208 | PP&V | COL | PPO X | 499741 |
|---|---|---|---|---|---|---|---|---|---|
| | | CH ROBINSON | | | PER AGREEMENT | | | | 11/19/13 |

| 245 | 29546530 | | 7 | CTN71 | 96.432200 | EA | | | |
| | | 5880# | | | | | | | 23625.89 |
| | 00245 | 504415 | | | | | | | |
| 119 | 29546531 | | 2 | CTN71 | 73.823700 | EA | | | |
| | | 1666# | | | | | | | 8785.02 |
| | 00246 | 504415 | | | | | | | |

-PREPAID-

| | TOTAL | 32410.91 |
|---|---|---|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**DIVERSIFIED Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
20 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| **499753** | 11/20/13 |

** PAGE   1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | | 107765 | 208 | PP&V | COL | PPO X | 499753 |
|---|---|---|---|---|---|---|---|---|---|
| | | CH ROBINSON | | | PER AGREEMENT | | 11/20/13 | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 175 | 29546530 | | 5 | CTN71 | 96.432200 | EA | | 16875.64 |
| | | 4200# | | | | | | |
| | 00245 | 504415 | | | | | | |
| 88 | 29546531 | | 2 | CTN71 | 73.823700 | EA | | 6496.49 |
| | | 1232# | | | | | | |
| | 00246 | 504415 | | | | | | |

-PREPAID-

| | TOTAL | 23372.13 |
|---|---|---|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**DIVERSIFIED Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
00 Galleria Officecentre Suite 501, Southfield, MI 48034
HONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| **499764** | 11/21/13 |

** PAGE   1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499764 |
|---|---|---|---|---|---|---|---|---|
| | | CH ROBINSON | | PER AGREEMENT | | | | 11/21/13 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 175 | 29546530 | | | 5 | CTN71 | 96.432200 | | EA | | |
| | 00245 | | 504415 | 4200# | | | | | | 16875.64 |
| 106 | 29546531 | | | 2 | CTN71 | 73.823700 | | EA | | |
| | 00246 | | 504415 | 1484# | | | | | | 7825.31 |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 24700.95 |
|---|---|



**DIVERSIFIED Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
00 Galleria Officecentre Suite 501, Southfield, MI 48034
IONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
      Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| **499779** | 11/22/13 |

**  PAGE   1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499779 |
|---|---|---|---|---|---|---|---|---|
| | | CH ROBINSON | | PER AGREEMENT | | | | 11/22/13 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 218 | 29546530 | | 7 | CTN71 | 96.432200 | EA | | 21022.22 |
| | | 5232# | | | | | | |
| | 00245 | 504415 | | | | | | |
| 48 | 29546531 | | 1 | CTN71 | 73.823700 | EA | | 3543.54 |
| | | 672# | | | | | | |
| | 00246 | 504415 | | | | | | |

-PREPAID-

| | TOTAL | 24565.76 |
|---|---|---|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT. AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

**DIVERSIFIED Machine Inc.**

www.chassix.com

Please Direct Other Correspondence To:
00 Galleria Officecentre Suite 501, Southfield, MI 48034
IONE 248.728.8700 FAX 248 352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|--------|------|
| **499780** | 11/23/13 |

** PAGE   1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499780 |
|-------|---|---------------|--------|-----|------|-----|-------|--------|
| | CH ROBINSON | | | PER AGREEMENT | | | | 11/23/13 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 105 | 29546530 | | | 3 | CTN71 | 96.432200 | EA | | |
| | 00245 | | 504415 | 2520# | | | | | 10125.38 |
| 112 | 29546531 | | | 2 | CTN71 | 73.823700 | EA | | |
| | 00246 | | 504415 | 1568# | | | | | 8268.25 |

-PREPAID-

**TOTAL**   18393.63

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**DIVERSIFIED Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
'00 Galleria Officecentre Suite 501, Southfield, MI 48034
HONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|--------|------|
| **499781** | 11/24/13 |

** PAGE   1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499781 |
|-------|--|---------------|--------|-----|------|-----|-------|--------|
| | | CH ROBINSON | | PER AGREEMENT | | | | 11/24/13 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 175 | 29546530 | | 4200# | 5 | CTN71 | 96.432200 | EA | | 16875.64 |
| | 00245 | 504415 | | | | | | | |
| 70 | 29546531 | | 980# | 1 | CTN71 | 73.823700 | EA | | 5167.66 |
| | 00246 | 504415 | | | | | | | |

-PREPAID-

| | TOTAL | 22043.30 |
|--|-------|----------|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.



**DIVERSIFIED Machine Inc.**
www.chassix.com

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

Please Direct Other Correspondence To:
00 Galleria Officecentre Suite 501, Southfield, MI 48034
IONE 248.720.8700 FAX 248.352.0185

| NUMBER | DATE |
|--------|------|
| **499793** | 11/25/13 |

** PAGE 1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499793 |
|-------|--|---------------|--------|-----|------|-----|-------|--------|
| | | CH ROBINSON | | PER AGREEMENT | | | | 11/25/13 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 140 | 29546530 | | 4 | CTN71 | 96.432200 | | EA | |
| | | 3360# | | | | | | 13500.51 |
| | 00245 | 504415 | | | | | | |
| 82 | 29546531 | | 2 | CTN71 | 73.823700 | | EA | |
| | | 1148# | | | | | | 6053.54 |
| | 00246 | 504415 | | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT. AS AMENDED. AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 19554.05 |
|-------|----------|



Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

www.chessix.com

Please Direct Other Correspondence To:
20 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|---|---|
| **499802** | 11/26/13 |

** PAGE 1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499802 |
|---|---|---|---|---|---|---|---|---|
| | CH ROBINSON | | | PER AGREEMENT | | | | 11/26/13 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 210 | 29546530 | | 6 | CTN71 | 96.432200 | EA | |
| | | 5040# | | | | | 20250.76 |
| | 00245 | 504415 | | | | | |
| 93 | 29546531 | | 2 | CTN71 | 73.823700 | EA | |
| | | 1302# | | | | | 6865.60 |
| | 00246 | 504415 | | | | | |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| TOTAL | 27116.36 |
|---|---|



**D**IVERSIFIED
**M**achine Inc.
www.chessix.com

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

Please Direct Other Correspondence To:
20 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

| NUMBER | DATE |
|---|---|
| **499819** | 11/30/13 |

** PAGE    1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | PPD X | 499819 |
|---|---|---|---|---|---|---|---|---|
| | CH ROBINSON | | | PER AGREEMENT | | | | 11/30/13 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 208 | 29546530 | | 7 | CTN71 | 96.432200 | EA | | |
| | 00245 | 504415 | 4992# | | | | | 20057.90 |
| 94 | 29546531 | | 2 | CTN71 | 73.823700 | EA | | |
| | 00246 | 504415 | 1316# | | | | | 6939.43 |

-PREPAID-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6, 7 AND 12 OF THE FAIR LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| **TOTAL** | 26997.33 |
|---|---|



**DIVERSIFIED Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
20 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248.352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

| NUMBER | DATE |
|---|---|
| **499838** | 12/03/13 |

** PAGE   1 **

**SOLD TO**
ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**
MS COMPANIES
PLAINFIELD WAREHOUSE
853 S. COLUMBIA ROAD
SUITE 151
PLAINFIELD IN 46168 USA

CONVEYANCE ID

| D0367 | | MILWAUKEE, WI | 107765 | 208 | PP&V | COL | FPD X | 499838 |
|---|---|---|---|---|---|---|---|---|
| | | CH ROBINSON | | PER AGREEMENT | | | | 12/03/13 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 44 | 29546530 | | 2 | CTN71 | 96.432200 | EA | | 4243.02 |
| | | 1056# | | | | | | |
| | 00245 | 504415 | | | | | | |
| 52 | 29546531 | | 2 | CTN71 | 73.823700 | EA | | 3838.83 |
| | | 728# | | | | | | |
| | 00246 | 504415 | | | | | | |

-PREPAID-

| | TOTAL | 8081.85 |
|---|---|---|

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.


**Diversified Machine Inc.**
www.chassix.com

Please Direct Other Correspondence To:
70 Galleria Officecentre Suite 501, Southfield, MI 48034
PHONE 248.728.8700 FAX 248 352.0185

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

FILE COPY

| NUMBER | DATE |
|---|---|
| **499958** | 12/19/13 |

** PAGE   1 **

**SOLD TO**

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

**SHIP TO**

ALLISON TRANSMISSION
C/O STECKER
5107 CITY RD C

MANITAWOC WI 54220 USA

CONVEYANCE ID

## FILE COPY

| | | MILWAUKEE, WI | 107765 | 0 | PP&V | COL | PPD | 499958 |
|---|---|---|---|---|---|---|---|---|
| | | | | | | X | | |
| | | | | PER AGREEMENT | | | | 12/19/13 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1118 | ITEM 00010 | | | 73.000000 | EA | |
| | | 0# | | | | 81614.00 |
| | 00245R        3000002202 | | | | | |
| | RAW CASTINGS FROM CHASSIX | | | | | |
| | 29546530 | | | | | |
| 546 | ITEM 00020 | | | 55.550000 | EA | |
| | | 0# | | | | 30330.30 |
| | 00246R        3000002202 | | | | | |
| | RAW CASTINGS FROM CHASSIX | | | | | |
| | 29546531 | | | | | |
| | SEE ATTACHED PO AND SHIPPER | | | | | |
| | PLEASE REMIT | | | | | |

## FILE COPY          -COLLECT-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

| **TOTAL** | 111944.30 |
|---|---|

**DIVERSIFIED Machine Inc.**
www.chassix.com

Remit Payment To:
**Diversified Machine, Milwaukee LLC**
DUNS 006100986
CHECKS: P.O. Box 71877
Chicago, IL 60694-1877

Please Direct Other Correspondence To:
70 Galleria Officecentre Suite 501, Southfield, MI 48034
IONE 248.728.8700 FAX 248 352.0185

FILE COPY

| NUMBER | DATE |
|---|---|
| **499961** | 12/20/13 |

** PAGE 1 **

SOLD TO

ALLISON TRANSMISSION
ALLISON TRANSMISSION
M/C L-27
P O BOX 7120
INDIANAPOLIS IN 46206-7120
USA

SHIP TO

ALLISON TRANSMISSION
C/O STECKAR
5107 CITY RD C

MANITAWOC WI 54220
CONVEYANCE ID

**FILE COPY**

| | | MILWAUKEE, WI | 107765 | 0 | PP&V | COL X | PPD | 499961 |
|---|---|---|---|---|---|---|---|---|
| | | | | | PER AGREEMENT | | | 12/20/13 |

| 368 | ITEM 00030 | | | 73.000000 | EA | | 26864.00 |
|---|---|---|---|---|---|---|---|
| | 00245-R    3000002202 | 0# | | | | | |
| | RAW CASTINGS FROM CHASSIX | | | | | | |
| | 29546530 | | | | | | |
| 184 | ITEM 00040 | | | 55.550000 | EA | | 10221.20 |
| | 00246-R  .  3000002202 | 0# | | | | | |
| | RAW CASTINGS FROM CHASSIX | | | | | | |
| | 29546531 | | | | | | |
| | SEE ATTACHED PO AND SHIPPER | | | | | | |
| | PLEASE REMIT | | | | | | |

**FILE COPY**    -COLLECT-

NO RETURNS ACCEPTED WITHOUT WRITTEN AUTHORIZATION.
REFER TO INVOICE NUMBER IN ANY CORRESPONDENCE.
PRICES SUBJECT TO CHANGE WITHOUT NOTICE.
WE HEREBY CERTIFY THAT THESE GOODS WERE PRODUCED IN COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF SECTIONS 6,7 AND 12 OF THE FAIR
LABOR STANDARDS ACT, AS AMENDED, AND OF REGULATIONS AND ORDERS OF THE UNITED STATES DEPT OF LABOR ISSUED UNDER SECTION 14 THEREOF.

TOTAL    37085.20

**Exhibit B**

**Joint Document Production Protocol**

IN THE STATE OF INDIANA

MARION SUPERIOR COURT

| | | |
|---|---|---|
| ALLISON TRANSMISSION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 49D02-1401-PL-001337 |
| | ) | |
| DMI MILWAUKEE, LLC, DIVERSIFIED | ) | |
| MACHINE, MILWAUKEE LLC, | ) | |
| DIVERSIFIED MACHINE, INC (a Delaware | ) | |
| Corporation), DIVERSIFIED MACHINE, INC. | ) | |
| (an Indiana Corporation) and CHASSIX, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**

(265)   FEB 2 5 2015

Myla A. Eldridge
CLERK OF THE MARION CIRCUIT COURT

## JOINT DOCUMENT PRODUCTION PROTOCOL

Plaintiff, Allison Transmission, Inc. ("Allison"), by counsel, and Defendants, DMI

Milwaukee, LLC; Diversified Machine, Milwaukee LLC; Diversified Machine, Inc., a Delaware

Corporation; Diversified Machine, Inc., an Indiana Corporation; and Chassix, Inc. (collectively

"Defendants"), by counsel, hereby stipulate and agree as follows:

      1.     Over the past several months, the parties have been in the process of reviewing

and producing their respective documents and electronically stored information. To date, Allison

has produced in excess of 450,000 pages from five (5) custodians, and the Defendants have

produced in excess of 32,000 pages from four (4) custodians. Each party has multiple additional

custodians' documents to review and produce before the close of discovery.

      2.     During the past several months, several discovery disputes have also arisen.

      3.     In an effort to informally resolve these discovery disputes, Allison and the

Defendants agree to focus on producing documents from certain custodians and/or non-custodial

sources (identified below) and to hold in abeyance most of the discovery disputes, except as

specifically provided in paragraphs 10-12 below, for a period of six (6) months, to and including August 31, 2015.[1]

4.      During the six (6) month period, except as expressly provided in paragraphs 10-12 below, Allison and the Defendants agree that the parties shall file no dispositive motions and shall not take any depositions; provided however, that Allison may depose Kathy Bruning and Kelly Seychel.   Until July 1, 2015, Allison and Defendants agree to file no new discovery motions, except as specifically provided in paragraphs 10-12 below.   On July 1, 2015, Allison and the Defendants shall seek any relief necessary to resolve any unresolved discovery disputes that have not been informally resolved by that time.[2]   Each party shall have thirty (30) days to respond to such new discovery motions.   At or near the time of the filing of any such discovery motions, the parties shall file a separate request to set the new discovery motions for hearing. The parties expect that hearing to last one-half (1/2) day.

5.      For the purposes of the ongoing document production, Allison and Defendants shall select fifteen (15) custodians and/or non-custodial sources for production (excluding those custodians already produced).[3]   Allison and the Defendants shall each initially select at least five

---

[1]      Simultaneously herewith, the parties are filing a Joint Motion to Extend Case Management Deadlines and to Continue Trial in which the parties request the Court to extend all pending case management deadlines and to continue the trial currently set for August 2015 in order to accommodate this joint document production protocol.

[2]      Nothing in this Protocol shall relieve the parties from any "meet and confer" requirements set forth in Ind. T.R. 26.  The parties shall conduct a meet and confer conference in relation to any unresolved discovery disputes referenced in paragraph 4 no later than June 22, 2015.

[3]      To the extent any of the parties seek the production of non-custodial documents as part of this Protocol, the requesting party and the producing party shall work together in good faith to reach an agreement with regard to the production of non-custodial documents.  If the parties are able to reach an agreement with respect to non-custodial documents, the requesting party's custodian limit will be reduced to a total of fourteen (14) custodians for the purposes of this joint protocol.  If the parties cannot reach an agreement, custodian limits shall not be reduced, and the

(5) custodians and/or non-custodial documents for review and production by the other. Thereafter, Allison and the Defendants shall timely notify each other of the selection of the remaining custodians. Any party may modify the selection of a custodian provided that the other party has not commenced the review of the custodian's documents, and the parties may direct the order in which the custodians' documents are reviewed and produced. In addition, if a party selects a custodian that has less than fifty (50) documents, the producing party shall timely inform the requesting party, and, in such a circumstance, the requesting party may, at its discretion and in addition to receiving the fifty (50) documents of the current custodian, select an additional custodian, which will not count against the custodian limits referenced above. For its initial selection, Allison selects the following custodians in the order provided: John O'Brien, Vince DeZorzi, Safi Hamid, Ted Negley, Brook Rowe, Jason Glassburn, and Chad Bullock. Defendants select: Jim Bohlen, Tom Long, Mark Meisel, Jamel Perryman, and Amanda Peterson.

6.     Allison and the Defendants will work in good faith to produce at least three (3) custodians' documents or at least fifty-thousand (50,000) pages per month from the sources identified in paragraph 5, until complete. If the combined total of the three (3) custodians' documents totals less than fifty-thousand (50,000) pages for an applicable time period or if the fifty-thousand (50,000) page per month benchmark set forth herein consists of fewer than one hundred twenty-five (125) documents/electronic files, the producing party shall inform the requesting party, and the parties shall work together in good faith to determine if the producing party has the capacity to produce any additional documents during the applicable time period. If the parties are unsuccessful in resolving any disputes relating to the document production

---

requesting party may seek relief from the Court with respect to non-custodial documents consistent with paragraphs 3-4 above.

3

benchmarks set forth in this paragraph, the opposing party may seek relief from the Court at that time.

7. The parties shall make their respective monthly productions available by March 31, April 30, May 31, June 30, July 31, and August 31. To the extent necessary, the parties shall exchange privilege and/or redaction logs for the previous production by April 15, May 15, June 15, July 15, August 15, and September 15. To the extent either Allison or the Defendants have outstanding redaction and/or privilege logs due as of the date of this agreement, they shall be produced by April 15.

8. Unless by Order of the Court, during the six (6) month period, Allison and the Defendants agree not to propound any additional interrogatories and/or requests for admission, but they may propound additional requests for production on both parties and/or non-parties, and responses and/or objections shall be due according to the time limits set forth in the Indiana Trial Rules, unless additional time is obtained by Court order or agreement of the parties. Allison and the Defendants agree to respond to all currently pending discovery requests.

9. By entering into this joint document production protocol, Allison and the Defendants do not waive any rights that each may have in relation to this case. In addition, this joint protocol does not affect any motions currently pending before the Court and is not meant, unless specifically provided herein, to amend and/or modify any previously stipulations, and protective orders entered into by and among Allison and the Defendants including, without limitation, the May 22, 2014 Agreed Protective Order and the October 6, 2014 Agreed Protocol Regarding the Production of Documents.

10. At any time, any party (a) may, for good cause shown, seek relief from and/or move to set aside this joint protocol or (b) may seek to enforce the terms of this joint protocol.

4

11.    Allison and the Defendants both have responses to requests for production due after the date of this agreement. Allison and the Defendants anticipate that disputes will arise regarding the scope of discovery (*e.g.*, whether a party objects to the production of certain documents or categories of documents based on a claim that said documents or category of documents are not reasonably likely to lead to the discovery of admissible evidence) as a result of the responses to the requests for production. While the parties agree not to file any new discovery motions as provided in paragraphs 3-4 above, a party may, at any time, seek relief from the Court if another party refuses, without qualification, to produce any documents in response to a request for production and/or objects to the production of documents by a non-party for any reason other than the assertion of a privilege and/or the work product doctrine. A party's ability to seek relief under this paragraph applies to both party and/or non-party discovery. To the extent Allison and the Defendants intend to file discovery motions relating to the scope of discovery, they shall do so as soon as practicable, and not later than April 15, 2015. Each party shall have fifteen (15) days to respond to such discovery motions. The parties anticipate having a hearing on the scope of discovery in early April, and will file a motion seeking a hearing date at or around the time they file the discovery motions relating to the scope of discovery. Nothing in this paragraph shall relieve either Allison or the Defendants from their "meet and confer" obligations set forth in Ind. T.R. 26.

12.    If a party agrees to produce certain documents or categories of documents, another party may not seek to compel the production of any such documents or categories of documents except within the time limits set forth in paragraphs 3-4 above.

Respectfully submitted,

LEWIS WAGNER, LLP

5

By: _____
A. RICHARD M. BLAIKLOCK
CHARLES R. WHYBREW, #21148-49
RYAN J. VERSHAY, #28109-71
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202

*Counsel for Allison Transmission, Inc.*

By: _____
Peter S. French, Atty. No. 16716-49
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF, LLP
One American Square, Suite 2300
Indianapolis, IN 46282-0018

-and-

Mark S. Baldwin, Esq.
Dylan P. Kletter, Esq.
BROWN RUDNICK LLP
185 Asylum Street, 38th Floor
Hartford, CT 06103
(*pro hac vice*)

*Counsel for DMI Milwaukee, LLC*
*Diversified Machine, Milwaukee LLC*
*Diversified Machine, Inc. and*
*Chassix, Inc.*

So ordered this _____ day of FEB 2 5 2015 _____, 2015.

_____
JUDGE, Marion Superior Court No. 2

6

**Distribution:**

Peter S. French
Andrielle M. Metzel
BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP
One American Square, Suite 2300
Indianapolis, IN 46282-0018
*Counsel for DMI Milwaukee, LLC*
*Diversified Machine, Milwaukee LLC*
*Diversified Machine, Inc. and*
*Chassix, Inc.*

Mark S. Baldwin
Brown Rudnick
185 Asylum Street
Hartford, CT 06103

Bibi N. Di Serio
Diversified Machine, Inc.
3 Allied Drive, Suite 109b
Dedham, MA 02026
*Counsel for DMI Milwaukee, LLC*
*Diversified Machine, Milwaukee LLC*
*Diversified Machine, Inc. (a Delaware Corporation)*
*Diversified Machine, Inc. (an Indiana Corporation) and*
*Chassix, Inc.*

A. Richard M. Blaiklock
Charles R. Whybrew
Ryan J. Vershay
Keenan M. Jones
LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202

*Counsel for Allison Transmission*

RECEIVED

**Exhibit C**

**Agreed Motion to Extend Case Management Deadlines**

IN THE STATE OF INDIANA

MARION SUPERIOR COURT

| | | |
|---|---|---|
| ALLISON TRANSMISSION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 49D02-1401-PL-001337 |
| | ) | Judge Oakes |
| DMI MILWAUKEE, LLC, DIVERSIFIED | ) | |
| MACHINE, MILWAUKEE LLC, | ) | |
| DIVERSIFIED MACHINE, INC (a Delaware | ) | |
| Corporation), DIVERSIFIED MACHINE, INC. | ) | |
| (an Indiana Corporation) and CHASSIX, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED MOTION TO EXTEND CASE MANAGEMENT DEADLINES
## AND TO CONTINUE TRIAL

Plaintiff Allison Transmission, Inc. ("Allison"), by counsel, hereby moves, by agreement, to extend all Case Management Deadlines currently pending, and to continue the August 18, 2015 Trial in this case. In support, Allison states:

1.     The following Case Management Deadlines are currently set:

    a.  Any amendment of the pleadings (except an amendment to conform to evidence), including the joining of additional parties, shall be completed no later than March 1, 2015

    b.  Allison shall disclose the identity of any expert witness(es) no later than April 15, 2015.

    c.  Defendants shall disclose the identity of any expert witness(es) no later than June 1, 2015.

    d.  Final Witness and Exhibit Lists are due on or before sixty (60) days prior to trial.

e. Discovery shall be completed no later than thirty (30) days prior to trial.

f. Dispositive motions shall be filed no later than ninety (90) days prior to trial.

g. Any pre-trial motion, including motions in limine, and/or pre-trial briefs, shall be filed no later than fourteen (14) days prior to trial.

h. Mediation shall be completed no later than sixty (60) days prior to the actual trial date.

2.    This case is set for trial commencing on August 18, 2015.

3.    Simultaneously herewith, Allison and the Defendants are filing a Joint Document Production Protocol, in which the parties agree to hold in abeyance certain discovery disputes in order to focus on production of documents for a six-month period, which expires on August 31, 2015 ("Protocol").

4.    As noted in the Protocol, Allison and Defendants are focusing on the production of fifteen (15) custodians each for the six-month period, but there will be additional relevant documents to produce even after the end of the six-month period. There will also likely be additional discovery disputes presented to the Court that may not be resolved prior to August 18, 2015.

5.    Relevant documents will not be produced prior to current Case Management Deadlines and the production of documents will not be complete prior to the August 2015 trial setting. As a result, Allison requests the Court to extend all Case Management Deadlines, as follows:

a. Any amendment of the pleadings (except an amendment to conform to evidence), including the joining of additional parties, shall be completed no later than December 1, 2015

2

    b.  Allison shall disclose the identity of any expert witness(es) no later than January 15, 2015.

    c.  Defendants shall disclose the identity of any expert witness(es) no later than March 1, 2016.

    d.  Final Witness and Exhibit Lists are due on or before sixty (60) days prior to trial.

    e.  Discovery shall be completed no later than thirty (30) days prior to trial.

    f.  Dispositive motions shall be filed no later than ninety (90) days prior to trial.

    g.  Any pre-trial motion, including motions in limine, and/or pre-trial briefs, shall be filed no later than fourteen (14) days prior to trial.

    h.  Mediation shall be completed no later than sixty (60) days prior to the actual trial date.

5.    Because document production will not be complete by August 18, Allison also moves to continue the August 18, 2015 trial setting.

6.    Allison has consulted with counsel for Defendants, and Defendants agree to the extension of Case Management Deadlines and to continue the August 18, 2015 trial setting.

7.    The parties believe that the case will be ready for trial after August 1, 2016.

WHEREFORE, Allison Transmission, Inc., by counsel, respectfully requests this Court to grant its Motion to Extend Case Management Deadlines and to Continue Trial, and requests all other relief just and proper in the premises.

Respectfully submitted,

LEWIS WAGNER, LLP

A. RICHARD M. BLAIKLOCK, #20031-49
CHARLES R. WHYBREW, #21148-49
RYAN J. VERSHAY, #28109-71
KEENAN M. JONES, #31044-49
*Counsel for Allison Transmission, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by placing a copy of same in the United States mail, first class, postage prepaid, this _25th_ day of _Feb._____, 2015, addressed to the following:

Peter S. French
Andrielle M. Metzel
BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP
One American Square, Suite 2300
Indianapolis, IN  46282-0018
*Counsel for DMI Milwaukee, LLC*
*Diversified Machine, Milwaukee LLC*
*Diversified Machine, Inc. and*
*Chassix, Inc.*

Mark S. Baldwin
Brown Rudnick
185 Asylum Street
Hartford, CT  06103

Bibi N. Di Serio
Diversified Machine, Inc.
3 Allied Drive, Suite 109b
Dedham, MA  02026
*Counsel for DMI Milwaukee, LLC*
*Diversified Machine, Milwaukee LLC*
*Diversified Machine, Inc. (a Delaware Corporation)*
*Diversified Machine, Inc. (an Indiana Corporation) and*
*Chassix, Inc.*

CHARLES R. WHYBREW

LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN  46202
Telephone: (317) 237-0500
Facsimile:  (317) 630-2790

5

IN THE STATE OF INDIANA

MARION SUPERIOR COURT

| | | |
|---|---|---|
| ALLISON TRANSMISSION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 49D02-1401-PL-001337 |
| | ) | |
| DMI MILWAUKEE, LLC, DIVERSIFIED | ) | |
| MACHINE, MILWAUKEE LLC, | ) | |
| DIVERSIFIED MACHINE, INC (a Delaware | ) | |
| Corporation), DIVERSIFIED MACHINE, INC. | ) | |
| (an Indiana Corporation) and CHASSIX, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING ALLISON'S AGREED MOTION TO EXTEND
CASE MANAGEMENT DEADLINES AND TO CONTINUE TRIAL**

This matter having come before the Court upon Allison Transmission, Inc.'s *Agreed Motion to Extend Case Management Deadlines and to Continue Trial*; the Court having reviewed the same and being duly advised in the premises now finds that said Motion should be and hereby is GRANTED;

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that all Case Management Deadlines shall be extended as follows:

    a. Any amendment of the pleadings (except an amendment to conform to evidence), including the joining of additional parties, shall be completed no later than December 1, 2015

    b. Allison shall disclose the identity of any expert witness(es) no later than January 15, 2015.

    c. Defendants shall disclose the identity of any expert witness(es) no later than March 1, 2016.

d.  Final Witness and Exhibit Lists are due on or before sixty (60) days prior to trial.

e.  Discovery shall be completed no later than thirty (30) days prior to trial.

f.  Dispositive motions shall be filed no later than ninety (90) days prior to trial.

g.  Any pre-trial motion, including motions in limine, and/or pre-trial briefs, shall be filed no later than fourteen (14) days prior to trial.

h.  Mediation shall be completed no later than sixty (60) days prior to the actual trial date.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Trial currently set for August 18, 2015, is continued and reset for the _____ day of _____, _____ for ____ days.

