Marcia L. Goldstein
Ray C. Schrock, P.C.
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

---

**PLEASE CAREFULLY REVIEW**
**THIS OBJECTION AND THE ATTACHMENTS HERETO**
**TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :    Chapter 11 Case No.
                                                            :
**CHASSIX HOLDINGS, INC.,** *et al.*,                       :    15-10578 (MEW)
                                                            :
                            Debtors.[1]                     :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### NOTICE OF DEBTORS' TENTH OMNIBUS OBJECTION TO CLAIMS
**(Reduce and/or Reclassify Claims)**

PLEASE TAKE NOTICE that on June 25, 2015, Chassix Holdings, Inc.

("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries,

as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings are not debtors in these chapter 11 cases.

including Chassix Holdings and Chassix, the "**Debtors**") filed the annexed Tenth Omnibus Objection to Claims (Reduce and/or Reclassify Claims) (the "**Objection**"), pursuant to sections 502(b) and 503(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  A hearing on the relief requested in the Objection will be held before the Honorable Michael E. Wiles, United States Bankruptcy Judge, in Room 617 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**") on **June 12, 2015, at 11:00 a.m. (Eastern Time)** (the "**Hearing**") or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses to the Objection (the "**Responses**") must be in writing, shall conform to the to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (b) by all other parties in interest, on a CD-ROM or other electronic media, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Ray C. Schrock, P.C.), (ii) the Debtors c/o Chassix, Inc., 300 Galleria Officentre, Suite 501, Southfield, Michigan 48034 (Attn: Bibi N. Di Serio, Esq.), (iii) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Susan Golden, Esq. and Andrea B. Schwartz, Esq.), (iv) the attorneys for the Official Committee

of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, New York 10036 (Attn: Arik Preis, Esq.), and (v) all entities that requested notice in these chapter 11 cases under Bankruptcy Rule 2002 so as to be received no later than **July 10, 2015 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

PLEASE TAKE FURTHER NOTICE that if no Responses are timely filed and served with respect to the Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard.

Dated: June 25, 2015
      New York, New York

    /s/ Ray C. Schrock, P.C.
    Marcia L. Goldstein
    Ray C. Schrock, P.C.

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

HEARING DATE AND TIME: August 12, 2015 at 11:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 10, 2015 at 4:00 p.m. (Eastern Time)

