HEARING DATE AND TIME: August 12, 2015 at 11:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 10, 2015 at 4:00 p.m. (Eastern Time)

Marcia L. Goldstein
Ray C. Schrock, P.C.
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

---

**PLEASE CAREFULLY REVIEW**
**THIS OBJECTION AND THE ATTACHMENTS HERETO**
**TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :  **Chapter 11 Case No.**
                                                            :
**CHASSIX HOLDINGS, INC.**, *et al.*,                       :  **15-10578 (MEW)**
                                                            :
                              Debtors.[1]                   :  **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

## NOTICE OF DEBTORS' OBJECTION TO CLAIM NUMBER 1018

PLEASE TAKE NOTICE that on June 25, 2015, Chassix Holdings, Inc.

("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries,

as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings are not debtors in these chapter 11 cases.

including Chassix Holdings and Chassix, the "**Debtors**") filed the annexed Objection to Claim Number 1018 (the "**Objection**"), pursuant to sections 502(b), 503(b), and 507(a) of title 11 of the United States Code (the "**Bankruptcy Code**").  A hearing on the relief requested in the Objection will be held before the Honorable Michael E. Wiles, United States Bankruptcy Judge, in Room 617 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**") on **August 12, 2015, at 11:00 a.m. (Eastern Time)** (the "**Hearing**") or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses to the Objection (the "**Responses**") must be in writing, shall conform to the to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (b) by all other parties in interest, on a CD-ROM or other electronic media, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Ray C. Schrock, P.C.), (ii) the Debtors c/o Chassix, Inc., 300 Galleria Officentre, Suite 501, Southfield, Michigan 48034 (Attn: Bibi N. Di Serio, Esq.), (iii) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Susan Golden, Esq. and Andrea B. Schwartz, Esq.), (iv) the attorneys for the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, New York 10036 (Attn: Arik Preis, Esq.), and (v) all entities that

2

requested notice in these chapter 11 cases under Bankruptcy Rule 2002 so as to be received no later than **July 10, 2015 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

PLEASE TAKE FURTHER NOTICE that if no Responses are timely filed and served with respect to the Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard.

Dated: June 25, 2015
       New York, New York

       /s/ Ray C. Schrock, P.C.
       Marcia L. Goldstein
       Ray C. Schrock, P.C.