SO ORDERED this _____ day of _____, 2015.

_____
Judge, Marion Superior Court

Distribution:

A. Richard M. Blaiklock
Charles R. Whybrew
Ryan J. Vershay
LEWIS WAGNER, LLP
501 Indiana Avenue
Suite 200
Indianapolis, IN  46202

Peter S. French
Leah N. Wilson
BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP
One American Square, Suite 2300
Indianapolis, IN  46282-0018

Mark S. Baldwin
BROWN RUDNICK
185 Asylum Street
Hartford, CT  06103

Bibi N. Di Serio
Diversified Machine, Inc.
3 Allied Drive, Suite 109b
Dedham, MA  02026

**Exhibit D**

**Orders**

WEIL:\95368970\1\35076.0003



FILED & JUDGMENT ENTERED
Steven T. Salata

Apr 10 2015

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

|  |  |
|---|---|
| IN RE: | Case No. 10-BK-31607 |
| GARLOCK SEALING TECHNOLOGIES LLC, et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

## ORDER APPROVING DISCLOSURE STATEMENT AND ESTABLISHING ASBESTOS CLAIMS BAR DATE AND PROCEDURES FOR SOLICITATION

Upon the Disclosure Statement for Debtors' Second Amended Plan of Reorganization (Docket No. 4316), Debtors' Motion for Entry of an Order Approving Solicitation and Confirmation Procedures and Schedule ("**Solicitation Motion**") (Docket No. 3802), and the Future Asbestos Claimants' Representative's Motion for an Asbestos Claims Bar Date and

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC ("**Garlock**"); Garrison Litigation Management Group, Ltd. ("**Garrison**"); and The Anchor Packing Company.

Related Relief ("**Bar Date Motion**") (Docket No. 4247); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Bar Date Motion and Solicitation Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Disclosure Statement, Bar Date Motion and Solicitation Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT**:

      1.     For the reasons stated on the record on January 26, 2015, the Bar Date Motion is granted and the Solicitation Motion is granted in part and denied in part, all as set forth herein. In addition, pursuant to Bankruptcy Code section 1125, the Disclosure Statement, as amended on April 9, 2015 and April 10, 2015 (Docket No. 4540 and 4541), is approved as providing adequate information for holders of claims and equity interests to make a decision as to whether to vote to accept or to reject the Plan. The Statements of the Official Committee of Asbestos Personal Injury Claimants and Future Asbestos Claimants' Representative, attached as **Exhibits 5** and **6** respectively, are approved under the standards set forth in the Court's bench ruling of March 4, 2015.

      2.     As used herein:

      a.     The term "**Bar Date GST Asbestos Claim**" means any GST Asbestos Claim based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against any defendant or a claim against any asbestos trust was filed on or before August 1, 2014, excluding any Settled GST Asbestos Claim for which a proof of claim was filed on or before September 30, 2014. For avoidance of doubt, the term Bar Date GST Asbestos Claim includes (i) any

GST Asbestos Claim against Garlock or Garrison that is evidenced or liquidated by a written judgment entered before June 5, 2010, and (ii) any Settled GST Asbestos Claim seeking treatment as an unliquidated GST Asbestos Claim because a proof of claim was not filed for such Settled GST Asbestos Claim on or before the Settled Asbestos Claims Bar Date, September 30, 2014.

b. The term "**claim**" means, as to or against any Debtor and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured. The term "**entity**" has the meaning given in section 101(15) of the Bankruptcy Code, and includes all "**persons**" within the meaning of Bankruptcy Code section 101(41).

c. The term "**GST Asbestos Claim**" means any claim for personal injury, including wrongful death, for which Garlock or Garrison is alleged to be liable, arising out of or relating to exposure to asbestos or contact with an asbestos-containing product. "GST Asbestos Claim" includes all such claims, whether in tort, contract, warranty, restitution, conspiracy, contribution, indemnity, guarantee, subrogation, or any other theory of law, equity or admiralty; whether seeking compensatory, special, economic and non-economic, punitive,

exemplary, administrative or any other costs or damages; or whether seeking any legal, equitable or other relief of any kind whatsoever. "GST Asbestos Claim" does not include any claim for benefits under a state-mandated workers' compensation system, which a past, present, or future employee of a Debtor is receiving or may have a right to receive, or reimbursement brought by any insurance company or state agency as a result of payments made to or for the benefit of such employees under such a system.

d.    The term "**Plan**" refers to Debtors' Second Amended Plan of Reorganization, filed January 14, 2015 (Docket No. 4306) and amended on April 9, 2015 and April 10, 2015 (Docket No. 4539 and 4541), and as it may be subsequently amended.

e.    The term "**Settled GST Asbestos Claim**" means an asbestos-related personal injury or wrongful death claim against Garlock or Garrison that remains unpaid but which the claimant alleges was, as of June 5, 2010, subject to a settlement agreement enforceable under applicable law between Garlock or Garrison and the holder of such asbestos-related personal injury or wrongful death claim.

3.    Unless otherwise defined herein, all capitalized terms have the respective meanings ascribed to them in the Plan.

## **Solicitation Motion**

4.    The Debtors shall solicit the votes of holders of claims in the following classes: Class 3 (Settled GST Asbestos Claims), Class 4 (Current GST Asbestos Claims), Class 5 (Future GST Asbestos Claims) (without prejudice to the rights preserved in paragraph 15 below), Class 6 (Pre-Petition Judgment GST Asbestos Claims), and Class 7 (General Unsecured Claims).  The

Debtors contend that these classes of claims are unimpaired by the Plan and should be conclusively presumed to have accepted the Plan. Absent entry of an order providing otherwise, the Court reserves for the hearing on confirmation of the Plan (the "**Confirmation Hearing**") any decision on whether these classes are impaired, or that the votes of claimants in such classes are otherwise relevant to confirmation of the Plan, and all arguments relating to the issues of impairment and the relevance of the votes to Plan confirmation are fully preserved. The Debtors will also solicit Classes 10 and 11, which are impaired.

5. The deadline to vote on the Plan (the "**Voting Deadline**") shall be **October 6, 2015**.

6. The Voting Procedures attached to this Order as **Exhibit 1** are hereby approved.

7. The forms of Ballots attached to this Order as **Exhibit 2** are hereby approved.

8. All ballots accepting or rejecting the Plan must be received by the Balloting Agent (Rust/Omni) by the Voting Deadline.

9. The Court may extend or otherwise modify the period during which votes will be accepted, in which case the Voting Deadline shall mean the last time and date to which the Court extends solicitation of ballots.

10. Pursuant to Bankruptcy Code § 502(c) and Fed. R. Bankr. P. 3018(a), the Court shall temporarily allow each Class 4 Current GST Asbestos Claim, for voting purposes only, whose holder (or such holder's attorney) completes and submits a Class 4 individual or master ballot (in the form attached to this Order) by the Voting Deadline and certifies, under penalty of perjury, that the following matters are true and correct to the best of such holder's (or such attorney's) knowledge, information, and reasonable belief:

    a.  the claimant is the holder of a Current GST Asbestos Claim (as defined in the Plan) that has not been dismissed with prejudice or settled and paid, and is not known to be time-barred;

    b.  the person upon whose injury the Current GST Asbestos Claim (as defined in the Plan) is based (the "**Injured Party**") was diagnosed with pleural or peritoneal mesothelioma, lung cancer, laryngeal cancer, or asbestosis, based on, or as evidenced in, medical records or similar documentation in the possession of the claimant, his or her attorney, or the physician of the claimant or Injured Party;

    c.  the Injured Party was exposed to asbestos released from asbestos-containing gaskets or packing manufactured, produced, fabricated, distributed, supplied, marketed, or sold by Garlock ("**GST Asbestos Exposure**"); and

    d.  if these certifications are made by the holder's attorney, the attorney is authorized by such holder to vote on the Plan on his or her behalf, and to represent that the Injured Party has (or, if deceased, had) the disease noted on the ballot and GST Asbestos Exposure.

11.    Class 4 Current GST Asbestos Claims making the certifications in paragraph 10 shall be temporarily allowed for voting purposes only in the amount of $10,000 (for claims based on pleural or peritoneal mesothelioma) or $1 (for claims based on lung cancer, laryngeal cancer, or asbestosis). Such claimants' ballots (or master ballots voted on their behalf) shall serve as proofs of claim.

12.    Attorneys for multiple holders of Class 3 Settled GST Asbestos Claims or Class 4 Current GST Asbestos Claims shall be permitted to cast votes for such claimants using the forms of Class 3 and Class 4 master ballot attached to this Order.

13.     Any claimant in Class 4 who cannot, by the Voting Deadline, make the certifications in paragraph 10 and who files a proof of claim in the form of Official Bankruptcy Form No. 10 by the Voting Deadline may move for temporary allowance for voting purposes. Any such motion must be filed no later than **November 5, 2015**, and any such claimant who does not move for temporary allowance by that time shall be deemed to have waived his or her right to vote on the Plan.  All parties' rights to object to such claim and to such motion for temporary allowance for voting purposes are preserved by this Order.  If the Court enters an order granting the claimant's motion for temporary allowance, the claimant will be entitled to submit a ballot in the amount and by the deadline specified by such order, and such ballot, if completed and signed in accordance with such order and the Voting Procedures, shall be deemed timely, and the Balloting Agent shall count or tabulate such ballot, even if such ballot is submitted after the Voting Deadline.  Unless a claimant in Class 4 who cannot, by the Voting Deadline, make the certifications in paragraph 10 moves for temporary allowance for voting purposes and the Court grants such motion, such claimant shall not be entitled to vote on the Plan.

14.     Notwithstanding any language to the contrary in this Order, no entity named as a defendant in asbestos litigation shall be eligible to vote on the Plan as a Class 4 claimant or as a Class 6 claimant, unless (i) such entity files a proof of claim in the form of Official Bankruptcy Form No. 10 by the Voting Deadline and files a motion for temporary allowance of its claim for voting purposes; and (ii) the Court grants such motion for temporary allowance.  Any such motion must be filed no later than **November 5, 2015**, and any such entity who does not move for temporary allowance by that time shall be deemed to have waived its right to vote on the

Plan. All parties' rights to object to such claim and to such motion for temporary allowance for voting purposes are preserved by this Order.

15. Ballots shall also be treated as proofs of claim for claimants in Class 5 (Future GST Asbestos Claims) and Class 6 (Pre-Petition Judgment GST Asbestos Claims). Class 6 Pre-Petition Judgment GST Asbestos Claims shall be temporarily allowed for voting purposes only in the amount of Garlock's share of the judgment. The Class 5 ballot shall be served on the Future Asbestos Claimants' Representative ("**FCR**"). The Court does not now rule on any question as to whether the FCR has the legal authority or capacity to cast a ballot on behalf of holders of Class 5 Future GST Asbestos Claims. All rights of the parties with respect to that question are fully preserved. If the Court decides that the FCR has such legal authority or capacity, then, absent further order, the amount, if any, of the FCR's vote on behalf of holders of Class 5 Future GST Asbestos Claims will be decided at the Confirmation Hearing, and all rights of the parties as to the question of the amount, if any, of the FCR's vote are fully preserved.

16. A Class 3 Settled GST Asbestos Claim or Class 7 General Unsecured Claim will be temporarily allowed for voting purposes if (a) the claim is scheduled as an undisputed claim, or (b) the holder of such claim filed a proof of claim on or before the relevant bar date and no objection to such claim has been filed before **April 13, 2015** (the "**Voting Record Date**"). Each such claim shall be temporarily allowed for voting purposes in the scheduled amount or amount contained in the proof of claim, whichever is greater. Holders of claims in Class 3 or Class 7 who filed proofs of claim on or before the relevant bar date that have been objected to before the Voting Record Date may move for temporary allowance for voting purposes only; alternatively, holders of Class 3 claims subject to objection may vote as a Class 4 Current GST Asbestos Claim and submit a Class 4 Ballot or may have their vote cast by way of a Class 4 Master Ballot.

Any such Class 4 Ballot or Class 4 Master Ballot must be received by the Balloting Agent by the

Voting Deadline.  Any holder of a Class 3 Settled GST Asbestos Claim who submits a Class 4

Ballot, or on whose behalf a Class 4 Master Ballot is submitted, while an objection to such claim

is pending, shall not be deemed to have waived any rights as to the alleged settlement on which

his or her Class 3 claim is based, and the rights of each such holder to seek allowance of his or

her claim as a Settled GST Asbestos Claim for any purpose other than voting on the Plan, and to

oppose any objection to such claim, shall be fully preserved.

17.    Any objections to temporary allowance of any claims for voting purposes (other

than claims for which motions for temporary allowance are filed) shall be filed no later than

**November 5, 2015**.  Objections to temporary allowance for voting purposes on any ground other

than failure to properly complete or sign a Ballot in accordance with these Voting Procedures

must be made in a motion for relief from this Order under Federal Rule of Civil Procedure 60(b)

and Federal Rule of Bankruptcy Procedure 9024, and any such motion shall be filed no later than

**November 5, 2015**. However, this paragraph 17 shall not impair, and is without prejudice to, the

rights of parties to object on any ground to motions for temporary allowance of claims for voting

purposes, as provided in paragraphs 13 and 14 above, and any such objection shall be filed no

later than **December 4, 2015**. If any such (i) objections to temporary allowance for voting

purposes, (ii) motions for temporary allowance of claims for voting purposes, or (iii) motions for

relief from this Order are filed, parties in interest shall, on or before **December 4, 2015**, meet

and confer to develop a mutually agreeable schedule governing the disposition thereof. If such

parties are unable to agree upon such a schedule, they shall promptly obtain a date for a status

conference with this Court.

18.     Debtors need not file objections to allowance of claims in Class 4, Class 5, and Class 6 for purposes other than voting prior to any hearing on confirmation of the Plan because the Plan contemplates that such objections would be filed post-confirmation, following a claimant's decision to elect the Litigation Option rather than the Settlement Option under the Plan.  Debtors will not be deemed to have waived the right to object to allowance of Class 4, 5, or 6 claims for purposes other than voting, or to have unreasonably delayed any such objections, by postponing such objections until after confirmation of the Plan.

19.     Tabulation of votes—determination of the amount of claims voted, exclusion of ballots, and general voting procedures—shall proceed in accord with the process outlined in the Voting Procedures. As ballots are received, on at least a weekly basis, the Balloting Agent shall periodically prepare non-binding preliminary reports of ballots processed to date and summary results (which shall include, without limitation, the number of ballots and master ballots in each Class, and the claim amounts noted on those ballots and master ballots, that the Balloting Agent declined to count or tabulate for any reason during the reporting period, together with an identifier for, or hyperlink to, each of those rejected ballots and master ballots that will enable parties to inspect them on the Balloting Agent's website), and the Balloting Agent shall transmit such report by email, on at least a weekly basis, to counsel for the Debtors, the Official Committee of Asbestos Personal Injury Claimants ("**ACC**"), the FCR, and Coltec. Such preliminary reports shall not be binding on any party or the Balloting Agent. In addition, the Balloting Agent shall, on or before **December 4, 2015**, notify the affected Claimant, or his agent, the Debtors, the ACC, and the FCR of any ballot, master ballot, or portion of a master ballot that the Balloting Agent has declined to count or tabulate for any reason and identify the reason that the Balloting Agent has declined to count or tabulate such ballot or master ballot.  Any decision

of the Balloting Agent not to count or tabulate any ballot, master ballot, or portion of a master

ballot shall be reviewable by the Court on motion served on the Debtors, the FCR, and the ACC.

20.     The Balloting Agent shall file a certification of ballots on or before **December 4,**

**2015**.  If pending motions or any other matters may affect the voting results, a representative of

the Balloting Agent shall attend the Confirmation Hearing to prepare and submit an updated

certification of ballots.

### **Bar Date Motion**

21.     Any holder of a Bar Date GST Asbestos Claim who wishes to assert such Claim

against Garlock or Garrison must file a proof of claim with the Balloting Agent in accordance

with the procedures described in this Order on or before the Asbestos Claims Bar Date. The

Asbestos Claims Bar Date shall be **October 6, 2015**.

22.     The form of proof of claim for Bar Date GST Asbestos Claims shall be either of

the following, as applicable (an "**Asbestos Proof of Claim Form**"):

    a.     For holders of Bar Date GST Asbestos Claims that are based on alleged pleural or

        peritoneal mesothelioma, lung or laryngeal cancer, or asbestosis, allegedly caused

        by GST Asbestos Exposure, the Asbestos Proof of Claim Form shall be the Ballot

        for Class 4 Current GST Asbestos Claimants or the Ballot for Class 6 Pre-Petition

        Judgment GST Asbestos Claimants (as applicable).  Attorneys representing

        multiple Class 4 claimants may use the form of master ballot for Class 4 Current

        GST Asbestos Claimants as the Asbestos Proof of Claim Form for all such

        claimants.

    b.     For any other Bar Date GST Asbestos Claimants, the Asbestos Proof of Claim

        Form shall be Official Bankruptcy Form No. 10.

23.     Unless the Court orders otherwise, pursuant to Bankruptcy Rule 3003(c)(2), any holder of a Bar Date GST Asbestos Claim who fails to file an Asbestos Proof of Claim Form with the Balloting Agent in accordance with this Order on or before the Asbestos Claims Bar Date shall be subject to such legal consequences as the Bankruptcy Code may prescribe or permit, which may include disallowance of the untimely filed Bar Date GST Asbestos Claim and the barring, estopping, and enjoining of the holder thereof from asserting any Bar Date GST Asbestos Claim against any of the Debtors (or against any entity that, pursuant to any plan of reorganization, assumes liability for GST Asbestos Claims), from voting to accept or reject any plan or plans of reorganization, from participating in any distribution in the Debtors' chapter 11 cases on account of such Bar Date GST Asbestos Claim, or from receiving further notices regarding such Bar Date GST Asbestos Claim.

24.     Any entity that timely submits an Asbestos Proof of Claim Form may amend it to reflect developments regarding his or her Bar Date GST Asbestos Claim.

25.     For any Bar Date GST Asbestos Claim to be validly and properly filed, a claimant must complete and submit an Asbestos Proof of Claim Form (which, as noted in paragraph 22 above, will be either Official Bankruptcy Form No. 10, the Class 4 ballot or master ballot, or the Class 6 ballot, as applicable) to the Balloting Agent, so as to be actually received by the Balloting Agent on or before the Asbestos Claims Bar Date (*i.e.*, **October 6, 2015**), by first-class mail or courier, at the following address:

> Garlock Sealing Technologies LLC, et al.
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

## **Miscellaneous**

26.     The Balloting Agent shall post on its website all Ballots and Asbestos Proof of Claim Forms received, after redacting any information required to be redacted by Federal Rule of Bankruptcy Procedure 9037.  The Balloting Agent shall also list on the claims register filed with the Court and on its website the following information in respect of submitted asbestos-related proofs of claim (which shall include Ballots cast in Classes 4, 5, and 6, which will serve as proofs of claim), creating separate entries for each claim contained in a Class 4 Master Ballot: (a) the proof of claim number; (b) the name of the claimant that submitted the asbestos-related proof of claim; (c) the name and address of the person who submitted the asbestos-related proof of claim (but not such person's telephone number); and (d) the date the asbestos-related proof of claim was submitted.

27.     The notice program developed by Kinsella Media presented at the hearing on November 17, 2014, with the revisions described in the Affidavit of Katherine Kinsella Regarding Plan Notification Program, filed on February 18, 2015 (Docket No. 4387), is reasonably calculated to provide notice to known and unknown claimants of the Plan, the Disclosure Statement, the Plan Documents, the Voting Deadline and solicitation procedures, the Asbestos Claims Bar Date, and the Confirmation Hearing, and accordingly such notice program is approved.

28.     The Notice of Confirmation Hearing and Bar Date (attached as **Exhibit 3**) and the Notification of Non-Solicitation and Non-Voting Status (attached as **Exhibit 4**) are approved.

29.     The Confirmation Hearing shall begin on **June 20, 2016**.

30.     All objections to confirmation of the Plan, except objections that depend on the result of the vote, shall be filed no later than **October 6, 2015**. Objections to confirmation of the Plan that depend on the result of the vote shall be filed no later than **December 18, 2015**.

31.     The Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

32.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

This Order has been signed                                      United States Bankruptcy Court
electronically.  The judge's
signature and court's seal
appear at the top of the Order.

**Exhibit 1**

Voting Procedures

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

|  |  |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>        Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |

## SOLICITATION AND TABULATION PROCEDURES FOR DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION, DATED JANUARY 14, 2015

The following procedures (the "**Voting Procedures**"), entered in connection with the Court's Order Approving Disclosure Statement and Establishing Asbestos Claims Bar Date and Procedures for Solicitation (the "**Order**"), govern the distribution of solicitation materials with respect to the Debtors' Second Amended Plan of Reorganization, dated January 14, 2015 (as it may be from time to time amended, supplemented or modified, the "**Plan**") and other procedures relating to solicitation. Capitalized terms used herein shall have the meanings set forth in **Section 11** below or in the Order. Ballots and voting instructions to be used in connection with these Voting Procedures are attached hereto.

---

[1]    The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

1.  **Summary of Solicitation Schedule:**  The below lists the various deadlines and events of the solicitation and confirmation process outlined herein:

| | |
|---|---|
| Solicitation Distribution Date | **May 8, 2015** |
| Voting Deadline and Asbestos Claims Bar Date | **October 6, 2015** |
| Deadline for Confirmation Objections That Do Not Depend On Result of Vote | **October 6, 2015** |
| Balloting Certification Deadline | **December 4, 2015** |
| Deadline for Confirmation Objections That Depend On Result of Vote | **December 18, 2015** |
| Confirmation Hearing | **June 20, 2016** |

2.  **Purposes of Solicitation:**

    a.  *Acceptance or Rejection by Impaired Classes.*  Debtors contend that, under the Plan, there are no "non-insider" classes of creditors that hold impaired claims.  One purpose of this solicitation is to determine whether certain impaired classes of interests (Classes 10 & 11) have accepted or rejected the Plan.

    b.  *Acceptance or Rejection by Other Classes.*  An additional purpose of this solicitation is to solicit votes from Classes 3, 4, 5, 6, and 7 in case the Bankruptcy Court determines that any of Classes 3-7 is impaired or otherwise determines that the acceptance of the Plan by any of Classes 3-7 is relevant for any other purpose in connection with confirmation of the Plan.

3.  **Notice Program:**  Debtors will give notice of the Confirmation Hearing and the opportunity to obtain a Solicitation Package through the Notice Program developed by Kinsella Media, which includes three basic components: (1) direct notice to known claimants through mailing, including, for GST Asbestos Claimants, mailing to such GST Asbestos Claimants' attorneys; (2) broad national and local published notice through national and local paid print and broadcasts; and (3) direct notice to third-party entities and organizations likely to have contact with GST Asbestos Claimants.

4.  **Availability of the Solicitation Package on the Internet or from the Balloting Agent**: The contents of the Solicitation Package will be available via the internet at a URL to be designated in the final forms of notice. Any person will be able to obtain a copy of the Solicitation Package in portable document format (.pdf) at no

cost. In addition, any Entity asserting that it is an interested party may request a Solicitation Package from the Balloting Agent and the Balloting Agent will send a Solicitation Package to the requesting Entity. The Balloting Agent is authorized to send the Solicitation Package to all such requesting Entities via email, first-class mail, or overnight courier.

5. **Distribution of Solicitation Packages and Notification of Non-Solicitation and Non-Voting Status:**

a. **Impaired Classes:** Except as otherwise provided herein, the Balloting Agent will cause a Solicitation Package (with Ballot(s)) to be served upon holders of interests in each of the following classes:

   i. GST Equity Interests (Class 10), by service upon the attorney for the Parent (Coltec Industries Inc.).

   ii. Garrison Equity Interests (Class 11), by service upon the Parent.

b. **Classes 3 and 4:** Except as otherwise provided herein, the Balloting Agent will cause the Solicitation Packages (with Ballot(s)) to be served with respect to Settled GST Asbestos Claims in Class 3 and Current GST Asbestos Claims in Class 4 as follows:

   i. Settled GST Asbestos Claims (Class 3), by service via first-class mail to the address shown in the Debtors' schedules, unless a proof of claim has been filed, in which case service will be made at the address contained in the proof of claim. If a notice of change of address has been filed after the proof of claim was filed, the Solicitation Package will be served at that address. Subject to paragraph (iii) of this Section 5(b), if an attorney represents more than one Settled GST Asbestos Claimant, the Balloting Agent will cause one Solicitation Package to be served upon such law firm, with a list of the Settled GST Asbestos Claimants represented by that law firm.

   ii. Current GST Asbestos Claims (Class 4) known to Debtors, by service via first class mail to the attorney who, based on the Garrison Asbestos Claims Database, the Mesothelioma Claim Questionnaire, or verified statements filed pursuant to Bankruptcy Rule 2019, represents such holder at the attorney's known address, or to the holder directly via first class mail if the holder is not represented by an attorney and the holder's address is known to Debtors through a proof of claim, the Garrison Asbestos Claims Database, the Mesothelioma Claim Questionnaire, or verified statements filed pursuant to Bankruptcy Rule 2019. If these sources contain multiple addresses for an attorney (or holder if not represented by an attorney), a Solicitation Package will be served

on each such address. Subject to paragraph (iii) of this Section 5(b), if an attorney represents more than one Current GST Asbestos Claimant, the Balloting Agent will cause one Solicitation Package to be served on such law firm, along with a list of the claimants represented by such law firm according to the Garrison Asbestos Claims Database, the Mesothelioma Claim Questionnaire, or verified statements filed pursuant to Bankruptcy Rule 2019.

Garlock will serve a Solicitation Package on potential Indirect Claimants via first-class mail, and the eligibility of Indirect Claimants to vote on the Plan shall be subject to terms set forth in **Section 6(a)** below.

Current GST Asbestos Claims that are not known to Debtors may receive notice of the Plan and Disclosure Statement through the Notice Program or other means. Holders of such Claims may obtain Solicitation Packages as provided in **Section 4** above.

iii. If an attorney who receives a Solicitation Package in accordance with paragraph (i) or (ii) of this Section 5(b) wishes to transmit Solicitation Packages directly to his or her clients, such attorney shall, no later than **June 8, 2015**, give the Balloting Agent a written request for a specified number of Solicitation Packages and individual Ballots, including the total number of each type of Ballot to be provided (*i.e.*, Class 3 or Class 4). The Balloting Agent shall mail the Solicitation Packages and Ballots so requested by first-class mail to the attorney no later than **July 8, 2015**.

c. **Other Classes:** Except as otherwise provided herein, the Balloting Agent will cause a Solicitation Package (with Ballot(s)) to be served upon each holder of a claim in each of the following classes:

i. Future GST Asbestos Claims (Class 5), by service on counsel for the Future Claimants' Representative ("**FCR**").

ii. Pre-Petition Judgment GST Asbestos Claims (Class 6), by service via first class mail to the attorney who, based on the Garrison Asbestos Claims Database, the Mesothelioma Claim Questionnaire, or verified statements filed pursuant to Bankruptcy Rule 2019, represents such holder at the attorney's known address. If there are multiple such addresses, a Solicitation Package will be served on each such address. Any Holder of a Pre-Petition Judgment GST Asbestos Claim may obtain Solicitation Packages as provided in **Section 4** above.

  **iii.**  General Unsecured Claims (Class 7), by service via first class mail to each holder of a General Unsecured Claim at the address shown in the Debtors' schedules, unless a proof of claim has been filed, in which case service will be made at the address contained in the proof of claim. If a notice of change of address has been filed after the proof of claim was filed, the Solicitation Package will be served at that address. Holders of General Unsecured Claims may obtain Solicitation Packages as provided in **Section 4** above.

**c.**  **Distribution of Solicitation Packages to Other Parties:** The Balloting Agent will cause a Solicitation Package to be served upon parties in interest as well as other third parties pursuant to the Notice Program.

**d.**  **Determination of Holders of Record/Assigned Claims:** Except as otherwise provided for herein, appropriate Solicitation Packages will be served upon the Entity that holds a claim as of **April 13, 2015**, and the Debtors will have no obligation to cause a Solicitation Package to be served upon any subsequent holder of such claim (as evidenced by any notice of assignment of such Claim entered on the Bankruptcy Court's docket or official claims register maintained by Rust/Omni or that only becomes effective after the Voting Record Date or otherwise).