Marcia L. Goldstein
Ray C. Schrock, P.C.
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                                                 :
In re                                                            :   Chapter 11 Case No.
                                                                 :
CHASSIX HOLDINGS, INC., et al.,                                  :   15-10578 (MEW)
                                                                 :
                                Debtors.¹                        :   (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x
```

### DEBTORS' TENTH OMNIBUS OBJECTION TO CLAIMS
**(Reduce and/or Reclassify Claims)**

---

**THIS OBJECTION SEEKS TO REDUCE THE ALLOWED AMOUNTS OF CERTAIN 503(B)(9) CLAIMS AND TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings are not debtors in these chapter 11 cases.

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**," and together with their non-Debtor subsidiaries, the "**Company**"), respectfully represent:

### Background

1.  On March 12, 2015 (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

2.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.  On March 19, 2015, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the official committee of unsecured creditors in these chapter 11 cases (the "**Creditors Committee**").

4.  The Debtors commenced their chapter 11 cases on a prearranged basis with the support of certain of the Debtors' key constituencies, including the majority of their secured and unsecured noteholders and certain of their major automotive manufacturing customers. On the Commencement Date, the Debtors filed a plan of reorganization and

proposed disclosure statement with the Court and are seeking to emerge from chapter 11 on an expedited timeframe.  On April 24, 2015, the Court entered an order (ECF No. 327) (the "**Solicitation Procedures Order**") approving the Debtors' proposed disclosure statement (ECF No. 324) as modified, amended or supplemented from time to time, (the "**Disclosure Statement**") for the *Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* (ECF No. 323) as modified, amended or supplemented from time to time, (the "**Plan**") and related solicitation procedures.  A hearing on confirmation of the Plan is currently scheduled for July 2, 2015.

5. On April 14, 2015, the Court entered the *Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) (i) Approving Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9) and (ii) Prohibiting Vendors from Pursuing Such Claims Outside the Procedures* (ECF No. 275) (the "**503(b)(9) Claims Procedures Order**") establishing procedures for vendors to assert unpaid claims pursuant to section 503(b)(9) of the Bankruptcy Code (the "**503(b)(9) Claims**").  Pursuant to the 503(b)(9) Claims Procedures Order, the Court set May 11, 2015 as the deadline for asserting 503(b)(9) Claims (the "**503(b)(9) Claim Filing Deadline**").  On April 20, 2015, notice of the 503(b)(9) Claim Filing Deadline (ECF No. 301, Ex. G) (the "**503(b)(9) Claim Filing Deadline Notice**") was provided to parties known to the Debtors as having potential 503(b)(9) Claims against the Debtors by mail by the Debtors' claims and noticing agent, Prime Clerk, LLC (the "**Noticing Agent**"), in accordance with the procedures set forth in the 503(b)(9) Claims Procedures Order.

6. Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, sworn to and filed on the Commencement Date (ECF No. 3).

### Jurisdiction

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

8. The Debtors file this tenth omnibus objection to claims (the "**Objection**"), pursuant to sections 502(b) and 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007(d), seeking entry of an order, substantially in the form annexed hereto as **Exhibit "A"** (the "**Proposed Order**"), reclassifying portions of each of the Misclassified 503(b)(9) Claims (as defined below) and reducing and allowing certain portions of the Misclassified 503(b)(9) Claims. Each of the seven Misclassified Claims seeks recovery for certain administrative expense amounts pursuant to section 503(b)(9) of the Bankruptcy Code. The Debtors have examined the seven claims identified on **Exhibit "1"** to the Proposed Order (collectively, the "**Misclassified 503(b)(9) Claims**"), many of which seek payment for services performed and not goods delivered, as required by section 503(b)(9) of the Bankruptcy Code. For example, certain of the claims assert 503(b)(9) administrative expense status for services, such as lodging, consulting, employment, and engineering services that are not entitled to administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code. Additionally, other claims assert administrative expense status for goods received outside of the 20-day window as required by

4

section 503(b)(9) of the Bankruptcy Code. The Debtors have, thus, determined that these proofs of claim improperly classify the claims as entitled to priority or administrative expense status and the Misclassified 503(b)(9) Claims should be reclassified, in part or in full, as general unsecured claims. Additionally, certain of the proofs of claim improperly seek recovery for amounts that have already been fully or partially paid (collectively with the claims improperly seeking administrative expense or priority status, the "**Reduced and/or Reclassified Claims**"). In support of the relief requested in the Objection, the Debtors submit the declaration of Kelly Seychel, the Debtors' Director, Corporate Controller (the "**Seychel Declaration**"), filed contemporaneously herewith.

### The Relief Requested Should be Approved and the Misclassified 503(b)(9) Claims Should be Reclassified

9.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 WL 601452, at *5 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

10.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Pursuant to Bankruptcy Rule 3007(d), a debtor is permitted to file omnibus objections to more than one claim on the bases enumerated therein, which include, among other things, that such claims

5

"assert priority in an amount that exceeds the maximum amount under § 507 of the Code." Fed. R. Bankr. P. 3007(d)(8).

11. Section 507(a) of the Bankruptcy Code provides bases under which a claim might be entitled to administrative or priority status, including administrative expenses allowed under section 503(b) of the Bankruptcy Code. 11 U.S.C. § 507(a)(2). Pursuant to section 503(b)(9) of the Bankruptcy Code, administrative expenses are allowed for "the value of any goods received by the debtor within 20 days before the date of commencement . . . in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). Pursuant to the 503(b)(9) Claims Procedures Order, the Debtors have until forty-five days after the 503(b)(9) Claims Filing Deadline to file and serve objections to 503(b)(9) Claims.

12. Additionally, pursuant to Bankruptcy Rule 3007(d), a debtor is permitted to file omnibus objections to multiple claims on the basis that such claims "have been satisfied or released during the case in accordance with the [Bankruptcy] Code, applicable rules, or a court order." Fed. R. Bankr. P. 3007(d)(5).

13. As set forth in the Seychel Declaration, the Debtors have carefully analyzed the seven proofs of claim identified on **Exhibit "1"** to the Proposed Order, including the documentation filed with the proofs of claim, and have compared their books and records with these same proofs of claim. The Debtors have determined that the Misclassified 503(b)(9) Claims are not properly asserted as administrative expenses and/or are not entitled to priority status because the Misclassified 503(b)(9) Claims are not on account of obligations owed on goods received by a Debtor within 20 days before such Debtor commenced its chapter 11 case and/or because the proofs of claim do not sufficiently support the asserted priority status. The

6

Debtors have determined that certain of the asserted 503(b)(9) Claim amounts listed under the heading "*Asserted Claim Amount*" should be reduced to reflect partial or full satisfaction of those amounts as set forth under the column "*Revised Claim Amount*" on **Exhibit "1"** to the Proposed Order.

14. To avoid the possibility of improper recovery, the Debtors request that the Court reclassify the administrative expenses and priority claim amounts in the Misclassified 503(b)(9) Claims identified on **Exhibit "1"** to the Proposed Order to general unsecured claims and reduce and allow the claim amounts of certain of the claims as set forth on **Exhibit "1"** to the Proposed Order. The Reduced and/or Reclassified Claims will remain on the claims register subject to further objections on any other basis.

### Reservation of Rights

15. The Debtors hereby reserve the right to object in the future to any of the proofs of claim listed in this Objection or the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. A separate notice and hearing will be scheduled for any such objection. The Objection does not affect any of the Reduced and/or Reclassified Claims and does not constitute any admission or finding concerning the validity of the Reduced and/or Reclassified Claims or the value of the Reduced and/or Reclassified Claims. The Debtors reserve all of their rights to object on any other basis to any Misclassified 503(b)(9) Claims as to which the Court does not grant the relief requested.

16. Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) bring avoidance actions under the applicable sections of the Bankruptcy Code against holders

7

of claims subject to the Objection or (b) exercise their right of setoff against the holders of such claims related to such avoidance actions.

### Notice

17. Notice of this Motion has been provided to the parties listed on **Exhibit "1"** to the Proposed Order under the heading "*Claimant*" and to parties in interest in accordance with the *Case Management Order No. 1*, dated March 20, 2015 (ECF No. 126). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
June 25, 2015

    /s/ Ray C. Schrock, P.C.
Marcia L. Goldstein
Ray C. Schrock, P.C.

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

# Exhibit "A"

**Proposed Order**

WEIL:\95368269\2\35076.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
CHASSIX HOLDINGS, INC., et al.,               :    15-10578 (MEW)
                                              :
                              Debtors.[1]     :    (Jointly Administered)
                                              :
------------------------------------------------------------x
```