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

Marcia L. Goldstein
Ray C. Schrock, P.C.
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                         :
In re                                    :    Chapter 11 Case No.
                                         :
CHASSIX HOLDINGS, INC., et al.,          :    15-10578 (MEW)
                                         :
                      Debtors.¹          :    (Jointly Administered)
                                         :
------------------------------------------------------------x
```

## DEBTORS' OBJECTION TO CLAIM NUMBER 1018

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

          Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**," and together with their non-Debtor subsidiaries, the "**Company**"), respectfully represent:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings are not debtors in these chapter 11 cases.

WEIL:\95376139\2\35076.0004

**Background**

1. On March 12, 2015 (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

2. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. On March 19, 2015, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the official committee of unsecured creditors in these chapter 11 cases (the "**Creditors Committee**").

4. The Debtors commenced their chapter 11 cases on a prearranged basis with the support of certain of the Debtors' key constituencies, including the majority of their secured and unsecured noteholders and certain of their major automotive manufacturing customers. On the Commencement Date, the Debtors filed a plan of reorganization and proposed disclosure statement with the Court and are seeking to emerge from chapter 11 on an expedited timeframe. On April 24, 2015, the Court entered an order (ECF No. 327) (the "**Solicitation Procedures Order**") approving the Debtors' proposed disclosure statement (ECF No. 324) as modified, amended or supplemented from time to time, (the "**Disclosure Statement**") for the *Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* (ECF No. 323) as modified, amended or supplemented from time to time, (the

2

"**Plan**") and related solicitation procedures. A hearing on confirmation of the Plan is currently scheduled for July 2, 2015.

5. On April 14, 2015, the Court entered the *Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) (i) Approving Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9) and (ii) Prohibiting Vendors from Pursuing Such Claims Outside the Procedures* (ECF No. 275) (the "**503(b)(9) Claims Procedures Order**") establishing procedures for vendors to assert unpaid claims pursuant to section 503(b)(9) of the Bankruptcy Code (the "**503(b)(9) Claims**"). Pursuant to the 503(b)(9) Claims Procedures Order, the Court set May 11, 2015 as the deadline for asserting 503(b)(9) Claims (the "**503(b)(9) Claim Filing Deadline**"). On April 20, 2015, notice of the 503(b)(9) Claim Filing Deadline (ECF No. 301, Ex. G) (the "**503(b)(9) Claim Filing Deadline Notice**") was provided to parties known to the Debtors as having potential 503(b)(9) Claims against the Debtors by mail by the Debtors' claims and noticing agent, Prime Clerk, LLC (the "**Noticing Agent**"), in accordance with the procedures set forth in the 503(b)(9) Claims Procedures Order.

6. Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of J. Mark Allan Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, sworn to and filed on the Commencement Date (ECF No. 3).

## Jurisdiction

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

8.  The Debtors file this objection to claim number 1018 (the "**Objection**"), pursuant to sections 502(b), 503(b), and 507(a) of the Bankruptcy Code, seeking entry of an order, substantially in the form annexed hereto as **Exhibit "A"** (the "**Proposed Order**"), disallowing and expunging the claim asserted in proof of claim number 1018. In support of the relief requested in the Objection, the Debtors submit the declaration of Kelly Seychel, the Debtors' Director, Corporate Controller (the "**Seychel Declaration**"), filed contemporaneously herewith.

9.  The Debtors have examined proof of claim number 1018 ("**Claim Number 1018**") and have determined that the proof of claim seeks recovery for amounts which the Debtors are not liable. Quinton Miles, a former employee (the "**Claimant**"), asserts a $100,000 claim. The Claimant asserts a $25,000 priority amount pursuant to section 503(b)(9) of the Bankruptcy Code, a $25,000 secured amount, a $25,000 general unsecured amount, and a $25,0000 priority amount for wages, salaries, or commissions earned within 180 days before the case was filed, pursuant to section 507(a)(4) of the Bankruptcy Code.

10. After reviewing its books and records, the Debtors have found no evidence to indicate that the Claimant holds a valid claim against the Debtors. The Claimant was terminated from his job with the Debtors in 2013 and did not perform additional services beyond that period. Because the basis for the claim relates to services, not goods, as required by section 503(b)(9) of the Bankruptcy Code, the Debtors do not believe that the Claimant has a valid administrative expense claim. Additionally, because any wages, salaries, or commissions earned were earned more than 180 days before the Commencement Date, the Debtors do not believe that the Claimant holds a valid priority claim under section 507(a)(4) of the Bankruptcy Code.

4

Lastly, upon termination, the Debtors paid the Claimant any outstanding wages, salaries, or commissions owed and, therefore, the Debtors do not believe the Claimant holds a valid secured or general unsecured claim and the Claimant has not submitted any supporting documentation to the contrary. The Debtors, therefore, believe Claim Number 1018 is without any basis and no liability exists.

11. Accordingly, to ensure the accuracy of the claims register, the Debtors seek entry of an order disallowing and expunging Claim Number 1018 and preserving the Debtors' rights to later object to Claim Number 1018 on this or any other basis.

## The Relief Requested Should be Approved and Claim Number 1018 Should be Disallowed and Expunged

12. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