  The assignee of a transferred and assigned claim (whether filed or scheduled) shall be permitted to vote such claim only if the transfer and assignment has been noted on the Bankruptcy Court's docket or official claims register and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on **April 13, 2015**.

**e.**  **Solicitation Distribution Date:** The Balloting Agent will cause Solicitation Packages to be distributed, as outlined above, on or before the Solicitation Distribution Date, **May 8, 2015**.

**f.**  **Distribution of Notification of Non-Solicitation and Non-Voting Status:** The Balloting Agent will cause a Solicitation Package and a Notification of Non-Solicitation and Non-Voting Status (in hard-copy form) to be served upon holders of Priority Claims (Class 1), Secured Claims (Class 2), Anchor Claims (Class 8), Intercompany Claims (Class 9), and all parties on the Updated Master Service List. The sole holder of the Anchor Equity Interest (Class 12) is a plan proponent, Garrison. Accordingly, a Solicitation Package and Notification of Non-Solicitation and Non-Voting Status shall not be distributed to the holder of the Anchor Equity Interest.

**6.**  **Completion of Ballots and Eligibility to Vote:**

**a.**  **Voting Eligibility** – The Debtors contend that the following classes of claims are unimpaired by the Plan and should be conclusively presumed to

have accepted the Plan: Class 3 (Settled GST Asbestos Claims), Class 4 (Current GST Asbestos Claims), Class 5 (Future GST Asbestos Claims), Class 6 (Pre-Petition Judgment GST Asbestos Claims), and Class 7 (General Unsecured Claims). Absent entry of an order providing otherwise, the Court has reserved for the Confirmation Hearing any decision on whether these classes are impaired, or that the votes of claimants in such classes are otherwise relevant to confirmation of the Plan, and all arguments relating to the issues of impairment and the relevance of the votes to Plan confirmation have been fully preserved. Only Ballots cast by holders of claims in classes that are impaired by the Plan, or determined by the Court to be impaired by the Plan, will be considered for purposes of determining the acceptance or rejection of the Plan by a class of claims under 11 U.S.C. § 1129(a)(8)(A) or (a)(10).

Only those holders of claims or interests which claim or interest is not the subject of an objection that is pending as of the Voting Record Date are eligible to vote, unless (a) the claim or interest is temporarily allowed for voting purposes or (b) an order is entered by the Bankruptcy Court allowing such claim or interest by the Voting Deadline.

No Indirect Claimant shall be eligible to vote on the Plan as a Class 4 claimant or as a Class 6 claimant, unless (i) such Indirect Claimant files a proof of claim in the form of Official Bankruptcy Form No. 10 by the Voting Deadline and files a motion for temporary allowance of its claim for voting purposes; and (ii) the Court grants such motion for temporary allowance. Any such motion must be filed no later than **November 5, 2015**, and any such Indirect Claimant who does not move for temporary allowance by that time shall be deemed to have waived its right to vote on the Plan. All parties' rights to object to such claim and to such motion for temporary allowance for voting purposes are preserved.

Attorneys who represent multiple claimants in Classes 3 and 4 may vote using the master ballots approved by the Court and attached to these Voting Procedures.

b. **Special Procedures for Temporary Allowance for Voting Purposes of Claims in Class 4 (Current GST Asbestos Claims).** As provided in the Order, Class 4 Current GST Asbestos Claims will be temporarily allowed, for voting purposes only, if the holder (or holder's attorney) submits a Ballot by the Voting Deadline and certifies, under penalty of perjury, that the following matters are true and correct to the best of such holder's (or such attorney's) knowledge, information, and reasonable belief:

i. the claimant is the holder of a Current GST Asbestos Claim (as defined in the Plan) that has not been dismissed with prejudice or settled and paid, and is not known to be time-barred;

ii. the person upon whose injury the Current GST Asbestos Claim (as defined in the Plan) is based (the "**Injured Party**") was diagnosed with pleural or peritoneal mesothelioma, lung cancer, laryngeal cancer, or asbestosis, based on, or as evidenced in, medical records or similar documentation in the possession of the claimant, his or her attorney, or the physician of the claimant or Injured Party;

iii. the Injured Party was exposed to asbestos released from asbestos-containing gaskets or packing manufactured, produced, fabricated, distributed, supplied, marketed, or sold by Garlock ("**GST Asbestos Exposure**"); and

iv. if these certifications are made by the holder's attorney, the attorney is authorized by such holder to vote on the Plan on his or her behalf, and to represent that the Injured Party has (or, if deceased, had) the disease noted on the ballot and GST Asbestos Exposure.

Holders of Class 4 Current GST Asbestos Claims who submit an individual or master ballot by the Voting Deadline and make these certifications will be temporarily allowed for voting purposes in the amount of $10,000 (for claims based on pleural or peritoneal mesothelioma) or $1 (for claims based on lung cancer, laryngeal cancer, or asbestosis). The ballot will be treated as such claimant's proof of claim.

Any claimant in Class 4 who cannot, by the Voting Deadline, make these certifications and who files a proof of claim in the form of Official Bankruptcy Form No. 10 by the Voting Deadline may move for temporary allowance for voting purposes. Any such motion must be filed no later than **November 5, 2015**, and any such claimant who does not move for temporary allowance by that time shall be deemed to have waived his or her right to vote on the Plan. All parties' rights to object to such claim and to such motion for temporary allowance for voting purposes have been preserved by order of the Court. If the Court enters an order granting a claimant's motion for temporary allowance, the claimant will be entitled to submit a ballot in the amount and by the deadline specified by such order, and such ballot, if completed and signed in accordance with such order and the Voting Procedures, will be treated as timely, and the Balloting Agent will count or tabulate such ballot, even if such ballot is submitted after the Voting Deadline.

c. **Procedures for Class 5 and Class 6.** The attached forms of ballots shall also be treated as proofs of claim for claimants in Class 5 (Future GST Asbestos Claims) and Class 6 (Pre-Petition Judgment GST Asbestos Claims). Class 6 Pre-Petition Judgment GST Asbestos Claims shall be temporarily allowed for voting purposes only in the amount of Garlock's share of the judgment. The Class 5 ballot shall be served on the FCR. The Court has not ruled on any question as to whether the FCR has the legal

authority and capacity to cast a ballot on behalf of holders of Class 5 Future GST Asbestos Claims. All rights of the parties with respect to that question have been fully preserved by order of the Court. If the Court decides that the FCR has such legal authority or capacity, then absent further order, the amount, if any, of the FCR's vote on behalf of holders of Class 5 Future GST Asbestos Claims will be decided at the Confirmation Hearing, and all rights of the parties as to the question of the amount, if any, of the FCR's vote are fully preserved.

**7. Return of Ballots:**

**a. Place to Send Completed Ballots:**

**i. Balloting Agent:** All Ballots should be returned to the Balloting Agent by first-class mail or courier to the following address:

Garlock Sealing Technologies LLC, et al.
c/o Rust Consulting/Omni Bankruptcy
Attn: Balloting Agent
5955 DeSoto Avenue, Suite 100
Woodland Hills, CA 91367

**b. Deadline for Receiving Completed Ballots:**

**i.** All Ballots must be ***actually received*** by the Balloting Agent by the Voting Deadline. Ballots received after the Voting Deadline will not be counted. The Balloting Agent will NOT accept Ballots submitted by facsimile transmission or electronic means.

**ii.** The Balloting Agent will date-stamp all Ballots received before and after the Voting Deadline, and will date-stamp and time-stamp all Ballots received on the day of the Voting Deadline.

**c. Public Access/Maintenance of Ballots.** The Balloting Agent shall post on its website all Ballots received, after redacting telephone numbers and any information required to be redacted by Federal Rule of Bankruptcy Procedure 9037.

**8. Tabulation of Ballots — Determination of Amount of Claims Voted.** With respect to the tabulation of Ballots for all Claims solicited for any purpose, the amount to be used to tabulate acceptance or rejection is as follows:

**a. GST Asbestos Claims.**

**i.** A Class 3 Settled GST Asbestos Claim will be temporarily allowed for voting purposes if (a) the claim is scheduled as an undisputed claim, or (b) the holder of such claim filed a proof of claim on or before September 30, 2014, and no objection to such claim has

been filed before the Voting Record Date. Each such claim shall be temporarily allowed for voting purposes in the scheduled amount or amount contained in the proof of claim, whichever is greater. Holders of claims in Class 3 who filed proofs of claim on or before September 30, 2014, that have been objected to before the Voting Record Date may move for temporary allowance for voting purposes only in Class 3 or, alternatively, may vote as a Class 4 Current GST Asbestos Claim and submit a Class 4 Ballot or may have their vote cast by way of a Class 4 Master Ballot. Any such Class 4 Ballot or Class 4 Master Ballot must be received by the Balloting Agent by the Voting Deadline. Any holder of a Class 3 Settled GST Asbestos Claim who submits a Class 4 Ballot, or on whose behalf a Class 4 Master Ballot is submitted, while an objection to his or her claim is pending, will not be deemed to have waived any rights as to the alleged settlement on which his or her Class 3 claim is based, and the rights of each such holder to seek allowance of his or her claim as a Settled GST Asbestos Claim for any purpose other than voting on the Plan, and to oppose any objection to such claim, are fully preserved.

ii.   Class 4 Current GST Asbestos Claims temporarily allowed under the criteria in section 6 will be temporarily allowed for voting purposes only in the following amounts:

(I)     Pleural and peritoneal mesothelioma: **$10,000**.

(II)    Lung cancer, laryngeal cancer, asbestosis: **$1.00**.

Class 4 Current GST Asbestos Claimants that specify more than one disease shall be temporarily allowed for voting purposes based on a single disease, provided, however, the amount of such temporarily allowed claim shall be the greatest amount permitted by this section 8.a.ii. for the diseases specified by the Holder of such claim.

iii.   Absent further order, the amount, if any, of the FCR's vote on behalf of holders of Class 5 Future GST Asbestos Claims will be decided at the Confirmation Hearing, and all rights of the parties as to the question of the amount, if any, of the FCR's vote are fully preserved.

iv.   Class 6 Pre-Petition Judgment GST Asbestos Claims eligible to vote will be temporarily allowed for voting purposes only at the amount of Garlock's share of the judgment.

b.   **General Unsecured Claims.** A Class 7 General Unsecured Claim will be temporarily allowed for voting purposes if (a) the claim is scheduled as an

undisputed claim, or (b) the holder of such claim filed a proof of claim on or before the relevant bar date and no objection to such claim has been filed before the Voting Record Date. Each such claim shall be temporarily allowed for voting purposes in the scheduled amount or amount contained in the proof of claim, whichever is greater. Holders of claims in Class 7 who filed proofs of claim on or before the relevant bar date that have been objected to before the Voting Record Date may move for temporary allowance for voting purposes only.

**9.**   **Tabulation of Ballots — Ballots Excluded:**

    **a.**   A Ballot may not be counted if any of the following, without limitation, applies:

        **i.**   The holder whose claim is voted in the Ballot is not eligible to vote, including because the holder did not file a proof of claim before an applicable bar date.

        **ii.**   The Ballot is not ***actually received*** by the Balloting Agent in the manner set forth herein by the Voting Deadline.

        **iii.**   The Ballot is returned to the Balloting Agent indicating acceptance or rejection of the Plan but is not completed in accordance with the Ballot's instructions. The failure to complete a Ballot includes the failure to provide certifications, without modification or qualification, required by the Ballot's instructions.

        **iv.**   The Ballot is received after the Voting Deadline.

        **v.**   The Ballot is illegible or contains insufficient information to conclude that the Ballot was completed in accordance with the Ballot's instructions, including if the claimant fails to specify a claimed disease.

        **vi.**   The Ballot lacks an original signature.

        **vii.**   The Ballot is transmitted to the Balloting Agent by facsimile, electronic transmission, or other unauthorized means.

    **b.**   **Objection to Temporary Allowance for Voting Purposes.** Any objections to temporary allowance of any claims for voting purposes (other than claims for which motions for temporary allowance are filed) shall be filed on or before **November 5, 2015**. Objections to temporary allowance for voting purposes on any ground other than failure to properly complete or sign a Ballot in accordance with these Voting Procedures must be made in a motion for relief from the Solicitation and Bar Date Order under Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024, and any such motion shall be filed no later

than **November 5, 2015**. However, this Section 9(b) shall not impair, and is without prejudice to, the rights of parties to object on any ground to motions for temporary allowance of claims for voting purposes, and any such objection shall be filed no later than **December 4, 2015**. If any such (i) objections to temporary allowance for voting purposes, (ii) motions for temporary allowance for voting purposes, or (iii) motions for relief from the Solicitation and Bar Date Order are filed, parties in interest shall, on or before **December 4, 2015**, meet and confer to develop a mutually agreeable schedule governing the disposition thereof. If such parties are unable to agree upon such a schedule, they shall promptly obtain a date for a status conference with the Bankruptcy Court.

    c.    **Notice to Parties of Disqualified Ballots.** The Balloting Agent shall, no later than **December 4, 2015**, notify any affected Claimant, the Debtors, the Official Committee of Asbestos Personal Injury Claimants ("**ACC**"), and the FCR of any ballot, master ballot, or portion of a master ballot that the Balloting Agent has declined to count or tabulate for any reason and identify the reason that the Balloting Agent has declined to count or tabulate such ballot or master ballot. Any decision of the Balloting Agent not to count or tabulate any ballot, master ballot, or portion of a master ballot shall be reviewable by the Court on motion served on the Debtors, the FCR, and the ACC.

**10.**    **Tabulation of Ballots — General Voting Procedures and Standard Assumptions:**

In addition to the foregoing, the following voting procedures and standard assumptions will be used in tabulating Ballots:

    a.    A holder of a claim may not split his, her, or its vote. Accordingly, (a) each holder of a claim shall have a single vote within a particular class, (b) the full amount of all such holder's claims (calculated in accordance with these procedures) within a particular class shall be deemed to have been voted, and (c) any Ballot that partially rejects and partially accepts the Plan shall not be counted.

    b.    All GST Asbestos Claims based on a particular Injured Party's injury shall have a single vote within the appropriate class.

    c.    If multiple Ballots are received on or prior to the Voting Deadline on account of the same Claim, in the absence of contrary information establishing which holder held such Claim as of the Voting Record Date, the last valid Ballot that is received by the Balloting Agent by the Voting Deadline will be the Ballot that is counted. In the event multiple conflicting Ballots are received on account of the same claim or interest on the same day, such Ballots will be disregarded.

d. There shall be a rebuttable presumption that any holder of a claim who submits a properly completed Ballot by the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such holder's previous acceptance or rejection of the Plan.

e. A Ballot that is completed, but on which the claimant did not note whether to accept or reject the Plan, shall not be counted as a vote to accept or reject the Plan.

f. Separate claims filed against multiple Debtors on account of the same underlying debt shall be deemed, collectively, to be one claim for voting purposes.

g. Where a holder of a claim chooses to both accept and reject the Plan on the same Ballot, such Ballot shall not be counted as a vote to accept or reject the Plan.

**11. Definitions:**

a. **"Ballot"** means, with respect to a claim, the Ballot and Voting Instructions for Debtors' Second Amended Plan of Reorganization, approved by the Bankruptcy Court to cast a vote to accept or reject the Plan, including, without limitation, master ballots for Class 3 and Class 4. Ballots for the classes of claimants and interest holders being solicited are attached to these Voting Procedures.

b. **"Balloting Agent"** means Rust Consulting/Omni Bankruptcy, authorized Balloting Agent appointed by the Bankruptcy Court.

c. **"Bankruptcy Court"** means the United States Bankruptcy Court for the Western District of North Carolina.

d. **"Confirmation Hearing"** means the hearing on the confirmation of the Plan, as such hearing may be adjourned from time to time.

e. **"Disclosure Statement"** means the disclosure statement in connection with the Plan, as approved by the Bankruptcy Court in the Order.

f. **"Garrison Asbestos Claims Database"** means the asbestos claims database prepared by Debtor Garrison as of May 2011.

g. **"Notification of Non-Solicitation and Non-Voting Status"** means that certain notice indicating that holders of certain claims and equity interests are not entitled to vote to accept or reject the Plan and are not being solicited for any purpose to accept or reject the Plan, attached as Exhibit 4 to the Solicitation and Bar Date Order.

h.    "**Indirect Claimant**" means an entity named as a defendant in asbestos litigation.

i.    **"Plan Documents"** means the Plan, the Disclosure Statement, and any and all exhibits to the Plan or Disclosure Statement.

j.    **"Notice of Confirmation Hearing and Bar Date"** means Exhibit 3 to the Solicitation and Bar Date Order.

k.    **"Solicitation and Bar Date Order"** means the Order Approving Disclosure Statement and Establishing Asbestos Claims Bar Date and Procedures for Solicitation.

l.    **"Solicitation Package"** means, and will consist of, all of the following:

    i.    a CD-ROM containing:

        1)    Disclosure Statement Order (without exhibits)

        2)    Disclosure Statement

        3)    Disclosure Statement Exhibits (with the Plan attached as an exhibit)

        4)    Statement of the Official Committee of Asbestos Personal Injury Claimants (Exhibit 5 to the Order)

        5)    Statement of the Future Asbestos Claimants' Representative (Exhibit 6 to the Order)

        6)    Voting Procedures

        7)    Ballots

        8)    Official Bankruptcy Form No. 10

    ii.    a paper copy of the Notice of Confirmation Hearing and Bar Date

    iii.   pre-addressed return envelope

    iv.    any other materials ordered by the Bankruptcy Court to be included

m.    **"Voting Deadline"** means the date established by the Bankruptcy Court to be the deadline for the Balloting Agent to receive Ballots on the Plan.

n.    **"Voting Record Date"** means **April 13, 2015**.

**EXHIBIT 2**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | |
|---|---|
| IN RE: | Case No. 10-BK-31607 |
| GARLOCK SEALING TECHNOLOGIES LLC, et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

**BALLOT AND VOTING INSTRUCTIONS FOR DEBTORS'**
**SECOND AMENDED PLAN OF REORGANIZATION DATED JANUARY 14, 2015**

**CLASS 3: SETTLED GST ASBESTOS CLAIMS**
**Individual Ballot**

Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd. and The Anchor Packing Company, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), are soliciting votes from the holders of certain claims against the Debtors with respect to the Debtors' Second Amended Plan of Reorganization, dated January 14, 2015 (the "Plan").

The United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court") has signed an order that establishes certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes on the Plan. The Voting Procedures contain important information regarding the balloting process. Please read the Voting Procedures prior to submitting your Ballot.

This form of Ballot is for use by individual holders of Settled GST Asbestos Claims. Attorneys for multiple holders of Settled GST Asbestos Claims have the option to use the form of Master Ballot for Settled GST Asbestos Claims. Information regarding treatment of Class 3 Settled GST Asbestos Claims under the Plan is available in the Disclosure Statement and the Plan, which are included in this Solicitation Package.

A Solicitation Package, including this Ballot, is being sent to holders of Class 3 Settled GST Asbestos Claims, by service via first-class mail to the address shown in the Debtors' schedules, unless a proof of claim has been filed, in which case service will be made at the address contained in the proof of claim. If a notice of change of address has been filed after the proof of claim was filed, the Solicitation Package will be served at that address.

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

*Class 3 will accept the Plan if (1) the Bankruptcy Court concludes that Class 3 is unimpaired, and thus is conclusively deemed to accept the Plan, or (2) the Bankruptcy Court concludes that Class 3 is impaired and the Plan is accepted by the holders of two-thirds in amount and more than one-half in number of claims voting in the class. If the Bankruptcy Court concludes that Class 3 is impaired, and Class 3 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan if it concludes that the Plan is accepted by at least one class of impaired claims and accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot or your attorney must complete a Master Ballot on your behalf.*

As outlined in the Voting Procedures, a Class 3 Settled GST Asbestos Claim will be temporarily allowed for voting purposes if (a) the claim is scheduled as an undisputed claim, or (b) the holder of such claim filed a proof of claim on or before September 30, 2014, and no objection to such claim has been filed before **April 13, 2015** (the "**Voting Record Date**"). Each such claim shall be temporarily allowed for voting purposes in the scheduled amount or amount contained in the proof of claim, whichever is greater. Holders of claims in Class 3 who filed proofs of claim on or before September 30, 2014, that have been objected to before the Voting Record Date may move for temporary allowance for voting purposes only in Class 3 or, alternatively, may vote as a Class 4 Current GST Asbestos Claim and submit a Class 4 Ballot or may have their vote cast by way of a Class 4 Master Ballot. Any such Class 4 Ballot or Class 4 Master Ballot must be received by the Balloting Agent by the Voting Deadline (as defined below). Any holder of a Class 3 Settled GST Asbestos Claim who submits a Class 4 Ballot, or on whose behalf a Class 4 Master Ballot is submitted, while an objection to his or her Class 3 claim is pending, will not be deemed to have waived any rights as to the alleged settlement on which his or her Class 3 claim is based, and the rights of each such holder to seek allowance of his or her claim as a Settled GST Asbestos Claim for any purpose other than voting on the Plan, and to oppose any objection to such claim, have been fully preserved.

This Ballot is to be used for voting by holders of Class 3 Settled GST Asbestos Claims only. In order for your Ballot to be counted, it must be properly completed, signed, and returned by first-class mail or courier to the Debtors' court-approved Balloting Agent, Rust Consulting/Omni Bankruptcy:

> Garlock Sealing Technologies LLC, et al.
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

**A Ballot must be ACTUALLY RECEIVED by the Balloting Agent no later than October 6, 2015 (the "Voting Deadline"). Facsimiles and Ballots transmitted by electronic means will NOT be accepted.**

If you have questions about your Ballot, or if you did not receive a copy of the Disclosure Statement, Plan or Voting Procedures, you may contact the Balloting Agent by phone at 1-844-

GARLOCK or by email at Garlock@omnimgt.com.  **Please note that the Balloting Agent cannot give legal advice.  You should consult your attorney regarding all legal matters.**

**VOTING INFORMATION AND INSTRUCTIONS
FOR COMPLETING THE CLASS 3 BALLOT**

**Please follow these instructions to complete your Class 3 Ballot:**

1.      **Read the Plan, Disclosure Statement, Voting Procedures, and these instructions.**

**You may need to consult your attorney.**  If you have questions regarding the Class 3 Ballot, or if you did not receive a copy of the Plan, Disclosure Statement, or Voting Procedures, or if you need additional copies of the Class 3 Ballot or other enclosed materials, please contact the Balloting Agent.  **The Balloting Agent cannot give legal advice.  You should consult your attorney regarding all legal matters.**  Please note that the Plan, Disclosure Statement, and Voting Procedures are available at the website maintained by the Balloting Agent at http://www.garlocknotice.com.

2.      **(Item 1) Identifying Information.**

Please fill in the identification and address information requested.  List the name of the person whose injury forms the basis of the claim (the "Injured Party") and the last 4 digits of the Injured Party's Social Security Number.  If the Injured Party is the holder of the Class 3 claim, please list the Injured Party's street address, city, state, and Zip Code.

If the Injured Party is deceased, please list in addition to the Injured Party's name and last 4 digits of the Injured Party's Social Security number, the name of the holder of the Class 3 claim and the claimant's street address, city, state, and Zip Code.

If this Ballot is being voted by an attorney for the Injured Party or claimant, as applicable, any such attorney must provide his/her address and contact information, in addition to the information requested above.

3.      **(Item 2) Asserted Claim Amount.**

Please indicate the asserted amount of the Class 3 claim as stated in your timely filed proof of claim.

4.      **(Item 3) Vote.**

Please indicate whether the holder of the Class 3 claim votes to **ACCEPT** or to **REJECT** the Plan by marking an "X" in the box that corresponds to the holder's choice.

5.      **Return the Ballot in the envelope provided.**  The Ballot must be <u>actually received</u> by the Balloting Agent by the Voting Deadline (specified above) or <u>it will not be counted</u>.  Facsimiles and electronic submissions <u>will not</u> be accepted.

Class 3-Individual-3

## BALLOT FOR CLASS 3 SETTLED GST ASBESTOS CLAIMS

**Please read the instructions accompanying this Ballot before completing.**
**Print clearly in ink or type.**

---

**YOU MUST COMPLETE EACH SECTION OF THIS BALLOT IN ORDER FOR IT TO BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1.**      **Identifying Information.**

| | |
|---|---|
| Name of Injured Party: | |
| Last 4 Digits of Social Security No.: | |
| Injured Party's Street Address: | |
| City, State & Zip Code: | |
| Name of Holder of Settled GST Asbestos Claim (if different from Injured Party): | |
| Claimant's Street Address: | |
| City, State & Zip Code: | |
| Name of Claimant: | |
| If by Attorney, Name: | |
| If by Attorney, Name of Law Firm: | |
| Law Firm's Street Address: | |
| City, State & Zip Code: | |
| Date Completed: | |

**Item 2.** **Asserted Claim Amount**

Please indicate the asserted amount of the Settled GST Asbestos Claim, as stated in your timely filed proof of claim.

**Asserted Claim Amount (as stated in proof of claim): $_____.**

**Item 3.** **Vote.**

Holder of the Class 3 Settled GST Asbestos Claim hereby votes to:

Check <u>only one</u> box:  ☐ **ACCEPT THE PLAN.**

☐ **REJECT THE PLAN.**

| Signature of Holder of Class 3 Settled GST Asbestos Claim: | |
|---|---|
| Date: | _____ |

If this Claim is being voted by an attorney for the holder of the Class 3 Settled GST Asbestos Claim:

**CERTIFICATION OF ATTORNEY VOTING AUTHORITY:**
By signing below, I hereby certify to the best of my knowledge, information, and reasonable belief that I have the power and authority to vote to accept or reject this plan on behalf of the holder of the Class 3 claim identified in Items 1 and 2 above.

| If by Attorney, Name: | _____ |
|---|---|
| Signature of Attorney: | _____ |
| Date: | |

**IF THIS BALLOT IS NOT *ACTUALLY RECEIVED* BY THE BALLOTING AGENT BY OCTOBER 6, 2015, THE BALLOT WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, OR VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT, RUST CONSULTING/OMNI BANKRUPTCY, TOLL-FREE AT 1-844-GARLOCK.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>        Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |

**BALLOT AND VOTING INSTRUCTIONS FOR DEBTORS'
SECOND AMENDED PLAN OF REORGANIZATION, DATED JANUARY 14, 2015**

**CLASS 3: SETTLED GST ASBESTOS CLAIMS
Master Ballot**

---

*This Master Ballot is to be used only for voting by counsel who represent multiple holders of Class 3 Settled GST Asbestos Claimants and who wish to vote by Master Ballot.*

---

Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd. and The Anchor Packing Company, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), are soliciting votes from the holders of certain claims against the Debtors with respect to the Debtors' Second Amended Plan of Reorganization, dated January 14, 2015 (the "Plan").

The United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court") has signed an order that establishes certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes on the Plan. The Voting Procedures contain important information regarding the balloting process. Please read the Voting Procedures prior to submitting your Master Ballot.

Information regarding treatment of Class 3 Settled GST Asbestos Claims under the Plan is available in the Disclosure Statement and the Plan, which are included in this Solicitation Package.

A Solicitation Package, including this Ballot, is being sent to holders of Class 3 Settled GST Asbestos Claims, by service via first-class mail to the address shown in the Debtors'

---

[1]     The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

schedules, unless a proof of claim has been filed, in which case service will be made at the address contained in the proof of claim. If a notice of change of address has been filed after the proof of claim was filed, the Solicitation Package will be served at that address.