### ORDER GRANTING DEBTORS' TENTH OMNIBUS OBJECTION TO CLAIMS
**(Reduce and/or Reclassify Claims)**

Upon the Tenth Omnibus Objection to Claims (Reduce and/or Reclassify Claims), dated June 25, 2015 (the "**Objection**"),[2] of Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**,"), pursuant to sections 502(b) and 503(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order reclassifying the claims listed on **Exhibit "1"** hereto on the grounds that portions of the Misclassified 503(b)(9) Claims (as defined below) are not properly asserted as administrative expenses or priority claims and should

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings are not debtors in these chapter 11 cases.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

be reclassified as general unsecured claims and/or reducing and allowing certain of the Misclassified 503(b)(9) Claims on the grounds that certain of the Misclassified 503(b)(9) Claims have been paid in full or in part, all as more fully described in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and a hearing having been held to consider the relief requested in the Objection (the "**Hearing**"); and upon the Declaration of J. Mark Allan Pursuant to Local Rule 1007-2 (ECF No. 3) and the Declaration of Kelly Seychel submitted in support of the Objection; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

      ORDERED that, pursuant to sections 502(b) and 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007, amounts asserted as 503(b)(9) Claims on **Exhibit "1"** annexed hereto (collectively, the "**Misclassified 503(b)(9) Claims**") shall be reclassified to reflect the priority as set forth under the heading "*Revised Claim Priority*"; and it is further

2

ORDERED that the asserted 503(b)(9) Claim amounts listed under the heading "*Asserted Claim Amount*" shall be reduced to reflect partial or full satisfaction of those amounts as set forth under the column "*Revised Claim Amount*;" and it is further

ORDERED that the claims listed on **Exhibit "1"** hereto reclassified as general unsecured claims (collectively, the "**Reduced and/or Reclassified Claims**") shall remain on the claims register; and it is further

ORDERED that the reclassification of the Misclassified 503(b)(9) Claims does not constitute an admission or finding concerning any of the Reduced and/or Reclassified Claims; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any Misclassified 503(b)(9) Claim referenced and/or identified in the Objection that is not listed on **Exhibit "1"** hereto; and it is further

ORDERED that the Debtors, the Debtors' claims and noticing agent, Prime Clerk, LLC, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order; and it is further

ORDERED that the rights of the Debtors (or any successor thereto) to amend, modify, or supplement the Objection, to file additional objections to the claims that have been, or may be, asserted against the Debtors, and to seek further reduction of any claim to the extent such claim has been paid, are preserved. Additionally, should one or more of the grounds of objection stated in the Objection be dismissed, the Debtors' rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these chapter 11 cases are further preserved; and it is further

3

ORDERED that this Court shall retain jurisdiction over the Debtors and the claimants whose claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

Dated: _____, 2015
      New York, New York

_____
United States Bankruptcy Judge

# Exhibit "1"

## Reduced and/or Reclassified Claims

WEIL:\95368269\2\35076.0004

15-10578-mew    Doc 548    Filed 06/25/15    Entered 06/25/15 18:12:33    Main Document
Pg 18 of 19

Debtors' Tenth Omnibus Claims Objection
Exhibit 1 - Reduced/Reclassified 503(b)(9) Claims