14. Section 507(a) of the Bankruptcy Code provides bases under which a claim might be entitled to administrative or priority status, including administrative expenses allowed under section 503(b) of the Bankruptcy Code and allowed unsecured claims earned

within 180 days before the date of filing of the petition for wages, salaries, or commissions. 11 U.S.C. §§ 507(a)(2), (a)(4). Pursuant to section 503(b)(9) of the Bankruptcy Code, administrative expenses are allowed for "the value of any goods received by the debtor within 20 days before the date of commencement . . . in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). Pursuant to the 503(b)(9) Claims Procedure Order, the Debtors have until forty-five days after the 503(b)(9) Claim Filing Deadline to file and serve any objections to 503(b)(9) Claims.

15. As set forth in the Seychel Declaration and above, based on a review of the Debtors' books and records and the documentation filed with Claim Number 1018, the Debtors have determined that Claim Number 1018 seeks recovery for amounts which the Debtors are not liable. Additionally, the Debtors have determined that Claim Number 1018 is not entitled to administrative expense status because the basis for the claim is services, not goods, as required for asserting an administrative expense under section 503(b)(9) of the Bankruptcy Code. Additionally, the Debtors have found no evidence that indicates the Claimant holds a valid claim against the Debtors for wages, salaries, or commissions earned within 180 days prior to the Commencement Date. Accordingly, to avoid the possibility of improper recovery against the Debtors' estates, the Debtors request that the Court disallow and expunge Claim Number 1018.

**Reservation of Rights**

16. The Debtors hereby reserve the right to object in the future to the claim asserted in Claim Number 1018 on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. A separate notice and hearing will be scheduled for any such objection.

6

17. Notwithstanding anything contained in this Objection, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) bring avoidance actions under the applicable sections of the Bankruptcy Code against the Claimant or (b) exercise their right of setoff against the Claimant related to such avoidance actions.

## Notice

18. Notice of this Motion has been provided to the Claimant and to parties in interest in accordance with the *Case Management Order No. 1*, dated March 20, 2015 (ECF No. 126). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       June 25, 2015

      /s/ Ray C. Schrock, P.C.
Marcia L. Goldstein
Ray C. Schrock, P.C.

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

**Exhibit "A"**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                         :

**In re**                               :         **Chapter 11 Case No.**
                                         :
**CHASSIX HOLDINGS, INC.,** *et al.***,**      :         **15-10578 (MEW)**
                                         :
                   **Debtors.**[1]           :         **(Jointly Administered)**
                                         :
------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' OBJECTION TO CLAIM NUMBER 1018

Upon the Objection to Claim Number 1018, dated June 25, 2015 (the "**Objection**"),[2] of Chassix Holdings, Inc. ("**Chassix Holdings**"), Chassix, Inc. ("**Chassix**"), and certain of their affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Chassix Holdings and Chassix, the "**Debtors**,"), pursuant to section 502(b), 503(b), and 507(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order disallowing and expunging the claim in proof of claim number 1018 on the grounds that proof of claim number 1018 ("**Claim Number 1018**") seeks recovery for amounts which the Debtors are not liable, all as more fully described in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Automotive Properties of New York, LLC (4323); Chassix Holdings, Inc. (9249); UC Holdings, Inc. (5026); Chassix, Inc. (5728); Diversified Machine, Inc. (8762); Diversified Machine Bristol, LLC (5409); Chassix Georgia Machining, LLC (1940); DMI Columbus, LLC (1833); Diversified Machine Montague, LLC (4771); Diversified Machine, Milwaukee LLC (0875); DMI Edon LLC (1847); Mexico Products I, LLC (3039); DMI China Holding LLC (4331); Concord International, Inc. (3536); SMW Automotive, LLC (9452); Automotive, LLC (2897); Chassis Co. of Michigan, LLC (2692); AluTech, LLC (0012). The direct and indirect international subsidiaries of Chassix Holdings are not debtors in these chapter 11 cases.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and a hearing having been held to consider the relief requested in the Objection (the "**Hearing**"); and upon the Declaration of J. Mark Allan Pursuant to Local Rule 1007-2 (ECF No. 3) and the Declaration of Kelly Seychel submitted in support of the Objection; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to sections 502(b), 503(a), and 507(a) of the Bankruptcy Code, Claim Number 1018 will be disallowed and expunged; and it is further

ORDERED that the Debtors, the Debtors' claims and noticing agent, Prime Clerk, LLC, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order; and it is further

ORDERED that the rights of the Debtors (or any successor thereto) to amend, modify, or supplement the Objection, to file additional objections to the claims that have been, or may be, asserted against the Debtors, and to seek further reduction of any claim to the extent such claim has been paid, are preserved.  Additionally, should one or more of the grounds of objection stated in the Objection be dismissed, the Debtors' rights to object on other stated

2

grounds or on any other grounds that the Debtors discover during the pendency of these chapter 11 cases are further preserved; and it is further

ORDERED that this Court shall retain jurisdiction over the Debtors and the claimant whose claim is subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

Dated: _____, 2015
      New York, New York

_____
United States Bankruptcy Judge