***Class 3 will accept the Plan if (1) the Bankruptcy Court concludes that Class 3 is unimpaired, and thus is conclusively deemed to accept the Plan, or (2) the Bankruptcy Court concludes that Class 3 is impaired and the Plan is accepted by the holders of two-thirds in amount and more than one-half in number of claims voting in the class. If the Bankruptcy Court concludes that Class 3 is impaired, and Class 3 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan if it concludes that the Plan is accepted by at least one class of impaired claims and accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, your attorney must complete and return this Ballot or you must return an Individual Ballot.***

As outlined in the Voting Procedures, a Class 3 Settled GST Asbestos Claim will be temporarily allowed for voting purposes if (a) the claim is scheduled as an undisputed claim, or (b) the holder of such claim filed a proof of claim on or before September 30, 2014, and no objection to such claim has been filed before **April 13, 2015** (the "Voting Record Date"). Each such claim shall be temporarily allowed for voting purposes in the scheduled amount or amount contained in the proof of claim, whichever is greater. Holders of claims in Class 3 who filed proofs of claim on or before September 30, 2014, that have been objected to before the Voting Record Date may move for temporary allowance for voting purposes only in Class 3 or, alternatively, may vote as a Class 4 Current GST Asbestos Claim and submit a Class 4 Ballot or may have their vote cast by way of a Class 4 Master Ballot. Any such Class 4 Ballot or Class 4 Master Ballot must be received by the Balloting Agent by the Voting Deadline (as defined below). Any holder of a Class 3 Settled GST Asbestos Claim who submits a Class 4 Ballot, or on whose behalf a Class 4 Master Ballot is submitted, while an objection to his or her Class 3 claim is pending, will not be deemed to have waived any rights as to the alleged settlement on which his or her Class 3 claim is based, and the rights of each such holder to seek allowance of his or her claim as a Settled GST Asbestos Claim for any purpose other than voting on the Plan, and to oppose any objection to such claim, have been fully preserved.

This Ballot is to be used for voting by attorneys for multiple Class 3 Settled GST Asbestos Claimants who wish to vote by Master Ballot. In order for your Ballot to be counted, it must be properly completed, signed, and returned by first-class mail or courier to the Debtors' court-approved Balloting Agent, Rust Consulting/Omni Bankruptcy:

> Garlock Sealing Technologies LLC, et al.
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

**A Ballot must be ACTUALLY RECEIVED by the Balloting Agent no later than October 6, 2015 (the "Voting Deadline"). Facsimiles and electronic submissions will NOT be accepted.**

Class 3-Master-2

If you have questions about your Ballot, or if you did not receive a copy of the Disclosure Statement, Plan or Voting Procedures, you may contact the Balloting Agent by phone at 1-844-GARLOCK or by email at Garlock@omnimgt.com. **Please note that the Balloting Agent cannot give legal advice. You should consult your attorney regarding all legal matters.**

**VOTING INFORMATION AND INSTRUCTIONS**
**FOR COMPLETING THE CLASS 3 MASTER BALLOT**

**Please follow these instructions to complete your Class 3 Master Ballot:**

     **1.**      **Read the Plan, Disclosure Statement, Voting Procedures, and these instructions.**

     **You may need to consult your attorney.** If you have questions regarding the Class 3 Ballot, or if you did not receive a copy of the Plan, Disclosure Statement, or Voting Procedures, or if you need additional copies of the Class 3 Ballot or other enclosed materials, please contact the Balloting Agent. **The Balloting Agent cannot give legal advice. You should consult your attorney regarding all legal matters.** Please note that the Plan, Disclosure Statement, and Voting Procedures are available at the website maintained by the Balloting Agent at http://www.garlocknotice.com.

     **2.**      **(Items 1 and 2) Summary of Votes.**

     Please summarize the votes of the holders of the Class 3 claims represented by the attorney voting those claims on the table provided.

     **3.**      **(Item 3) Required Exhibit: List of Holders of Class 3 Claims Represented by Attorney.**

     The Attorney voting the Class 3 claims must include as an exhibit to the Master Ballot an electronic list, which list should be in Microsoft Excel or a comparable application, submitted on a CD-ROM, that indicates, for each claim being voted, (a) the last name of the person whose injury forms the basis of the claim (the "Injured Party"), (b) the Injured Party's first name, (c) the name of the claimant if different from the Injured Party, (d) the last four digits of the claimant's Social Security number, (e) the claimant's address, (f) the asserted amount of the claim, (g) the law firm voting the claim, and (h) whether the claimant votes to accept or to reject the Plan. The attorney voting the Class 3 Claims may use the following template for purposes of creating the required exhibit:

| Injured Party's Last Name | Injured Party's First Name | Claimant's Name (if different from Injured Party) | Last 4 digits of Claimant's Social Security | Claimant Address | Asserted Amount of Claim | Law Firm Voting Claim | Accept or Reject |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Class 3-Master-3

| Smith | John | | 1234 | 123 Any Street, Town, State 12345 | $100 | Firm, PLC | Accept |
|-------|------|---|------|----------------------------------|------|-----------|--------|

**4.** **(Item 3) Required Certifications.**

Please read and make sure you understand the required certifications. Then provide the required information and sign the certifications.

**5.** **Return the Master Ballot in the envelope provided.** The Master Ballot must be actually received by the Balloting Agent by the Voting Deadline (specified above) or it will not be counted. Facsimiles and electronic submissions will not be accepted.

**MASTER BALLOT FOR CLASS 3 SETTLED GST ASBESTOS CLAIMS**

**Please read the instructions accompanying this Master Ballot before completing.
Print clearly in ink or type.**

**YOU MUST COMPLETE EACH SECTION OF THIS MASTER BALLOT IN ORDER FOR IT TO BE VALID OR COUNTED AS HAVING BEEN CAST.**

1. **Tabulation of Votes with Respect to the Plan.**

☐ **ALL** of the individuals listed on the exhibit required in Item 3, each of whom is a holder of a Class 3 GST Asbestos Claim under the Plan, **ACCEPT** the Plan.

☐ **ALL** of the individuals listed on the exhibit required in Item 3, each of whom is a holder of a Class 3 GST Asbestos Claim under the Plan, **REJECT** the Plan.

☐ **Some of the individuals** listed on the exhibit required in Item 3 **ACCEPT** the Plan, while other individuals listed on the exhibit required in Item 3 **REJECT** the Plan.

2. **Summary of Votes.**

| Votes **Accepting** the Plan | Votes **Rejecting** the Plan | Total Votes |
|------------------------------|------------------------------|-------------|
| | | |

Class 3-Master-4

|  |  |  |
|---|---|---|
|  |  |  |

3.           **Required Exhibit: List of Holders of Class 3 Claims Represented by Attorney.**

The attorney voting the Class 3 Claims must include as an exhibit to the Master Ballot an electronic list, which list should be in Microsoft Excel or a comparable application, on a CD-ROM, that indicates, for each claim being voted, (a) the last name of the person whose injury forms the basis of the claim (the "Injured Party"), (b) the Injured Party's first name, (c) the name of the claimant if different from the Injured Party, (d) the last four digits of the claimant's Social Security number, (e) the claimant's address, (f) the asserted amount of the claim, (g) the law firm voting the claim, and (h) whether the claimant votes to accept or to reject the Plan. The attorney voting the Class 3 Claims may use the template found at No. 3 of the Voting Instructions for purposes of creating and formatting the Exhibit.

4.           **Required Certifications.**

---

**CERTIFICATION OF ATTORNEY VOTING AUTHORITY:**

By signing below, I hereby certify to the best of my knowledge, information, and reasonable belief that I have the power and authority to vote to accept or reject this plan on behalf of the holders of the Class 3 claims identified in the exhibit to this Master Ballot.

| Attorney Name: | _____ |
|---|---|
| Signature of Attorney: |  |
| Date: |  |

---

**IF THIS MASTER BALLOT IS NOT *ACTUALLY RECEIVED* BY THE BALLOTING AGENT BY OCTOBER 6, 2015, THE MASTER BALLOT WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, OR VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT, RUST CONSULTING/OMNI BANKRUPTCY, TOLL-FREE AT 1-844-GARLOCK.**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

IN RE:

GARLOCK SEALING TECHNOLOGIES
LLC, et al.,

Debtors.[1]

Case No. 10-BK-31607

Chapter 11

Jointly Administered

---

## PROOF OF CLAIM, BALLOT, AND VOTING INSTRUCTIONS FOR DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION, DATED JANUARY 14, 2015

### CLASS 4: CURRENT GST ASBESTOS CLAIMS
#### Individual Ballot

Garlock Sealing Technologies LLC ("**Garlock**"), Garrison Litigation Management Group, Ltd. ("**Garrison**") and The Anchor Packing Company, debtors and debtors-in-possession in the above-captioned cases (the "**Debtors**"), are soliciting votes from the holders of certain claims against the Debtors with respect to the Debtors' Second Amended Plan of Reorganization, dated January 14, 2015 (the "**Plan**").

The United States Bankruptcy Court for the Western District of North Carolina (the "**Bankruptcy Court**") has signed an order (the "**Bar Date and Voting Procedures Order**") that requires certain holders of GST Asbestos Claims to file Proofs of Claim and establishes certain procedures (the "**Voting Procedures**") for the solicitation and tabulation of votes on the Plan.

If you are asserting a Current GST Asbestos Claim based on alleged pleural or peritoneal mesothelioma, lung or laryngeal cancer, or asbestosis, allegedly caused by GST Asbestos Exposure (as defined herein), you <u>must</u> use this form (the "**Ballot**") to (a) cast a ballot on the Plan, and (b) if you are subject to the Asbestos Claims Bar Date, file a Proof of Claim on or before the Asbestos Claims Bar Date. Attorneys for multiple such claimants may use the form of Master Ballot for Class 4 Current GST Asbestos Claims as the Proof of Claim for all such claimants.

Current GST Asbestos Claimants who are subject to the Asbestos Claims Bar Date but whose claims are not based on alleged pleural or peritoneal mesothelioma, lung or laryngeal cancer, or asbestosis allegedly caused by exposure to Garlock gaskets or packing, <u>must</u> use Official Bankruptcy Form No. 10 as their proofs of claim. In addition, any such Current GST

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

Asbestos Claimant who wishes to cast a ballot must file a motion with the Bankruptcy Court to have his or her claim temporarily allowed in order to cast a Class 4 Ballot.

Moreover, if you have asserted a Settled GST Asbestos Claim by filing a proof of claim on or before September 30, 2014, to which there is an objection, you may cast a Class 4 Ballot by satisfying the requirements herein or you may file a motion with the Court to have your claim temporarily allowed in order to cast a Class 3 or a Class 4 Ballot; and by doing so, you will not be deemed to have waived any rights as to the alleged settlement on which your Class 3 claim is based.

**GST ASBESTOS CLAIMANTS ARE SUBJECT TO THE ASBESTOS CLAIMS BAR DATE IF THE ASBESTOS-RELATED DISEASE UPON WHICH THEIR CLAIM IS BASED WAS DIAGNOSED ON OR BEFORE AUGUST 1, 2014 AND SUCH CLAIMANTS OR THEIR RESPECTIVE ATTORNEYS FILED A LAWSUIT FOR ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH AGAINST ANY DEFENDANT OR FILED A CLAIM AGAINST ANY ASBESTOS TRUST ON OR BEFORE AUGUST 1, 2014. CLAIMANTS WHO ARE SUBJECT TO THE ASBESTOS CLAIMS BAR DATE INCLUDE CLAIMANTS WHO ASSERT THAT THEIR GST ASBESTOS CLAIMS ARE SUBJECT TO AN ENFORCEABLE SETTLEMENT AGREEMENT BUT WHO CANNOT BE TREATED AS SETTLED GST ASBESTOS CLAIMS (CLASS 3) BECAUSE THEY FAILED TO FILE A PROOF OF CLAIM BY SEPTEMBER 30, 2014.**

**ANY CLAIMANT SUBJECT TO THE ASBESTOS CLAIMS BAR DATE SHOULD SUBMIT THIS FORM OF BALLOT OR A PROOF OF CLAIM IN THE FORM OF OFFICIAL BANKRUPTCY FORM NO. 10, AS APPLICABLE TO SUCH CLAIMANT, TO THE BALLOTING AGENT ON OR BEFORE OCTOBER 6, 2015 IN ORDER TO MEET THE BAR DATE.**

**ANY CLAIMANT SUBJECT TO THE ASBESTOS CLAIMS BAR DATE OR ANY ATTORNEY REPRESENTING SUCH A CLAIMANT, WHO CANNOT, ON OR BEFORE OCTOBER 6, 2015, MAKE THE CERTIFICATIONS IN ITEM 4 OF THIS BALLOT SHOULD SUBMIT A PROOF OF CLAIM IN THE FORM OF OFFICIAL BANKRUPTCY FORM NO. 10 TO THE BALLOTING AGENT ON OR BEFORE OCTOBER 6, 2015 IN ORDER TO MEET THE ASBESTOS CLAIMS BAR DATE.**

The Asbestos Claims Bar Date also applies to holders of Pre-Petition Judgment GST Asbestos Claims, that is, holders of GST Asbestos Claims that such holders assert were liquidated by judgment prior to June 5, 2010. Those holders should submit the form of ballot for Class 6 Pre-Petition Judgment GST Asbestos Claims as their proof of claim.

Notices related to your rights as a claimant, including your obligation to complete this Ballot and the Voting Procedures under which votes to accept or reject the plan, have been enclosed with this Ballot. Please read the Notices and the Voting Procedures prior to submitting your Ballot.

Information regarding treatment of Class 4 Current GST Asbestos Claims under the Plan is available in the Disclosure Statement and the Plan, which are included in this Solicitation Package.

**Under the Plan, allowance of Class 4 claims for all purposes other than voting will occur after confirmation of the Plan, under the terms of the Plan. Debtors dispute all Class 4 claims and this Ballot and the Voting Procedures do not constitute any admission of liability by the Debtors.**

A Solicitation Package, including this Ballot, is being sent to holders of Class 4 Current GST Asbestos Claims by service via first class mail to the attorney who, based on the Garrison Asbestos Claims Database, the Mesothelioma Claim Questionnaire, or verified statements filed pursuant to Bankruptcy Rule 2019, represents such holder at the attorney's known address, or to the holder directly via first class mail if the holder is not represented by an attorney and the holder's address is known to Debtors through a proof of claim, the Garrison Asbestos Claims Database, the Mesothelioma Claim Questionnaire, or verified statements filed pursuant to Bankruptcy Rule 2019. If these sources contain multiple addresses for an attorney (or holder if not represented by an attorney), a Solicitation Package will be served on each such address. Publication notice is being made to all unknown holders of Class 4 Current GST Asbestos Claims pursuant to the procedures outlined in the Voting Procedures.

*Class 4 will accept the Plan if (1) the Bankruptcy Court concludes that Class 4 is unimpaired, and thus is conclusively deemed to accept the Plan, or (2) the Bankruptcy Court concludes that Class 4 is impaired and the Plan is accepted by the holders of two-thirds in amount and more than one-half in number of claims voting in the Class. If the Bankruptcy Court concludes that Class 4 is impaired, and Class 4 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan if it concludes that the Plan is accepted by at least one class of impaired claims and accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.*

This Ballot is to be used for voting by holders of Class 4 Current GST Asbestos Claims only. In order for your Ballot to be counted, it must be properly completed, signed, and returned by the Voting Deadline to the court-approved Balloting Agent, Rust Consulting/Omni Bankruptcy, by first-class mail or courier as follows:

> Garlock Sealing Technologies LLC, et al.
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

---

**A Ballot must be ACTUALLY RECEIVED by the Balloting Agent no later than October 6, 2015 (the "<u>Bar Date and Voting Deadline</u>"). Facsimiles and electronic transmissions will NOT be accepted.**

---

If you have questions about your Ballot, or if you did not receive a copy of the Disclosure Statement, Plan, Notices or Voting Procedures, you may contact the Balloting Agent by phone at 1-844-GARLOCK or by email at Garlock@omnimgt.com. **Please note that the Balloting Agent cannot give legal advice. You should consult your attorney regarding all legal matters.**

## VOTING INFORMATION AND INSTRUCTIONS
## <u>FOR COMPLETING THE CLASS 4 BALLOT</u>

**Please follow these instructions to complete your Class 4 Ballot:**

      **1.**      **Read the Plan, Disclosure Statement, Voting Procedures, and these instructions.**

      **You may need to consult your attorney.** If you have questions regarding the Class 4 Ballot, or if you did not receive a copy of the Plan, Disclosure Statement, or Voting Procedures, or if you need additional copies of the Class 4 Ballot or other enclosed materials, please contact the Balloting Agent. **The Balloting Agent cannot give legal advice. You should consult your attorney regarding all legal matters.** Please note that the Plan, Disclosure Statement, and Voting Procedures are available at the website maintained by the Balloting Agent at http://www.garlocknotice.com.

      **2.**      **(Item 1) Identifying Information.**

      Please fill in the identification and address information requested. List the name of the person upon whose injury the Current GST Asbestos Claim is based (the "**Injured Party**") and the last 4 digits of the Injured Party's Social Security Number. If the Injured Party is the holder of the Class 4 claim, please list the Injured Party's street address, city, state, and Zip Code.

      If the Injured Party is deceased, please list in addition to the Injured Party's name and last 4 digits of the Injured Party's Social Security number, the claimant's name and the claimant's street address, city, state, and Zip Code.

      If this Ballot is being voted by an attorney for the Injured Party or claimant, as applicable, any such attorney must provide his/her address and contact information, in addition to the information requested above.

      **3.**      **(Item 2) Designation of Disease Category.**

      Please indicate the disease category(ies) that is the basis for the Class 4 claim by marking an "X" in the box that corresponds to the Injured Party's diagnosis. You must mark a diagnosis for your vote to be counted. Pursuant to the Voting Procedures, Current GST Asbestos Claims will be <u>temporarily allowed for voting purposes only</u>. **The Debtors reserve the right to object to the allowance for purposes other than voting of any Class 4 claim. Temporary allowance of any Class 4 claim for voting purposes does not in any way constitute an admission of liability by the Debtors, or an admission of the value of any Class 4 claim**.

**4.      (Item 3) Vote.**

Please indicate whether the holder of the Class 4 claim votes to **ACCEPT** or to **REJECT** the Plan by marking an "X" in the box that corresponds to the holder's choice.

**5.      (Item 4) Certifications.**

Item 4 requires the claimant or claimant's attorney, as applicable, to certify under penalty of perjury, that the following matters are true and correct to the best of such claimant or attorney's knowledge, information, and reasonable belief:

     a.   the claimant is the holder of a Current GST Asbestos Claim (as defined in the Plan) that has not been dismissed with prejudice or settled and paid, and is not known to be time-barred;

     b.   the person upon whose injury the Current GST Asbestos Claim is based (the "**Injured Party**")  was diagnosed with pleural or peritoneal mesothelioma, lung cancer, laryngeal cancer, or asbestosis, based on, or as evidenced in, medical records or similar documentation in the possession of the claimant, his or her attorney, or the physician of the claimant or Injured Party;

     c.   the Injured Party was exposed to asbestos released from asbestos-containing gaskets or packing manufactured, produced, fabricated, distributed, supplied, marketed, or sold by Garlock ("**GST Asbestos Exposure**"); and

     d.   if these certifications are made by the holder's attorney, the attorney is authorized by such holder to vote on the Plan on his or her behalf, and to represent that the Injured Party has (or, if deceased, had) the disease noted on the ballot and GST Asbestos Exposure.

Class 4 Current GST Asbestos Claims making these certifications shall be temporarily allowed for voting purposes only in the amount of $10,000 (for claims based on pleural or peritoneal mesothelioma) or $1 (for claims based on lung cancer, laryngeal cancer, or asbestosis).

Any claimant in Class 4 who cannot, on or before the Bar Date and Voting Deadline, make the certifications above and who files a proof of claim in the form of Official Bankruptcy Form No. 10 on or before the Bar Date and Voting Deadline may move for temporary allowance for voting purposes.  Any such motion must be filed no later than **November 5, 2015**, and any such claimant who does not move for temporary allowance by that time shall be deemed to have waived his or her right to vote on the Plan.   All parties' rights to object to such claim and to such motion for temporary allowance for voting purposes are preserved.  If the Court enters an order granting a claimant's motion for temporary allowance, the claimant will be entitled to submit a ballot in the amount and by the deadline specified by such order, and such ballot, if completed and signed in accordance with such order and the Voting Procedures, will be treated as timely, and the Balloting Agent will count or tabulate such ballot, even if such ballot is submitted after the Bar Date and Voting Deadline.

*No entity named as a defendant in asbestos litigation shall be eligible to vote on the Plan as a Class 4 claimant, unless (i) such entity files a proof of claim in the form of Official Bankruptcy Form No. 10 by the Bar Date and Voting Deadline and files a motion for temporary allowance of its claim for voting purposes; and (ii) the Court grants such motion for temporary allowance. Any such motion must be filed no later than November 5, 2015, and any such entity who does not move for temporary allowance by that time shall be deemed to have waived its right to vote on the Plan. All parties' rights to object to such claim and to such motion for temporary allowance for voting purposes have been preserved.*

**6.** **Return the Ballot in the envelope provided.** The Ballot must be <u>actually received</u> by the Balloting Agent by the Bar Date and Voting Deadline (specified above) or <u>it will not be counted</u>. Facsimiles and electronic submissions <u>will not</u> be accepted.

**PROOF OF CLAIM AND BALLOT FOR**
**CLASS 4 CURRENT GST ASBESTOS CLAIMS**

**Please read the instructions accompanying this Ballot before completing.**
**Print clearly in ink or type.**

<table>
<tr><td>YOU MUST COMPLETE EACH SECTION OF THIS BALLOT IN ORDER FOR IT TO BE VALID OR COUNTED AS HAVING BEEN CAST.</td></tr>
</table>

**Item 1.**       **Identifying Information.**

| | |
|---|---|
| Name of Injured Party: | |
| Last 4 Digits of Social Security No.: | |
| Injured Party's Street Address: | |
| City, State & Zip Code: | |
| Name of Claimant (if different from Injured Party): | |
| Claimant's Street Address: | |
| City, State & Zip Code: | |
| Name of Claimant: | |
| If by Attorney, Name: | |
| If by Attorney, Name of Law Firm: | |
| Law Firm's Street Address: | |
| City, State & Zip Code: | |
| Date Completed: | |

**Item 2.**       **Designation of Disease Category and Amount of Current GST Asbestos Claim FOR VOTING PURPOSES ONLY.**

Solely for purposes of voting to accept or to reject the Plan, please designate the following disease category(ies) which is the basis for your Class 4 Claim.

Class 4-Individual-7

☐ **Mesothelioma**.

**Claim amount for voting purposes only: $10,000.**

☐ **Lung Cancer**.

**Claim amount for voting purposes only: $1.**

☐ **Laryngeal Cancer**.

**Claim amount for voting purposes only: $1.**

☐ **Asbestosis**.

**Claim amount for voting purposes only: $1.**

**Item 3.**     <u>**Vote.**</u>

Holder of the Class 4 Current GST Asbestos Claim, in the amount set forth in Item 2, hereby votes to:

Check <u>only one</u> box:     ☐ **ACCEPT THE PLAN.**

                              ☐ **REJECT THE PLAN.**

**Item 4.**     <u>**Certifications.**</u>

By signing below, I hereby certify under penalty of perjury to the best of my knowledge, information, and reasonable belief that the following matters are true and correct:

(i)   the claimant is the holder of a Current GST Asbestos Claim (as defined in the Plan) that has not been dismissed with prejudice or settled and paid, and is not known to be time-barred;

(ii)   the person upon whose injury the Current GST Asbestos Claim is based (the "**Injured Party**") was diagnosed with pleural or peritoneal mesothelioma, lung cancer, laryngeal cancer, or asbestosis, based on, or as evidenced in, medical records or similar documentation in the possession of the claimant, his or her attorney, or the physician of the claimant or Injured Party;

(iii)   the Injured Party was exposed to asbestos released from asbestos-containing gaskets or packing manufactured, produced, fabricated, distributed, supplied, marketed, or sold by Garlock ("**GST Asbestos Exposure**"); and

(iv)   if these certifications are made by the holder's attorney, the attorney is authorized by such holder to vote on the Plan on his or her behalf, and to represent

that the Injured Party has (or, if deceased, had) the disease noted on the ballot and GST Asbestos Exposure.

| Signature of Claimant or Attorney: | _____ |
|---|---|
| Date: | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## DO NOT INCLUDE MEDICAL RECORDS WITH THIS BALLOT.

**IF THIS BALLOT IS NOT *ACTUALLY RECEIVED* BY THE VOTING AGENT BY OCTOBER 6, 2015, THE BALLOT WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, OR VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT, RUST CONSULTING/OMNI BANKRUPTCY, TOLL-FREE AT 1-844-GARLOCK.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

IN RE:

GARLOCK SEALING TECHNOLOGIES
LLC, et al.,

Debtors.[1]

Case No. 10-BK-31607

Chapter 11

Jointly Administered

## PROOF OF CLAIM, BALLOT, AND VOTING INSTRUCTIONS FOR DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION, DATED JANUARY 14, 2015

## CLASS 4: CURRENT GST ASBESTOS CLAIMS
### Master Ballot

*This Master Ballot is to be used only for voting by counsel who represent multiple holders of Class 4 Current GST Asbestos Claimants and who wish to vote by Master Ballot.*

Garlock Sealing Technologies LLC ("**Garlock**"), Garrison Litigation Management Group, Ltd. ("**Garrison**") and The Anchor Packing Company, debtors and debtors-in-possession in the above-captioned cases (the "**Debtors**"), are soliciting votes from the holders of certain claims against the Debtors with respect to the Debtors' Second Amended Plan of Reorganization, dated January 14, 2015 (the "**Plan**").

The United States Bankruptcy Court for the Western District of North Carolina (the "**Bankruptcy Court**") has signed an order (the "**Bar Date and Voting Procedures Order**") that requires certain holders of GST Asbestos Claims to file Proofs of Claim and establishes certain procedures (the "**Voting Procedures**") for the solicitation and tabulation of votes on the Plan.

If you are an attorney who represents multiple holders of Current GST Asbestos Claims based on alleged pleural or peritoneal mesothelioma, lung or laryngeal cancer, or asbestosis, allegedly caused by GST Asbestos Exposure (as defined herein), you <u>must</u> use this form (the "**Master Ballot**") to (a) cast a ballot on the Plan on behalf of multiple such claimants, or (b) file

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

a proof of claim on or before the Asbestos Claims Bar Date (for GST Asbestos Claimants subject to the Asbestos Claims Bar Date) on behalf of multiple claimants.

Current GST Asbestos Claimants who are subject to the Asbestos Claims Bar Date but whose claims are not based on alleged pleural or peritoneal mesothelioma, lung or laryngeal cancer, or asbestosis, allegedly caused by exposure to Garlock gaskets or packing, <u>must</u> use Official Bankruptcy Form No. 10 as their proofs of claim. In addition, any such Current GST Asbestos Claimant who wishes to cast a ballot must file a motion with the Bankruptcy Court to have his or her claim temporarily allowed in order to cast a Class 4 Ballot.

Claimants who have asserted a Settled GST Asbestos Claim by filing a proof of claim on or before September 30, 2014, to which there is an objection, <u>may</u> cast a Class 4 Ballot by satisfying the requirements herein or <u>may</u> file a motion with the Court to have their claims temporarily allowed in order to cast a Class 3 or a Class 4 Ballot; and, by doing so, will not be deemed to have waived any rights as to the alleged settlements on which such Class 3 claims are based.

**<u>GST ASBESTOS CLAIMANTS ARE SUBJECT TO THE ASBESTOS CLAIMS BAR DATE IF THE ASBESTOS-RELATED DISEASE UPON WHICH THEIR CLAIM IS BASED WAS DIAGNOSED ON OR BEFORE AUGUST 1, 2014 AND SUCH CLAIMANTS OR THEIR RESPECTIVE ATTORNEYS FILED A LAWSUIT FOR ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH AGAINST ANY DEFENDANT OR FILED A CLAIM AGAINST ANY ASBESTOS TRUST ON OR BEFORE AUGUST 1, 2014. CLAIMANTS WHO ARE SUBJECT TO THE ASBESTOS CLAIMS BAR DATE INCLUDE CLAIMANTS WHO ASSERT THAT THEIR GST ASBESTOS CLAIMS ARE SUBJECT TO AN ENFORCEABLE SETTLEMENT AGREEMENT BUT WHO CANNOT BE TREATED AS SETTLED GST ASBESTOS CLAIMS (CLASS 3) BECAUSE THEY FAILED TO FILE A PROOF OF CLAIM BY SEPTEMBER 30, 2014.</u>**

**<u>ANY CLAIMANT SUBJECT TO THE ASBESTOS CLAIMS BAR DATE SHOULD SUBMIT THIS FORM OF MASTER BALLOT OR A PROOF OF CLAIM IN THE FORM OF OFFICIAL BANKRUPTCY FORM NO. 10, AS APPLICABLE TO SUCH CLAIMANT, TO THE BALLOTING AGENT ON OR BEFORE OCTOBER 6, 2015 IN ORDER TO MEET THE BAR DATE.</u>**

**<u>ANY CLAIMANT SUBJECT TO THE ASBESTOS CLAIMS BAR DATE OR ANY ATTORNEY REPRESENTING SUCH A CLAIMANT, WHO CANNOT, ON OR BEFORE OCTOBER 6, 2015, MAKE THE CERTIFICATIONS IN ITEM 4 OF THIS MASTER BALLOT SHOULD SUBMIT A PROOF OF CLAIM IN THE FORM OF OFFICIAL BANKRUPTCY FORM NO. 10 TO THE BALLOTING AGENT ON OR BEFORE OCTOBER 6, 2015 IN ORDER TO MEET THE ASBESTOS CLAIMS BAR DATE.</u>**

The Asbestos Claims Bar Date also applies to holders of GST Asbestos Claims that assert were such claims were liquidated by Judgment prior to June 5, 2010. Those holders should

submit the form of ballot for Class 6 Pre-Petition Judgment GST Asbestos Claims as their proof of claim.