The Basis for the Objection is discussed on pages 6-7 of the Objection

In re: Chassix Holdings, Inc., et al.
Case No. 15-10578 (MEW)

## 503(b)(9) Claims to be Reduced and/or Reclassified

| Name of Claimant | 503(b)(9) Claim # | Debtor | Asserted Claim Amount | Asserted Claim Priority | Revised Claim Amount | Revised Claim Priority | Reason for Modification |
|---|---|---|---|---|---|---|---|
| Fairfield Inn & Suites<br>3501 Plaza Court<br>Elkhart, IN 46514 | 877 | Diversified Machine Bristol, LLC | $11,122.90 | 503(b)(9) Administrative Expense | $11,122.90 | General Unsecured | Claim for prepetition lodging services utilized by a third party while providing onsite services to the Debtors, therefore the claim is not entitled to administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code. |
| Lean Process Improvement Consulting, LLC<br>12085 Deer Creek Circle<br>Plymouth, MI 48170 | 1298 | Chassix Holdings, Inc. | $1,505.28 | 503(b)(9) Administrative Expense | $1,505.28 | General Unsecured | Claim for prepetition consulting services provided by the creditor, therefore the claim is not entitled to administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code. |
|  |  |  | $3,101.72 | 503(b)(9) Administrative Expense | $0.00 | N/A | Claim for postpetition consulting services provided by the creditor that have been paid in full, therefore the claim is not entitled to administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code. |
| Subtotal |  |  | *$4,607.00* |  | *$1,505.28* |  |  |
| Omega Point Partners Inc. [1]<br>George Sweedar<br>205 Morgan Court<br>Mars, PA 16046 | 192 | Chassix Holdings, Inc. | $60,700.00 | 503(b)(9) Administrative Expense | $60,700.00 | General Unsecured | Claim for prepetition employment placement professional services provided by the creditor, therefore the claim is not entitled to administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code. |
| Paul Fujawa Engineers, Inc.<br>17455 DOUGLAS ROAD<br>SOUTH BEND, IN 46635-1732 | 576 | Diversified Machine Bristol, LLC | $1,250.00 | 503(b)(9) Administrative Expense | $1,250.00 | General Unsecured | Claim for prepetition structural engineering services provided by the creditor, therefore the claim is not entitled to administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code. |
| Service One<br>4505 WYLAND DRIVE, STE 20<br>ELKHART, IN 46516 | 580 | Diversified Machine Bristol, LLC | $56,076.00 | 503(b)(9) Administrative Expense | $56,076.00 | General Unsecured | Claim for prepetition electrical services performed by the creditor, therefore the claim is not entitled to administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code. |
|  |  |  | $145,445.42 | Priority | $145,445.42 | General Unsecured | Claim for prepetition electrical services performed by the creditor, therefore the claim is not entitled to priority status pursuant to section 507(a) of the Bankruptcy Code. |
| Subtotal |  |  | *$201,521.42* |  | *$201,521.42* |  |  |
| Stemcor USA Inc.<br>Nicolette C. Vilmos, P.L.<br>Broad and Cassel<br>PO BOX 4961<br>Orlando, FL 32802-4961 | 701 | DMI Columbus, LLC | $74,529.28 | 503(b)(9) Administrative Expense | $74,529.28 | 503(b)(9) Administrative Expense |  |
|  |  |  | $75,430.21 | 503(b)(9) Administrative Expense | $75,430.21 | General Unsecured | Claim for prepetition goods received outside of 20-day priority window, therefore the claim is not entitled to administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code. |
| Subtotal |  |  | *$149,959.49* |  | *$149,959.49* |  |  |

Debtors' Tenth Omnibus Claims Objection
Exhibit 1 - Reduced/Reclassified 503(b)(9) Claims

15-10578-mew    Doc 548    Filed 06/25/15    Entered 06/25/15 18:12:33    Main Document
Pg 19 of 19

The Basis for the Objection is discussed on pages 6-7 of the Objection

In re: Chassix Holdings, Inc., et al.
Case No. 15-10578 (MEW)

| 503(b)(9) Claims to be Reduced and/or Reclassified | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name of Claimant | 503(b)(9) Claim # | Debtor | Asserted Claim Amount | Asserted Claim Priority | Revised Claim Amount | Revised Claim Priority | Reason for Modification |
| Working Person's Enterprises Inc.<br>1608 Commerce Drive<br>South Bend, IN 46628 | 250 | Chassix, Inc. | $31,021.00 | 503(b)(9) Administrative Expense | $31,021.00 | General Unsecured | Claim for prepetition goods received outside of 20-day priority window, therefore the claim is not entitled to administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code. |

(1) There is a pending objection to this claim on the Second Omnibus Objection (Incorrect Debtor Claims).