Information regarding treatment of Class 4 Current GST Asbestos Claims under the Plan is available in the Disclosure Statement and the Plan, which are included in this Solicitation Package.

**Under the Plan, allowance of Class 4 claims for all purposes other than voting will occur after confirmation of the Plan, under the terms of the Plan. Debtors dispute all Class 4 claims and this Ballot and the Voting Procedures do not constitute any admission of liability by the Debtors.**

A Solicitation Package, including this Ballot, is being sent to holders of Class 4 Current GST Asbestos Claims by service via first class mail to the attorney who, based on the Garrison Asbestos Claims Database, the Mesothelioma Claim Questionnaire, or verified statements filed pursuant to Bankruptcy Rule 2019, represents such holder at the attorney's known address, or to the holder directly via first class mail if the holder is not represented by an attorney and the holder's address is known to Debtors through a proof of claim, the Garrison Asbestos Claims Database, the Mesothelioma Claim Questionnaire, or verified statements filed pursuant to Bankruptcy Rule 2019. If these sources contain multiple addresses for an attorney (or holder if not represented by an attorney), a Solicitation Package will be served on each such address. Publication notice is being made to all unknown holders of Class 4 Current GST Asbestos Claims pursuant to the procedures outlined in the Voting Procedures.

*Class 4 will accept the Plan if (1) the Bankruptcy Court concludes that Class 4 is unimpaired, and thus is conclusively deemed to accept the Plan, or (2) the Bankruptcy Court concludes that Class 4 is impaired and the Plan is accepted by the holders of two-thirds in amount and more than one-half in number of claims voting in the Class. If the Bankruptcy Court concludes that Class 4 is impaired, and Class 4 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan if it concludes that the Plan is accepted by at least one class of impaired claims and accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.*

This Master Ballot is to be used for voting by attorneys representing multiple holders of Class 4 Current GST Asbestos Claims only. In order for your Master Ballot to be counted, it must be properly completed, signed, and returned by to the court-approved Balloting Agent, Rust Consulting/Omni Bankruptcy, by first-class mail or courier as follows:

> Garlock Sealing Technologies LLC, et al.
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

> A Ballot must be ACTUALLY RECEIVED by the Balloting Agent no later than October 6, 2015 (the "**Bar Date and Voting Deadline**"). Facsimiles and electronic transmissions will NOT be accepted.

If you have questions about your Ballot, or if you did not receive a copy of the Disclosure Statement, Plan, Notices or Voting Procedures, you may contact the Balloting Agent by phone at 1-844-GARLOCK or by email at Garlock@omnimgt.com.  **Please note that the Balloting Agent cannot give legal advice.  You should consult your attorney regarding all legal matters.**

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE CLASS 4 MASTER BALLOT

**Please follow these instructions to complete your Class 4 Master Ballot:**

**1.     Read the Plan, Disclosure Statement, Voting Procedures, and these instructions.**

**You may need to consult your attorney.**  If you have questions regarding the Class 4 Master Ballot, or if you did not receive a copy of the Plan, Disclosure Statement, or Voting Procedures, or if you need additional copies of the Class 4 Master Ballot or other enclosed materials, please contact the Balloting Agent.  **The Balloting Agent cannot give legal advice. You should consult your attorney regarding all legal matters.**  Please note that the Plan, Disclosure Statement, and Voting Procedures are available at the website maintained by the Balloting Agent at http://www.garlocknotice.com.

**2.     (Items 1 and 2) Summary of Votes.**

Please summarize the votes of the holders of the Class 4 claims represented by the attorney voting those claims on the table provided.

**3.     (Item 3) Required Exhibit:  List of Class 4 Claims Voting Through Master Ballot.**

The attorney voting the Class 4 claims must include as an exhibit to the Master Ballot an electronic list, which list should be in Microsoft Excel or a comparable application, submitted on a CD-ROM, that indicates, for each claim being voted, (a) the last name of the person upon whose injury the Current GST Asbestos Claim is based (the "**Injured Party**"), (b) the first name of the Injured Party, (c) the claimant's name if different from the Injured Party, (d) the claimant's address, (e) the Injured Party's disease (pleural or peritoneal mesothelioma, lung cancer, laryngeal cancer, or asbestosis), (f) law firm voting the claim, and (g) whether the claimant votes to accept or to reject the Plan. You must indicate a claimant's disease, or his or her vote will not be counted. The attorney voting the Class 4 Claims may use the following template for purposes of creating the required exhibit:

| Last Name of Injured Party | First Name of Injured Party | Claimant's Name (if different) | Last Four Digits of Claimant's Social Security No. | Claimant's Address | Disease | Law firm voting claim | Accept or Reject |
|---|---|---|---|---|---|---|---|
| Smith | John | Smith, Sue | 1234 | 123 Any Street, Town, State 12345 | Lung cancer | Firm, PLC | Accept |

### 4.    (Item 4) Required Certifications.

Item 4 requires the attorney to certify under penalty of perjury that the following matters are true and correct to the best of such attorney's knowledge, information, and reasonable belief:

a.  the claimants identified in the accompanying exhibit each hold a Current GST Asbestos Claim (as defined in the Plan) that has not been dismissed with prejudice or settled and paid, and is not known to be time-barred;

b.  the Injured Parties listed in the exhibit were diagnosed with pleural or peritoneal mesothelioma, lung cancer, laryngeal cancer, or asbestosis, as indicated in the exhibit, based on, or as evidenced in, medical records or similar documentation in the possession of the claimants, their attorneys, or the respective physicians of those claimants or Injured Parties;

c.  the Injured Parties listed in the exhibit were exposed to asbestos released from asbestos-containing gaskets or packing manufactured, produced, fabricated, distributed, supplied, marketed, or sold by Garlock ("**GST Asbestos Exposure**"); and

d.  the attorney is authorized by the holders of claims listed in the exhibit to vote on the Plan on their behalf, and to represent that the Injured Parties listed in the exhibit have (or, if deceased, had) the respective diseases noted in the exhibit and GST Asbestos Exposure.

Class 4 Current GST Asbestos Claims for which these certifications are made shall be temporarily allowed for voting purposes only in the amount of $10,000 (for claims based on pleural or peritoneal mesothelioma) or $1 (for claims based on lung cancer, laryngeal cancer, or asbestosis).

Any claimant in Class 4 or an attorney representing such a claimant, who cannot, on or before the Bar Date and Voting Deadline, make the certifications above and who files a proof of claim in the form of Official Bankruptcy Form No. 10 on or before the Bar Date and Voting Deadline, may move for temporary allowance for voting purposes.  Any such motion must be filed no later than **November 5, 2015**, and any such claimant who does not move for temporary allowance by that time will be deemed to have waived his or her right to vote on the Plan.  All

parties' rights to object to such claim and to such motion for temporary allowance for voting purposes are preserved. If the Court enters an order granting a claimant's motion for temporary allowance, the claimant will be entitled to submit a ballot in the amount and by the deadline specified by such order, and such ballot, if completed and signed in accordance with such order and the Voting Procedures, will be treated as timely, and the Balloting Agent will count or tabulate such ballot, even if such ballot is submitted after the Bar Date and Voting Deadline.

**No entity named as a defendant in asbestos litigation shall be eligible to vote on the Plan as a Class 4 claimant, unless (i) such entity files a proof of claim in the form of Official Bankruptcy Form No. 10 by the Bar Date and Voting Deadline and files a motion for temporary allowance of its claim for voting purposes; and (ii) the Court grants such motion for temporary allowance. Any such motion must be filed no later than November 5, 2015, and any such entity who does not move for temporary allowance by that time shall be deemed to have waived its right to vote on the Plan. All parties' rights to object to such claim and to such motion for temporary allowance for voting purposes have been preserved.**

**5.** **Return the Master Ballot in the envelope provided.** The Master Ballot must be <u>actually received</u> by the Balloting Agent by the Bar Date and Voting Deadline (specified above) or <u>it will not be counted</u>. Facsimiles and electronic submissions <u>will not</u> be accepted.

# MASTER BALLOT FOR CLASS 4 CURRENT GST ASBESTOS CLAIMS

**Please read the instructions accompanying this Master Ballot before completing.
Print clearly in ink or type.**

---

**YOU MUST COMPLETE EACH SECTION OF THIS MASTER BALLOT IN ORDER
FOR IT TO BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

1.  **Tabulation of Votes with Respect to the Plan.**

☐  **ALL** of the individuals listed on the exhibit required in Item 3, each of whom is a holder of a Class 4 Current GST Asbestos Claim under the Plan, **ACCEPT** the Plan.

☐  **ALL** of the individuals listed on the exhibit required in Item 3, each of whom is a holder of a Class 4 Current GST Asbestos Claim under the Plan, **REJECT** the Plan.

☐  **Some of the individuals** listed on the exhibit required in Item 3 **ACCEPT** the Plan, while other individuals listed on the exhibit required in Item 3 **REJECT** the Plan.

2.  **Summary of Votes.**

| Disease Category | Votes <u>Accepting the</u> Plan | Votes <u>Rejecting the</u> Plan | Total Votes |
|---|---|---|---|
| Pleural or Peritoneal Mesothelioma | | | |
| Lung Cancer | | | |
| Laryngeal Cancer | | | |
| Asbestosis | | | |
| **Total Votes** | | | |

3.  **Required Exhibit: List of Holders of Class 4 Claims Voted by Attorney.**

The attorney voting the Class 4 claims must include as an exhibit to the Master Ballot an electronic list, which list should be in Microsoft Excel or a comparable application, submitted on a CD-ROM, that indicates, for each claim being voted, (a) the last name of the person upon

Class 4-Master-7

whose injury the Current GST Asbestos Claim is based (the "**Injured Party**"), (b) the first name of the Injured Party, (c) the claimant's name if different from the Injured Party, (d) the claimant's address, (e) the Injured Party's disease (mesothelioma, lung cancer, laryngeal cancer, or asbestosis), (f) law firm voting the claim, and (g) whether the claimant votes to accept or to reject the Plan. The attorney voting the Class 4 claims may use the template found at No. 3 of the Voting Instructions for purposes of creating and formatting the Exhibit.

4.       **Required Certifications.**

By signing this Master Ballot, I hereby certify under penalty of perjury to the best of my knowledge, information, and reasonable belief that the following matters are true and correct:

(i)      the claimants identified in the accompanying exhibit each hold a Current GST Asbestos Claim (as defined in the Plan) that has not been dismissed with prejudice or settled and paid, and is not known to be time-barred;

(ii)      the persons upon whose injury the Current GST Asbestos Claims are based (the "**Injured Parties**") listed in the accompanying exhibit were diagnosed with pleural or peritoneal mesothelioma, lung cancer, laryngeal cancer, or asbestosis, as indicated in the exhibit, based on, or as evidenced in, medical records or similar documentation in the possession of the claimants, their attorneys, or the respective physicians of those claimants or Injured Parties;

(iii)      the Injured Parties listed in the accompanying exhibit were exposed to asbestos released from asbestos-containing gaskets or packing manufactured, produced, fabricated, distributed, supplied, marketed, or sold by Garlock ("**GST Asbestos Exposure**"); and

(iv)      the attorney is authorized by the holders of claims listed in the accompanying exhibit to vote on the Plan on their behalf, and to represent that the Injured Parties listed in the accompanying exhibit have (or, if deceased, had) the respective diseases noted in the exhibit and GST Asbestos Exposure.

| | |
|---|---|
| Signature of Attorney: | _____ |
| Date: | _____ |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**<u>DO NOT INCLUDE MEDICAL RECORDS WITH THIS MASTER BALLOT.</u>**

**IF THIS MASTER BALLOT IS NOT *ACTUALLY RECEIVED* BY THE BALLOTING AGENT BY OCTOBER 6, 2015, THE MASTER BALLOT WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, OR VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT, RUST CONSULTING/OMNI BANKRUPTCY, TOLL-FREE AT 1-844-GARLOCK.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE: | Case No. 10-BK-31607 |
| GARLOCK SEALING TECHNOLOGIES LLC, et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

## FUTURE CLAIMANTS' REPRESENTATIVE'S BALLOT FOR DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION DATED JANUARY 14, 2015

### CLASS 5: FUTURE GST ASBESTOS CLAIMS

Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd. and The Anchor Packing Company, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), are soliciting votes from the holders of certain claims against the Debtors through the Future Claimants' Representative ("FCR") with respect to the Debtors' Second Amended Plan of Reorganization, dated January 14, 2015 (the "Plan").

The United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court") has signed an order that establishes certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes on the Plan. The Voting Procedures contain important information regarding the balloting process. Please read the Voting Procedures prior to submitting your Ballot.

Information regarding treatment of Class 5 Future GST Asbestos Claims under the Plan is available in the Disclosure Statement and the Plan, which are included in this Solicitation Package.

**This Ballot is being solicited by the Debtors to serve as the FCR's proof of claim for his constituency of future claimants in order to permit temporary allowance of Class 5 claims for voting purposes only. Under the Plan, allowance of Class 5 claims for all other purposes will occur after confirmation of the Plan, under the terms of the Plan. Debtors dispute all Class 5 Claims and this Ballot and the Voting Procedures do not constitute any admission of liability by the Debtors.**

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

A Solicitation Package, including this Ballot, is being sent to the FCR by service via first class mail on the FCR through his attorneys.

**Class 5 will accept the Plan (1) if the Bankruptcy Court concludes that Class 5 is unimpaired, and thus is conclusively deemed to accept the Plan, or (2) the Bankruptcy Court concludes that Class 5 is impaired by the Plan and that the FCR has the legal authority and capacity to vote to accept or reject the Plan on behalf of holders of Class 5 claims, and the FCR, on behalf of such holders, votes to accept the Plan. If the Bankruptcy Court concludes that Class 5 is impaired by the Plan and that the FCR has the legal authority and capacity to vote to accept or reject the Plan on behalf of holders of Class 5 claims, and the FCR, on behalf of such holders, rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan if it concludes that the Plan is accepted by at least one class of impaired claims and accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.**

This Ballot is to be used for voting by the FCR, on behalf of Holders of Class 5 Future GST Asbestos Claims, only. In order for this Ballot to be counted, it must be properly completed, signed, and returned by first-class mail or courier to the Debtors' court-approved Balloting Agent, Rust Consulting/Omni Bankruptcy:

> Garlock Sealing Technologies LLC, et al.
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

---

**A Ballot must be RECEIVED by the Balloting Agent no later than October 6, 2015 (the "Voting Deadline"). Facsimiles and electronic submissions will NOT be accepted.**

---

If you have questions about your Ballot, or if you did not receive a copy of the Disclosure Statement, Plan or Voting Procedures, you may contact the Balloting Agent by phone at 1-844-GARLOCK or by email at Garlock@omnimgt.com.. **Please note that the Balloting Agent cannot give legal advice. You should consult your attorney regarding all legal matters.**

## BALLOT FOR CLASS 5 FUTURE GST ASBESTOS CLAIMS

The Future Claimants' Representative, on behalf of Holders of Class 5 Future GST Asbestos Claims, hereby votes to:

Check <u>only one</u> box: ☐ **ACCEPT THE PLAN.**

☐ **REJECT THE PLAN.**

| | |
|---|---|
| Signature of the Future Claimants' Representative, on behalf of holders of Class 5 Future GST Asbestos Claims: | _____ |
| Print or Type Name of the Future Claimants' Representative: | |
| Street Address: | |
| City, State & Zip Code: | |
| Date: | _____ |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Return the Ballot in the envelope provided.** The Ballot must be <u>received</u> by the Balloting Agent by the date specified in the instructions or <u>it will not be counted</u>. Facsimiles and electronic submissions <u>will not</u> be accepted.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

IN RE:

GARLOCK SEALING TECHNOLOGIES
LLC, et al.,

Debtors.[1]

Case No. 10-BK-31607

Chapter 11

Jointly Administered

---

### PROOF OF CLAIM, BALLOT, AND VOTING INSTRUCTIONS FOR DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION DATED JANUARY 14, 2015

### CLASS 6: PRE-PETITION JUDGMENT ASBESTOS CLAIMS

Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd. and The Anchor Packing Company, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), are soliciting votes from the holders of certain claims against the Debtors with respect to the Debtors' Second Amended Plan of Reorganization, dated January 14, 2015 (the "Plan").

The United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court") has signed an order that establishes certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes on the Plan. The Voting Procedures contain important information regarding the balloting process. Please read the Voting Procedures prior to submitting your Ballot.

Information regarding treatment of Class 6 Pre-Petition Judgment GST Asbestos Claims under the Plan is available in the Disclosure Statement and the Plan, which are included in this Solicitation Package.

If you are asserting a Pre-Petition Judgment GST Asbestos Claims in Class 6, you must use this form ("**Ballot**") (a) to cast a ballot on the Plan, and (b) to satisfy the requirement that you file a Proof of Claim on or before the Asbestos Claims Bar Date.

Under the Plan, allowance of Class 6 Claims for purposes other than voting will occur after confirmation of the Plan, under the terms of the Plan. Debtors dispute all Class 6 Claims and this Ballot and the Voting Procedures do not constitute any admission of liability by the Debtors.

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

**PRE-PETITION JUDGMENT GST ASBESTOS CLAIMANTS ARE SUBJECT TO THE ASBESTOS CLAIMS BAR DATE.**

**IF YOU ARE A PRE-PETITION JUDGMENT GST ASBESTOS CLAIMANT YOU MUST SUBMIT THIS FORM OF BALLOT AS A PROOF OF CLAIM TO THE BALLOTING AGENT ON OR BEFORE OCTOBER 6, 2015 IN ORDER TO MEET THE BAR DATE.**

A Solicitation Package, including this Ballot, is being sent to holders of Class 6 Pre-Petition Judgment GST Asbestos Claims by service via first class mail on the attorney who, based on the Debtors' records, represents such holder at the attorney's known address.

*Class 6 will accept the Plan if (1) the Bankruptcy Court concludes that Class 6 is unimpaired, and thus is conclusively deemed to accept the Plan, or (2) the Bankruptcy Court concludes that Class 6 is impaired and the Plan is accepted by the holders of two-thirds in amount and more than one-half in number of claims voting in the class. If the Bankruptcy Court concludes that Class 6 is impaired, and Class 6 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan if it concludes that the Plan is accepted by at least one class of impaired claims and accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.*

This Ballot is to be used for voting by holders of Class 6 Pre-Petition Judgment GST Asbestos Claims only. In order for your Ballot to be counted, it must be properly completed, signed, and returned by first-class mail or courier to the Debtors' court-approved Balloting Agent, Rust Consulting/Omni Bankruptcy:

> Garlock Sealing Technologies LLC, et al.
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

---

**A Ballot must be ACTUALLY RECEIVED by the Balloting Agent no later than October 6, 2015 (the "Bar Date and Voting Deadline"). Facsimiles and electronic submissions will NOT be accepted.**

---

*No entity named as a defendant in asbestos litigation shall be eligible to vote on the Plan as a Class 6 claimant, unless (i) such entity files a proof of claim in the form of Official Bankruptcy Form No. 10 by the Bar Date and Voting Deadline and files a motion for temporary allowance of its claim for voting purposes; and (ii) the Court grants such motion for temporary allowance. Any such motion must be filed no later than November 5, 2015, and any such entity who does not move for temporary allowance by that time shall be deemed to have waived its right to vote on the Plan. All parties' rights to object to such claim and to such motion for temporary allowance for voting purposes have been preserved.*

       If you have questions about your Ballot, or if you did not receive a copy of the Disclosure Statement, Plan or Voting Procedures, you may contact the Balloting Agent by phone at 1-844-GARLOCK or by email at Garlock@omnimgt.com.  **Please note that the Balloting Agent cannot give legal advice.  You should consult your attorney regarding all legal matters.**

**VOTING INFORMATION AND INSTRUCTIONS
FOR COMPLETING THE CLASS 6 BALLOT**

**Please follow these instructions to complete your Class 6 Ballot:**

1.      **Read the Plan, Disclosure Statement, Voting Procedures, and these instructions.**

**You may need to consult your attorney.**  If you have questions regarding the Class 6 Ballot, or if you did not receive a copy of the Plan, Disclosure Statement, or Voting Procedures, or if you need additional copies of the Class 6 Ballot or other enclosed materials, please contact the Balloting Agent.  **The Balloting Agent cannot give legal advice.  You should consult your attorney regarding all legal matters.**  Please note that the Plan, Disclosure Statement, and Voting Procedures are available at the website maintained by the Balloting Agent at http://www.garlocknotice.com.

2.      **(Item 1) Identifying Information.**

Please fill in the identification and address information requested.  List the name of the person whose injury forms the basis for the claim (the "Injured Party") and the last 4 digits of the Injured Party's Social Security Number.  If the Injured Party is the holder of the Class 6 Claim, please list the Injured Party's street address, city, state, and Zip Code.

If the Injured Party is deceased, please list in addition to the Injured Party's name and last 4 digits of the Injured Party's Social Security number, the claimant's name and the claimant's street address, city, state, and Zip Code.

If this Ballot is being voted by an authorized agent for the Injured Party or claimant, as applicable, any such authorized agent must provide his/her address and contact information, in addition to the information requested above.

3.      **(Item 2) Designation of Amount of Class 6 Pre-Petition Judgment Current GST Asbestos Claim for Voting Purposes Only.**

Please indicate the amount of the Pre-Petition Judgment GST Asbestos Claim.  Pursuant to the Plan and Confirmation Procedures, Pre-Petition Judgment GST Asbestos Claims will be temporarily allowed for voting purposes only at the amount of Garlock's share of the judgment. **The Debtors reserve the right to object to allowance for purposes other than voting of any Class 6 Claim.  Temporary allowance of any Class 6 Claim for voting purposes does not in any way constitute an admission of liability by the Debtors, or an admission of the value of any Class 6 Claim**.

4.      **(Item 3) Vote.**

Please indicate whether the holder of the Class 6 claim votes to **ACCEPT** or to **REJECT** the Plan by marking an "X" in the box that corresponds to the holder's choice.

**5.** **Return the Ballot in the envelope provided.**  The Ballot must be <u>actually received</u> by the Balloting Agent by the Bar Date and Voting Deadline (specified above) or <u>it will not be counted</u>.  Facsimiles and electronic submissions <u>will not</u> be accepted.

**PROOF OF CLAIM AND BALLOT FOR**
**CLASS 6 PRE-PETITION JUDGMENT GST ASBESTOS CLAIMS**

**Please read the instructions accompanying this Ballot before completing.**
**Print clearly in ink or type.**

> **YOU MUST COMPLETE EACH SECTION OF THIS BALLOT IN ORDER FOR IT TO BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1.**      **Identifying Information.**

| | |
|---|---|
| Name of Injured Party: | |
| Last 4 Digits of Social Security No.: | |
| Injured Party's Street Address: | |
| City, State & Zip Code: | |
| Name of Claimant (if different from Injured Party): | |
| Claimant's Street Address: | |
| City, State & Zip Code: | |
| If by Attorney, Name: | |
| If by Attorney, Name of Firm: | |
| Attorney's Street Address: | |
| City, State & Zip Code: | |
| Date Completed: | |

**Item 2.**      **Designation of Asserted Amount of Class 6 Pre-Petition Judgment GST Asbestos Claim.**

Please indicate the amount of Garlock's share of the judgment:

---

**Asserted Pre-Petition Judgment GST Asbestos Claim Amount:**

$_____.

---

**Item 3.**     **Vote.**

Holder of the Class 6 Pre-Petition Judgment GST Asbestos Claim, in the amount set forth in Item 2, hereby votes to:

Check <u>only one</u> box:     ☐ **ACCEPT THE PLAN.**

     ☐ **REJECT THE PLAN.**

| Signature of Holder of Class 6 Pre-Petition Judgment GST Asbestos Claim: | |
|---|---|
| Date: | |

If this claim is being voted by an attorney for the holder of the Class 6 Pre-Petition Judgment GST Asbestos Claim:

**CERTIFICATION OF ATTORNEY VOTING AUTHORITY:**
By signing below, I hereby certify under penalty of perjury to the best of my knowledge, information, and reasonable belief that (i) the holder of the Class 6 claim identified above has a judgment against debtor Garlock Sealing Technologies LLC that is currently on appeal, and (ii) I have the power and authority to vote to accept or reject this plan on behalf of the holder of the Class 6 claim.

| Signature of attorney: | |
|---|---|
| Date: | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**IF THIS BALLOT IS NOT *ACTUALLY RECEIVED* BY THE BALLOTING AGENT BY OCTOBER 6, 2015, THE BALLOT WILL NOT BE COUNTED**

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, OR VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE**

**BALLOTING AGENT, RUST CONSULTING/OMNI BANKRUPTCY, TOLL-FREE AT 1-844-GARLOCK.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| IN RE: | Case No. 10-BK-31607 |
| GARLOCK SEALING TECHNOLOGIES LLC, et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

### BALLOT AND VOTING INSTRUCTIONS FOR DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION DATED JANUARY 14, 2015

### CLASS 7: GENERAL UNSECURED CLAIMS

Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd. and The Anchor Packing Company, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), are soliciting votes from the Holders of certain Claims against the Debtors with respect to the Debtors' Second Amended Plan of Reorganization, dated January 14, 2015 (the "Plan").

The United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court") has signed an order that establishes certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes on the Plan. The Voting Procedures contain important information regarding the balloting process. Please read the Voting Procedures prior to submitting your Ballot.

Information regarding treatment of Class 7 General Unsecured Claims under the Plan is available in the Disclosure Statement and the Plan, which are included in this Solicitation Package.

A Solicitation Package, including this Ballot, is being sent to holders of Class 7 General Unsecured Claims by service via first class mail to each holder of a General Unsecured Claim at the address shown in the Debtors' schedules, unless a proof of claim has been filed, in which case service will be made at the address contained in the proof of claim. If a notice of change of address has been filed after the proof of claim was filed, the Solicitation Package will be served at that address.

***Class 7 will accept the Plan if (1) the Bankruptcy Court concludes that Class 7 is unimpaired, and thus is conclusively deemed to accept the Plan, or (2) the Bankruptcy Court***

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

*concludes that Class 7 is impaired and the Plan is accepted by the holders of two-thirds in amount and more than one-half in number of claims voting in the class. If the Bankruptcy Court concludes that Class 7 is impaired, and Class 7 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan if it concludes that the Plan is accepted by at least one class of impaired claims and accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.*

As outlined in the Voting Procedures, a Class 7 General Unsecured Claim will be temporarily allowed for voting purposes if (a) the claim is scheduled as an undisputed claim, or (b) the holder of such claim filed a proof of claim on or before the relevant bar date and no objection to such claim has been filed before **April 13, 2015** (the "**Voting Record Date**"). Each such claim shall be temporarily allowed for voting purposes in the scheduled amount or amount contained in the proof of claim, whichever is greater. Holders of claims in Class 7 who filed proofs of claim on or before the relevant bar date that have been objected to before the Voting Record Date may move for temporary allowance for voting purposes only.

This Ballot is to be used for voting by holders of Class 7 General Unsecured Claims only. In order for your Ballot to be counted, it must be properly completed, signed, and returned by first-class mail or courier to the Debtors' court-approved Balloting Agent, Rust Consulting/Omni Bankruptcy:

> Garlock Sealing Technologies LLC, et al.
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

---

**A Ballot must be RECEIVED by the Balloting Agent no later than October 6, 2015 (the "Voting Deadline"). Facsimiles and electronic submissions will NOT be accepted.**

---

If you have questions about your Ballot, or if you did not receive a copy of the Disclosure Statement, Plan or Voting Procedures, you may contact the Balloting Agent by phone at 1-844-GARLOCK or by email at Garlock@omnimgt.com. **Please note that the Balloting Agent cannot give legal advice. You should consult your attorney regarding all legal matters.**

### VOTING INFORMATION AND INSTRUCTIONS
### FOR COMPLETING THE CLASS 7 BALLOT

**Please follow these instructions to complete your Class 7 Ballot:**

1.      **Read the Plan, Disclosure Statement, Voting Procedures, and these instructions.**

**You may need to consult your attorney.** If you have questions regarding the Class 7 Ballot, or if you did not receive a copy of the Plan, Disclosure Statement, or Voting Procedures, or if you need additional copies of the Class 7 Ballot or other enclosed materials, please contact

the Balloting Agent. **The Balloting Agent cannot give legal advice. You should consult your attorney regarding all legal matters.** Please note that the Plan, Disclosure Statement, and Voting Procedures are available at the website maintained by the Balloting Agent at http://www.garlocknotice.com.

**2. (Item 1) Identifying Information.**

Please fill in the identification and address information requested. List the name of the holder of the Class 7 claim and the holder's street address, city, state, and Zip Code.

If this Ballot is being voted by an attorney or authorized agent for the holder of the Class 7 Claim, any such attorney or authorized agent must provide his/her address and contact information, in addition to the information requested above.

**3. (Item 2) Designation of Claim and Asserted Claim Amount.**

Please indicate the Debtor against which the holder asserts a Class 7 General Unsecured Claim by marking an "X" in the box that corresponds to the Holder's assertion. Please also indicate the asserted amount of the General Unsecured Claim as stated in your timely filed proof of claim.

**4. (Item 3) Vote.**

Please indicate whether the holder of the Class 7 claim votes to **ACCEPT** or to **REJECT** the Plan by marking an "X" in the box that corresponds to the holder's choice.

**5. Return the Ballot in the envelope provided.** The Ballot must be <u>received</u> by the Balloting Agent by the date specified in the instructions or <u>it will not be counted</u>. Facsimiles and electronic submissions <u>will not</u> be accepted.

## BALLOT FOR CLASS 7 GENERAL UNSECURED CLAIMS

**Please read the instructions accompanying this Ballot before completing.**
**Print clearly in ink or type.**

---

**YOU MUST COMPLETE EACH SECTION OF THIS BALLOT IN ORDER FOR IT TO BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1.**          **Identifying Information.**

| | |
|---|---|
| Holder of General Unsecured Claim : | |
| Street Address: | |
| City, State & Zip Code: | |
| If by Authorized Agent, Name and Title: | |
| If by Authorized Agent, Name of Institution: | |
| Authorized Agent's Street Address: | |
| City, State & Zip Code: | |
| Date Completed: | |

**Item 2.**          **Designation of Claim and Asserted Claim Amount.**

Please indicate by marking the appropriate box below the Debtors(s) against which you assert your Class 7 General Unsecured Claim.

☐          **Garlock Sealing Technologies LLC**

☐          **Garrison Litigation Management Group, Ltd.**

Please indicate the asserted amount of the General Unsecured Claim, as stated in such holder's proof of claim.

---

**Asserted Claim Amount (as stated in proof of claim): $_____.**

---

**Item 3.**        <u>Vote.</u>

Holder of the Class 7 General Unsecured Claim, in the amount set forth in Item 2, hereby votes to:

Check <u>only one</u> box:        ☐ **ACCEPT THE PLAN.**

                                   ☐ **REJECT THE PLAN.**

| By signing below, I hereby certify under penalty of perjury that to the best of my knowledge, information, and reasonable belief, I have the power and authority to vote to accept or reject this plan on behalf of the holder of the Class 7 claim identified in Items 1 and 2 above. | |
|---|---|
| Name of Holder of General Unsecured Claim: | |
| Street Address: | _____ |
| City, State & Zip Code: | _____ |
| Name and Title of Attorney or Authorized Agent: | _____ |
| Signature of Attorney or Authorized Agent: | |
| Date: | |

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, OR VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT, RUST CONSULTING/OMNI BANKRUPTCY, TOLL-FREE AT 1-844-GARLOCK.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| IN RE: | Case No. 10-BK-31607 |
| GARLOCK SEALING TECHNOLOGIES LLC, et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

### BALLOT AND VOTING INSTRUCTIONS FOR DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION DATED JANUARY 14, 2015

### CLASS 10: GST EQUITY INTERESTS

Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd. and The Anchor Packing Company, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), are soliciting votes from the holders of certain claims and interests with respect to the Debtors' Second Amended Plan of Reorganization dated January 14, 2015 (the "Plan").

The United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court") has signed an order that establishes certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes on the Plan. The Voting Procedures contain important information regarding the balloting process. Please read the Voting Procedures prior to submitting your Ballot.

Information regarding treatment of Class 10 GST Equity Interests is available in the Disclosure Statement and the Plan, which are included in this Solicitation Package. A Solicitation Package, including this Ballot, is being sent to the Holder of Class 10 GST Equity Interests by service on the Parent.

***The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you whether you vote or not if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims voting in the Class. If Class 10 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan if it finds that the Plan is accepted by at least one class of impaired claims and accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.***

---

[1]    The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

This Ballot is to be used for voting by the Holder of Class 10 GST Equity Interests only. In order for your Ballot to be counted, it must be properly completed, signed, and returned by first-class mail or courier to the Debtors' court-approved Balloting Agent, Rust Consulting/Omni Bankruptcy:

> Garlock Sealing Technologies LLC, et al.
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

---

**A Ballot must be RECEIVED by the Balloting Agent no later than October 6, 2015 (the "<u>Voting Deadline</u>"). Facsimiles and electronic submissions will NOT be accepted.**

---

If you have questions about your Ballot, or if you did not receive a copy of the Disclosure Statement, Plan, or Voting Procedures, you may contact the Balloting Agent by phone at 1-844-GARLOCK or by email at Garlock@omnimgt.com. **Please note that the Balloting Agent cannot give legal advice. You should consult your attorney regarding all legal matters.**

**Return the Ballot in the envelope provided.** The Ballot must be <u>received</u> by the Balloting Agent by the date specified in the instructions or <u>it will not be counted</u>. Facsimiles and electronic submissions <u>will not</u> be accepted.

## BALLOT FOR CLASS 10 GST EQUITY INTERESTS

**Please read the instructions accompanying this Ballot before completing.
Print clearly in ink or type.**

---

**YOU MUST COMPLETE EACH SECTION OF THIS BALLOT IN ORDER FOR IT TO BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1.**          **Vote.**

The undersigned, the Holder of the Class 10 GST Equity Interests, votes to:

Check <u>only one</u> box:          ☐ **ACCEPT THE PLAN.**

                                              ☐ **REJECT THE PLAN.**

**Item 2.**          **Certifications.**

| By signing below, I hereby certify under penalty of perjury that to the best of my knowledge, information, and reasonable belief, I have the power and authority to vote to accept or reject this plan on behalf of the holder of the Class 10 GST Equity Interests. | |
|---|---|
| Name of Equity Interest Holder: | |
| Street Address: | |
| City, State & Zip Code: | |
| Name and Title of Attorney or Authorized Agent: | |
| Signature of Attorney or Authorized Agent: | |
| Date: | |

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, OR VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT, RUST CONSULTING/OMNI BANKRUPTCY, TOLL-FREE AT 1-844-GARLOCK.**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

|  |  |
|---|---|
| IN RE: | Case No. 10-BK-31607 |
| GARLOCK SEALING TECHNOLOGIES LLC, et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

### BALLOT AND VOTING INSTRUCTIONS FOR DEBTORS'
### SECOND AMENDED PLAN OF REORGANIZATION JANUARY 14, 2015

### CLASS 11: GARRISON EQUITY INTERESTS

Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd. and The Anchor Packing Company, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), are soliciting votes from the holders of certain claims and interests with respect to the Debtors' Second Amended Plan of Reorganization dated January 14, 2015 (the "Plan").

The United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court") has signed an order that establishes certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes on the Plan. The Voting Procedures contain important information regarding the balloting process. Please read the Voting Procedures prior to submitting your Ballot.

Information regarding treatment of Class 11 Garrison Equity Interests is available in the Disclosure Statement and the Plan, which are included in this Solicitation Package. A Solicitation Package, including this Ballot, is being sent to the holder of Class 11 Garrison Equity Interests by service on the Parent.

***The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you whether you vote or not if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims voting in the class. If Class 11 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan if it finds that the Plan is accepted by at least one class of impaired claims and accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C. § 1129(b). To have your vote count, you must complete and return this Ballot.***

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

This Ballot is to be used for voting by the holder of Class 11 Garrison Equity Interests only. In order for your Ballot to be counted, it must be properly completed, signed, and returned by first-class mail or courier to the Debtors' court-approved Balloting Agent, Rust Consulting/Omni Bankruptcy:

>Garlock Sealing Technologies LLC, et al.
>c/o Rust Consulting/Omni Bankruptcy
>Attn: Balloting Agent
>5955 DeSoto Avenue, Suite 100
>Woodland Hills, CA 91367

---

**A Ballot must be RECEIVED by the Balloting Agent no later than October 6, 2015 (the "Voting Deadline"). Facsimiles and electronic submissions will NOT be accepted.**

---

If you have questions about your Ballot, or if you did not receive a copy of the Disclosure Statement, Plan, or Voting Procedures, you may contact the Balloting Agent by phone at 1-844-GARLOCK or by email at Garlock@omnimgt.com. **Please note that the Balloting Agent cannot give legal advice. You should consult your attorney regarding all legal matters.**

**Return the Ballot in the envelope provided.** The Ballot must be <u>received</u> by the Balloting Agent by the date specified in the instructions or <u>it will not be counted</u>. Facsimiles and electronic submissions <u>will not</u> be accepted.

## BALLOT FOR CLASS 11 GARRISON EQUITY INTERESTS

**Please read the instructions accompanying this Ballot before completing.
Print clearly in ink or type.**

---

**YOU MUST COMPLETE EACH SECTION OF THIS BALLOT IN ORDER FOR IT TO BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1.**      <u>**Vote.**</u>

The undersigned, the Holder of the Class 11 Garrison Equity Interests, votes to:

Check <u>only one</u> box:      ☐ **ACCEPT THE PLAN.**

     ☐ **REJECT THE PLAN.**

**Item 2.**      <u>**Certifications.**</u>

| By signing below, I hereby certify under penalty of perjury that to the best of my knowledge, information, and reasonable belief, I have the power and authority to vote to accept or reject this Plan on behalf of the holder of the Class 11 Garrison Equity Interests. | |
|---|---|
| Name of Equity Interest Holder: | |
| Street Address: | |
| City, State & Zip Code: | |
| Name and Title of Attorney or Authorized Agent: | |
| Signature of Attorney or Authorized Agent: | |
| Date: | |

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, OR VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT, RUST CONSULTING/OMNI BANKRUPTCY, TOLL-FREE AT 1-844-GARLOCK.**

**Exhibit 3**

Confirmation Hearing Notice

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

IN RE:

GARLOCK SEALING TECHNOLOGIES
LLC, et al.,

Debtors.[1]

Case No. 10-BK-31607

Chapter 11

Jointly Administered

## NOTICE OF CONFIRMATION HEARING AND BAR DATE

**PLEASE TAKE NOTICE** that on January 14, 2015 the debtors and debtors-in-possession (collectively, the "Debtors") filed their Second Amended Plan of Reorganization, dated January 14, 2015 (as it may be further amended, the "Plan"), and on January 16, 2015 filed a Disclosure Statement with respect to the Plan (as it may be further amended, the "Disclosure Statement").[2]

**PLEASE TAKE FURTHER NOTICE** that, after notice and a hearing pursuant to Bankruptcy Code § 1125, the Bankruptcy Court approved the Disclosure Statement as providing adequate information for Holders of Claims and Equity Interests to make a decision as to whether to vote to accept or to reject the Plan, and approved accompanying statements by the Future Asbestos Claimants' Representative and Official Committee of Asbestos Personal Injury Claimants.

***PLEASE TAKE FURTHER NOTICE that the Plan proposes injunctions, including the Parent Settlement Enforcement Injunction, that would protect Coltec Industries Inc. ("Coltec") and other affiliates of the Debtors (collectively, the "Released Parties") from certain claims by all Entities, including all GST Asbestos Claimants (Current and Future). The Plan proposes that Garlock will settle, release, and extinguish any and all claims that are or would have been property of any Debtor's Estate against any Released Party and to permanently enjoin all Entities from asserting any such claim against any Released Party after the Effective Date. The Released Parties protected by the injunction are defined in section 1.1.110 of the Plan and include Coltec, its parent EnPro Industries Inc., any other affiliate (as defined in section 1.1.3 of the Plan, including the entities listed on Exhibit C to the Plan), and any past, present, or future representative of Coltec, EnPro, any other***

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

1

**affiliate, or the Debtors. All entities would be subject to the injunction, including all GST Asbestos Claimants, Current and Future. The claims released are described in section 1.1.109 of the Plan, and the terms of the settlement are described in sections 1.1.95, 1.1.97, and 7.4 of the Plan. The terms of the injunction are described in section 8.2 of the Plan. You should read the Plan and the Disclosure Statement for a more complete discussion of how the injunction will operate and affect your rights. You may need to consult your attorney.**

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has also entered an Order Approving Disclosure Statement and Establishing Asbestos Claims Bar Date and Procedures for Solicitation (the "Voting and Bar Date Order"). The Voting and Bar Date Order establishes procedures for Holders of Claims and Interests in certain Classes to vote to accept or to reject the Plan, and establishes a bar date by which holders of certain GST Asbestos Claims must file proofs of claim.

## VOTING PROCEDURES

PLEASE TAKE FURTHER NOTICE that the Voting and Bar Date Order (i) establishes procedures for solicitation and tabulation of votes on the Plan, (ii) approves the form of ballots and master ballots, (iii) approves the form and content of notice to Holders of Claims and Interests, and the manner of giving notice, and (iv) establishes dates and deadlines in connection with confirmation of the Plan. The Voting and Bar Date Order establishes the deadline by which votes to accept or to reject the Plan must be ***actually received*** by Rust Consulting/Omni Bankruptcy (the "Balloting Agent") as **October 6, 2015** (the "Voting Deadline").

## ASBESTOS CLAIMS BAR DATE

PLEASE TAKE FURTHER NOTICE THAT the Voting and Bar Date Order also establishes a bar date for filing proofs of claim for Bar Date GST Asbestos Claims.

A "**Bar Date GST Asbestos Claim**" is any GST Asbestos Claim based on an asbestos-related disease that was diagnosed on or before August 1, 2014, for which a lawsuit against any defendant or a claim against any asbestos trust was filed on or before August 1, 2014, excluding any Settled GST Asbestos Claim for which a proof of claim was filed on or before September 30, 2014. For avoidance of doubt, the term Bar Date GST Asbestos Claim includes (i) any GST Asbestos Claim against Garlock or Garrison that is evidenced or liquidated by a written judgment entered before June 5, 2010, and (ii) any Settled GST Asbestos Claim seeking treatment as an unliquidated GST Asbestos Claim because a proof of claim was not filed for such Settled GST Asbestos Claim on or before the Settled Asbestos Claims Bar Date, September 30, 2014.

Under the Voting and Bar Date Order, the Court established **October 6, 2015** (the "**Asbestos Claims Bar Date**") as the last date for all persons who have a Bar Date GST Asbestos Claim to file proofs of claim in accordance with the instructions in Section III below.

## I.    **WHO <u>MUST</u> FILE A PROOF OF CLAIM**

You MUST file a proof of claim if you wish to assert a Bar Date GST Asbestos Claim. Any person having such a claim must file a proof of claim on or before **October 6, 2015**, the Asbestos Claims Bar Date for all such claims.

The form of proof of claim for Bar Date GST Asbestos Claims shall be either of the following, as applicable (an "Asbestos Proof of Claim Form"):

     a.   For holders of Bar Date GST Asbestos Claims that are based on alleged pleural or peritoneal mesothelioma, lung or laryngeal cancer, or asbestosis, allegedly caused by exposure to asbestos released from asbestos-containing gaskets or packing manufactured, produced, fabricated, distributed, supplied, marketed, or sold by Garlock, the Asbestos Proof of Claim Form shall be the Ballot for Class 4 Current GST Asbestos Claimants or the Ballot for Class 6 Pre-Petition Judgment GST Asbestos Claimants (as applicable).  Attorneys representing multiple Class 4 claimants may use the form of master ballot for Class 4 Current GST Asbestos Claimants as the Asbestos Proof of Claim Form for all such claimants.

     b.   For any other Bar Date GST Asbestos Claimants, the Asbestos Proof of Claim Form shall be Official Bankruptcy Form No. 10.

## II.    **WHO DOES <u>NOT</u> NEED TO FILE A PROOF OF CLAIM**

The Asbestos Claim Bar Date and the need to file a proof of claim apply only to holders of Bar Date GST Asbestos Claims.  You do <u>not</u> need to file a proof of claim as directed in this Notice if you have any other kind of claim, including the following types of claims. <u>However</u>, there may be other notices given concerning some of the kinds of claims below that require the filing of proofs of claims prior to a separately identified date:

     A.   A claim that is an asbestos-related personal injury or wrongful death claim which is not a Bar Date GST Asbestos Claim,

     B.   A claim (i) for benefits under a state-mandated workers' compensation system, which a past, present, or future employee of Garlock or Garrison, or their predecessors, is receiving, or may in the future have a right to receive, or (ii) for reimbursement brought by any insurance company or state agency as a result of payments made to or for the benefit of such employees under such a system, and fees and expenses incurred under any insurance policies, laws, or regulations covering such employee claims, <u>excluding</u> any right of an employee that exists outside of such state workers' compensation system, or

     C.   A Settled GST Asbestos Claim that was required to be filed on or before September 30, 2014 by the Order on Debtors' Motion to Establish Bar Date for Settled Asbestos Claims and Related Relief (July 9, 2014) (Docket No. 3854).

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS OR IF THE CLAIM YOU HELD AGAINST THE DEBTORS HAS BEEN PAID IN FULL.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE YOU HAVE A CLAIM.**

## III.    WHEN AND WHERE TO FILE

For any Bar Date GST Asbestos Claim to be validly and properly filed, a claimant must complete and submit the appropriate Asbestos Proof of Claim Form to the Balloting Agent, so as to be actually received by the Balloting Agent on or before the Asbestos Claims Bar Date, by first-class mail or courier, at the following address:

> Garlock Sealing Technologies LLC, et al.
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

## IV.    EFFECT OF NOT FILING A CLAIM

**ANY HOLDER OF A BAR DATE GST ASBESTOS CLAIM WHO FAILS TO FILE AN ASBESTOS PROOF OF CLAIM FORM WITH THE BALLOTING AGENT IN ACCORDANCE WITH THE VOTING AND BAR DATE ORDER ON OR BEFORE THE ASBESTOS CLAIMS BAR DATE SHALL BE SUBJECT TO SUCH LEGAL CONSEQUENCES AS THE BANKRUPTCY CODE MAY PRESCRIBE OR PERMIT, WHICH MAY INCLUDE DISALLOWANCE OF THE UNTIMELY FILED BAR DATE GST ASBESTOS CLAIM AND THE BARRING, ESTOPPING, AND ENJOINING OF THE HOLDER THEREOF FROM ASSERTING ANY BAR DATE GST ASBESTOS CLAIM AGAINST ANY OF THE DEBTORS (OR AGAINST ANY ENTITY THAT, PURSUANT TO ANY PLAN OF REORGANIZATION, ASSUMES LIABILITY FOR GST ASBESTOS CLAIMS), FROM VOTING TO ACCEPT OR REJECT ANY PLAN OR PLANS OF REORGANIZATION, FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH BAR DATE GST ASBESTOS CLAIM, OR FROM RECEIVING FURTHER NOTICES REGARDING SUCH BAR DATE GST ASBESTOS CLAIM.**

## V.    RESERVATION OF RIGHTS

The Debtors reserve the right to (a) dispute, or to assert offsets, defenses, or counterclaims against, any Bar Date GST Asbestos Claim for which a proof of claim is filed as to nature, amount, liability, classification, or otherwise; and (b) subsequently designate any Bar Date GST Asbestos Claim (or other claim) as disputed, contingent, or unliquidated.  Nothing contained in this Notice shall preclude the Debtors from objecting to any Bar Date GST Asbestos

Claim, asbestos personal injury or wrongful death claim, or any claim, whether scheduled or filed, on any grounds. Pursuant to the Voting and Bar Date Order, certain claims will be temporarily allowed for voting purposes only. Debtors need not file objections to allowance of claims in Class 4, Class 5, and Class 6 for purposes other than voting prior to any hearing on confirmation of the Plan because the Plan contemplates that such objections would be filed after confirmation of the Plan. Debtors will not be deemed to have waived the right to object to allowance of Class 4, 5, or 6 claims for purposes other than voting, or to have unreasonably delayed any such objections, by postponing such objections until after confirmation of the Plan.

## **CONFIRMATION HEARING AND OBJECTION DEADLINES**

**PLEASE TAKE FURTHER NOTICE** that:

A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will commence on **June 20, 2016**, at 10:00 a.m., prevailing Eastern time, before the Honorable Craig Whitley, United States Bankruptcy Judge, United States Bankruptcy Court for the Western District of North Carolina, in the Bankruptcy Courtroom 1-4, 401 W. Trade St., Charlotte, North Carolina. The Confirmation Hearing may be continued from time to time by announcing such continuance in open court and providing written notice to parties that have filed objections to confirmation or other motions for relief.

In accordance with the Voting and Bar Date Order, along with this Notice, **a CD-ROM containing a Solicitation Package (with forms of ballots)** has been served on you or your authorized agent if (a) you are entitled to vote on the Plan, or (b) if your vote is being solicited by the Debtors in the event the Bankruptcy Court determines (i) that you are entitled to vote on the Plan or (ii) that your vote is otherwise relevant to confirmation of the Plan. If you did not receive a Solicitation Package, but wish to receive one, you should contact the Balloting Agent by phone at 1-844-GARLOCK or email at garlock@omnimgt.com. Solicitation Packages are also available online at www.Garlocknotice.com. Holders of Claims that are not entitled to vote on the Plan, or whose vote is not being otherwise solicited by the Debtors, should receive a copy of the Solicitation Package and a Notice of Non-Solicitation and Non-Voting Status.

Responses and objections, if any, to the confirmation of the Plan or any of the other relief sought by the Debtors in connection with confirmation of the Plan, must (a) state with particularity the legal and factual grounds therefor, (b) provide, where applicable, the specific text, if any, that the objecting party believes to be appropriate to insert into the Plan, and (c) describe the nature and amount of the objector's Claim or Equity Interest. The FCR will support and vote to accept the Plan on behalf of Future GST Asbestos Claimants. You may also object to the adequacy of the FCR's representation of Future GST Asbestos Claimants.

Any such responses or objections except those that require the results of the Balloting Agent's tabulation of ballots must be filed with the Bankruptcy Court and served in a manner so as to be ***actually received*** no later than **October 6, 2015** (the "Objection Deadline") by the Notice Parties (defined below). Any such responses or objections that require the results of the Balloting Agent's tabulation of ballots must be filed with the Bankruptcy Court and served in a manner so as to be ***actually received*** on or before **December 18, 2015** (the "Voting Issues

Objection Deadline") by the Notice Parties (defined below). The following parties are the "Notice Parties":

| **Debtors:** | GARLOCK SEALING TECHNOLOGIES LLC<br>c/o Elizabeth Barry, Chief Restructuring Officer<br>349 West Commercial St., Ste 3050<br>East Rochester, NY 14445 |
|---|---|
| **With a copy to:** | RAYBURN COOPER & DURHAM, P.A.<br>1200 Carillion, 227 West Trade Street<br>Charlotte, NC 28202<br>Telephone: (704) 334-0891<br>Attn: John R. Miller, Jr.<br><br>and<br><br>ROBINSON, BRADSHAW & HINSON, P.A.<br>101 North Tryon Street, Suite 1900<br>Charlotte, NC 28246<br>Telephone: (704) 377-2536<br>Attn: Garland S. Cassada |
| **Official Committee of Asbestos Personal Injury Claimants:** | CAPLIN & DRYSDALE, CHARTERED<br>One Thomas Circle N.W., Suite 1100<br>Washington, DC 20005<br>Telephone: (202) 862-5000<br>Attn: Trevor W. Swett |
| **Future Asbestos Claimants' Representative:** | GRIER FURR & CRISP, PA<br>101 North Tryon Street, Suite 1240<br>Charlotte, NC 28246<br>Telephone: (704) 375-3720<br>Attn: Joseph W. Grier, III |
| **With a copy to:** | ORRICK HERRINGTON & SUTCLIFFE, LLP<br>Columbia Center<br>1152 15th Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 339-8400<br>Attn: Jonathan P. Guy |

| Unsecured Creditors' Committee: | FSB FISHERBROYLES, LLP<br>6000 Fairview Road, Suite 1200<br>Charlotte, NC 28210<br>Telephone: (704) 464-6954<br>Attn: Deborah L. Fletcher |
|---|---|
| Coltec Industries Inc.: | PARKER POE ADAMS & BERNSTEIN PLLC<br>Attn: Daniel G. Clodfelter, Esq.<br>Three Wells Fargo Center<br>401 South Tryon St., Suite 3000<br>Charlotte, NC  28202<br><br>AND<br><br>MOORE & VAN ALLEN, PLLC<br>Attn: Hillary Crabtree, Esq.<br>Suite 4700, 100 North Tryon St.<br>Charlotte, NC  28202 |

**OBJECTIONS NOT TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROVISIONS OF THIS ORDER SHALL NOT BE HEARD AND SHALL BE OVERRULED.**

All votes to accept or reject the Plan must be cast by using the appropriate ballot or master ballot.  All ballots or master ballots accepting or rejecting the Plan must be received by the Balloting Agent on or before **October 6, 2015**, at the following address:

> Garlock Sealing Technologies LLC, et al.
> c/o Rust Consulting/Omni Bankruptcy
> Attn: Balloting Agent
> 5955 DeSoto Avenue, Suite 100
> Woodland Hills, CA 91367

The Court may extend or otherwise modify the period during which votes will be accepted, in which case the Voting Deadline shall mean the last time and date to which the Court extends solicitation of ballots and master ballots.

This ___ day of _____, 2015.

/s/ Garland S. Cassada
_____

Garland S. Cassada
N.C. Bar No. 12352
Jonathan C. Krisko
N.C. Bar No. 28625
Richard C. Worf, Jr.
N.C. Bar No. 37143

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone:    (704) 377-2536
Facsimile:    (704) 378-4000

gcassada@rbh.com
jkrisko@rbh.com
rworf@rbh.com

*Special Corporate and Litigation Counsel to the Debtors Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company*

**Exhibit 4**

Notification of Non-Solicitation and Non-Voting Status

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>        Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |

**NOTIFICATION OF NON-SOLICITATION AND NON-VOTING STATUS FOR
DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION, DATED JANUARY
14, 2015**

On January 14, 2015, Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd. and The Anchor Packing Company (the "Debtors") filed the Debtors' Second Amended Plan of Reorganization (as it may be amended, supplemented or otherwise modified, the "Plan"), and on January 16, 2015 Debtors filed a Disclosure Statement with respect to the Second Amended Plan of Reorganization (as it may be amended, supplemented or otherwise modified, the "Disclosure Statement") pursuant to section 1125 of the Bankruptcy Code. After notice and a hearing, the Bankruptcy Court approved the Disclosure Statement.[2]

**IF YOUR CLAIM IS IN CLASS 1 (PRIORITY CLAIMS), YOU SHALL BE PAID THE ALLOWED AMOUNT OF YOUR ALLOWED PRIORITY CLAIM ON THE DISTRIBUTION DATE EITHER (A) IN FULL, IN CASH OR (B) UPON SUCH OTHER LESS FAVORABLE TERMS AS MAY BE MUTUALLY AGREED UPON BETWEEN YOU AND THE REORGANIZED DEBTORS. PURSUANT TO SECTION 1124 OF THE BANKRUPTCY CODE, YOUR CLAIM IS IN A CLASS THAT IS NOT IMPAIRED THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE PLAN, AND ARE NOT ENTITLED TO VOTE.**

**IF YOUR CLAIM IS A NON-TAX SECURED CLAIM IN CLASS 2 (SECURED CLAIMS), SUBJECT TO THE PROVISIONS OF BANKRUPTCY CODE §§ 502(B) AND 506(D) AND THE TERMS OF THE PLAN, YOU SHALL, AT THE OPTION OF THE REORGANIZED DEBTORS, RECEIVE TREATMENT ACCORDING TO THE**

---

[1]    The debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

[2]    All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

FOLLOWING ALTERNATIVES: (A) THE PLAN WILL LEAVE UNALTERED THE LEGAL, EQUITABLE AND CONTRACTUAL RIGHTS TO WHICH YOU ARE ENTITLED, (B) THE REORGANIZED DEBTORS SHALL PAY YOUR ALLOWED CLAIM IN FULL ON THE EFFECTIVE DATE OR AS SOON THEREAFTER AS REASONABLY PRACTICABLE, OR (C) THE REORGANIZED DEBTORS SHALL PROVIDE SUCH OTHER TREATMENT AS IS AGREED TO IN WRITING BETWEEN THE DEBTORS OR THE REORGANIZED DEBTORS AND THE HOLDERS OF SUCH ALLOWED SECURED CLAIM. PURSUANT TO SECTION 1124 OF THE BANKRUPTCY CODE, YOUR CLAIM IS IN A CLASS THAT IS NOT IMPAIRED. THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE PLAN, AND ARE NOT ENTITLED TO VOTE.

IF YOUR CLAIM IS A SECURED TAX CLAIM IN CLASS 2 (SECURED CLAIMS), EXCEPT TO THE EXTENT YOU AGREE WITH THE DEBTORS OR REORGANIZED DEBTORS TO A DIFFERENT TREATMENT, YOU SHALL RECEIVE 100% OF THE UNPAID AMOUNT OF SUCH ALLOWED SECURED TAX CLAIM IN CASH FROM THE REORGANIZED DEBTORS ON THE DISTRIBUTION DATE. PURSUANT TO SECTION 1124 OF THE BANKRUPTCY CODE, YOUR CLAIM IS IN A CLASS THAT IS NOT IMPAIRED. THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE PLAN, AND ARE NOT ENTITLED TO VOTE.

IF YOUR CLAIM IS IN CLASS 8 (ANCHOR CLAIMS), YOU SHALL BE ENTITLED TO ASSERT SUCH CLAIM AGAINST ANCHOR IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE 14 OF CHAPTER 55 OF THE NORTH CAROLINA BUSINESS CORPORATION ACT. PURSUANT TO SECTION 1124 OF THE BANKRUPTCY CODE, YOUR CLAIM IS IN A CLASS THAT IS NOT IMPAIRED. THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE PLAN, AND ARE NOT ENTITLED TO VOTE.

IF YOUR CLAIM IS IN CLASS 9 (INTERCOMPANY CLAIMS), YOUR CLAIM IS PRESERVED BY THE PLAN. PURSUANT TO SECTION 1124 OF THE BANKRUPTCY CODE, YOUR CLAIM IS IN A CLASS THAT IS NOT IMPAIRED THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE PLAN, AND ARE NOT ENTITLED TO VOTE.

IF YOU ARE A HOLDER OF AN ANCHOR EQUITY INTEREST IN CLASS 12 (ANCHOR EQUITY INTERESTS) YOU SHALL RETAIN YOUR EQUITY INTEREST UNALTERED BY THE PLAN. PURSUANT TO SECTION 1124 OF THE BANKRUPTCY CODE, YOUR EQUITY INTEREST IS IN A CLASS THAT IS NOT IMPAIRED. THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY DEEMED TO HAVE ACCEPTED THE PLAN, AND ARE NOT ENTITLED TO VOTE.

If you disagree that your claim should be so classified, you may file a motion for temporary allowance of your claim for voting purposes with the Bankruptcy Court.

This __ day of _____, 2015.

/s/ Garland S. Cassada
Garland S. Cassada
N.C. Bar No. 12352
Jonathan C. Krisko
N.C. Bar No. 28625
Richard C. Worf, Jr.
N.C. Bar No. 37143

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone:    (704) 377-2536
Facsimile:    (704) 378-4000

gcassada@rbh.com
jkrisko@rbh.com
rworf@rbh.com

*Special Corporate and Litigation Counsel to the Debtors Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company*

**Exhibit 5**

Statement of the Official Committee of Asbestos Personal Injury Claimants

*IN RE GARLOCK SEALING TECHNOLOGIES LLC, ET AL.*

## STATEMENT OF THE OFFICIAL COMMITTEE OF
## <u>ASBESTOS PERSONAL INJURY CLAIMANTS</u>

We are the Official Committee of Asbestos Personal Injury Claimants ("**ACC**"). The bankruptcy court appointed the ACC to protect the interests of current asbestos claimants in the bankruptcies of Garlock Sealing Technologies LLC ("**GST**"), The Anchor Packing Company, and Garrison Litigation Management Group, Ltd. (together, the "**Debtors**"). We address this Statement to all individuals who have filed, or believe they have grounds to file, asbestos-related claims against the Debtors for personal injury or wrongful death, and to attorneys representing those individuals.

The Debtors have issued their Second Amended Plan of Reorganization (the "**Plan**") for a vote of creditors and other stakeholders. We believe the Plan is unfair to asbestos claimants. Therefore:

**The ACC recommends that asbestos claimants
vote to reject the Debtors' Plan.**

The purpose of this Statement is to set forth key bases, opinions, and arguments for the ACC's recommendation, including:

- The Plan, in our view, does not provide enough money to compensate asbestos claimants. It would cap the Debtors' liability for asbestos claims at much less than they can afford and much less, we believe, than they realistically would have to pay if they did not receive special protections.

- The liability cap would fundamentally change the litigation process for, as we see it, the Debtors' one-sided advantage. So would certain litigation procedures included in the Plan. The Plan would also prescribe settlement criteria we deem arbitrary and matrix settlement values we consider too low.

- The Plan does not comply with Section 524(g) of the Bankruptcy Code, the statute Congress wrote especially for asbestos-related bankruptcy reorganizations.

- The Plan would settle potential claims against the parent companies and other affiliates for fraudulent conveyance, breach of fiduciary duty, unjust enrichment, successor liability, and "piercing the corporate veil" for consideration we consider inadequate.

These and other points are explained in the Discussion that follows.

Joseph W. Grier, III was appointed by the bankruptcy court to protect the interests of holders of *future* asbestos claims as the Future Claimants' Representative. Mr. Grier disagrees

1

with the ACC and supports the Plan. His own Statement sets forth his reasons. The ACC believes the Plan would disadvantage all asbestos claimants, present and future.

**This is a key point to understand: Whether or not you have already filed a claim against the Debtors, you are a current claimant, not a future one, if (1) you have been diagnosed with an asbestos-related disease, or have experienced asbestos-related symptoms, or if you are the surviving spouse or child of such a person, and (2) you have reason to believe the Debtors are legally responsible for those injuries.**[1] The ACC's responsibility is to protect the shared interests of all current asbestos claimants. By contrast, the Future Claimants' Representative has no responsibility for current claimants.

A just reorganization plan would protect asbestos victims' legal rights and require the Debtors to pay fair compensation for asbestos injuries. In our view, the Plan fails these tests. Claimants should reject the Plan to create an opportunity for the ACC to pursue a better resolution.

## DISCUSSION

**A.    The ACC Believes the Plan Provides Insufficient Funding for Asbestos Claims and Much Less Than What the Debtors and Parent Companies Contributing to the Plan Can Afford.**

1.    The Plan provides for funding of up to $489.5 million over a period of 40 years for processing, settling, litigating, and paying asbestos claims and for paying management and administration costs, plus up to $16 million for claims settled before the bankruptcy. Of that maximum amount, $77 million consists of payments deferred with interest and $132 million is contingent and will only be paid if needed for litigation and potential judgments, not settlements.

2.    The funding would be capped – *i.e.*, if the Plan took effect, neither the Debtors nor their affiliates would have any responsibility to devote monies above the capped amount for processing or resolving asbestos claims based on, or derived from, the Debtors' products or conduct. The capped funding may prove insufficient to pay all eligible claimants the amounts the Plan would entitle them to receive, whether by settlement or judgment. As the Debtors have stated: "There can be no absolute guarantee the Settlement Facility and Litigation Fund will be able to pay in full Allowed GST Asbestos Claims for which they are responsible." Disclosure Statement § 8.2 at 88.

3.    According to calculations made by the Debtors' indirect parent, EnPro Industries Inc. ("**EnPro**"), the maximum financial obligations of the Debtors and their parent companies

---

[1]  The bankruptcy court has fixed October 6, 2015, as the deadline for certain current claimants to submit their unsettled claims against GST in the bankruptcy case. That deadline applies if, before August 1, 2014, you were diagnosed with an asbestos-related disease for which a lawsuit against any defendant or a claim against any asbestos trust was filed by August 1, 2014. *See* Order Approving Disclosure Statement and Establishing Asbestos Claims Bar Date and Procedures for Solicitation ¶¶ 2, 21.

for unliquidated asbestos claims under the Plan would be $362 million in net present value (or $236 million after taking corporate tax benefits into account).[2] With those limited obligations, the valuation analysis the Debtors have attached to their Disclosure Statement implies, as we understand it, that ownership of reorganized GST (which would remain in EnPro's hands through a subsidiary) would be worth at least $450 million. We believe the ownership stake would be worth even more, while asbestos victims would not receive full and fair compensation for their injuries.

4.      From 1975 until they filed for bankruptcy on June 5, 2010, the Debtors paid or committed to pay $1.366 billion as compensation to asbestos claimants, of which $585.8 million was for mesothelioma claims; they also incurred more than $400 million in defense costs. Most of the compensation payments were made pursuant to settlements. The Debtors deny that their products harmed anyone, insist they have no liability, and say they settled to avoid even larger defense costs. The Debtors did suffer some large verdicts, however, and from 2006 to 2009, they paid asbestos claimants more than $83 million every year as compensation and also spent more than $25 million every year on the costs of defense. The ACC contends that GST had access to all the information it needed to value asbestos claims fairly and efficiently, in light of the tort laws and applicable rules and procedures.

5.      Based on the historical claims, settlement, and payment data, an expert for the ACC estimated that GST's total liability for present and future mesothelioma claims was $1.26 billion when it filed for bankruptcy in June 2010. Taking a similar approach, an expert for the Future Claimants' Representative estimated that liability at approximately $900 million. The bankruptcy court, however, accepted the Debtors' estimate of that liability at just $25 million for present claims and $100 million for future claims. *See In re Garlock Sealing Technologies, LLC*, 504 B.R. 71 (Bankr. W.D.N.C. 2014). All three of these estimates exclude claims for diseases other than mesothelioma and also exclude defense costs.

6.      The Debtors argue that the bankruptcy court's estimate underlies and justifies their Plan. The ACC, on the other hand, contends that the bankruptcy court erred as a matter of fact and law, that the estimate is unrealistic, and that the estimate cannot lawfully be used to cap the Debtors' asbestos liability through the Plan.[3] If a Plan is confirmed on the basis of the bankruptcy court's estimate, the ACC will appeal.

7.      The Debtors forecast that the Plan would pay $20,000 on average to qualified mesothelioma victims who elect to settle without litigation. Many claimants with proof of

---

[2]  EnPro's calculations discount the stream of contributions to net present value as of January 1, 2015, using a discount factor of 6.5%. The calculations assume an effective date for the Plan of January 1, 2017, an interest rate of 4.5% on deferred contributions, and a tax rate of 35%.

[3]  The ACC also takes exception to the Debtors' account in the Disclosure Statement of their experience in asbestos litigation during the decade preceding their bankruptcy, as well as their summary of the record of the estimation proceeding and of the ACC's motion to reopen that matter. In the ACC's view, the Disclosure Statement's treatment of these matters is one-sided and distorted.

disease and exposure to asbestos from GST products would be offered even less. According to the Debtors' own claims data, the last year in which GST paid $20,000 or less on average to settle mesothelioma claims was 1999. During the years 2006 through 2009 and in 2010 until its June 5, 2010 bankruptcy filing, GST paid or committed to pay on average the following amounts (in dollars of the day) to settle a total of 5,125 mesothelioma claims: 2005 -- $59,919; 2006 -- $73,186; 2007 -- $68,320; 2008 -- $74,350; 2009 --$70,429; 2010 -- $99,627. The ACC submits that the deep discounts inherent in the Plan are not warranted.

**B.      The ACC Believes the Plan's "Settlement Option" Undervalues Asbestos Claims.**

8.      The Plan would offer asbestos claimants a "Settlement Option" through a Settlement Facility run by a Trustee nominated by the Debtors and appointed by the bankruptcy court. The Plan would fund the Trustee and Settlement Facility with $250 million upon taking effect, plus $77.5 million payable with interest over seven years, for the processing and payment of asbestos claims and for administrative expenses.

9.      The Trustee would have no obligation to consult any person experienced in representing asbestos claimants when making decisions for the Settlement Facility. A "Claimant Advisory Committee" would be created but would not be authorized to provide advice except upon the Trustee's specific request.

10.      Each claimant exercising the Settlement Option would be required to pay a fee of $250 to file a claim with the Settlement Facility. The fee would be refunded if the claim resulted in a settlement. Claims would be valued and resolved in accordance with Claims Resolutions Procedures incorporated in the Debtors' Plan ("**CRP**").

11.      The principal settlement process would be "Expedited Review." Only claimants alleging pleural or peritoneal mesothelioma, asbestos-related lung cancer, or asbestos-related laryngeal cancer would be eligible for "Individual Review." Those suffering from other asbestos-related diseases would either have to settle under Expedited Review or else litigate. As defined in the CRP, moreover, Individual Review would benefit only those claimants who had little if any exposure to asbestos products other than those of GST. Asserting that few such claimants exist, the Debtors have stated that Individual Review under the CRP would pay most claimants less compensation than Expedited Review. *See* CRP App. II-1.

12.      Under both Expedited Review and Individual Review, a matrix would assign a maximum settlement offer to each claim, keyed to the claimant's occupation and industry as classified in certain "Contact Groups." *See* CRP App. II-1. According to the Debtors, "[t]he Contact Groups have been defined based on the potential frequency and intensity of the [injured person's] contact with asbestos-containing gaskets or packing products," and also take account of probable exposures to other kinds of asbestos products. CRP App. I-2. In the ACC's view, these groupings incorporate arbitrary assumptions and make no allowance for variations in fact patterns within a given Contact Group. If the Settlement Facility assigned a claimant to a Contact Group that did not fairly reflect the nature, quality, or extent of his asbestos exposures, the claimant would have no recourse other than to select the "Litigation Option" (discussed below) or apply to the bankruptcy court for relief, since (i) the Plan does not provide for

4

arbitration of the Settlement Facility's decisions, and (ii) the Plan's Individual Review procedure would be limited in the manner discussed above.

13. By the same token, claimants would have no effective way to prevent the Settlement Facility from interpreting the occupational and industrial classifications in a manner that would reduce compensation. For example, if the Settlement Facility rejected a claimant's characterization of himself as a "REFINERY WORKER" (O-47) in the "PETROCHEMICAL" industry (I-18) and reclassified him as a "BUILDING MAINTENANCE/BUILDING SUPERINTENDENT" (O-12) in the same industry, the effect would be to move the claimant from Contact Group 2 to Contact Group 3. *See* CRP App. III-26 & III-57. That reclassification would reduce the theoretical maximum potential settlement offer by more than half, from $60,000 to $25,000. *See* CRP App. I-3.

14. Under the CRP, the maximum scheduled settlement offers would be discounted according to other factors that are built into, and assigned relative weights by, the CRP matrix. Those factors are the claimant's disease, age at time of diagnosis, life status, duration of exposure to GST products, and the existence of a surviving spouse or other dependents. The resulting net amount after discounts would be the value assigned to the claim under the CRP matrix (the "**Matrix Value**") and thus the settlement amount offered to a claimant.

15. The ACC believes the Settlement Option substantially undervalues individual claims in comparison to what claimants could fairly expect GST to pay outside of bankruptcy. Furthermore, there is a risk that the Trustee would reduce the Matrix Values after reviewing all claims filed during the bankruptcy and may postpone paying any claims until that review has been completed, for which the Plan fixes no deadlines. *See* CRP § 4.1(b)(1).

16. Documentation requirements for medical and exposure criteria that would apply to to all claimants under the Settlement Option are set out in section 4.5 of the CRP. Each claimant would be required to allege and certify "GST Product Contact" that the claimant reasonably believes contributed to causing his or her asbestos-related condition based on his or her own work-place activities, or those of other occupationally exposed persons, consisting of (i) the removal of Garlock asbestos gaskets that required scraping or brushing, (ii) cutting individual gaskets from Garlock asbestos sheet material, or (iii) cutting or removal of Garlock asbestos packing. *See* CRP § 4.5(c) (1). Individual Review would require the claimant to submit additional information beyond that required to meet threshhold criteria, including a complete job and exposure history and comprehensive information about all claims made by the claimant against any other entities that relate "in any way" to injuries from asbestos. CRP § 4.6(a). In addition, the claimant's attorney and any unrepresented claimant would have to certify under penalty of perjury that "no good-faith basis exists, at the time the certification is executed, to bring a claim against any Entity that is not identified in the Claimant's Claim Form." CRP § 4.6(e).

17. The ACC believes the medical, product exposure, and evidentiary criteria prescribed by the CRP include provisions that have no legal basis but would enable the Trustee to deny or minimize settlement for many legally viable claims. For example:

a. To qualify for a settlement, claimants would have to demonstrate, to the Trustee's satisfaction, at least six months of "GST Product Contact." This requirement would apply to mesothelioma claims as well as to claims for other diseases. CRP § 4.5(c)(1).

b. Any claimant asserting bystander exposure as the basis for "GST Product Contact" would have to demonstrate, to the Trustee's satisfaction, that he worked within 10 feet of a worker who was scraping, brushing, or cutting Garlock gaskets or packing. *See* CRP § 4.5.

c. Claims for pericardial and testicular mesothelioma would be ineligible for the Settlement Option. CRP App. I-2.

d. To qualify for a settlement exceeding a fixed payment of $750, a claimant suffering from asbestos-related lung cancer or asbestos-related laryngeal cancer would have to provide "[c]redible evidence that the Injured Party never smoked or used tobacco products," CRP § I.B.1 at I-5 & I-6, despite medical opinions that asbestos exposure and smoking are synergistic in causing malignancies.

e. Claims for lung cancer or laryngeal cancer would be accorded just one-tenth of the weight of mesothelioma claims in the matrix. The cancer diagnoses for such claims would have to be rendered by a board-certified specialist. Only a diagnosis of asbestosis or "an elevated amphibole lung tissue burden" would qualify as asbestos markers. *See* CRP § I.B.1 at I-5 & I-6.

f. Claimants meeting the CRP's medical criteria for asbestosis would be limited to settlement offers of $500, regardless of the extent of physical impairment. CRP § I.C at I-13 & -14.

g. The documentation requirements for "GST Product Contact" would permit the Settlement Facility to demand additional information and documentation, even if that information would be unnecessary or redundant. We see nothing in the CRP that would prevent the Settlement Facility from rejecting circumstantial evidence that a court would find sufficient for trial. *See* CRP § 4.5(c)(2).

## C. The ACC Believes the Plan's "Litigation Option" Would Transform the Litigation Process to the Debtors' Undue Advantage.

18. The Plan would also give asbestos claimants the option to litigate their claims against "Reorganized Garrison" ("**Garrison**") in federal court under a case management order (the "**CMO**") that is incorporated in the Plan. GST would pay $30 million into a Litigation Fund and would have a contingent obligation, guaranteed by EnPro, to contribute additional sums over

a 36-year period, to a maximum of $132 million. These funds would be devoted to litigating claims, paying any judgments, and paying litigation management fees.

19. The contingent contributions to the Litigation Fund, if required, would decline from no more than $5 million per year in the early years to no more than $2 million per year toward the end of that fund's existence. The contingent obligation for a given year would only be triggered if the balance of the Litigation Fund fell below a specific minimum by a date certain; if not, the potential additional funding obligation for that year would be extinguished but the potential additional funding obligations for future years would not thereby increase. *See* Plan § 7.3.5. Beyond those limits, the funding for litigated claims would never increase, no matter what judgments Garrison suffered in the litigation. Just a handful of judgments might deplete the initial $30 million Litigation Fund, and GST would never be obligated to replenish that fund beyond the specified contingent contributions.

20. Furthermore, defense costs for any litigated claim, up to the Matrix Value of the claim, would be paid out of the Settlement Fund, while defense costs exceeding the Matrix Value would be paid out of the Litigation Fund, thereby reducing the amounts available to compensate claimants. The ACC expects that, with the Debtors and their affiliates freed by the Plan from any responsibility to pay judgments adding up to more than the capped Litigation Fund, litigation risk would be of no real consequence to them. By the same token, the Debtors would be insulated from the economic incentives by which tort litigation almost always produces settlements when both parties are at risk and absorb their own (but not the opposing party's) costs.

21. Under the CRP, no matter what the merits or the hazards of litigation, the maximum settlement for a claim in litigation would be the Matrix Value *minus* allocated defense costs. The resulting offer would be zero if defense costs exceeded the assigned Matrix Value.

22. The CMO would require claimants to answer standardized discovery requests within 180 days of filing a proof of claim. Within the same 180 days, they would also have to file any available claims against other bankruptcy trusts ("**Trust Claims**"). Each claimant would be obligated to certify under penalty of perjury that they had "filed any and all claims against asbestos bankruptcy trusts that are available to him or her." CMO ¶ 7.a. In addition, the claimant's attorney would have to certify under penalty of perjury that he had investigated all Trust Claims "that may be available to" the claimant and that "to his knowledge all such claims have been filed . . . ." CMO ¶ 7.b. Plaintiffs' law firms, especially those handling many claims at once, may find these requirements and deadlines far more onerous than those that would typically apply in the tort system. Furthermore, since compliance with these requirements would be a precondition to proceeding to trial, Garrison might be able to delay trials simply by challenging whether the claimant had exhaustively investigated alternative asbestos exposures and brought all available trust claims.

23. These certification provisions are similar to provisions of statutes recently enacted in three states (Ohio, Oklahoma, and Wisconsin). In our view, they run counter to the longstanding tradition that a plaintiff is "master of his complaint" and can choose when and whom to sue; they also undermine discovery principles under which plaintiffs and their attorneys

are not normally required to engage in burdensome investigations for the benefit of a defendant. The ACC believes that applying such provisions through the CRP would magnify claimants' costs and shift to them a burden that, in the tort system, usually falls on the defendant – namely, the burden of developing the proof if the defendant wishes to establish that another entity is to blame for the plaintiff's injuries.

24.     The CMO calls for the United States District Court for the Western District of North Carolina (the "**District Court**") to exercise jurisdiction over all claims submitted pursuant to the Litigation Option and contemplates that the District Court could allocate pretrial proceedings for such claims between itself and the bankruptcy court in the same district. The ACC believes that, if many claimants chose the Litigation Option, the demands of pretrial and trial proceedings would strain the judicial resources of the Western District of North Carolina, subjecting claimants to the risk of substantial delays. For claimants from other jurisdictions, the Western District of North Carolina may not be a convenient forum, but they would either have to accept that inconvenience or engage in costly venue challenges.

**D.     The ACC Believes the Debtors' Proposed Arrangement for Protecting Their Affiliates Would Be Unlawful and Inequitable.**

25.     In addition to capping the Debtors' asbestos liability, the Plan would protect the Debtors' affiliates who are not in bankruptcy from any legal responsibility derived from the Debtors' asbestos-related wrongs. The ACC contends that this aspect of the Plan is contrary to law and would be inequitable to asbestos claimants, particularly in light of the inadequacy of the Plan's funding, including any contributions by affiliates.

26.     The ACC has identified potential causes of action against GST's direct owner, Coltec Industries Inc. ("**Coltec**"), GST's indirect owner, EnPro, and other affiliates of the Debtors. These potential claims are based on (i) GST's transfer in 2005 of three valuable businesses to affiliates in exchange for two secured subordinated promissory notes, which were not paid when due on January 1, 2010, and (ii) the modification of those notes months later to extend their due dates until January 1, 2017. The ACC contends that the promissory notes did not represent reasonably equivalent value for the businesses because the terms of the notes were such that they could not be sold to unrelated entities in arm's-length transactions, except perhaps at deep discounts. The ACC's investigation, including limited document discovery, turned up evidence that, in our view, indicates that the 2005 transfers were undertaken to separate the transferred assets from GST's asbestos liabilities. By avoiding payment of the notes when due in December 2010, GST's parent and affiliates deprived GST of approximately $227 million in cash just as that company was planning its bankruptcy filing.

27.     In 2012, the ACC, joined by the Future Claimants' Representative, moved for the bankruptcy court's permission to bring suit based on the 2005 transfers and the 2010 note transactions against EnPro, Coltec, and certain other affiliates of the Debtors, for the benefit of GST's bankruptcy estate and creditors, on claims of fraudulent conveyance, successor liability, unjust enrichment, breach of fiduciary duty, and piercing the corporate veil. The proposed complaint alleges, among other things, that those transfers and transactions (i) removed substantial value from the reach of GST's then-present and future asbestos creditors, (ii)

constituted both intentionally fraudulent and constructively fraudulent conveyances with respect to asbestos creditors of GST, (iii) amounted to an abusive exercise of the parent companies' control over GST, and (iv) resulted in the parent companies and certain other affiliates incurring unlimited liability for asbestos claims against GST under applicable doctrines of successor liability and "piercing the corporate veil."

28.     The Debtors and the proposed defendants opposed the motion for leave to file suit, contending among other things that the proposed causes of action are property of the estate and should remain under the Debtors' control, and denying that those claims have merit.  At the request of the Debtors and the proposed defendants, the bankruptcy court denied the motion for leave to sue and instead authorized the Debtors to enter into tolling agreements with the proposed defendants to preserve the claims against the running of statutes of limitations or repose.  As a result, the record relating to the potential claims has not been developed.  It should be noted that the bankruptcy court's denial of the motion for leave to sue was without prejudice; it decided nothing about the validity or invalidity of the claims.  If the bankruptcy court's estimation order is overturned or the Plan's liability cap invalidated, GST's solvency may be in doubt and the proposed claims may expose the parent companies and affiliates to potential derivative liability for asbestos claims against GST.

29.     Under the Plan, Coltec, EnPro, and the Debtors' other affiliates would be released from such derivative claims and protected by injunction from any suit seeking to impose such liabilities upon them. This relief would be conferred by a settlement embedded in the Plan (the "**Parent Settlement**").   The settlement consideration would consist of (i) a $30 million contribution to the Settlement Fund by Coltec, (ii) a $500,000 contribution by Coltec to pay the costs of dissolving The Anchor Packing Company, (iii) the subordination of affiliates' rights to insurance shared with GST, and (iv) EnPro's guarantee of the Debtors' deferred and contingent payment obligations under the Plan.  The Debtors and the parent companies first agreed to items (i) through (iii); item (iv) was added later in connection with securing the Future Claimants' Representative's support for the Plan.

30.     In the ACC's view, Coltec's proposed $30.5 million contributions would not be substantial or necessary in the overall context of the Plan, because GST could easily enhance the Plan funding by that amount out of its own resources. The Debtors also have the resources to pay the deferred contributions to the Settlement Fund and the contingent contributions to the Litigation Fund without EnPro's guarantee.  The Debtors have asserted, moreover, that the contingent contributions to the Litigation Fund that EnPro would guarantee under the proposed settlement would probably prove unnecessary and never be made (Disclosure Statement § 3.2.28), and EnPro has expressed the same expectation to investors.  The proposed contributions by Coltec and the affiliates' granting of a priority position to GST with respect to shared insurance were agreed upon by GST and its parents without the participation of the Future Claimants' Representative. Under the circumstances, the ACC regards the proposed Parent Settlement as suspect because the structure and key settlement terms were agreed upon between the Debtors and potential defendants who, being the Debtors' owners, were in a position to dictate terms, and because the Parent Settlement would make an end-run around Section 524(g) of the Bankruptcy Code.

31.     In general, the discharge of a company's debt in bankruptcy does not affect the liability of any other entity for such debt.  Where, as here, potential derivative claims against affiliates stem from asbestos-related liabilities of the bankrupt company, the affiliates may gain lawful protection through a plan of reorganization that complies with Section 524(g) of the Bankruptcy Code.  But that statute grants such relief only in connection with conferring substantial protections on asbestos claimants.  Among other things, it requires that the plan of reorganization be approved by the affirmative vote of 75% of the asbestos claimants who vote; that all asbestos claims against the bankrupt be channeled to a trust; and that the trust receive ownership of, or a security interest in, at least 50.1% of the stock of the debtor.  These and other protections of Section 524(g) are absent from the Debtors' Plan.  Through the proposed Parent Settlement embedded in the Plan and the related injunction, the Debtors are trying to obtain for their affiliates protections equivalent to those available through Section 524(g), but to withhold from asbestos claimants the vital protections contemplated by that statute.

32.     In section 3.2.1 of the Plan, the Debtors have reserved the right to withdraw the Plan on ten days' notice to the Future Claimants' Representative if they reach agreement with the ACC on an alternative plan of reorganization that the Debtors believe in good faith provides fair and equal treatment of future asbestos claimants.  In the ACC's judgment, several factors indicate that prospects for achieving an alternative to the existing Plan – one substantially more favorable to current and future asbestos claimants – are well worth pursuing through further negotiations and, if necessary, litigation.  Those factors include:

- the financial resources available to the Debtors and to the parent companies and affiliates they hope to protect;

- the greater reliability of the protections that a plan compliant with Section 524(g) would provide for all of those entities;

- the risk that a higher court may overturn the bankruptcy court's estimate of GST's liability for mesothelioma or invalidate the estimate as a cap on that liability; and

- the risk that the existing Plan, including but not limited to the parent settlement, may be rejected as unconfirmable by the bankruptcy court or by a higher court.

## CONCLUSION

Asbestos claimants should vote to reject the Plan.

**THE OFFICIAL COMMITTEE OF ASBESTOS**
**PERSONAL INJURY CLAIMANTS**


By:     /s/ Joseph F. Rice         /s/ Steven Kazan
         Co-Chair                       Co-Chair


Each of the following law firms represents one of the twelve asbestos claimants appointed to the ACC:

| | |
|---|---|
| Belluck & Fox, LLP | Paul, Reich & Meyers, PC |
| Cooney & Conway | Simmons Hanly Conroy LLC |
| The Jaques Admiralty Law Firm | Simon Greenstone Panatier Bartlett LLP |
| Kazan, McClain Satterly & Greenwood, PLC | Thornton & Naumes, LLP |
| Lipsitz & Ponterio, LLC | Waters & Kraus, LLP |
| Motley Rice LLC | Weitz & Luxenberg, PC |


The following law firms represent the ACC:

Caplin & Drysdale, Chartered
Moon, Wright & Houston, PLLC

**Exhibit 6**

Statement of the Future Asbestos Claimants' Representative

### IN RE GARLOCK SEALING TECHNOLOGIES LLC, ET AL.

## STATEMENT OF JOSEPH W. GRIER, III, THE FUTURE CLAIMANTS' REPRESENTATIVE, IN SUPPORT OF THE DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION

In asbestos bankruptcy cases, as a general matter, holders of asbestos personal injury claims fit into two basic categories: those who have already manifested an injury and hold an existing claim and those who have not yet manifested an injury, but could do so in the future. Many current claimants, of course, know that they hold claims, and are often already represented by counsel at plaintiff law firms. Future claimants, by their nature, however, are always unknown, and, as such, will not have individual counsel. Bankruptcy courts appoint separate fiduciaries to protect the interests of future and current claimants.

In this case, the Bankruptcy Court appointed Joseph W. Grier, III to be the future claimants' representative (the "FCR") on September 10, 2010. The terms of the Bankruptcy Court's appointment provide that Mr. Grier shall protect the rights of persons who may hold claims against the Debtors based on, arising out of, or related to asbestos-related injury, disease or death that manifest, become evident, or is diagnosed after confirmation of a plan of reorganization for the Debtors (the "future claims"). Mr. Grier is required to represent the interests of, appear on behalf of, and be a fiduciary to those future claims. Following his appointment, Mr. Grier retained various professionals with experience in the asbestos field to assist him in exercising his fiduciary duties, namely counsel, consultants, estimation experts, and financial experts.

In turn, the Bankruptcy Court appointed an Asbestos Creditors' Committee (the "ACC") to represent the interests of current claimants. The ACC is composed of twelve current claimants, represented by individual plaintiff law firms. The ACC also retained various professionals to assist it in exercising its fiduciary duties to current claimants.

The FCR does not represent the interests of current claimants. Similarly, the ACC does not represent the interests of future claimants.

In 2013, the Bankruptcy Court conducted a seventeen day trial to determine a reliable estimate of the Debtors' current and future mesothelioma claims. The ACC, the Debtors, and the FCR each agreed that mesothelioma claims represent the substantial majority of asbestos claims against the Debtors in dollar terms. During the estimation trial, the Debtors, the ACC, and the FCR offered into evidence the testimony of twenty-nine expert and fact witnesses, thousands of exhibits, and thousands of pages of written testimony supporting their respective positions on the correct amount of the estimate. The witnesses included industrial hygienists, doctors, epidemiologists, economists, lawyers and asbestos litigation and claims experts.

On January 10, 2014, in a 65-page written opinion, the Bankruptcy Court estimated that the amount needed to satisfy the Debtors' obligation for mesothelioma claims was, as of June 2010, $125 million, made up of $25 million for current claims and $100 million for future claims. In so far as it goes, the Bankruptcy Court's opinion is binding on the Debtors, the ACC and the FCR.

In the year following the estimation opinion, the FCR met with the ACC and the Debtors on many occasions in an attempt to reach agreement on a plan that was acceptable to all three parties. The negotiations failed to result in a consensual plan. The FCR, however, was able to negotiate terms with the Debtors that are acceptable to him. As the FCR explains below, the Plan provides up to $500 million to pay eligible asbestos claims over time, under procedures that the FCR believes are fair and reasonable.[1] Those terms are embodied in the Debtors' Second Amended Plan of Reorganization (the "Plan"). The Plan was filed on January 14, 2015. The Plan is the only plan currently filed with the Bankruptcy Court and the only plan being sent out to asbestos claimants for their vote. The FCR supports the Plan; the ACC does not.

1. **The FCR believes that the amount of money to pay asbestos claimants is fair and reasonable.**

The Plan provides for payment of $500 million, made up of: (i) $327.5 million for an asbestos settlement trust; (ii) $30 million for an asbestos litigation fund, with a further $132 million available if needed; and (iii) another amount, not yet fixed, but estimated to be no greater than $16 million, to pay asbestos claims that were settled before the bankruptcy.

The FCR believes that the $500 million in funding is fair and reasonable. It is much more than the amount the Bankruptcy Court estimated was needed to satisfy the Debtors' obligations for current and future mesothelioma asbestos claims.

2. **The FCR believes that the procedures for paying asbestos claimants are fair and reasonable.**

The Debtors' Plan contains asbestos claim resolution procedures.

Under those procedures, claimants who wish to settle their claims can submit them to the settlement trust. The trust will be managed by an independent trustee approved by the

---

[1] This statement is not intended to be a substitute for the Debtors' Disclosure Statement, which sets forth in great detail the treatment of asbestos claims under the Debtors' Plan. Rather, the statement provides a summary of the FCR's reasons for supporting the Plan.

Bankruptcy Court. Claimants must allege that they were directly or indirectly exposed to asbestos fibers in the Debtors' products from the cutting, scraping or brushing of gaskets. The Bankruptcy Court found such activities to have the potential to release asbestos fibers. The trust will pay claimants under either expedited or individual review. The settlement trust will have a fund of $327.5 million. Claimants meeting medical and exposure criteria for pleural mesothelioma, peritoneal mesothelioma, asbestos-related lung cancer or asbestos-related laryngeal cancer are eligible for variable settlement offers. Claimants alleging asbestosis or smokers alleging asbestos-related lung cancer or asbestos-related laryngeal cancer receive fixed settlement offers. The Debtors paid claimants alleging injury from these diseases in the years before the bankruptcy cases. A filing fee of $250 is required for all claimants, which is refunded when a claim is paid.

The amount of the settlement offers that qualified claimants will receive under expedited review will depend on the following factors published in the procedures, each of which the FCR believes is fairly considered in valuing a claim: the claimant's occupation (*e.g.*, pipefitter), disease (*e.g.*, mesothelioma), age, life status, number of dependents, economic loss and length of exposure to asbestos fibers from the Debtors' asbestos-containing products.

To explain, a claimant who worked in an occupation with a high frequency of direct contact with the Debtors' products (*e.g.*, a US Navy pipefitter), has mesothelioma, is younger, has dependents, is alive, suffered large economic losses and was exposed to asbestos fibers from the Debtors' products for a long period of time will receive a higher settlement offer under expedited review. A claimant with a different situation, *e.g.*, someone who worked in an occupation with limited opportunity for direct contact with the Debtors' products, is older, has no dependents, has lung cancer, suffered minimal economic losses and had limited exposure to asbestos fibers from the Debtors' products will receive a lower settlement offer. No claimant receives more in the expedited review process simply because he retained a certain law firm or because his claim originates from a certain state. Rather, every claimant is treated equally by reference to the factors published in the procedures.

To the extent a qualified claimant believes that his claim should be paid more than the settlement offer available under expedited review, he can submit his claim to individual review. This review is designed to ensure that the extraordinary claimant, *i.e.*, the person who had significant exposure to the Debtors' products, but limited exposure to other companies' products, receives a fair recovery. Under individual review the settlement trust will consider all the factors considered in expedited review, plus exposure to other companies' products, co-defendant contributions, the claimant's jurisdiction and an enhanced consideration of the length of exposure to the Debtors' products (including the claimant's industry and occupation, and the source of the exposure). Alternative exposure information allows for validation of individual claims. Claimants who submit their claims to individual review but do not have limited exposure

to other companies' products could receive less than they would have received under expedited review.

If a qualified claimant is unhappy with the offer made by the settlement trust or a claimant is not eligible to receive any offer from the settlement trust, those claimants may take their claims to litigation with a jury trial. So that there will be funds to pay such claims, the FCR required the Debtors to provide funding of up to $132 million over and above the $30 million to be deposited in the litigation trust. That additional funding is guaranteed by the Debtors' parent company.

The FCR believes that procedures for paying asbestos claims against the Debtors are fair and reasonable.

**3.      The FCR believes that the treatment of asbestos claims is fair and reasonable.**

The claim resolution procedures contain the following provisions, each of which the FCR believes benefits asbestos claimants.

- Filing fees are refunded to claimants when their claims are paid. The FCR believes filing fees will deter frivolous claims, individually or in bulk, thereby preventing dilution of trust funds.
- Jurisdiction is eliminated as a factor in expedited review. This ensures that one claimant does not receive more than other claimants because of, for example, where he lives or where his claim arose.
- Attorney identity is prohibited as a valuation factor. This ensures that one claimant does not receive more than other claimants because of the attorney a claimant hired.
- The trust can process claimants who are in hardship situation in advance of other claimants.
- Requirements for contact with the Debtors' asbestos-containing products are simplified.
- Medical requirements are simplified.
- Claimants must assert that exposure to the Debtors' products contributed to the claimant's disease but does not require affidavit support for personal identification of the Debtors' asbestos-containing products; there is no requirement that exposure to the Debtors' products be a substantial and significant portion of total lifetime exposure; and there is no requirement that gaskets are removed only be "old" gaskets.
- Claimants who cut gaskets in the field, or cut or removed the Debtors' asbestos packing, qualify for product contact.
- Specific requirements are included ensuring that a claimant's information is reliable. The FCR believes that requiring reliable claim information will prevent dilution of the trust.

4

- Site lists are prohibited; instead, only claimants with allegations of actual exposure to asbestos fibers from the Debtors' products qualify for a settlement offer. The FCR believes that this will protect the trust against dilution.
- Customarily non-public claimant information is protected against disclosure. Customarily public claim information is disclosed. The FCR believes this strikes an appropriate balance between the protection of personal information, while minimizing the cost for the trust of processing third party requests for disclosure of claim information that would, in the normal course, be filed publicly in a complaint.
- The amount of time that a claimant must allege for exposure to the Debtors' products for full payment is reduced.
- Settlement offers for claimants alleging lung cancer and laryngeal cancer are increased.
- Non-mesothelioma cancer claimants may recover under both expedited review and individual review.
- Claimants have the option of switching between the settlement option and the litigation option.
- Claimants who do not qualify for settlement offers may pursue the litigation option.
- A committee of personal injury lawyers is established to provide advice to the trustee.
- The exposure cutoff is extended to December 1982 for expedited review, and later claims can be paid under individual review. The FCR believes this is appropriate in that the Debtors sold asbestos-containing products past 1982.
- The trustee is given authority to protect the funds in the settlement trust to ensure claimants are treated fairly and equally.
- The trustee may administer the trust in a way that allows claimants to file without attorneys. The FCR believes that his could save claimants' significant attorneys' fees either on an hourly or a contingency basis.

For the reasons set forth above, the FCR supports the Debtors' Plan.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LONGVIEW POWER, LLC, et al.,[1] | ) | Case No. 13-12211 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Re: Docket No. 739** |

## ORDER TO DISALLOW CLAIMS FOR VOTING
## PURPOSES PURSUANT TO BANKRUPTCY RULE 3018

Upon the objection (the "Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) disallowing the Disputed Claims pursuant to Bankruptcy Rule 3018; and (b) granting related relief, all as more fully set forth in the Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: (a) Longview Power, LLC (1860); and Longview Intermediate Holdings C, LLC (1008) (collectively, the "Longview Debtors"); and (b) Mepco Holdings, LLC (6654); Mepco Intermediate Holdings A, LLC (0502); Mepco Intermediate Holdings, LLC (4248); Mepco, LLC (3172); Coresco, LLC (6397); Dana Mining Company of Pennsylvania, LLC (8721); Dana Mining Company, LLC (4499); Mepco Conveyor, LLC (0477); Shannopin Materials LLC (1616); Border Energy, LLC (2798); and Alternate Energy, LLC (2428) (the foregoing excluding the Longview Debtors, collectively, the "Mepco Debtors"). The Longview Debtors' principal offices are located at 966 Crafts Run Road, Maidsville, West Virginia 26541. The Mepco Debtors' principal offices are located at 308 Dents Run Road, Morgantown, West Virginia 26501.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection or Plan, as applicable.

Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection were appropriate and no other notice need be provided; and this Court having reviewed the Objection and having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Objection is granted as set forth herein.

2.     The Disputed Claims identified on **Schedule 1** attached hereto are disallowed for voting purposes pursuant to Bankruptcy Rule 3018(a) and the Disclosure Statement Order.

3.     The Notice and Claims Agent is hereby directed to disregard for voting purposes any ballot returned by any Holder of a Disputed Claim identified on **Schedule 1** on account of such Disputed Claim .

4.     Nothing in this Order shall affect or otherwise modify the amount, allowance, or treatment of the Disputed Claims under the Plan.

5.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

6.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _Feb. 24_ , 2014
        Wilmington, Delaware                     THE HONORABLE BRENDAN L. SHANNON
                                                 UNITED STATES BANKRUPTCY JUDGE

RLF1 9920546v.1

## Schedule 1

**Disputed Claims**

## In re Longview Power, LLC, et al.

## Temporary Disallowance For Voting Purposes

| | NAME | CLAIM NUMBER | CASE NUMBER | DEBTOR NAME | FILED DATE | TOTAL CLAIM DOLLARS | REASON FOR TEMPORARY DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | BB&T EQUIPMENT FINANCE CORP. ATTN: ROBERT W. KURTZ, RISK MANAGER 600 WASHINGTON AVE, SUITE 201 TOWSON, MD 21204 | 229 | 13-12212 (BLS) | Alternate Energy, LLC | 12/12/2013 | $3,848,934.58 | Claim based on hypothetical rejection damages for which the Debtors have no current liability. See Objection pp. 4 – 6 |
| 2 | BB&T EQUIPMENT FINANCE CORP. ATTN: ROBERT W. KURTZ, RISK MANAGER 600 WASHINGTON AVE, SUITE 201 TOWSON, MD 21204 | 230 | 13-12213 (BLS) | Border Energy, LLC | 12/12/2013 | $3,848,934.58 | Claim based on hypothetical rejection damages for which the Debtors have no current liability. See Objection pp. 4 – 6 |
| 3 | BB&T EQUIPMENT FINANCE CORP. ATTN: ROBERT W. KURTZ, RISK MANAGER 600 WASHINGTON AVE, SUITE 201 TOWSON, MD 21204 | 231 | 13-12214 (BLS) | Coresco, LLC | 12/12/2013 | $3,848,934.58 | Claim based on hypothetical rejection damages for which the Debtors have no current liability. See Objection pp. 4 – 6 |
| 4 | BB&T EQUIPMENT FINANCE CORP. ATTN: ROBERT W. KURTZ, RISK MANAGER 600 WASHINGTON AVE, SUITE 201 TOWSON, MD 21204 | 232 | 13-12215 (BLS) | Dana Mining Company of Pennsylvania, LLC | 12/12/2013 | $3,848,934.58 | Claim based on hypothetical rejection damages for which the Debtors have no current liability. See Objection pp. 4 – 6 |
| 5 | BB&T EQUIPMENT FINANCE CORP. ATTN: ROBERT W. KURTZ, RISK MANAGER 600 WASHINGTON AVE, SUITE 201 TOWSON, MD 21204 | 233 | 13-12216 (BLS) | Dana Mining Company, LLC | 12/12/2013 | $3,848,934.58 | Claim based on hypothetical rejection damages for which the Debtors have no current liability. See Objection pp. 4 – 6 |
| 6 | BB&T EQUIPMENT FINANCE CORP. ATTN: ROBERT W. KURTZ, RISK MANAGER 600 WASHINGTON AVE, SUITE 201 TOWSON, MD 21204 | 234 | 13-12218 (BLS) | Mepco Conveyor, LLC | 12/12/2013 | $3,848,934.58 | Claim based on hypothetical rejection damages for which the Debtors have no current liability. See Objection pp. 4 – 6 |
| 7 | BB&T EQUIPMENT FINANCE CORP. ATTN: ROBERT W. KURTZ, RISK MANAGER 600 WASHINGTON AVE, SUITE 201 TOWSON, MD 21204 | 235 | 13-12219 (BLS) | Mepco Holdings, LLC | 12/12/2013 | $3,848,934.58 | Claim based on hypothetical rejection damages for which the Debtors have no current liability. See Objection pp. 4 – 6 |
| 8 | BB&T EQUIPMENT FINANCE CORP. ATTN: ROBERT W. KURTZ, RISK MANAGER 600 WASHINGTON AVE, SUITE 201 TOWSON, MD 21204 | 236 | 13-12220 (BLS) | Mepco Intermediate Holdings A, LLC | 12/12/2013 | $3,848,934.58 | Claim based on hypothetical rejection damages for which the Debtors have no current liability. See Objection pp. 4 – 6 |
| 9 | BB&T EQUIPMENT FINANCE CORP. ATTN: ROBERT W. KURTZ, RISK MANAGER 600 WASHINGTON AVE, SUITE 201 TOWSON, MD 21204 | 237 | 13-12221 (BLS) | Mepco Intermediate Holdings, LLC | 12/12/2013 | $3,848,934.58 | Claim based on hypothetical rejection damages for which the Debtors have no current liability. See Objection pp. 4 – 6 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## In re Longview Power, LLC, et al.

## Temporary Disallowance For Voting Purposes

| CLAIM NUMBER | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | TOTAL CLAIM DOLLARS | REASON FOR TEMPORARY DISALLOWANCE |
|---|---|---|---|---|---|---|
| 10 | 239 | BB&T EQUIPMENT FINANCE CORP. ATTN: ROBERT W. KURTZ, RISK MANAGER 600 WASHINGTON AVE, SUITE 201 TOWSON, MD 21204 | 13-12223 (BLS) | Shannopin Materials LLC | 12/12/2013 | $3,848,934.58 | Claim based on hypothetical rejection damages for which the Debtors have no current liability. See Objection p. 6. |
| 11 | 102 | CATERPILLAR FINANCIAL SERVICES CORPORATION ATTN: KATHLEEN MURPHY, ESQ 1105 N. MARKET STREET SUITE 1900 WILMINGTON, DE 19801-1054 | 13-12211 (BLS) | Longview Power, LLC | 12/09/2013 | $591,007.18 | Claim based on hypothetical rejection damages for which the Debtors have no current liability. See Objection p. 6. |
| 12 | 390 | FEDERAL INSURANCE COMPANY C/O MANIER & HEROD, P.C. ATTN: MICHAEL E. COLLINS, ESQ. 150 FOURTH AVENUE NORTH, SUITE 2200 NASHVILLE, TN 37219 | 13-12221 (BLS) | Mepco Intermediate Holdings, LLC | 12/16/2013 | $5,712,336.98* | Claim based on hypothetical damages arising from surety bonds for which the Debtors have no current liability. Objection p. 6. |
| 13 | 391 | FEDERAL INSURANCE COMPANY C/O MANIER & HEROD, P.C. ATTN: MICHAEL E. COLLINS, ESQ. 150 FOURTH AVENUE NORTH, SUITE 2200 NASHVILLE, TN 37219 | 13-12222 (BLS) | Mepco, LLC | 12/16/2013 | $160,910.00* | Claim based on hypothetical damages arising from surety bonds for which the Debtors have no current liability. Objection p. 6. |
| 14 | 392 | FEDERAL INSURANCE COMPANY C/O MANIER & HEROD, P.C. ATTN: MICHAEL E. COLLINS, ESQ. 150 FOURTH AVENUE NORTH, SUITE 2200 NASHVILLE, TN 37219 | 13-12223 (BLS) | Shannopin Materials LLC | 12/16/2013 | $515,700.00* | Claim based on hypothetical damages arising from surety bonds for which the Debtors have no current liability. Objection p. 6. |
| 15 | 393 | FEDERAL INSURANCE COMPANY C/O MANIER & HEROD, P.C. ATTN: MICHAEL E. COLLINS, ESQ. 150 FOURTH AVENUE NORTH, SUITE 2200 NASHVILLE, TN 37219 | 13-12214 (BLS) | Coresco, LLC | 12/16/2013 | $2,137,204.55* | Claim based on hypothetical damages arising from surety bonds for which the Debtors have no current liability. Objection p. 6. |
| 16 | 394 | FEDERAL INSURANCE COMPANY C/O MANIER & HEROD, P.C. ATTN: MICHAEL E. COLLINS, ESQ. 150 FOURTH AVENUE NORTH, SUITE 2200 NASHVILLE, TN 37219 | 13-12213 (BLS) | Border Energy, LLC | 12/16/2013 | $474,415.42* | Claim based on hypothetical damages arising from surety bonds for which the Debtors have no current liability. Objection p. 6. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## In re Longview Power, LLC, et al.

## Temporary Disallowance For Voting Purposes

| | NAME | CLAIM NUMBER | CASE NUMBER | DEBTOR NAME | FILED DATE | TOTAL CLAIM DOLLARS | REASON FOR TEMPORARY DISALLOWANCE |
|---|------|--------------|-------------|------------|-----------|---------------------|-----------------------------------|
| 17 | FEDERAL INSURANCE COMPANY C/O MANIER & HEROD, P.C. ATTN: MICHAEL E. COLLINS, ESQ. 150 FOURTH AVENUE NORTH, SUITE 2200 NASHVILLE, TN 37219 | 395 | 13-12215 (BLS) | Dana Mining Company of Pennsylvania, LLC | 12/16/2013 | $2,007,549.01* | Claim based on hypothetical damages arising from surety bonds for which the Debtors have no current liability. See Objection p. 6. |
| 18 | FEDERAL INSURANCE COMPANY C/O MANIER & HEROD, P.C. ATTN: MICHAEL E. COLLINS, ESQ. 150 FOURTH AVENUE NORTH, SUITE 2200 NASHVILLE, TN 37219 | 396 | 13-12216 (BLS) | Dana Mining Company, LLC | 12/16/2013 | $416,568.00* | Claim based on hypothetical damages arising from surety bonds for which the Debtors have no current liability. See Objection p. 6. |
| 19 | HUNTINGTON NATIONAL BANK, THE ATTN: ANDREA GUMBERT, STAFF OFFICER 105 EAST FOURTH STREET, SUITE CN200C CINCINNATI, OH 45202 | 153 | 13-12222 (BLS) | Mepco, LLC | 12/11/2013 | $267,906.71 | Claim based on hypothetical rejection damages for which Debtors have no current liability. See Objection pp. 3-6. |
| 20 | HUNTINGTON NATIONAL BANK, THE ATTN: ANDREA GUMBERT, STAFF OFFICER 105 EAST FOURTH STREET, SUITE CN200C CINCINNATI, OH 45202 | 154 | 13-12214 (BLS) | Coresco, LLC | 12/11/2013 | $267,906.71 | Claim based on hypothetical rejection damages for which Debtors have no current liability. See Objection pp. 3-6. |
| 21 | HUNTINGTON NATIONAL BANK, THE ATTN: ANDREA GUMBERT, STAFF OFFICER 105 EAST FOURTH STREET, SUITE CN200C CINCINNATI, OH 45202 | 155 | 13-12223 (BLS) | Shannopin Materials LLC | 12/11/2013 | $267,906.71 | Claim based on hypothetical rejection damages for which Debtors have no current liability. See Objection pp. 3-6. |
| 22 | HUNTINGTON NATIONAL BANK, THE ATTN: ANDREA GUMBERT, STAFF OFFICER 105 EAST FOURTH STREET, SUITE CN200C CINCINNATI, OH 45202 | 156 | 13-12221 (BLS) | Mepco Intermediate Holdings, LLC | 12/11/2013 | $267,906.71 | Claim based on hypothetical rejection damages for which Debtors have no current liability. See Objection pp. 3-6. |
| 23 | HUNTINGTON NATIONAL BANK, THE ATTN: ANDREA GUMBERT, STAFF OFFICER 105 EAST FOURTH STREET, SUITE CN200C CINCINNATI, OH 45202 | 157 | 13-12216 (BLS) | Dana Mining Company, LLC | 12/11/2013 | $267,906.71 | Claim based on hypothetical rejection damages for which Debtors have no current liability. See Objection pp. 3-6. |
| 24 | HUNTINGTON NATIONAL BANK, THE ATTN: ANDREA GUMBERT, STAFF OFFICER 105 EAST FOURTH STREET, SUITE CN200C CINCINNATI, OH 45202 | 158 | 13-12215 (BLS) | Dana Mining Company of Pennsylvania, LLC | 12/11/2013 | $267,906.71 | Claim based on hypothetical rejection damages for which Debtors have no current liability. See Objection pp. 3-6. |

* - Indicates claim contains unliquidated and/or undetermined amounts

## In re Longview Power, LLC, et al.

## Temporary Disallowance For Voting Purposes

| | NAME | CLAIM NUMBER | CASE NUMBER | DEBTOR NAME | FILED DATE | TOTAL CLAIM DOLLARS | REASON FOR TEMPORARY DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 25 | MONONGALIA COUNTY COMMISSION MONONGALIA COUNTY COURTHOUSE 243 HIGH STREET, RM 202 MORGANTOWN, WV 26505 | 168 | 13-12211 (BLS) | Longview Power, LLC | 12/11/2013 | $2,800,000.00 | Claim based on hypothetical rejection damages for which the Debtors have no current liability. See Objection pp. 5-6 |
| 26 | MONONGALIA COUNTY COMMISSION MONONGALIA COUNTY COURTHOUSE 243 HIGH STREET, RM 202 MORGANTOWN, WV 26505 | 334 | 13-12211 (BLS) | Longview Power, LLC | 12/16/2013 | $368,481,664.99 | Claim based on hypothetical damages arising from alleged indemnification obligations for which the Debtors have no current liability. See Objection p. 7. |
| 27 | MONONGALIA COUNTY DEVELOPMENT AUTHORITY MORGANTOWN AIRPORT ATTN: DAVID YODER, PRESIDENT 140 HARTFIELD P.O. BOX 188 MORGANTOWN, WV 26507 | 341 | 13-12211 (BLS) | Longview Power, LLC | 12/16/2013 | $2,800,000.00 | Claim based on hypothetical rejection damages for which the Debtors have no current liability. See Objection pp. 5-6 |
| 28 | MONONGALIA COUNTY DEVELOPMENT AUTHORITY C/O GIANOLA, BARNUM, WIGAL & LONDON, L.C. ATTN: DAVID YODER, PRESIDENT 1714 MILEGROUND MORGANTOWN, WV 26505 | 342 | 13-12211 (BLS) | Longview Power, LLC | 12/16/2013 | $368,481,664.99 | Claim based on hypothetical damages arising from alleged indemnification obligations for which the Debtors have no current liability. See Objection p. 7. |
| | | | | | TOTAL | $794,675,807.18 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts